*The Honorable Marsha J. Pechman*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YOLANY PADILLA, on behalf of herself and her 6-year-old son J.A.;  IBIS GUZMAN, on behalf of herself and her 5-year-old son R.G.;  BLANCA ORANTES, on behalf of herself and her 8-year-old son A.M.; BALTAZAR VASQUEZ, on behalf of himself;

Plaintiffs-Petitioners,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE");  U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); U.S. CUSTOMS AND BORDER PROTECTION ("CBP"); U.S. CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"); EXECUTIVE OFFICE FOR IMMIGRATION REVIEW ("EOIR");  U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES ("HHS"); OFFICE OF REFUGEE RESETTLEMENT ("ORR"); THOMAS HOMAN, Acting Director of ICE; KIRSTJEN NIELSEN, Secretary of DHS; KEVIN K. McALEENAN, Acting Commissioner of CBP; L. FRANCIS CISSNA, Director of USCIS; ALEX M. AZAR II, Secretary of HHS; SCOTT LLOYD, Director of ORR; MARC J. MOORE, Seattle Field Office Director;, ICE, JEFFERSON BEAUREGARD SESSIONS III, United States Attorney General; LOWELL CLARK, warden of the Northwest Detention Center in Tacoma, Washington; CHARLES INGRAM, warden of the Federal Detention Center in SeaTac, Washington;  DAVID SHINN, warden of the Federal Correctional Institute in Victorville, California;

Defendants-Respondents.

No. 2:18-cv-928  MJP

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OF THE AMENDED COMPLAINT'S "CREDIBLE FEAR INTERVIEW CLASS" & "BOND HEARING CLASS"**

NOTE ON MOTION CALENDAR:
AUGUST 24, 2018.

*(ORAL ARGUMENT REQUESTED)*

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## <u>TABLE OF CONTENTS</u>

I.     SUMMARY OF THIS MOTION.....................................................................................1

II.    BACKGROUND CONTEXT ........................................................................................4

    A.    Commence "Zero-Tolerance" Policy  *(deter asylum seekers entering the U.S.)* ........4

    B.    Delay the Credible Fear Interviews Required by Law   *(prolong asylum seekers' incarceration)* ..................................................................................................................4

    C.    Delay the Bond Hearings Required by Law    *(further prolong asylum seekers' incarceration)* ..................................................................................................................4

    D.    United States Constitution *(5th & 8th Amendments)*.................................................5

    E.    Federal Law  *(statutes & regulations)* ....................................................................5

    F.    Relief Ultimately Sought  *(declarations & injunctions)* ...........................................6

III.   ISSUES TO BE DECIDED ...........................................................................................7

    1.    Does the "Credible Fear Interview Class" satisfy all four criteria in Rule 23(a) and fit one of the alternative categories in Rule 23(b)? ...................7

    2.    Does the "Bond Hearing Class" satisfy all four criteria in Rule 23(a) and fit one of the alternative categories in Rule 23(b)?...................................................7

IV.    LEGAL DISCUSSION..................................................................................................7

    A.    Satisfying Rule 23(a) & (b) Entitles a Movant to Class Certification......................7

    B.    The "Credible Fear Interview Class" satisfies all four criteria of Rule 23(a) and at least one of the alternative categories in Rule 23(b). ...............................................8

        1.    Numerosity  *(Rule 23(a)(1))*.........................................................................8

        2.    Commonality  *(Rule 23(a)(2))*....................................................................11

        3.    Typicality  *(Rule 23(a)(3))* .......................................................................12

        4.    Adequate Representation  *(Rule 23(a)(4))* ......................................................14

        5.    An Authorized Category of Class Action  *(Rule 23(b))*...................................15

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - i
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

C.  The "Bond Hearing Class" satisfies all four elements of Rule 23(a) and at least one of the alternative categories in Rule 23(b)..........................................................17

   1.  Numerosity  *(Rule 23(a)(1))*..........................................................17

   2.  Commonality  *(Rule 23(a)(2))*..........................................................18

   3.  Typicality  *(Rule 23(a)(3))* ..........................................................18

   4.  Adequate Representation  *(Rule 23(a)(4))* ..........................................................19

   5.  An Authorized Category of Class Action  *(Rule 23(b))*..........................................................20

V.  CONCLUSION..........................................................21

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - ii
CASE NO. 2:18-cv-928 MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1

## I. <u>SUMMARY OF THIS MOTION</u>

2

Class actions across the country are challenging various aspects of the federal

3

government's "zero-tolerance" policy to deter immigration.  This suit challenges that policy's

4

implementation with respect to credible fear determinations and bond hearings for people

5

seeking asylum in the United States.[1]

6

**<u>Background</u>:**  Plaintiffs and their children fled to the United States seeking asylum from

7

the persecution they faced in their countries of origin.  They asked federal agents for asylum, and

8

were immediately incarcerated.  The government then prolonged their incarceration by delaying

9

the credible fear interview required to commence their asylum application process.  And once the

10

government eventually provided some plaintiffs the credible fear interview to which they are

11

legally entitled, the government further prolonged their incarceration by delaying and denying

12

the bond hearing to which they are legally entitled for ascertaining reasonable conditions for

13

release pending adjudication of their asylum claim.  Plaintiffs' Amended Complaint contends

14

that the government's practice of failing to promptly provide detained asylum seekers the

15

credible fear interview and bond hearing required by law violates asylum seekers' statutory and

16

constitutional rights.[2]

17

This motion does not seek judgment on the merits.  Instead, it asks this court to certify

18

the Amended Complaint's "Credible Fear Interview Class" and "Bond Hearing Class" so that

19

when the merits are soon addressed and ruled upon (one way or the other), defendants are bound

20

by the same legal requirements for all similarly situated asylum seekers.

21

22

23

24

25

26

---

[1] *See Amended Complaint, ¶¶1, 4-7, 128-129, 140-157, 159-166, 171-178, 180-181, 184-192, 195-209, 214-217.   (Plaintiffs have put their family separation claim on hold pending defendants' promised compliance with the nationwide injunction issued in <u>Ms. L v. ICE</u>, S.D.Cal. case no. 18cv0428 DMS (MDD), docket no. 83. Amended Complaint at ¶¶2-3.)*
[2] *Amended Complaint at ¶¶1, 4-7, 128-129, 140-157, 159-166, 171-178, 180-181, 184-192, 195-209, 214-217.*

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 1
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**"Credible Fear Interview Class":**  Plaintiffs filed this suit as detained asylum seekers in expedited removal proceedings who were not provided their credible fear determination within 10 days of requesting asylum or expressing a fear of persecution to a DHS official.[3]

Defendants cannot truthfully deny this fact.[4]  But they do disagree with plaintiffs on whether this prolonging of asylum seekers' detention violates the law.[5]

To give plaintiffs, similarly situated asylum seekers, and federal defendants one consistent answer with respect to this question of law, plaintiffs ask this court to certify the Amended Complaint's **"Credible Fear Interview Class"**:

> All detained asylum seekers in the United States subject to expedited removal proceedings under 8 U.S.C. §1225(b) who are not provided a credible fear determination within 10 days of requesting asylum or expressing a fear of persecution to a DHS official.[6]

As explained later in this motion, the above class should be certified because it satisfies all four criteria in Rule 23(a), and fits into at least one of the alternative categories in Rule 23(b).

---

[3] *Amended Complaint at ¶¶4-5, 96, 97-113.*

[4] *For example, defendants own documentation for each plaintiff confirms plaintiffs' situation (e.g., defendant DHS's Record Of Deportable Alien for each plaintiff and defendant DHS's Record Of Determination regarding plaintiffs).  Examples of such defendant documents for plaintiffs Padilla, Orantes, and Guzman are attached to as exhibits to the contemporaneously filed Declaration Of Glenda M. Aldana Madrid In Support Of Plaintiffs' Motion For Class Certification.*

[5] *Plaintiffs maintain defendants' delays violate the law.  Amended Complaint at ¶¶171-174, 184-185, 195-200, 214-215.  Since defendants knowingly impose these delays, they must disagree.*

[6] *Amended Complaint at ¶¶140 (class definition), 128-129, 141-148.*

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 2
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1

2

3

   **"Bond Hearing Class":**  Some plaintiffs are detained asylum seekers who also were not provided a bond hearing with procedural safeguards within 7 days of requesting it.[7]

4

5

   Defendants cannot truthfully deny this fact.[8]  But they do disagree with plaintiffs on whether this further prolonging of asylum seekers' detention violates the law.[9]

6

7

8

   To give plaintiffs, similarly situated asylum seekers, and federal defendants one consistent answer with respect to this question of law, plaintiffs ask this court to certify the Amended Complaint's **"Bond Hearing Class":**

9

10

11

   > All detained asylum seekers who entered the United States without inspection, were initially subject to expedited removal proceedings under 8 U.S.C. §1225(b), were determined to have a credible fear of persecution, but are not provided a bond hearing with a verbatim transcript or recording of the hearing within 7 days of requesting a bond hearing.[10]

12

13

As explained later in this motion, the above class should be certified because it satisfies all four

14

criteria in Rule 23(a), and fits into at least one of the alternative categories in Rule 23(b).

15

16

17

18

---

19

20

21

[7] *Amended Complaint at ¶¶6-7, 118-126.  Plaintiff Vasquez too is a detained asylum seeker who still has not been provided any bond hearing – but he has not even been provided his credible fear interview yet.  Amended Complaint at ¶127.  (The defendant DHS documentation noted in footnote 4 and defendant EOIR documentation noted in footnote 8 would confirm this fact regarding plaintiff Vasquez.)*

22

23

24

[8] *For example, defendants own documentation for each plaintiff confirms plaintiffs' situation (e.g., defendant EOIR's Custody Order for plaintiffs eventually allowed a bond hearing). Examples of such defendant documents for plaintiffs Padilla, Orantes, and Guzman are attached to as exhibits to the contemporaneously filed Declaration Of Glenda M. Aldana Madrid In Support Of Plaintiffs' Motion For Class Certification.*

25

[9] *Plaintiffs maintain defendants' delays violate the law.  Amended Complaint at ¶¶175-178, 186-189, 201-205, 216-217.  Since defendants knowingly impose these delays, they must disagree.*

26

[10] *Amended Complaint at ¶¶46-47 (meaning of "without inspection" in immigration context), 149 (class definition), 128-129, 150-157.*

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 3

CASE NO. 2:18-cv-928  MJP

53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

## II. BACKGROUND CONTEXT

**A.    Commence "Zero-Tolerance" Policy**  *(deter asylum seekers entering the U.S.)*

Attorney General Sessions announced the commencement of the federal government's "Zero-Tolerance Policy" on April 6, 2018.[11]  As defendants cannot truthfully deny, this policy's purpose is to deter people from entering the United States with criminal prosecutions and subjecting persons seeking asylum to prolonged, uncertain confinement pending adjudication of their asylum claims.[12]

**B.    Delay the Credible Fear Interviews Required by Law**
   *(prolong asylum seekers' incarceration)*

An asylum seeker in expedited removal proceedings is subject to mandatory detention until DHS interviews that asylum seeker to determine if he or she has the credible fear of persecution required to assign his or her asylum claim to the immigration court for adjudication on the merits.[13]  Thus, one way to deter people from seeking asylum is to prolong their incarceration by delaying the credible fear interview to which they are legally entitled once they request asylum or express a fear of persecution to a DHS official.[14]

**C.    Delay the Bond Hearings Required by Law**
   *(further prolong asylum seekers' incarceration)*

Detained asylum seekers who are determined to have a credible fear of persecution in their credible fear interview are entitled to an individualized bond hearing before an immigration judge to ascertain reasonable conditions for their release from incarceration while they await the government's lengthy process of adjudicating their asylum claim (e.g., a reasonable bond

---

[11] *See https://www.justice.gov/opa/pr/attorney-general-announces-zero-tolerance-policy-criminal-illegal-entry*
[12] *See, e.g., Amended Complaint at ¶¶56-59, 91-95, 114-117.*
[13] *8 C.F.R. §235.3(b)(4)(ii) (detention) & §208.30(f) (credible fear interview); see generally Amended Complaint at ¶¶4-5, 92-95.*
[14] *See, e.g., Amended Complaint at ¶¶91, 96-113.  Delaying the credible fear interview to which they are legally entitled can take the form of putting that interview off in time as well as providing an "interview" that does not comply with the law.*

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 4
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

amount, specific reporting conditions, parole without posting a monetary bond, etc.).[15]  Thus,
another way to deter people from seeking asylum is to prolong their incarceration by delaying
the bond hearing to which they are legally entitled after they pass their credible fear interview
and denying basic procedural safeguards at that hearing like a recording or transcript to allow
adverse decisions to be meaningfully appealed.[16]

**D.    United States Constitution**  *(5th & 8th Amendments)*

Although this motion does not seek any judgment on the merits, plaintiffs briefly note
their constitutional claim is that the federal government's above practices which willfully
prolong the incarceration of persons fleeing for safety and asylum in the United States violates
the 5th and 8th Amendments of the United States Constitution.[17]

**E.    Federal Law**  *(statutes & regulations)*

Similarly, although this motion does not seek any judgment on the merits, plaintiffs also
note their statutory and regulatory claims are the government's above practices which willfully
prolong the incarceration of asylum seekers (1) constitute actions that are arbitrary, capricious,
unlawfully withheld, or unreasonably delayed in violation of the Administrative Procedures Act

---

[15] *8 C.F.R. §208.30(f), §236.1(d); see generally Amended Complaint at ¶¶6-7, 92.*
[16] *See, e.g., Amended Complaint at ¶¶114-117.  Delaying the bond hearing to which they are
legally entitled can take the form of putting that hearing off in time as well as providing a bond
"hearing" that does not comply with the law.*
[17] *Amended Complaint at ¶¶8-10, 159-166. 171-178 (5th Amendment's prohibiting the federal
government from depriving any person of their liberty without due process of law, and
8th Amendment's prohibiting the federal government from imposing or inflicting on any person
any excessive bail or any cruel punishments); see also, e.g., Zadvydas v. Davis, 533 U.S. 678
(2001)(5th Amendment' protects against punitive detention even in civil immigration
proceedings, requiring that the detention be tied to its lawful purpose); Landon v. Plasencia, 459
U.S. 21, 32-33 (1982) (5th Amendment's due process clause protects citizens and noncitizens
physically present in the United States);  Mathews v. Diaz, 426 U.S. 67, 77 (1976) (same);
Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (due process requires compliance with fair
procedures prior to any deprivation of an individual's protected liberty or property interest);
Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is
the opportunity to be heard at a meaningful time and in a meaningful manner") (internal
quotation marks and citations omitted).*

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 5
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1   (5 U.S.C. §706), and (2) unlawfully impede asylum seekers' exercising their right under federal

2   law to apply for safety and asylum in the United States (e.g., 8 U.S.C. §§1225 &1158;

3   8 C.F.R. §§235.3, 208.30, & 1003.42).[18]

4   **F.    Relief Ultimately Sought** *(declarations & injunctions)*

5        Lastly, although this motion does not seek the judicial relief ultimately sought in this

6   case, plaintiffs note their Amended Complaint requests (1) <u>declaratory</u> relief to resolve the

7   parties' disagreement over whether (and how) the credible fear interview and bond hearing

8   practices at issue in this case violate the United States Constitution and federal law, and

9   (2) <u>injunctive</u> relief requiring defendants to cease what this court's declaratory judgment declares

10  illegal.[19]

11

12

13

14

---

15  [18]  *Amended Complaint at ¶¶11-13, 180-181, 184-192, 195-209, 214-217; see also*

16  *5 U.S.C. §706(2)(A) (court must "hold unlawful and set aside agency action" that is "arbitrary,*
    *capricious, an abuse of discretion, or otherwise not in accordance with law"); <u>Ctr. for</u>*

17  *<u>Biological Diversity v. Nat'l Highway Traffic Safety Admin.</u>, 538 F.3d 1172, 1193 (9th Cir.*
    *2008) (APA's arbitrary and capricious standard requires government agency to "supply a*

18  *reasoned basis for the agency's action") (internal quotation marks omitted); 5 U.S.C. §706(1)*
    *(court must "compel agency action unlawfully withheld or unreasonably delayed");*

19  *8 U.S.C. §1225(b)(1)(B) (requiring the provision of credible fear interviews and*
    *determinations); 8 CFR 236.1(d)(1), 1236.1(d)(1) (providing individual with the right to request*

20  *a bond hearing after ICE's initial custody determination); <u>Vietnam Veterans of Am. v. CIA</u>, 811*
    *F.3d 1068 (9th Cir. 2016) (plaintiffs entitled to relief when there is a "specific, unequivocal*

21  *command placed on the agency to take a discrete agency action, and the agency has failed to*
    *take that action") (quoting <u>Norton v. S. Utah Wilderness Alliance (SUWA)</u>, 542 U.S. 55, 63-64*

22  *(2004)) (internal quotation marks omitted); 5 U.S.C. §555(b) (agency has a duty under the APA*
    *to conclude matters presented to it within a "reasonable time"); <u>Orantes-Hernandez v.</u>*

23  *<u>Thornburgh</u>, 919 F.2d 549, 553 (9th Cir. 1990) ("It is undisputed that all [noncitizens] possess"*
    *a statutory "right" to apply for asylum) (citing 8 U.S.C. §1158(a) (1988); <u>Jean v. Nelson</u>, 727*

24  *F.2d 957, 982 (11th Cir. 1984) (en banc), aff'd as modified, 472 U.S. 846 (1985) (same);*

25  *<u>Haitian Refugee Ctr. v. Smith</u>, 676 F.2d 1023, 1038-39 (5th Cir. 1982) (same).*
    [19] *Amended Complaint at ¶14 and Prayers For Relief F-O.*

26

---

### III. ISSUES TO BE DECIDED

This motion raises two issues for this court to decide:

1. Does the **"Credible Fear Interview Class"** satisfy all four criteria in Rule 23(a) and fit one of the alternative categories in Rule 23(b)?

2. Does the **"Bond Hearing Class"** satisfy all four criteria in Rule 23(a) and fit one of the alternative categories in Rule 23(b)?

### IV. LEGAL DISCUSSION

#### A. Satisfying Rule 23(a) & (b) Entitles a Movant to Class Certification.

Supreme Court case law holds that plaintiffs' suit is entitled to Rule 23 class certification if two conditions are met:

> The suit must satisfy the criteria set forth in subdivision (a) (i.e., numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b). By its terms this creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action.

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (internal citation omitted).

As the following pages explain, plaintiffs are entitled to pursue their credible fear interview and bond hearing claims as a class action because the Credible Fear Interview Class and Bond Hearing Class:

- satisfy all four Rule 23(a) criteria *(numerosity, commonality, typicality, and adequacy of representation)*, and

- fit into the second Rule 23(b) category *("final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.")*.

Consistent with numerous Ninth Circuit decisions certifying class actions on behalf of noncitizens challenging immigration policies and practices, plaintiffs are accordingly entitled to class certification in this case.[20]

---

[20] *E.g., Mendez Rojas, et al. v. Johnson, et al.*, 2:16-cv-1024-RSM, ECF No. 37 (W.D. Wash. Jan. 10, 2017) (certifying two nationwide classes of asylum seekers challenging defective asylum

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 7
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1

2

**B. The "Credible Fear Interview Class" satisfies all four criteria of Rule 23(a) and at least one of the alternative categories in Rule 23(b).**

This is the **"Credible Fear Interview Class"** requested in the Amended Complaint:[21]

> All detained asylum seekers in the United States subject to expedited removal proceedings under 8 U.S.C. §1225(b)
> who are not provided a credible fear determination within 10 days of requesting asylum or expressing a fear of persecution to a DHS official.

**1. Numerosity**   *(Rule 23(a)(1))*

The first Rule 23(a) criterion is that "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1).

"Impracticable" does not mean "impossible." Instead, impracticable relates to the difficulty or inconvenience of individually joining all class members as parties. *Harris v. Palm Springs Alpine Est., Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (" 'impracticability' does not

---

*application procedures); <u>A.B.T. v. U.S. Citizenship and Immigration Services</u>, 2013 WL 5913323 (W.D. Wash. Nov. 4, 2013) (certifying nationwide class and approving settlement amending practices by the Executive Office for Immigration Review and USCIS that precluded asylum applicants from receiving employment authorization); <u>Santillan v. Ashcroft</u>, No. C 04–2686, 2004 WL 2297990, at \*12 (N.D. Cal. Oct. 12, 2004) (certifying nationwide class of lawful permanent residents challenging delays in receiving documentation of their status); <u>Ali v. Ashcroft</u>, 213 F.R.D. 390, 409-10 (W.D. Wash. 2003), aff'd, 346 F.3d 873, 886 (9th Cir. 2003), vacated on other grounds, 421 F.3d 795 (9th Cir. 2005) (certifying nationwide class of Somalis challenging legality of removal to Somalia in the absence of a functioning government); <u>Gorbach v. Reno</u>, 181 F.R.D. 642, 644 (W.D. Wash. 1998), aff'd on other grounds, 219 F.3d 1087 (9th Cir. 2000) (en banc) (certifying nationwide class of persons challenging validity of administrative denaturalization proceedings); <u>Walters v. Reno</u>, No. C94–1204C, 1996 WL 897662, at \*5-8 (W.D. Wash. 1996), aff'd, 145 F.3d 1032, 1045-47 (9th Cir. 1998), cert. denied, <u>Reno v. Walters</u>, 526 U.S. 1003 (1999) (certifying nationwide class of individuals challenging adequacy of notice in document fraud cases). See also <u>Roshandel v. Chertoff</u>, 554 F. Supp. 2d 1194 (W.D. Wash. 2008) (certifying districtwide class of delayed naturalization cases); <u>Gete v. INS</u>, 121 F.3d 1285, 1299 (9th Cir. 1997) (vacating district court's denial of class certification in case challenging inadequate notice and standards in Immigration and Naturalization Service vehicle forfeiture procedure).*

[21] *Amended Complaint at ¶¶140 (class definition), 128-129, 141-148.*

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 8

CASE NO. 2:18-cv-928  MJP

53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1   mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the

2   class") (citation omitted).

3       And "numerous" does not require a large number of class members – for relatively few

4   class members can suffice.  E.g., *Arkansas Educ. Ass'n v. Bd. Of Educ.*, 446 F.2d 763, 765-66

5   (8th Cir. 1971) (17 class members held sufficient); *McCluskey v. Trs. Of Red Dot Corp.*

6   *Employee Stock Ownership Plan & Trust*, 268 F.R.D. 670, 674-76 (W.D. Wash. 2010)

7   (certifying class with 27 known members); *Jones v. Diamond*, 519 F.2d 1090, 1100 (5th Cir.

8   1975) (class membership of 48); *Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 275

9   (10th Cir. 1977) (41-46 class members); *Perez-Funez v. District Director, Immigration &*

10  *Naturalization Service*, 611 F. Supp. 990, 995 (C.D. Cal. 1984) (no specific number of class

11  members is required to satisfy numerosity).

12      Plaintiffs believe that at least several hundred asylum seekers currently fit within the

13  Credible Fear Interview Class defined above.[22]  Defendants know the exact number of asylum

14  seekers they are detaining without providing a credible fear determination within the specified

15  10 days.  And defendants cannot truthfully deny that that exact number is far larger than the 17,

16  27, 41, 46, and 48 members that were sufficiently "numerous" for class certification in the cases

17  cited above.

18      Nor can defendants truthfully deny that it would be impracticable to join all the

19  individual members of the Credible Fear Interview Class in this suit.  For example, defendant

20  ICE has stated that it transferred 1,600 asylum seekers to prisons all across the country.[23]  These

21  included 206 asylum seekers transferred to Washington State alone to wait for their credible fear

22

23

24

25  [22]  *Amended Complaint at ¶¶41-42 (alleging on information and belief that at least several hundred asylum seekers currently fit within the credible fear interview class); see also footnotes 23-24 and paragraphs to which those footnotes are attached.*

26  [23]  *https://www.npr.org/2018/06/08/618182740/ice-to-send-1-600-detainees-to-federal-prisons.*

PLAINTIFFS' CLASS CERT MOTION RE:                    NORTHWEST IMMIGRANT RIGHTS PROJECT
"CREDIBLE FEAR INTERVIEW CLASS" &                         615 Second Avenue, Suite 400
"BOND HEARING CLASS" - 9                                              Seattle, WA 98104
CASE NO. 2:18-cv-928  MJP                                       Telephone (206) 957-8611
53111184.10

1  interviews and determinations, all of whom were required to wait for weeks and sometimes

2  months for credible fear determinations.[24]

3         Moreover, even though the number of current class members satisfies the numerosity

4  criterion, three additional reasons establish that satisfaction in this case as well:  First, case law

5  confirms that since plaintiffs seek injunctive and declaratory relief, the "requirement is relaxed

6  and plaintiffs may rely on [] reasonable inference[s] arising from plaintiffs' other evidence that

7  the number of unknown and future members of [the] proposed subclass ... is sufficient to make

8  joinder impracticable." *Arnott v. U.S. Citizenship & Immigration Servs.*, 290 F.R.D. 579, 586

9  (C.D. Cal. 2012) (quoting *Sueoka v. United States*, 101 Fed. App'x 649, 653 (9th Cir. 2004)).

10  Second, the proposed class includes individuals who will be subjected to the defendants' delays

11  in the future – and case law confirms that when the class includes "unnamed and unknown future

12  members," joinder is impractical and thus "the numerosity requirement is ... met, regardless of

13  class size." *Ali v. Ashcroft*, 213 F.R.D. 390, 408 (W.D. Wash. 2003), aff'd, 346 F.3d 873 (9th

14  Cir. 2003), vacated on other grounds, 421 F.3d 795 (9th Cir. 2005) (internal quotation marks and

15  citation omitted). And third, even if numerosity were a close question here (which it is not), case

16  law shows this court should still certify the class at this initial stage, subject to decertification if

17  the class winnows down to be much smaller. See *Stewart v. Associates Consumer Discount Co.*,

18  183 F.R.D. 189, 194 (E.D. Pa. 1998) ("[W]here the numerosity question is a close one, the trial

19  court should find that numerosity exists, since the court has the option to decertify the class later

20  pursuant to Rule 23(c)(1).").

21         In short: the Credible Fear Interview Class defined above satisfies the

22  numerosity/impracticality criterion of Rule 23(a)(1).

23

24

25

26  _____
[24] *Declaration Of Ashleen O'Brien In Support Of Plaintiffs' Motion For Class Certification.*

PLAINTIFFS' CLASS CERT MOTION re:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 10
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1

### 2.   Commonality   *(Rule 23(a)(2))*

2

The second Rule 23(a) criterion is that "there are questions of law or fact common to the

3

class." Fed.R.Civ.P. 23(a)(2).

4

One issue of law or fact common among class members, standing alone, is enough to

5

satisfy this criterion.  See, e.g., *Perez-Olano v. Gonzalez*, 248 F.R.D. 248, 257 (C.D. Cal. 2008)

6

("Courts have found that a single common issue of law or fact is sufficient.") (citation omitted);

7

*Sweet v. Pfizer*, 232 F.R.D. 360, 367 (C.D. Cal. 2005) ("there must only be one single issue

8

common to the proposed class") (quotation and citation omitted).

9

Different class members having different circumstances or other individual issues does

10

not defeat that commonality.  E.g., *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 370 (C.D.

11

Cal. 1982) (granting certification in challenge to common government practices in asylum cases,

12

even though the outcome of individual asylum cases would depend on individual class members'

13

varying entitlement to relief); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th

14

Cir. 2012) (even when "the circumstances of each particular class member vary but retain a

15

common core of factual or legal issues with the rest of the class, commonality exists") (internal

16

quotation marks omitted); *Walters v. Reno*, 145 F.3d 1032, 1046 (9th Cir. 1998) ("Differences

17

among the class members with respect to the merits of their actual document fraud cases,

18

however, are simply insufficient to defeat the propriety of class certification. What makes the

19

plaintiffs' claims suitable for a class action is the common allegation that the INS's procedures

20

provide insufficient notice."); *Arnott v. U.S. Citizenship & Immigration Servs.*, 290 F.R.D. 579,

21

586-87 (C.D. Cal. 2012) (factual variations not defeat certification where core legal issues were

22

similar).

23

Commonality accordingly exists if class members "have suffered the same injury," and

24

that injury is "of such a nature that it is capable of class-wide resolution – which means that

25

determination of its truth or falsity will resolve an issue that is central to the validity of each one

26

of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (quoting

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 11
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98101
Telephone (206) 957-8611

1    *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).   For example: when a common

2    answer on the legality of a defendant's action will "drive the resolution of the litigation."  *Ellis v.*

3    *Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (quoting *Dukes*, 564 U.S. at 350).

4           By definition, the Credible Fear Interview Class is expressly limited to members who

5    have suffered the same injury – i.e., being a detained asylum seeker in the United States subject

6    to expedited removal proceedings under 8 U.S.C. §1225(b) who was not provided a credible fear

7    determination within 10 days of requesting asylum or expressing a fear of persecution to a DHS

8    official.[25]

9           And that injury – the government's failing to provide such asylum seekers their credible

10   fear determination within 10 days of requesting asylum or expressing a fear of persecution to a

11   DHS official – is capable of class-wide resolution through declaratory relief declaring that failure

12   unlawful under the Fifth Amendment, Eighth Amendment, APA, or federal asylum statutes, and

13   injunctive relief requiring the government's unlawful conduct to cease.

14          In short: the Credible Fear Interview Class defined above satisfies the commonality

15   criterion of Rule 23(a)(2).

16          **3.   Typicality**  *(Rule 23(a)(3))*

17          The third Rule 23(a) criterion is that "the claims or defenses of the representative parties

18   are typical of the claims or defenses of the class."  Fed.R.Civ.P. 23(a)(3).

19          "Typical" simply means that "a class representative must be part of the class and 'possess

20   the same interest and suffer the same injury' as the class members."  *Gen. Tel. Co. of the*

21   *Southwest v. Falcon*, 457 U.S. 147, 156 (1982) (citation omitted).

22          Factual differences among class members therefore do not defeat typicality in a case (like

23   this one) that involves a defendant's uniform policy or practice, the named plaintiffs have

24   _____

25   [25] *As noted earlier, the Credible Fear Interview Class is defined as "All detained asylum seekers*
     *in the United States subject to expedited removal proceedings under 8 U.S.C. §1225(b) who are*
26   *not provided a credible fear determination within 10 days of requesting asylum or expressing a*
     *fear of persecution to a DHS official..  Supra, Section IV.B.*

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 12
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98101
Telephone (206) 957-8611

1   injuries similar to those of the class members, and plaintiffs' injuries result from the same,

2   injurious course of conduct. *Armstrong v. Davis*, 275 F.3d 849, 869 (2001) (quoting *Hanon v.*

3   *Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)); see also, e.g., *Hanlon v. Chrysler*

4   *Corp.*, 150 F.3d 1011, 1020 (the rule's "permissive" typicality standard simply requires the

5   plaintiff representative's claims to be "reasonably co-extensive with those of absent class

6   members; they need not be substantially identical"); *LaDuke v. Nelson*, 762 F.2d 1318, 1332

7   (9th Cir. 1985) ("The minor differences in the manner in which the representative's Fourth

8   Amendment rights were violated does not render their claims atypical of those of the class.");

9   *Smith v. Univ. of Wash. Law Sch.*, 2 F.Supp. 2d 1324, 1342 (W.D. Wash. 1998) ("When it is

10  alleged that the same unlawful conduct was directed at or affected both the named plaintiff and

11  the class sought to be represented, the typicality requirement is usually satisfied, irrespective of

12  varying fact patterns which underlie individual claims.") (citation omitted); cf. *Marisol A. v.*

13  *Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (certifying Rule 23(b)(2) class despite differences in

14  the exact nature of the harm suffered by class members).

15      In this case, plaintiffs' claims with respect to the government's prolonging their

16  incarceration by delaying their credible fear interview are not just <u>typical</u> of other Credible Fear

17  Interview Class members.  They're the same.  By definition, plaintiffs and the other Credible

18  Fear Interview Class members suffered the same injury in fact:  not being provided a credible

19  fear determination within 10 days of requesting asylum or expressing a fear of persecution to a

20  DHS official.  And plaintiffs' claims with respect to the legality of that government conduct is

21  that same as fellow class members: it's unlawful under the Fifth Amendment, Eighth

22  Amendment, APA, and federal asylum statutes.

23      In short: the Credible Fear Interview Class defined above satisfies the typicality criterion

24  of Rule 23(a)(3).

25

26

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 13
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1

### 4.   Adequate Representation   *(Rule 23(a)(4))*

2

The fourth Rule 23(a) criterion is that "the representative parties will fairly and

3

adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4).

4

Satisfying this adequacy criterion "depends on the qualifications of counsel for the

5

representatives, an absence of antagonism, a sharing of interests between representatives and

6

absentees, and the unlikelihood that the suit is collusive." *Rodriguez v. Hayes,* 591 F.3d 1105,

7

1125 (9th Cir. 2009) (internal quotation marks omitted) (citing *Walters v. Reno*, 145 F.3d 1032,

8

1046 (9th Cir. 1998), quoting *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994)).

9

With respect to counsel, they are considered qualified under Rule 23(a)(4) when they

10

have experience in previous class actions and cases involving the same field of law. See *Lynch*

11

*v. Rank*, 604 F. Supp. 30, 37 (N.D. Cal. 1984); *Marcus v. Heckler*, 620 F. Supp. 1218, 1223-24

12

(N.D. Ill. 1985); *Adams v. Califano*, 474 F. Supp. 974, 979 (D. Md. 1979). Plaintiffs here are

13

represented by attorneys from the Northwest Immigrant Rights Project who have extensive

14

experience litigating class action lawsuits and other complex cases in federal court, including

15

civil rights lawsuits on behalf of noncitizens.[26] These highly experienced class action and

16

immigrant rights counsel are also joined in this case by attorneys from the Foster Pepper law

17

firm who have extensive experience litigating constitutional and statutory rights lawsuits in the

18

federal and state courts, including civil rights lawsuits on behalf of a variety of plaintiffs.[27]

19

Defendants cannot credibly claim plaintiffs' counsel are unqualified.

20

With respect to the plaintiffs themselves, their interest in this case is shared with the other

21

members of the Credible Fear Interview Class. It's not antagonistic. Plaintiffs will fairly and

22

adequately protect the interests of their fellow class members because plaintiffs seek the same

23

justice for all similarly situated asylum seekers that they seek for themselves: declaratory and

24

25

[26] *Declaration Of Matt Adams In Support Of Plaintiffs' Motion For Class Certification at ¶¶1-8.*
[27] *Declaration Of Thomas F. Ahearne In Support Of Plaintiffs' Motion For Class Certification at ¶¶1-7 and the bios attached as exhibits to that declaration.*

26

PLAINTIFFS' CLASS CERT MOTION re:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 14
CASE NO. 2:18-cv-928 MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

injunctive relief that stops defendants' illegally prolonging an asylum seeker's incarceration by delaying his or her credible fear interview determination more than 10 days after he or she requested asylum or expressed a fear of persecution to a DHS official.  Plaintiffs do not seek money damages for themselves.  They seek declaratory and injunctive relief for the Credible Fear Interview Class as a whole.

And even though a defendant can often "moot out" a class plaintiff's claim after the lawsuit is filed, the Supreme Court has made it clear that such a mooted out plaintiff may still serve as class representative when plaintiff's claim in the lawsuit is capable of repetition yet evading review.  *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975);  *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991).

In short: the Credible Fear Interview Class defined above satisfies the adequate representation criterion of Rule 23(a)(4).

### 5.  An Authorized Category of Class Action  *(Rule 23(b))*

One of the three authorized categories of class actions listed in Rule 23(b) are suits where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed.R.Civ.P. 23(b)(2).

That is exactly the situation here with the Credible Fear Interview Class.  Class membership is expressly defined by defendants' conduct applicable to all class members – i.e., defendants' not providing asylum seekers a credible fear determination within 10 days of requesting asylum or expressing a fear of persecution to a DHS official.  Regardless of what this court ultimately rules is the defendants' legal duty with respect to credible fear determinations, the same law applies to all class members – so the same final injunctive relief and corresponding declaratory relief is appropriate respecting the class as a whole.

Defendants might contend that plaintiffs' claim for declaratory and injunctive relief with respect to credible fear determinations should be rejected.  But that contention does not defeat

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 15
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98101
Telephone (206) 957-8611

1    class certification under Rule 23(b)(2) – for that rule "does not require [the court] to examine the

2    viability or bases of class members' claims for declaratory and injunctive relief, but only to look

3    at whether class members seek uniform relief from a practice applicable to all of them."

4    *Rodriguez,* 591 F.3d at 1125 (citation omitted).   And that's the case here.   This suit seeks

5    uniform declaratory and injunctive relief against a practice of the defendants that is applicable to

6    all Credible Fear Interview Class members – namely, prolonging each member's incarceration

7    by delaying that member's credible fear interview determinations more than 10 days after

8    requesting asylum or expressing a fear of persecution to a DHS official.

9          A single injunction with a corresponding declaratory judgment with respect to

10   defendants' above practice would also uniformly protect and vindicate the legal rights of all

11   members of the Credible Fear Interview Class – including plaintiffs.   See, e.g., *Walters*, 145 F.3d

12   at 1047 (certifying Rule 23(b)(2) class based on defendants' practice of providing deficient

13   notice of deportation procedures);   *Parsons*, 754 F.3d at 689 (finding declaratory and injunctive

14   relief proper as to the whole class where "every [member] in the proposed class is allegedly

15   suffering the same (or at least a similar) injury and that injury can be alleviated for every class

16   member by uniform changes in ... policy and practice").

17         In short, the Credible Fear Interview Class fits within the class action category expressly

18   authorized by Rule 23(b)(2).[28]

19

20   [28] *Although not necessary to add since the Credible Fear Interview Class satisfies Rule 23(b)(2),*

21   *plaintiffs note this class also satisfies Rule 23(b)(1) since requiring separate actions by the*
     *members of this class would create the risk of inconsistent or varying adjudications with respect*

22   *to individual class members that would establish incompatible standards of conduct for*
     *defendants, and requiring separate actions by the members of this class would create the risk of*

23   *adjudications with respect to individual class members that, as a practical matter, would be*
     *dispositive of the interests of the other class members not parties to the individual adjudications,*

24   *or would at least substantially impair or impede their ability to protect their interests.   This*
     *class also satisfies Rule 23(b)(3) since questions of law or fact common to members of this class*

25   *predominate over questions affecting only individual members, and a class action is superior to*
     *other available methods for fairly and efficiently adjudicating the legality of defendants' practice*

26   *of failing to provide a credible fear interview determinations within 10 days of a person's*

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 16
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98101
Telephone (206) 957-8611

**C. The "Bond Hearing Class" satisfies all four elements of Rule 23(a) and at least one of the alternative categories in Rule 23(b).**

This is the **"Bond Hearing Class"** requested in the Amended Complaint:[29]

All detained asylum seekers who entered the United States without inspection, were initially subject to expedited removal proceedings under 8 U.S.C. §1225(b), were determined to have a credible fear of persecution, but are not provided a bond hearing with a verbatim transcript or recording of the hearing within 7 days of requesting a bond hearing.

*[The Amended Complaint confirms the immigration law meaning of "without inspection".[30]]*

**1.    Numerosity** *(Rule 23(a)(1))*

Plaintiffs incorporate (rather than repeat) the law on this criterion set forth in Section IV.B.1 above.

Plaintiffs believe that at least several hundred asylum seekers currently fit within the Bond Hearing Class defined above.[31]  Defendants know the exact number of asylum seekers they are detaining without providing the bond hearing specified in the above class definition.  But defendants cannot truthfully deny that that exact number is far more than the 17, 27, 41, 46, and 48 members that were sufficiently "numerous" for class certification in the cases cited in Section IV.B.1 above.

Nor can defendants truthfully deny that it would be impracticable to join all the individual members of the Bond Hearing Class in this suit.

---

*expressing a fear of persecution or requesting asylum.  But since only one of the three Rule 23(b) categories need be satisfied, class certification can be granted under Rule 23(b)(2) alone.*
*[29] Amended Complaint at ¶¶149 (class definition), 128-129, 150-157.*
*[30] Amended Complaint at ¶¶46-47 (confirming the meaning of "without inspection" in the Amended Complaint's proposed Bond Hearing Class has its ordinary immigration law meaning: an asylum seeker "enters without inspection" if he or she (1) crosses the U.S. border at a location that is between the Ports Of Entry designated by the U.S. government, or (2) crosses the border at a Port Of Entry but does not openly declares them self to a federal agent.*
*[31] Amended Complaint at ¶¶149-150 (alleging on information and belief that at least several hundred asylum seekers currently fit within the bond hearing class).*

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 17
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

In short: the Bond Hearing Class defined above satisfies the numerosity/impracticality criterion of Rule 23(a)(1) for the same type of reasons that the prior class did.

### 2.   **Commonality**   *(Rule 23(a)(2))*

Plaintiffs incorporate (rather than repeat) the law on this criterion set forth in Section IV.B.2 above.

By definition, the Bond Hearing Class is expressly limited to members who have suffered the same injury – i.e., being a detained asylum seeker subject to defendants' practice of failing to provide a bond hearing with a verbatim transcript or recording of the hearing within 7 days of requesting a bond hearing.[32]

And that injury – the government's failing to provide such asylum seekers their bond hearing with procedural protections within 7 days of requesting a bond hearing – is capable of class-wide resolution through declaratory relief declaring the government's failure unlawful under the Fifth Amendment, Eighth Amendment, APA, or federal asylum statutes, and injunctive relief requiring the government's unlawful conduct to cease.

In short: the Bond Hearing Class defined above satisfies the commonality criterion of Rule 23(a)(2).

### 3.   **Typicality**   *(Rule 23(a)(3))*

Plaintiffs incorporate (rather than repeat) the law on this criterion set forth in Section IV.B.3 above.

In this case, plaintiffs' claims with respect to the government's prolonging their incarceration by delaying their required bond hearings are not just <u>typical</u> of other Bond Hearing Class members.  They're the same.  By definition, plaintiffs and the other Bond Hearing Class

---

[32] *As noted earlier, the Bond Hearing Class is defined as "All detained asylum seekers who entered the United States without inspection, were initially subject to expedited removal proceedings under 8 U.S.C. §1225(b), were determined to have a credible fear of persecution, but are not provided a bond hearing with a verbatim transcript or recording of the hearing within 7 days of requesting a bond hearing." Supra, Section IV.C.*

PLAINTIFFS' CLASS CERT MOTION re:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 18
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

members suffered the same injury in fact:  not being provided a bond hearing with a verbatim transcript or recording of the hearing within 7 days of requesting a bond hearing.  And plaintiffs' claim with respect to the legality of that government conduct is the same as fellow class members: defendant's practice is unlawful under the Fifth Amendment, Eighth Amendment, APA, and federal asylum statutes.

In short: the Bond Hearing Class defined above satisfies the typicality criterion of Rule 23(a)(3).

### 4.    Adequate Representation   *(Rule 23(a)(4))*

Plaintiffs incorporate (rather than repeat) the law on this criterion set forth in Section IV.B.4 above.

Plaintiffs also incorporate (rather than repeat) the qualifications of counsel explained in Section IV.B.4 above.

And with respect to the plaintiffs themselves, their interest in this case is shared with the other members of the Bond Hearing Class.  It's not antagonistic.  Plaintiffs will fairly and adequately protect the interests of their fellow class members because plaintiffs seek the same justice for all similarly situated asylum seekers that they seek for themselves:  declaratory and injunctive relief that stops defendants' illegally prolonging an asylum seeker's incarceration by failing to provide a bond hearing with a verbatim transcript or recording of the hearing within 7 days of requesting a bond hearing.  Plaintiffs do not seek money damages for themselves in this class action.  They seek declaratory and injunctive relief for the Bond Hearing Class as a whole.

In short: the Bond Hearing Class defined above satisfies the adequate representation criterion of Rule 23(a)(4).

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 19
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1

2        **5.   An Authorized Category of Class Action**   *(Rule 23(b))*

3        Plaintiffs incorporate (rather than repeat) the law on Rule 23(b)'s alternative criterion that

4   was set forth in Section IV.B.5 above.

5        Seeking uniform relief from a practice applicable to all Bond Hearing Class members is

6   exactly the case here.   This suit seeks uniform declaratory and injunctive relief against a

7   government practice applicable to all Bond Hearing Class members – namely, the government's

8   failing to provide asylum seekers determined to have a credible fear of persecution a bond

9   hearing with a verbatim transcript or recording of the hearing within 7 days of requesting a bond

10  hearing. And a single injunction with a corresponding declaratory judgment would uniformly

11  protect and vindicate the legal rights of all Bond Hearing Class members – including plaintiffs.

12  The Bond Hearing Class accordingly fits within the category authorized by Rule 23(b)(2).[33]

13

14

15

16

17

18

19

20

21

22

23

24  _____

25  [33] *Although not necessary to add since the Bond Hearing Class satisfies Rule 23(b)(2), plaintiffs note this class also satisfies Rules 23(b)(1) & (3) for the same reasons noted in Section IV.B.5 above – but since only one of the three Rule 23(b) categories need be satisfied, class certification can be granted under Rule 23(b)(2) alone.  See supra footnote 28.*

26

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 20
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

## V. <u>CONCLUSION</u>

For the reasons detailed in this motion, the Credible Fear Interview Class and Bond Hearing Class proposed in the Amended Complaint are entitled to class certification under Rule 23.  Plaintiffs accordingly request that this Court grant this class certification motion, and thus:

A.  Certify the following **Credible Fear Interview Class**: "All detained asylum seekers in the United States subject to expedited removal proceedings under 8 U.S.C. §1225(b) who are not provided a credible fear determination within 10 days of requesting asylum or expressing a fear of persecution to a DHS official."

B.  Designate plaintiffs as representatives of the Credible Fear Interview Class, and appoint their counsel as class counsel.

C.  Certify the following **Bond Hearing Class**:  "All detained asylum seekers who entered the United States without inspection, were initially subject to expedited removal proceedings under 8 U.S.C. §1225(b), were determined to have a credible fear of persecution, but are not provided a bond hearing with a verbatim transcript or recording of the hearing within 7 days of requesting a bond hearing."

D.  Designate plaintiffs as representatives of the Bond Hearing Class, and appoint their counsel as class counsel.

A proposed Order is submitted with this motion.

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 21
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1    RESPECTFULLY SUBMITTED this 30th day of July, 2018.

2

3
     *s/ Matt Adams*                                    *s/ Thomas F. Ahearne*
4    Matt Adams, WSBA No. 28287                         Thomas F. Ahearne, WSBA #14844
     Email:  matt@nwirp.org                             Email:  ahearne@foster.com
5
     *s/ Glenda M. Aldana Madrid*                       *s/ William F. Abrams*
6    Glenda M. Aldana Madrid, WSBA No. 46987            *William F. Abrams, CA Bar #88805
     Email:  glenda@nwirp.org                           *Admitted pro hac vice
7                                                       *Email:  bill.abrams@foster.com
8    *s/ Leila Kang*
     Leila Kang, WSBA No. 48048                         *s/ Joanna Plichta Boisen*
9    Email:  leila@nwirp.org                            Joanna Plichta Boisen, WSBA #38368
                                                        Email:  Joanna.boisen@foster.com
10   NORTHWEST IMMIGRANT RIGHTS PROJECT
11   615 Second Avenue, Suite 400                       *s/ Benjamin J. Hodges*
     Seattle, WA  98104                                 Benjamin J. Hodges, WSBA #49301
12   Telephone: (206) 957-8611                          Email:  ben.hodges@foster.com
     Facsimile: (206) 587-4025
13   *Attorneys for Plaintiffs-Petitioners*             *s/ Kevin Ormiston*
                                                        Kevin Ormiston, WSBA #49835
14                                                      Email:  kevin.ormiston@foster.com

15
                                                        FOSTER PEPPER PLLC
16                                                      1111 Third Avenue, Suite 3000
                                                        Seattle, Washington  98101-3292
17                                                      Telephone: (206) 447-4400
                                                        Facsimile: (206) 447-9700
18                                                      *Attorneys for Plaintiffs-Petitioners*

19

20

21

22

23

24

25

26

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on July 30, 2018, I had the foregoing electronically filed with the

3

Clerk of the Court using the CM/ECF system, which will send notification of such filing to those

4

attorneys of record registered on the CM/ECF system.   All other parties shall be served in

5

accordance with the Federal Rules of Civil Procedure.

6

DATED this 30th day of July, 2018.

7

8

9                                                     s/ Laura G. White
                                                      FOSTER PEPPER PLLC
10                                                    1111 Third Avenue, Suite 3000
                                                      Seattle, Washington  98101-3292
11                                                    Telephone: (206) 447-7952
                                                      Facsimile: (206) 447-9700
12                                                    Email:  laura.white@foster.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW CLASS" &
"BOND HEARING CLASS" - 23
CASE NO. 2:18-cv-928  MJP
53111184.10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

*The Honorable Marsha J. Pechman*

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

YOLANY PADILLA, on behalf of herself and her 6-year-old son J.A.;  IBIS GUZMAN, on behalf of herself and her 5-year-old son R.G.;  BLANCA ORANTES, on behalf of herself and her 8-year-old son A.M.; BALTAZAR VASQUEZ, on behalf of himself;

Plaintiffs-Petitioners,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE");  U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); U.S. CUSTOMS AND BORDER PROTECTION ("CBP");  U.S. CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS");  EXECUTIVE OFFICE FOR IMMIGRATION REVIEW ("EOIR");  U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES ("HHS");  OFFICE OF REFUGEE RESETTLEMENT ("ORR");  THOMAS HOMAN, Acting Director of ICE; KIRSTJEN NIELSEN, Secretary of DHS; KEVIN K. McALEENAN, Acting Commissioner of CBP; L. FRANCIS CISSNA, Director of USCIS; ALEX M. AZAR II, Secretary of HHS; SCOTT LLOYD, Director of ORR; MARC J. MOORE, Seattle Field Office Director;, ICE, JEFFERSON BEAUREGARD SESSIONS III, United States Attorney General; LOWELL CLARK, warden of the Northwest Detention Center in Tacoma, Washington; CHARLES INGRAM, warden of the Federal Detention Center in SeaTac, Washington;  DAVID SHINN, warden of the Federal Correctional Institute in Victorville, California;

Defendants-Respondents.

No. 2:18-cv-928 MJP

**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION REGARDING THE AMENDED COMPLAINT'S "CREDIBLE FEAR INTERVIEW CLASS" & "BOND HEARING CLASS"**

**[PROPOSED]**

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

ORDER GRANTING PLAINTIFFS' CLASS CERT
MOTION RE: "CREDIBLE FEAR INTERVIEW" &
"BOND HEARING" CLASSES [PROPOSED]- 1
CASE NO. 2:18-cv-928  MJP
53112251.4

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1    This matter having come before the Honorable Marsha J. Pechman on the Plaintiffs'

2    Motion For Class Certification Regarding The Amended Complaint's "Credible Fear Interview

3    Class" & "Bond Hearing Class"; and the court having considered the pleadings submitted in

4    support and opposition to the Motion, and having heard argument of counsel, it is hereby

5    ORDERED that the Credible Fear Interview Class and Bond Hearing Class proposed in

6    the Amended Complaint are entitled to class certification under Fed.R.Civ.P. 23.

7    IT IS THEREFORE FURTHER ORDERED that Plaintiffs' Motion For Class

8    Certification Regarding The Amended Complaint's "Credible Fear Interview Class" & "Bond

9    Hearing Class" is hereby GRANTED, and that

10   A. The following **Credible Fear Interview Class** is certified for this case to proceed as

11   a class action: "All detained asylum seekers in the United States subject to expedited

12   removal proceedings under 8 U.S.C. §1225(b) who are not provided a credible fear

13   determination within 10 days of requesting asylum or expressing a fear of persecution

14   to a DHS official."

15   B. Plaintiffs YOLANY PADILLA, IBIS GUZMAN, BLANCA ORANTES, and

16   BALTAZAR VASQUEZ are designated as representatives of the Credible Fear

17   Interview Class, and their counsel are appointed as class counsel.

18

19   C. The following **Bond Hearing Class** is certified for this case to proceed as a class

20   action: "All detained asylum seekers who entered the United States without

21   inspection, were initially subject to expedited removal proceedings under

22   8 U.S.C. §1225(b), were determined to have a credible fear of persecution, but are not

23   provided a bond hearing with a verbatim transcript or recording of the hearing within

24   7 days of requesting a bond hearing."

25

26

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW" &
"BOND HEARING" CLASSES - 1
CASE NO. 2:18-cv-928  MJP
53112251.4

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1     D.  Plaintiffs YOLANY PADILLA, IBIS GUZMAN, BLANCA ORANTES, and

2          BALTAZAR VASQUEZ are designated as representatives of the Bond Hearing

3          Class, and their counsel are appointed as class counsel.

4

5     DATED this _____ day of August, 2018.

6

7

8                                     _____

                                   HONORABLE MARSHA PECHMAN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' CLASS CERT MOTION RE:
"CREDIBLE FEAR INTERVIEW" &
"BOND HEARING" CLASSES - 2
CASE NO. 2:18-cv-928  MJP
53112251.4

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611