The Honorable Marsha J. Pechman

1
2
3
4
5
6
7       UNITED STATES DISTRICT COURT
8    FOR THE WESTERN DISTRICT OF WASHINGTON
            AT SEATTLE
9

10  YOLANY PADILLA, et al.,

11                  Plaintiffs,            Case No. 18-cv-0928 MJP

12       v.                                **DECLARATION OF GLENDA M.**
                                           **ALDANA MADRID IN SUPPORT OF**
13  U.S. IMMIGRATION AND CUSTOMS           **PLAINTIFFS' MOTION FOR CLASS**
    ENFORCEMENT, et al.,                   **CERTIFICATION**
14

15                  Defendants.

16

17

18  I, Glenda M. Aldana Madrid, hereby declare:

19       1)      I submit this declaration in support of Plaintiffs' motion for class certification. I am

20  over the age of 18, have personal knowledge of the facts set forth herein, and, if called as a witness, I

21  could and would testify competently as set forth below.

22

23       2)      I am an attorney with the Northwest Immigrant Rights Project (NWIRP) and a

24  counsel of record for Plaintiffs in this case. I am a member of the Washington State Bar Association.

25       3)      Attached hereto as Exhibit A are true and correct redacted copies of Plaintiff Yolany

26  Padilla's Department of Homeland Security ("DHS") Form I-213 ("Record of

27

28

ALDANA MADRID DECL. IN SUPP.            NORTHWEST IMMIGRANT RIGHTS PROJECT
OF PLS' MOT FOR CLASS CERT.                          615 Second Ave., Ste. 400
Case No. 2:18-cv-0928-MJP    - 1                          Seattle, WA 98104
                                                    Telephone (206) 957- 8611

Deportable/Inadmissible Alien"), DHS Form I-870 ("Record of Determination/Credible Fear Worksheet"), and Custody Order of the Immigration Judge.

      4)     Attached hereto as Exhibit B are true and correct redacted copies of Plaintiff Blanca Orantes's Form I-213, excerpted Form I-870, and Custody Order of the Immigration Judge.

      5)     Attached hereto as Exhibit C are true and correct redacted copies of Plaintiff Ibis Guzman's Form I-213, Form I-870, and Custody Order of the Immigration Judge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Seattle, WA on the 26th of July, 2018.

By: s/ Glenda M. Aldana Madrid_____
     GLENDA M. ALDANA MADRID, ESQ.

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP   - 2

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

# EXHIBIT A

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 3

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

U.S. Department of Homeland Security     Subject ID: ███████     **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| PADILLA-ORELLANA, YOLANY KARINA | | | | F | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | | Height | Weight | Occupation |
|---|---|---|---|---|---|---|
| HONDURAS | | ████ | | 62 | 140 | LABORER |

| U.S. Address | Scars and Marks |
|---|---|
| PIDC 27991 BUENA VISTA BLVD LOS FRESNOS, TEXAS, 78566 | See Narrative |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I. Number |
|---|---|---|
| 05/18/2018, 1905, 8.96 mile(s) W of HID, PWAM, BY RAFT | | ☒ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| See Narrative | PB |

| Date of Birth | | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|---|
| ████1994    Age:24 | | 05/19/2018 | RGV/MCS | HIDALGO, TX | 05/18/2018 1920 |

| City, Province (State) and Country of Birth | AR ☒ Form : (Type and No.) Lifted ☐ Not Lifted ☐ | By |
|---|---|---|
| ████ HONDURAS | | JACOB GAMBOA |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | PWA Mexico | TRAVEL/SEEKING |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | | AT ENTRY |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | None Known |

| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | 1 HONDURAN |

| Father's Name, Nationality, and Address, if Known | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| See Narrative | See Narrative |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) |
|---|---|---|---|
| None Claimed | | See Narrative | I7A1 |

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|
| | | Hr | |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which ██████████████ ██ narrative and/or criminal violation. Indicate means and route of travel to interior.)

FINS #: ██████     I77 #: ██████
Family Unit/Group #: ██████



Left Index Print          Right Index Print

**CREDIBLE FEAR CLAIM**

ARREST COORDINATES:
--------------------
Latitude:   26.13521
Longitude: -98.31388

CONSEQUENCE DELIVERY SYSTEM:
----------------------------
Classification: FIRA

| | |
|---|---|
| Alien has been advised of communication privileges    5/20/18   (Date/Initials) | ZACHARY NIEVES   BORDER PATROL AGENT    (Signature and Title of Immigration Officer) |

| Distribution: | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| TO FILE<br>RGV/CPC<br>FIRA | Officer: ZACHARY NIEVES<br>on: May 19, 2018 at 2100    ( time )<br>Disposition: Expedited Removal with Credible Fear<br>Examining Officer: JOHN E. HORNER |

Form I-213 (Rev. 8/01/07) Y

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 4

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

P. 1

U.S. Department of Homeland Security

Continuation Page for Form _____ I213

| Alien's Name<br>PADILLA-ORELLANA, YOLANY KARINA | File Number<br>A████████<br>Event No: ████████ | Date<br>05/19/2018 |
|---|---|---|

```
SCARS, MARKS, AND TATTOOS:
--------------------------
SCAR FACE (RIGHT SIDE OF MOUTH, ABOVE LIP)

FOREIGN ADDRESS:
----------------
███████████████████████████        HONDURAS
                                    HONDURAS

FATHER NAME AND ADDRESS:
------------------------
Nationality:HONDURAS PADILLA-HERNANDEZ, FEDERICO
████████████████████HONDURAS

MOTHER NAME AND ADDRESS:
------------------------
Nationality:HONDURAS ORELLANA-CASTANEDA, DORIS
████████████████       HONDURAS

FUNDS IN POSSESSION:
--------------------
 .00

RECORDS CHECKED:
----------------
AFIS Negative
CIS Negative
CCD Negative
ABIS Negative
EARM Negative
IAFIS Negative
NCIC Negative
TECS Negative

NARRATIVE:
----------
IMMIGRATION HISTORY: No Prior Immigration History.

CRIMINAL HISTORY: No Prior Criminal Information.

ENCOUNTER:
A Border Patrol Agent encountered subject in the Rio Grande Valley, Texas Border Patrol
```

*Subject Refused to sign. Witnessed by:* B███50

| Signature<br>ZACHARY REEVES | Title<br>BORDER PATROL AGENT |
|---|---|

                                                          2 of 3 Pages

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 5

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400   P.2
Seattle, WA 98104
Telephone (206) 957- 8611

U.S. Department of Homeland Security                    Continuation Page for Form _____ I213

| Alien's Name | File Number | Date |
|---|---|---|
| PADILLA-ORELLANA, YOLANY KARINA | A█████████  Event No:█████████ | 05/19/2018 |

Sector.  A Border Patrol Agent determined this subject had unlawfully entered the United States from Mexico, at a time and place other than as designated by the Secretary of the Department of Homeland Security of the United States. After determining that this subject was an alien who illegally entered the United States, the subject was arrested and transported to the Rio Grande Valley Sector Centralized Processing Center for further processing.

IMMIGRATION/CRIMINAL VIOLATION:
At the McAllen, Texas Border Patrol Station, the subject was asked to make a Sworn Statement as part of the Expedited Removal Proceedings. Service Form I-867 A/B was read and explained to the subject. The subject understood and agreed to answer questions and give a statement. The subject again admitted to being a citizen and national of Honduras without the necessary legal documents to enter, pass through, or remain in the United States. The subject also admitted to illegally crossing the international boundary without being inspected by an Immigration Officer at a designated Port of Entry.

CONSULAR NOTIFICATION:
The subject was notified of her right to communicate with a consular officer from Honduras as per Article 36(a)(b) of the Vienna Convention of Consular Relations. The subject acknowledged understanding the right and agreed to speak with a consular officer at this time. Furthermore, the subject does claim to fear persecution or torture if returned to her country of citizenship.

DISPOSITION:
The subject was presented to the Rio Grande Valley prosecutions unit as per the Zero Tolerance Directive but due to the 48 hour rule, prosecution on the subject was declined. Subject is now being processed for an Expedited Removal. The subject was apprehended within fourteen days of the subject's last entry into the United States and within 100 air miles from the United States/Mexico international boundary

****PER DHS "ZERO TOLERANCE" DIRECTIVE, SUBJECT WAS SEPARATED FROM HER SON, A██████
P█████ J█████ J█████ A# TBD.****

| Signature | Title |
|---|---|
| ZACHARY NIEVES   B7.M50 | BORDER PATROL AGENT |

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 6

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400    **P.3**
Seattle, WA 98104
Telephone (206) 957- 8611

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Record of Determination/Credible Fear Worksheet**

| SEA | ZSF | A▮▮▮▮▮▮ | PADILLA-ORELLANA |
|---|---|---|---|
| District Office Code | Asylum Office Code | Alien's File Number | Alien's Last/ Family Name |
| Fairfax | C. | Honduras | |
| Asylum Officer's Last Name | Asylum Officer's First Name | Alien's Nationality | |

*All statements in italics must be read to the applicant*

**INTERVIEW PREPARATION**

**SECTION I:**

1.1  05/18/2018
Date of arrival [MM/DD/YY]

1.2  Hidalgo, TX
Port of arrival

1.3  05/18/2018
Date of detention [MM/DD/YY]

1.4  BOP FDC SeaTac
Place of detention

1.5  05/19/2018
Date of AO orientation [MM/DD/YY]

1.6  N/A
If orientation more than one week from date of detention, explain delay

1.7  07/02/2018
Date of interview [MM/DD/YY]

1.8  Tukwila, WA – Telephonic
Interview site

1.9  ☒ Applicant received and signed Form M-444 and relevant *pro bono* list on       05/19/2018
Date signed [MM/DD/YY]

1.10  Does applicant have consultant(s)?       ☒ Yes    ☐ No

1.11  If yes, consultant(s) name, address, telephone number and relationship to applicant
Leta Sanchez, Esq. - Attorney - 3603360185 - 300 South First Street, Suite B, Mount Vernon, WA

1.12  Persons present at the interview (check which apply)

1.13  ☒   Consultant(s)

1.14  ☐   Other(s):

1.15  ☐   No one other than applicant and asylum officer

1.16  Language used by applicant in interview:   Spanish

1.17  Language Line # 208637       ☒ Yes   ☐ No      8:33 AM       11:43 AM
Interpreter Service, Interpreter ID Number.       Interpreter Has Forms      Time Started     Time Ended

1.18                                             ☐ Yes   ☐ No                    
Interpreter Service, Interpreter ID Number.       Interpreter Has Forms      Time Started     Time Ended

1.19                                             ☐ Yes   ☐ No
Interpreter Service, Interpreter ID Number.       Interpreter Has Forms      Time Started     Time Ended

1.20  ☒   Interpreter was not changed during the interview

1.21  ☐   Interpreter was changed during the interview for the following reason(s):

1.22  ☐   Applicant requested a female interpreter replace a male interpreter, or *vice versa*

1.23  ☐   Applicant found interpreter was not competent      1.24  ☐   Applicant found interpreter was not neutral

1.25  ☐   Officer found interpreter was not competent      1.26  ☐   Officer found interpreter was not neutral

1.27  ☐   Bad telephone connection

1.28  ☒   Asylum officer had the interpreter read the following paragraph to the applicant at the beginning of the interview:

*The purpose of this interview is to determine whether you may be eligible for asylum or protection from removal to a country where you fear persecution or torture. I am going to ask you questions about why you fear returning to your country or any other country you may be removed to. It is very important that you tell the truth during the interview and that you respond to all of my questions. This may be your only opportunity to give such information. Please feel comfortable telling me why you fear harm. U.S. law has strict rules to prevent the disclosure of what you tell me today about the reasons why you fear harm. The information you tell me about the reasons for your fear will not be disclosed to your government, except in exceptional circumstances. The statements you make today may be used in deciding your claim and in any future immigration proceedings. It is important that we understand each other. If at any time I make a statement you do not understand, please stop me and tell me you do not understand so that I can explain it to you. If at any time you tell me something I do not understand, I will ask you to explain.*

Form I-870 (Rev. 11/21/03) N Page 1

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 7

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

| C. Fairfax ███ | Interview Date: 07/02/2018 | Alien's File Number: ███ |

**SECTION II:**   **BIOGRAPHIC INFORMATION**

2.1   PADILLA-ORELLANA
Last Name/ Family Name [ALL CAPS]

2.2   Yolany
First Name

2.3   Karina
Middle Name

2.4   ███/1994
Date of birth [MM/DD/YY]

2.5   Gender   ☐ Male   ☒ Female

2.6
Other names and dates of birth used

2.7   Honduras
Country of birth

2.8   Honduras
Country (countries) of citizenship (list all)

2.9   ███ Honduras
Address prior to coming to the U.S. (List Address, City/Town, Province, State, Department and Country)

2.10   Latina
Applicant's race or ethnicity

2.11   Evangelical
Applicant's religion

2.12   Spanish
All languages spoken by applicant

2.13   Marital status:   ☐ Single   ☒ Married   ☐ Legally separated   ☐ Divorced   ☐ Widowed

2.14   Did spouse arrive with applicant?   ☐ Yes   ☒ No

2.15   Is spouse included in applicant's claim?   ☐ Yes   ☒ No

2.16   If currently married (including common law marriage) list spouse's name, citizenship, and present location (if with applicant, provide A-Number):
███ (common law), Honduras, USA

2.17   Children:   ☒ Yes   ☐ No

2.18   List any children (*Use the continuation section to list any additional children*):

| Date of birth (MM/DD/YY) | Name | Citizenship | Present location (If w/PA, list A-Numbers) | Did child arrive with PA? | | Is child included in PA's claim? | |
|---|---|---|---|---|---|---|---|
| ███2011 | J███ A███ F███ | Honduras | A███ Cayuga Centers NY, NY | ☒ Yes | ☐ No | ☐ Yes | ☒ No |
| | | | | ☐ Yes | ☐ No | ☐ Yes | ☐ No |
| | | | | ☐ Yes | ☐ No | ☐ Yes | ☐ No |

2.19   Does applicant claim to have a medical condition (physical or mental), or has the officer observed any indication(s) that a medical condition exists? If YES, answer questions 2.20 and 2.21 and explain below.   ☐ Yes   ☒ No

None

2.20   Has applicant notified the facility of medical condition?   ☐ Yes   ☐ No

2.21   Does applicant claim that the medical condition relates to torture?   ☐ Yes   ☐ No

2.22   Does the applicant have a relative, sponsor or other community ties, including spouse or child already listed above?   ☒ Yes   ☐ No

2.23   If YES, provide information on relative or sponsor (use continuation section, if necessary):

Immigrant Resources, Immediate Support (IRIS)
Name

Non-Profit
Relationship

300 South First Street, Suite B
Address

(360) 333-4943
Telephone Number

☐ Citizen   ☐ Legal Permanent Resident   ☒ Other:   Registered 501(c)(3) non-profit

Form I-870 (Rev. 11/21/03) N Page 2

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 8

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

| C. Fairfax | Interview Date: 07/02/2018 | Alien's File Number: |
|---|---|---|

<u>SECTION III:</u>                               **CREDIBLE FEAR INTERVIEW**

The following notes are not a verbatim transcript of this interview.
These notes are recorded to assist the individual officer in making a credible fear determination
and the supervisory asylum officer in reviewing the determination.
There may be areas of the individual's claim that were not explored or documented for purposes of this threshold screening.

The asylum officer must elicit sufficient information related to <u>both</u> credible fear of persecution and credible fear of torture to determine whether the applicant meets the threshold screening. Even if the asylum officer determines in the course of the interview that the applicant has a credible fear of persecution, the asylum officer must still elicit any additional information relevant to a fear of torture. Asylum officers are to ask the following questions and may use the continuation sheet if additional space is required. If the applicant replies YES to any question, the asylum officer must ask follow-up questions to elicit sufficient details about the claim in order to make a credible fear determination.

3.1   a.  *Have you or any member of your family ever been mistreated or threatened by anyone in any country to which you may be returned?*

☒   Yes        ☐   No

b.  *Do you have any reason to fear harm from anyone in any country to which you may be returned?*

☒   Yes        ☐   No

c.  *If YES to questions a and/or b, was it or is it because of any of the following reasons? (Check each of the following boxes that apply).*

☐   Race      ☐   Religion      ☐   Nationality      ☒   Membership in a particular social group      ☐   Political Opinion

Honduran Children Viewed as Property *by virtue of their position within a domestic relationship*

3.2   ☒   At the conclusion of the interview, the asylum officer must read the following to applicant:

If the Department of Homeland Security determines you have a credible fear of persecution or torture, your case will be referred to an immigration court, where you will be allowed to seek asylum or withholding of removal based on fear of persecution or withholding of removal under the Convention Against Torture. The Field Office Director in charge of this detention facility will also consider whether you may be released from detention while you are preparing for your hearing. *If the asylum officer determines that you do not have a credible fear of persecution or torture, you may ask an Immigration Judge to review the decision. If you are found not to have a credible fear of persecution or torture and you do not request review, you may be removed from the United States as soon as travel arrangements can be made. Do you have any questions?* None

3.3   ☒   At the conclusion of the interview, the asylum officer must read a summary of the claim, consisting of the responses to Questions 3.1 a-c and information recorded in the Additional Information/Continuation section, to applicant.

****Typed Question and Answer (Q&A) interview notes and a summary and analysis of the claim must be attached to this form for all negative credible fear decisions. These Q&A notes must reflect that the applicant was asked to explain any inconsistencies or lack of detail on material issues and that the applicant was given every opportunity to establish a credible fear.

Form I-870 (Rev. 11/21/03) N Page 3

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 9

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

| C. Fairfax ▓ | Interview Date: 07/02/2018 | Alien's File Number: ▓ |
|---|---|---|

## SECTION IV:                    CREDIBLE FEAR FINDINGS

**A.    Credible Fear Determination:**

_Credibility_

4.1  ☒  ~~There is a significant possibility that the assertions underlying the applicant's claim could be found credible in a full asylum or withholding of removal hearing.~~ Applicant found credible

4.2  ☐  Applicant found **not** credible because (check boxes 4.3-4.5, which apply):

    4.3  ☐  Testimony was internally inconsistent on material issues.

    4.4  ☐  Testimony lacked sufficient detail on material issues.

    4.5  ☐  Testimony was not consistent with country conditions on material issues.

_Nexus_

4.6  ☐  Race   4.7  ☐  Religion   4.8  ☒  Nationality   4.9  ☒  Membership in a Particular Social Group

(Define the social group) Honduran Children Viewed as Property _by virtue of their position within a domestic relationship_

4.10  ☐  Political Opinion   4.11  ☐  Coercive Family Planning [CFP]   4.12  ☐  No Nexus

_Credible Fear Finding_

4.13  ☒  Credible fear of **persecution** established.

    **OR**

4.14  ☐  Credible fear of **torture** established.

    **OR**

4.15  ☐  Credible fear of persecution NOT established and there is not a significant possibility that the applicant could establish eligibility for withholding of removal or deferral of removal under the Convention against Torture.

**B.    Possible Bars:**

4.16  ☐  Applicant could be subject to a bar(s) to asylum or withholding of removal (check the box(es) that applies and explain on the continuation sheet):

    4.17  ☐  Particularly Serious Crime   4.18  ☐  Security Risk   4.19  ☐  Aggravated Felon

    4.20  ☐  Persecutor   4.21  ☐  Terrorist   4.22  ☐  Firmly Resettled

    4.23  ☐  Serious Non-Political Crime Outside the United States

4.24  ☒  Applicant does **not** appear to be subject to a bar(s) to asylum or withholding of removal.

**C.    Identity:**

4.25  ☒  Applicant's identity was determined with a reasonable degree of certainty (check the box(es) that applies):

    4.26  ☒  Applicant's own credible statements. (If testimony is credible overall, this will suffice to establish the applicant's identity with a reasonable degree of certainty.)

    4.27  ☐  Passport which appears to be authentic.

    4.28  ☐  Other evidence presented by applicant or in applicant's file (List):

4.29  ☐  Applicant's identity was not determined with a reasonable degree of certainty. (Explain on the continuation sheet.)

## SECTION V:        ASYLUM OFFICER / SUPERVISOR NAMES AND SIGNATURES

| 5.1 C. Fairfax ▓ | 5.2 _(signature)_ | 5.3 07/02/2018 |
|---|---|---|
| Asylum officer ID CODE (print) | Asylum officer's signature | Decision date |
| 5.4 T. Plummer ▓ | 5.5 _(signature)_ | 5.6 7/3/2018 |
| Supervisory asylum officer name | Supervisor's signature | Date supervisor approved decision |

Form I-870 (Rev. 11/21/03) N Page 4

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

| C. Fairfax | | Interview Date: 07/02/2018 | Alien's File Number: | |

**ADDITIONAL INFORMATION/CONTINUATION**

Summary of Claim:

Form I-870 (Rev. 11/21/03) N Page 5

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 11

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
1623 EAST J STREET   SUITE 3
TACOMA, WA  98421

IN THE MATTER OF:                             FILE: **A**█████████

**PADILLA-ORELLANA, YOLANY**

                                              Docket:  **TACOMA, WA**

RESPONDENT                                    IN REMOVAL PROCEEDINGS

### CUSTODY ORDER OF THE IMMIGRATION JUDGE

Request having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. Part 236 and having considered the representations of the Immigration and Customs Enforcement and the respondent, it is HEREBY ORDERED that:

_____   No Action _____

_____   ORDERED No Jurisdiction:
             _____   Arriving Alien.
             _____   Mandatory Detention under 236(c).
             _____   Reinstated  Order of Removal / Final Order of Removal
             _____   Withholding Only Proceedings
             _____   Does not meet the 180 day requirement.

_____   ORDERED that the request for a change in custody status be denied.
         Bond to remain at $_____   OR  REMAINS AT NO BOND.

__X__   ORDERED that the request be granted and that respondent be
         released from custody under bond of $  _8,000_

_____   Danger to Community / Flight Risk.

① Respondent must submit to an ankle monitoring device as may be required by DHS.

__X__   OTHER: Conditional release is: granted / denied / was not requested.

② Respondent must not leave the State of █████████ unless the travel is approved by DHS.

John C. Odell
Immigration Judge
Date:  July 6, 2018

Appeal:  WAIVED / RESERVED  (A / I / B)
*IF RESERVED – APPEAL IS DUE BY: August 6, 2017*
                         CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:     MAIL (M)     PERSONAL SERVICE (P)     FAX (F)
TO:   [  ] ALIEN     [  ] ALIEN c/o Custodial Officer     [ ] Alien's ATT/REP     [ **P** ] ICE
DATE: 7/6/18_____     BY: COURT STAFF
Attachments:  [  ] EOIR-33 [  ] EOIR-28 [  ] Legal Services List   [  ] Appeal Packet   [  ] Other

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 12

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

# EXHIBIT B

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 13

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

| U.S. Department of Homeland Security | Subject ID: ███ | | **Record of Deportable/Inadmissible Alien** | | | |
|---|---|---|---|---|---|---|
| Family Name (CAPS)   First   Middle<br>ORANTES-LOPEZ, BLANCA CAROLINA | | | Sex<br>F | Hair<br>BLK | Eyes<br>BRO | Cmplxn<br>MED |
| Country of Citizenship<br>EL SALVADOR | Passport Number and Country of Issue | CASE No: ███<br>File Number ███ | Height<br>58 | Weight<br>120 | Occupation<br>LABORER | |
| U.S. Address<br>See Narrative | | | Scars and Marks<br>NONE VISIBLE | | | |
| Date, Place, Time, and Manner of Last Entry<br>05/21/2018, 1000, 9 mile(s) W of ROM, PWAM (BY RAFT) | | Passenger Boarded at | F.B.I. Number ███ | ☒ Single ☐ Married<br>☐ Divorced ☐ Separated<br>☐ Widower | | |
| Number, Street, City, Province (State) and Country of Permanent Residence<br>See Narrative | | | Method of Location/Apprehension<br>PB | | | |
| Date of Birth<br>███ 1992    Age:26 | Date of Action<br>05/22/2018 | Location Code<br>RGV/RGC | At/Near<br>ROMA, TX | | Date/Hour<br>05/21/2018 1200 | |
| City, Province (State) and Country of Birth<br>EL SALVADOR | AR ☒   Form: (Type and No.) Lifted ☐ Not Lifted ☐ | | By<br>DANIEL J. ESPINAL | | | |
| NIV Issuing Post and NIV Number | Social Security Account Name | | Status at Entry<br>PWA Mexico | Status When Found<br>TRAVEL/SEEKIN G | | |
| Date Visa Issued | Social Security Number | | Length of Time Illegally in U.S.<br>AT ENTRY | | | |
| Immigration Record<br>NEGATIVE | Criminal Record<br>None Known | | | | | |
| Name , Address, and Nationality of Spouse (Maiden Name, if Appropriate) | | | Number and Nationality of Minor Children<br>1, EL SALVADOR | | | |
| Father's Name, Nationality, and Address, if Known<br>See Narrative | | Mother's Present and Maiden Names, Nationality, and Address, if Known<br>See Narrative | | | | |
| Monies Due/Property in U.S. Not in Immediate Possession<br>None Claimed | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s)<br>I7A1 | | | |
| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary<br>Hr | Employed from/to | | | |

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FINS #: ███                    I77 #: ███
Family Unit/Group #: ███



**ARREST COORDINATES:**
--------------------
Latitude:   26.42569
Longitude:  -99.05856

**CREDIBLE FEAR CLAIM**

**CONSEQUENCE DELIVERY SYSTEM:**
------------------------------
Classification: FIRA

Left Index Print            Right Index Print

| Alien has been advised of communication privileges   5/22/18  ██  (Date/Initials) | SEAN ENSZER<br>BORDER PATROL AGENT<br>(Signature and Title of Immigration Officer) |
|---|---|
| Distribution:<br><br>To File<br>MCA/MCS<br>Stats | Received: (Subject and Documents)  (Report of Interview)<br>Officer:  SEAN ENSZER<br>on:  May 22, 2018 at 0015                    ( time )<br>Disposition:  Expedited Removal with Credible Fear<br>Examining Officer:  ABRAHAM B. HERNANDEZ |

Form I-213 (Rev. 08/01/07) Y

ALDANA MADRID DECL. IN SUPP.<br>OF PLS' MOT FOR CLASS CERT.<br>Case No. 2:18-cv-0928-MJP - 14

NORTHWEST IMMIGRANT RIGHTS PROJECT<br>615 Second Ave., Ste. 400<br>Seattle, WA 98104<br>Telephone (206) 957- 8611

**U.S. Department of Homeland Security**                **Continuation Page for Form** ___I213___

| Alien's Name<br>ORANTES-LOPEZ, BLANCA CAROLINA | File Number<br>A███████ <br>Event No: ████████ | Date<br>05/22/2018 |
|---|---|---|

US ADDRESS:
-----------
PORT ISABEL DETENTION CENTER 247991 BUENA VISTA BLVD
LOS FRESNOS, TEXAS, 78566


FOREIGN ADDRESS:
----------------
███████████████████ (EL SALVADOR) , ████████
EL SALVADOR

███████████████████ (EL SALVADOR) ,
EL SALVADOR

FATHER NAME AND ADDRESS:
------------------------
ISREAL

██████████████ EL SALVADOR

MOTHER NAME AND ADDRESS:
------------------------
IRMA

██████████████ EL SALVADOR

NARRATIVE:
----------
ENCOUNTER / ARREST:
Rio Grande City, Texas Border Patrol Agent apprehended the subject, identified as ORANTES-
Lopez, Blanca Carolina, A# ████████ , near Roma, Texas. Upon questioning, subject readily
admitted to being a citizen and national of El Salvador and to not being in possession of
any immigration documents that would allow the subject to be or remain in the United
States. Subject was transported to the McAllen Border Patrol Station for processing.

ENTRY DATA:
Subject freely admitted to last entering the United States on 5/21/2018, by rafting across
the Rio Grande River approximately 9 miles west of the Roma, Texas, Port of Entry.

ADVISEMENT OF MIRANDA WARNING:
Subject was advised of the Miranda Warning as per Service Form I-214. Subject stated that
she understood her rights. Subject agreed to freely answer all questions without the

| Signature<br><br>SEAN ENSZER          *De* | Title<br><br>BORDER PATROL AGENT |
|---|---|

___2___ of ___4___ Pages

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 15

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

P.2

U.S. Department of Homeland Security

**Continuation Page for Form** _____ I213 _____

| Alien's Name<br>ORANTES-LOPEZ, BLANCA CAROLINA | File Number<br>A███████<br>Event No: ███████ | Date<br>05/22/2018 |
| --- | --- | --- |

presence of an attorney and indicated agreed by signing Service Form I-214. Subject stated that she was willing to sign the forms presented to her. The subject confirmed that her name and date of birth were printed correctly on the forms presented to her.

INADMISSABILITY:
Subject is a native and citizen of El Salvador and freely admitted having entered the United States illegally by rafting across the Rio Grande River at a place not designated as a port of Entry by the Attorney General of the United States, and or the Secretary of Homeland Security, successor, and thus was not admitted, inspected, or paroled into the United States by a U.S. Immigration Officer.

Subject is an immigrant not in possession of a valid un-expired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Immigration and Nationality Act. Subject has no pending applications with the Bureau of Citizenship and Immigration Service and no petitions on file.

TRAVEL DATA:
Subject used the bus as his primary method of travel to the Mexican border town of Reynosa, Tamaulipas Mexico. Subject states he stayed for several days in Reynosa before illegally entering into the United States

CRIMINAL HISTORY:
Subject's fingerprints were submitted to the IDENT/IAFIS fingerprint databases which did not discover prior criminal history.

IMMIGRATION HISTORY:
Subject's fingerprints were submitted to the IDENT/IAFIS fingerprint databases. IDENT/IAFIS show that the subject has no prior immigration history.

MOTIVATION:
Subject stated that the motivation for coming to the U.S. was to seek employment and reside in Maryland.

CREDIBLE FEAR STATEMENT:
Subject was questioned using CBP Form I-215 (Record of Sworn Statement) regarding fear of being returned to subject's country of origin. Subject made a statement claiming fear of being returned to her country of origin.

CONSULATE RIGHTS/NOTIFICATION:
Subject was also notified of the right to call a representative from the consulate but declined to do so at this time.

HEALTH SCREEN:
Subject appears to be in good health with no discernible injuries or illness or displays of behavior indicating mental defect or illness. Subject claims to be healthy and is not taking any medications.

TERRORIST OR GANG/ORGANIZED CRIME AFFILIATIONS:

| Signature<br><br>SEAN ENSZER ✐ | Title<br><br>BORDER PATROL AGENT |
| --- | --- |

Form I-831  ALDANA MARERO DECL IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 16

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

P.3

U.S. Department of Homeland Security        Continuation Page for Form    I213

| Alien's Name<br>ORANTES-LOPEZ, BLANCA CAROLINA | File Number<br>A███████████<br>Event No: ███████████ | Date<br>05/22/2018 |
|---|---|---|

Subject was interviewed and record checks were completed on subject. No links to terrorism, terrorist groups, gang or organized crime could be established; nor travel through countries linked to terrorism.

DISPOSITION:
Subject was processed for 8 USC 1235 and will be held pending an appearance before the U.S. Magistrate for prosecution.

Subject was separated from her son, M███-C██████, A█ A████████ (A# █████████), and processed under 8 USC 1325 in compliance with the Rio Grande Valley Zero Tolerance Directive.

Subject was provided the modified Orantes Advisal.  The subject did want an interview before an asylum officer and requested to not be returned to El Salvador.

| Signature<br><br>SEAN ENSZER | Title<br><br>BORDER PATROL AGENT |
|---|---|

<u>4</u> of <u>4</u> Pages

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

P. 4

06/29/2018 10:31AM FAX                                                                    ☑0004/0013

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Record of Determination/Credible Fear Worksheet**

| SEA | ZSF | A[REDACTED] | ORANTES-LOPEZ |
|---|---|---|---|
| District Office Code | Asylum Office Code | Alien's File Number | Alien's Last/ Family Name |
| Gamble | N. | El Salvador | |
| Asylum Officer's Last Name | Asylum Officer's First Name | Alien's Nationality | |

**SECTION I:**

*All statements in italics must be read to the applicant*
**INTERVIEW PREPARATION**

1.1  05/21/2018
     Date of arrival [MM/DD/YY]

1.2  *at or near* Roma, TX
     Port of arrival

1.3  05/21/2018
     Date of detention [MM/DD/YY]

1.4  Northwest Detention Center
     Place of detention

1.5  05/22/2018
     Date of AO orientation [MM/DD/YY]

1.6  N/A
     *If orientation more than one week from date of detention, explain delay*

1.7  06/27/2018
     Date of interview [MM/DD/YY]

1.8  Tacoma, WA – In-Person
     Interview site

1.9  ☑  Applicant received and signed **Form M-444** and relevant *pro bono* list on          05/22/2018
                                                                                       Date signed [MM/DD/YY]

1.10  Does applicant have consultant(s)?          ☑  Yes   ☐  No

      1.11  If yes, consultant(s) name, address, telephone number and relationship to applicant
            Matt Adams, *see G-28*

1.12  Persons present at the interview (check which apply)

      1.13  ☐ ·  Consultant(s)
      1.14  ☒     Other(s): Telephonic
                  Interpreter, Attorney
      1.15  ☐     No one other than applicant and asylum officer

1.16  Language used by applicant in interview:          Spanish

1.17  LB: 10992156                                      ☒  Yes   ☐  No        11:07 AM        12:50 PM
      Interpreter Service, Interpreter ID Number.       Interpreter Has Forms   Time Started    Time Ended

1.18  _____                              ☐  Yes   ☐  No        _____      _____
      Interpreter Service, Interpreter ID Number.       Interpreter Has Forms   Time Started    Time Ended

1.19  _____                              ☐  Yes   ☐  No        _____      _____
      Interpreter Service, Interpreter ID Number.       Interpreter Has Forms   Time Started    Time Ended

1.20  ☒  Interpreter was not changed during the interview

1.21  ☐  Interpreter was changed during the interview for the following reason(s):

      1.22  ☐  Applicant requested a female interpreter replace a male interpreter, or *vice versa*
      1.23  ☐  Applicant found interpreter was not competent          1.24  ☐  Applicant found interpreter was not neutral
      1.25  ☐  Officer found interpreter was not competent            1.26  ☐  Officer found interpreter was not neutral
      1.27  ☐  Bad telephone connection

1.28  ☒  Asylum officer had the interpreter read the following paragraph to the applicant at the beginning of the interview:

*The purpose of this interview is to determine whether you may be eligible for asylum or protection from removal to a country where you fear persecution or torture. I am going to ask you questions about why you fear returning to your country or any other country you may be removed to. It is very important that you tell me the truth during the interview and that you respond to all of my questions. This may be your only opportunity to give such information. Please feel comfortable telling me why you fear harm. The information U.S. law has strict rules to prevent the disclosure of what you tell me today about the reasons why you fear harm. The information you tell me about the reasons for your fear will not be disclosed to your government, except in exceptional circumstances. The statements you make today may be used in deciding your claim and in any future immigration proceedings. It is important that we understand each other. If at any time I make a statement you do not understand, please stop me and tell me you do not understand so that I can explain it to you. If at any time you tell me something I do not understand, I will ask you to explain.*

                                                                        Form I-870 (Rev. 11/21/03) N Page 1

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 18

3

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

06/29/2018 10:31AM FAX ▨0005/0013

---

| N. Gamble ▇▇ | Interview Date: 06/27/2018 | Alien's File Number: ▇▇ |
|---|---|---|

## SECTION II:

**BIOGRAPHIC INFORMATION**

2.1 <u>ORANTES-LOPEZ</u>
Last Name/ Family Name [ALL CAPS]

2.2 <u>Blanca</u>
First Name

2.3 <u>Carolina</u>
Middle Name

2.4 ▇ <u>1992</u>
Date of birth [MM/DD/YY]

2.5 Gender ☐ Male ☒ Female

2.6 <u>NONE</u>
Other names and dates of birth used

2.7 <u>El Salvador</u>
Country of birth

2.8 <u>El Salvador</u>
Country (countries) of citizenship (list all)

2.9 ▇▇ <u>El Salvador</u>
Address prior to coming to the U.S. (List Address, City/Town, Province, State, Department and Country).

2.10 <u>Of Color</u>
Applicant's race or ethnicity

2.11 <u>Evangelical</u>
Applicant's religion

2.12 <u>Spanish</u>
All languages spoken by applicant

2.13 Marital status: ☒ Single ☐ Married ☐ Legally separated ☐ Divorced ☐ Widowed

2.14 Did spouse arrive with applicant? ☐ Yes ☒ No

2.15 Is spouse included in applicant's claim? ☐ Yes ☒ No

2.16 If currently married (including common law marriage) list spouse's name, citizenship, and present location (if with applicant, provide A-Number):
(DP) Abel Mejia Pineda; Salvadoran; Unknown

2.17 Children: ☒ Yes ☐ No

2.18 List any children (*Use the continuation section to list any additional children*):

| Date of birth (MM/DD/YY) | Name | Citizenship | Present location (if w/PA, list A-Numbers) | Did child arrive with PA? | | Is child included in PA's claim? | |
|---|---|---|---|---|---|---|---|
| ▇ 09 | A▇ A▇ M▇ O▇ | Salvadoran | A▇▇ | ☒ Yes | ☐ No | ☒ Yes | ☐ No |
| | | | | ☐ Yes | ☐ No | ☐ Yes | ☐ No |
| | | | | ☐ Yes | ☐ No | ☐ Yes | ☐ No |

2.19 Does applicant claim to have a medical condition (physical or mental), or has the officer observed any indication(s) that a medical condition exists? If YES, answer questions 2.20 and 2.21 and explain below. ☐ Yes ☒ No
<u>None</u>

2.20 Has applicant notified the facility of medical condition? ☐ Yes ☐ No

2.21 Does applicant claim that the medical condition relates to torture? ☐ Yes ☐ No

2.22 Does the applicant have a relative, sponsor or other community ties, including spouse or child already listed above? ☒ Yes ☐ No

2.23 If YES, provide information on relative or sponsor (use continuation section, if necessary):
<u>Maria Delmis Orantes</u>
Name

<u>Sister</u>
Relationship

<u>Maryland</u>
Address

▇▇
Telephone Number

☐ Citizen ☐ Legal Permanent Resident ☒ Other: <u>None</u>

Form I-870 (Rev. 11/21/03) N Page 2

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 19

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

| N. Gamble ███████ | Interview Date: 06/27/2018 | Alien's File Number: ██████████ |

**SECTION III:**                                          CREDIBLE FEAR INTERVIEW

The following notes are not a verbatim transcript of this interview.
These notes are recorded to assist the individual officer in making a credible fear determination
and the supervisory asylum officer in reviewing the determination.
There may be areas of the individual's claim that were not explored or documented for purposes of this threshold screening.

The asylum officer must elicit sufficient information related to both credible fear of persecution and credible fear of torture to determine whether the applicant meets the threshold screening. Even if the asylum officer determines in the course of the interview that the applicant has a credible fear of persecution, the asylum officer must still elicit any additional information relevant to a fear of torture. Asylum officers are to ask the following questions and may use the continuation sheet if additional space is required. If the applicant replies YES to any question, the asylum officer must ask follow-up questions to elicit sufficient details about the claim in order to make a credible fear determination.

3.1   a. *Have you or any member of your family ever been mistreated or threatened by anyone in any country to which you may be returned?*
          ☒   · Yes      ☐   No


      b. *Do you have any reason to fear harm from anyone in any country to which you may be returned?*
          ☒   Yes      ☐   No


      c. *If YES to questions a and/or b, was it or is it because of any of the following reasons? (Check each of the following boxes that apply).*
          ☐   Race      ☐   Religion      ☐   Nationality      ☒   Membership in a particular social group      ☐   Political Opinion

      Immediate Family Member of Abel Mejia Pineda

3.2   ☒   At the conclusion of the interview, the asylum officer must read the following to applicant:

      If the Department of Homeland Security determines you have a credible fear of persecution or torture, your case will be referred to an immigration court, where you will be allowed to seek asylum or withholding of removal based on fear of persecution or withholding of removal under the Convention Against Torture. The Field Office Director in charge of this detention facility will also consider whether you may be released from detention while you are preparing for your hearing. *If the asylum officer determines that you do not have a credible fear of persecution or torture, you may ask an Immigration Judge to review the decision. If you are found not to have a credible fear of persecution or torture and you do not request review, you may be removed from the United States as soon as travel arrangements can be made. Do you have any questions?* None


3.3   ☒   At the conclusion of the interview, the asylum officer must read a summary of the claim, consisting of the responses to Questions 3.1 a-c and information recorded in the Additional Information/Continuation section, to applicant.

****Typed Question and Answer (Q&A) interview notes and a summary and analysis of the claim must be attached to this form for all negative credible fear decisions. These Q&A notes must reflect that the applicant was asked to explain any inconsistencies or lack of detail on material issues and that the applicant was given every opportunity to establish a credible fear.

Form I-870 (Rev. 11/21/03) N Page 3

| N. Gamble ████ | Interview Date: 06/27/2018 | Alien's File Number: ████ |

## SECTION IV:
### CREDIBLE FEAR FINDINGS

**A.**   **Credible Fear Determination:**

Credibility

4.1  ☒  ~~There is a significant possibility that the assertions underlying the applicant's claim could be found credible in a full asylum or withholding of removal hearing.~~ Applicant found credible

4.2  ☐  Applicant found not credible because (check boxes 4.3-4.5, which apply):

    4.3  ☐  Testimony was internally inconsistent on material issues.

    4.4  ☐  Testimony lacked sufficient detail on material issues.

    4.5  ☐  Testimony was not consistent with country conditions on material issues.

Nexus

4.6  ☐  Race   4.7  ☐  Religion   4.8  ☐  Nationality   4.9  ☒  Membership in a Particular Social Group

(Define the social group): Immediate Family Member of Abel Mejia Pineda

4.10  ☐  Political Opinion   4.11  ☐  Coercive Family Planning [CFP]   4.12  ☐  No Nexus

Credible Fear Finding

4.13  ☒  Credible fear of **persecution** established.

    **OR**

4.14  ☐  Credible fear of **torture** established.

    **OR**

4.15  ☐  Credible fear of persecution NOT established and there is not a significant possibility that the applicant could establish eligibility for withholding of removal or deferral of removal under the Convention against Torture.

**B.**   **Possible Bars:**

4.16  ☐  Applicant could be subject to a bar(s) to asylum or withholding of removal (check the box(es) that applies and explain on the continuation sheet):

    4.17  ☐  Particularly Serious Crime   4.18  ☐  Security Risk   4.19  ☐  Aggravated Felon

    4.20  ☐  Persecutor   4.21  ☐  Terrorist   4.22  ☐  Firmly Resettled

    4.23  ☐  Serious Non-Political Crime Outside the United States

4.24  ☒  Applicant does not appear to be subject to a bar(s) to asylum or withholding of removal.

**C.**   **Identity:**

4.25  ☒  Applicant's identity was determined with a reasonable degree of certainty (check the box(es) that applies):

    4.26  ☐  Applicant's own credible statements. (If testimony is credible overall, this will suffice to establish the applicant's identity with a reasonable degree of certainty).

    4.27  ☐  Passport which appears to be authentic.

    4.28  ☐  Other evidence presented by applicant or in applicant's file (List): _____

4.29  ☐  Applicant's identity was not determined with a reasonable degree of certainty. (Explain on the continuation sheet.)

## SECTION V:
### ASYLUM OFFICER / SUPERVISOR NAMES AND SIGNATURES

5.1  N. Gamble ████
    Asylum officer name and ID CODE (print)
    Laurie Robinson

5.2  _[signature]_
    Asylum officer's signature

5.3  06/27/2018
    Decision date

5.4  _____
    Supervisory asylum officer name

5.5  _[signature]_
    Supervisor's signature

5.6  JUN 2 8 2018
    Date supervisor approved decision

Form I-870 (Rev. 11/21/03) N Page 4

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 21

6

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
1623 EAST J STREET   SUITE 3
TACOMA, WA 98421

IN THE MATTER OF:                          FILE: **A** ████████

**ORANTES-LOPEZ, BLANCA CAROLINA**

                                           Docket:   **TACOMA, WA**

RESPONDENT                                 IN REMOVAL PROCEEDINGS

### CUSTODY ORDER OF THE IMMIGRATION JUDGE

Request having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. Part 236 and having considered the representations of the Immigration and Customs Enforcement and the respondent, it is HEREBY ORDERED that:

_____   No Action _____

_____   ORDERED No Jurisdiction:
                        _____  Arriving Alien.
                        _____  Mandatory Detention under 236(c).
                        _____  Reinstated Order of Removal / Final Order of Removal
                        _____  Withholding Only Proceedings
                        _____  Does not meet the 180 day requirement.

__X__   ORDERED that the request for a change in custody status be denied.
        Bond to remain at $_____ OR REMAINS AT NO BOND.

_____   ORDERED that the request be granted and that respondent be
         released from custody under bond of $_____

_____   Danger to Community / Flight Risk.

__X__   OTHER: Conditional release is: granted / denied / was not requested.

                                    _____
                                    John G. Crews
                                    Immigration Judge
                                    Date: July 16, 2018

Appeal:  WAIVED / RESERVED  (A / I / B)
**IF RESERVED – APPEAL IS DUE BY: August 15, 2017**

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:     MAIL (M)     PERSONAL SERVICE (P)     FAX  (F)
TO:  [  ] ALIEN     [  ] ALIEN c/o Custodial Officer     [  ] Alien's ATT/REP     [ P ] ICE
DATE: 7/16/18 _____  BY: COURT STAFF _____
Attachments: [  ] EOIR-33 [  ] EOIR-28 [  ] Legal Services List [  ] Appeal Packet [  ] Other

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

# EXHIBIT C

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 23

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

| U.S. Department of Homeland Security | Subject ID: ▓▓▓▓ | Record of Deportable/Inadmissible Alien |
|---|---|---|

| Family Name (CAPS) | First | Middle | | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|---|
| GUZMAN-COLINDRES, IBIS OBEIDA | | | | | F | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| HONDURAS | | A▓▓ | 66 | 185 | LABORER |

| U.S. Address | Scars and Marks |
|---|---|
| See Narrative | NONE INDICATED |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I. Number |
|---|---|---|
| 05/16/2018, 0550, 5 mile(s) W of BRO, PWAM/RAFT | | ☒ Single  ☐ Divorced ☐ Married  ☐ Widower ☐ Separated |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| HONDURAS | PB |

| Date of Birth ▓▓1993   Age:24 | Date of Action 05/16/2018 | Location Code RGV/BRP | At/Near BROWNSVILLE, TX | Date/Hour 05/16/2018 0600 |
|---|---|---|---|---|

| City, Province (State) and Country of Birth | AR ☒ | Form : (Type and No.)   Lifted ☐ Not Lifted ☐ | By |
|---|---|---|---|
| ▓▓ HONDURAS | | | BRYAN RAMOS |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry PWA Mexico | Status When Found TRAVEL/SEEKING |
|---|---|---|---|

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. AT ENTRY |
|---|---|---|

| Immigration Record NEGATIVE | Criminal Record None Known |
|---|---|

| Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children 1-HONDURAS |
|---|---|

| Father's Name, Nationality, and Address, if Known See Narrative | Mother's Present and Maiden Names, Nationality, and Address, if Known See Narrative |
|---|---|

| Monies Due/Property in U.S. Not in Immediate Possession None Claimed | Fingerprinted? ☒ Yes ☐ No | Systems Checks | Charge Code Words(s) I7A1 |
|---|---|---|---|

| Name and Address of (Last)(Current) U.S. Employer | Type of Employment | Salary | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

FINS #: ▓▓▓▓       I77 #: ▓▓▓▓

**Left Index Print**          **Right Index Print**

ARREST COORDINATES:
-------------------
Latitude:  25.91552
Longitude: -97.53037

**CREDIBLE FEAR CLAIM**

CONSEQUENCE DELIVERY SYSTEM:
----------------------------
Classification: FIRA

| Alien has been advised of communication privileges   5/16/18 (Date/Initials) | MELISSA MARTINEZ1 Border Patrol Agent (Signature and Title of Immigration Officer) |
|---|---|

| Distribution: | Received: (Subject and Documents)  (Report of Interview) |
|---|---|
| TO FILE MCA BRP | Officer: MELISSA MARTINEZ1 on: May 16, 2018 at 0826  (time) Disposition: Expedited Removal with Credible Fear Examining Officer: JACOB J. BARREDA |

Form I-213 (Rev. 08/1/07) Y

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 24

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

P. 1

U.S. Department of Homeland Security                    Continuation Page for Form ___ I213

| Alien's Name GUZMAN-COLINDRES, IBIS OBEIDA | File Number A█████████ Event No: ██████████████ | Date 05/16/2018 |

Program:        STR_PROS

US ADDRESS:
-----------
PIDC 27991 BUENA VISTA BLVD
LOS FRESNOS, TEXAS, 78566


FATHER NAME AND ADDRESS:
------------------------
Nationality:HONDURAS GUZMAN, JOSE PERFECTO
████████████████          HONDURAS

MOTHER NAME AND ADDRESS:
------------------------
Nationality:HONDURAS COLINDRES, MARIA VERONICA
████████████████          HONDURAS


FUNDS IN POSSESSION:
--------------------
 .00

NARRATIVE:
----------
FBI WATCH LIST NEGATIVE

ENCOUNTER/ARREST
On May 16, 2018 at approximately 06:00 a.m., Border Patrol Agent Bryan Ramos was
performing line watch duties in Brownsville, Texas when he was notified by RVSS operator,
that they observed 2 bodies crossing at the PUB rocks landing approximately 5.0 miles west
of the Gateway International Port of Entry.  The subject was walking north from the
direction of the Rio Grande River.  Agent B. Ramos approached the subject and identified
himself as a Border Patrol Agent. The subject later identified as GUZMAN-Colindres, Ibis
Obeida (A#█████████ - stated that she was a citizen and national of Honduras by virtue
of birth.  Agent B. Ramos asked the subject if she had any immigration documents to be in
or remain in the United States legally.  Subject stated that she did not. GUZMAN-Colindres
was then placed under arrest and transported to the Brownsville Border Patrol Station for
further processing.

PROCESSING
At the station, subject was enrolled into the IDENT/IAFIS Database.  IDENT revealed FINS#
████████, and IAFIS returned positive results under FBI#██████████

| Signature MELISSA MARTINEZ1 | Title Border Patrol Agent |

Form I-831 Continuation Page (Rev. 08/01/07)

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 25

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

P.2

**U.S. Department of Homeland Security**       **Continuation Page for Form** ____I213____

| Alien's Name<br>GUZMAN-COLINDRES, IBIS OBEIDA | File Number<br>A<br>Event No: | Date<br>05/16/2018 |
|---|---|---|

**ADVISAL OF RIGHTS:**
On May 16, 2018, at 8:45 a.m., Agent Melissa Martinez advised the subject of her rights via form I-214 in the Spanish language as witnessed by Agent Jose Frausto. The subject stated that she understood her rights, but refused to sign in the appropriate spaces, and stated that she did want an attorney present during questioning. Subject stated that she understood her rights as per form I-214 and was not willing to make a statement without an attorney being present during questioning.

**ENTRY DATA:**
Subject admitted that she last entered the United States illegally by rafting across the Rio Grande River at approximately 05:50 a.m., on May 16, 2018 near Brownsville, Texas, approximately 5.0 miles west of the Gateway International Port of Entry. The subject was not admitted or paroled by an Immigration officer.

**IMMIGRATION HISTORY:**
NEGATIVE

**CRIMINAL HISTORY:**
NEGATIVE

**MOTIVATION:**
Subject stated that the motivation for coming to the U.S. was to seek employment and reside in California.

**CONSULATE NOTIFICATION:**
Subject was notified of her right to call a representative of her consulate if she wishes to do so. Subject stated she did not wish to contact her consulate.

**CREDIBLE FEAR:**
The subject was asked if she feared harm, persecution, or torture if returned to her home country of Honduras. Subject stated that she did fear returning to Honduras.

**HEALTH:**
Subject claims and appears to be in good health.

**TERRORIST LINK:**
Subject claims to have no links to any terrorist organizations. Record checks did not reveal any type of affiliations to link the subject to any terrorist organizations.

**DISPOSITION:**
Subject GUZMAN-Colindres will be issued an Expedited Removal Prosecution with all necessary forms completed. Subject's file will be forwarded to the Brownsville Prosecutions Office for prosecution. Subject will be held at the Brownsville Border Patrol Station Pending his appearance before a U.S. Magistrate.

| Signature<br>MELISSA MARTINEZ1 | Title<br>Border Patrol Agent |
|---|---|

__3__ of __3__ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 26

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

P. 3

Department of Homeland Security
U.S. Citizenship and Immigration Services

## Record of Determination/Credible Fear Worksheet

| SEA | ZSF | | GUZMAN-COLINDRES |
|---|---|---|---|
| District Office Code | Asylum Office Code | Alien's File Number | Alien's Last/Family Name |
| Gamble | N. | Honduras | |
| Asylum Officer's Last Name | Asylum Officer's First Name | Alien's Nationality | |

*All statements in italics must be read to the applicant*
**INTERVIEW PREPARATION**

**SECTION 1:**

1.1 __05/16/18__
Date of arrival [MM/DD/YY]

1.2 __at or near Brownsville, TX__
Port of arrival

1.3 __05/16/18__
Date of detention [MM/DD/YY]

1.4 __Northwest Detention Center__
Place of detention

1.5 __05/16/18__
Date of AO orientation [MM/DD/YY]

1.6 __N/A__
If orientation more than one week from date of detention, explain delay

1.7 __06/27/2018__
Date of interview [MM/DD/YY]

1.8 __Tacoma, WA -- In-Person__
Interview site

1.9 ☒ Applicant received and signed Form M-444 and relevant *pro bono* list on __05/16/18__
Date signed [MM/DD/YY]

1.10 Does applicant have consultant(s)?   ☒ Yes   ☐ No

1.11 If yes, consultant(s) name, address, telephone number and relationship to applicant
__Stephanie Martinez__ *see* G-28

1.12 Persons present at the interview (check which apply)

1.13 ☐ Consultant(s)

1.14 ☒ Other(s): Telephonic
Interpreter: Attorney
Present Telephonically

1.15 ☐ No one other than applicant and asylum officer

1.16 Language used by applicant in interview:   Spanish

1.17 LB: 10991018   ☒ Yes   ☐ No   8:50 AM   10:28 AM
Interpreter Service, Interpreter ID Number.   Interpreter Has Forms   Time Started   Time Ended

1.18 ___   ☐ Yes   ☐ No   ___   ___
Interpreter Service, Interpreter ID Number.   Interpreter Has Forms   Time Started   Time Ended

1.19 ___   ☐ Yes   ☐ No   ___   ___
Interpreter Service, Interpreter ID Number.   Interpreter Has Forms   Time Started   Time Ended

1.20 ☒ Interpreter was not changed during the interview

1.21 ☐ Interpreter was changed during the interview for the following reason(s):

1.22 ☐ Applicant requested a female interpreter replace a male interpreter, or *vice versa*

1.23 ☐ Applicant found interpreter was not competent

1.24 ☐ Applicant found interpreter was not neutral

1.25 ☐ Officer found interpreter was not competent

1.26 ☐ Officer found interpreter was not neutral

1.27 ☐ Bad telephone connection

1.28 ☒ Asylum officer had the interpreter read the following paragraph to the applicant at the beginning of the interview:

*The purpose of this interview is to determine whether you may be eligible for asylum or protection from removal to a country where you fear persecution or torture. I am going to ask you questions about why you fear returning to your country or any other country you may be removed to. It is very important that you tell the truth during the interview and that you respond to all of my questions. This may be your only opportunity to give such information. Please feel comfortable telling me why you fear harm. U.S. law has strict rules to prevent the disclosure of what you tell me today about the reasons why you fear harm. The information you tell me about the reasons for your fear will not be disclosed to your government, except in exceptional circumstances. The statements you make today may be used in deciding your claim and in any future immigration proceedings. It is important that we understand each other. If at any time I make a statement you do not understand, please stop me and tell me you do not understand so that I can explain it to you. If at any time you tell me something I do not understand, I will ask you to explain.*

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 27

Form I-870 (Rev. 11/21/03) N Page 1
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

| N. Gamble ▮▮ | Interview Date: 06/27/2018 | Alien's File Number ▮▮ ▮▮ ▮▮ |
|---|---|---|

**SECTION II:**            **BIOGRAPHIC INFORMATION**

2.1    <u>GUZMAN-COLINDRES</u>

Last Name/ Family Name [ALL CAPS]

2.2    <u>Ibis</u>

First Name

2.3    <u>Obeida</u>

Middle Name

2.4    ▮▮/1993

Date of birth [MM/DD/YY]

2.5    Gender    ☐ Male     ☒ Female

2.6    <u>NONE</u>

Other names and dates of birth used

2.7    <u>Honduras</u>

Country of birth

2.8    <u>Honduras</u>

Country (countries) of citizenship (list all)

2.9    ▮▮▮▮ Honduras

Address prior to coming to the U.S. (List Address, City/Town, Province, State, Department and Country).

2.10 <u>None</u>     2.11 <u>Catholic</u>     2.12 <u>Spanish</u>

Applicant's race or ethnicity     Applicant's religion     All languages spoken by applicant

2.13   Marital status:    ☒ Single    ☐ Married    ☐ Legally separated    ☐ Divorced    ☐ Widowed

     2.14   Did spouse arrive with applicant?    ☐ Yes   ☒ No

     2.15   Is spouse included in applicant's claim?    ☐ Yes   ☒ No

     2.16   If currently married (including common law marriage) list spouse's name, citizenship, and present location **(if with applicant, provide A-Number):**

2.17   Children:    ☒ Yes    ☐ No

2.18   List any children (*Use the continuation section to list any additional children*):

| Date of birth (MM/DD/YY) | Name | Citizenship | Present location (if w/PA, list A-Numbers) | Did child arrive with PA? | | Is child included in PA's claim? | |
|---|---|---|---|---|---|---|---|
| ▮▮/12 | R▮▮ R▮▮ G▮▮ | Honduran | A▮▮ | ☒ Yes | ☐ No | ☒ Yes | ☐ No |
| | | | | ☐ Yes | ☐ No | ☐ Yes | ☐ No |
| | | | | ☐ Yes | ☐ No | ☐ Yes | ☐ No |

2.19   Does applicant claim to have a medical condition (physical or mental), or has the officer observed any indication(s) that a medical condition exists? If YES, answer questions 2.20 and 2.21 and explain below.    ☐ Yes   ☒ No

        <u>None</u>

   2.20   Has applicant notified the facility of medical condition?    ☐ Yes   ☐ No

   2.21   Does applicant claim that the medical condition relates to torture?    ☐ Yes   ☐ No

2.22   Does the applicant have a relative, sponsor or other community ties, including spouse or child already listed above?    ☒ Yes   ☐ No

   2.23   If YES, provide information on relative or sponsor (use continuation section, if necessary):

<u>Yesenia Castillo Colindres</u>          <u>Sister</u>

Name                      Relationship

<u>Los Angeles, CA</u>          ▮▮▮▮

Address                   Telephone Number

☒ Citizen     ☐ Legal Permanent Resident    ☐ Other:

Form I-870 (Rev. 11/21/03) N Page 2

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

| N. Gamble | Interview Date: 06/27/2018 | Alien's File Number |
|---|---|---|

## SECTION III:

## CREDIBLE FEAR INTERVIEW

The following notes are not a verbatim transcript of this interview.
These notes are recorded to assist the individual officer in making a credible fear determination
and the supervisory asylum officer in reviewing the determination.
There may be areas of the individual's claim that were not explored or documented for purposes of this threshold screening.

The asylum officer must elicit sufficient information related to both credible fear of persecution and credible fear of torture to determine whether the applicant meets the threshold screening. Even if the asylum officer determines in the course of the interview that the applicant has a credible fear of persecution, the asylum officer must still elicit any additional information relevant to a fear of torture. Asylum officers are to ask the following questions and may use the continuation sheet if additional space is required. If the applicant replies YES to any question, the asylum officer must ask follow-up questions to elicit sufficient details about the claim in order to make a credible fear determination.

3.1   a.  *Have you or any member of your family ever been mistreated or threatened by anyone in any country to which you may be returned?*

     ☒   Yes   ☐   No

    b.  *Do you have any reason to fear harm from anyone in any country to which you may be returned?*

     ☒   Yes   ☐   No

    c.  *If YES to questions a and/or b, was it or is it because of any of the following reasons? (Check each of the following boxes that apply).*

   ☐   Race  ☐   Religion  ☐   Nationality  ☐   Membership in a particular social group  ☐   Political Opinion

NO NEXUS

3.2   ☒   At the conclusion of the interview, the asylum officer must read the following to applicant:

If the Department of Homeland Security determines you have a credible fear of persecution or torture, your case will be referred to an immigration court, where you will be allowed to seek asylum or withholding of removal based on fear of persecution or withholding of removal under the Convention Against Torture. The Field Office Director in charge of this detention facility will also consider whether you may be released from detention while you are preparing for your hearing. *If the asylum officer determines that you do not have a credible fear of persecution or torture, you may ask an Immigration Judge to review the decision. If you are found not to have a credible fear of persecution or torture and you do not request review, you may be removed from the United States as soon as travel arrangements can be made. Do you have any questions?* None

3.3   ☒   At the conclusion of the interview, the asylum officer must read a summary of the claim, consisting of the responses to Questions 3.1 a-c and information recorded in the Additional Information/Continuation section, to applicant.

****Typed Question and Answer (Q&A) interview notes and a summary and analysis of the claim must be attached to this form for all negative credible fear decisions. These Q&A notes must reflect that the applicant was asked to explain any inconsistencies or lack of detail on material issues and that the applicant was given every opportunity to establish a credible fear.

ALDANA MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 29

Form I-870 (Rev. 11/21/03) N Page 3
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

| N. Gamble | Interview Date: 06/27/2018 | Alien's File Number: |
|---|---|---|

## SECTION IV:                          CREDIBLE FEAR FINDINGS

**A.     Credible Fear Determination:**

Credibility

4.1  ☒  ~~There is a significant possibility that the assertions underlying the applicant's claim could be found credible in a full asylum or withholding of removal hearing.~~ Applicant found credible

4.2  ☐  Applicant found not credible because (check boxes 4.3-4.5, which apply):

    4.3  ☐  Testimony was internally inconsistent on material issues.

    4.4  ☐  Testimony lacked sufficient detail on material issues.

    4.5  ☐  Testimony was not consistent with country conditions on material issues.

Nexus

4.6  ☐  Race     4.7  ☐  Religion     4.8  ☐  Nationality     4.9  ☐  Membership in a Particular Social Group

(Define the social group):

4.10  ☐  Political Opinion     4.11  ☐  Coercive Family Planning [CFP]     4.12  ☒  No Nexus

Credible Fear Finding

4.13  ☐  Credible fear of persecution established.

    **OR**

4.14  ☒  Credible fear of torture established.

    **OR**

4.15  ☐  Credible fear of persecution NOT established and there is not a significant possibility that the applicant could establish eligibility for withholding of removal or deferral of removal under the Convention against Torture.

**B.     Possible Bars:**

4.16  ☐  Applicant could be subject to a bar(s) to asylum or withholding of removal (check the box(es) that applies and explain on the continuation sheet):

    4.17  ☐  Particularly Serious Crime     4.18  ☐  Security Risk     4.19  ☐  Aggravated Felon

    4.20  ☐  Persecutor     4.21  ☐  Terrorist     4.22  ☐  Firmly Resettled

    4.23  ☐  Serious Non-Political Crime Outside the United States

4.24  ☒  Applicant does not appear to be subject to a bar(s) to asylum or withholding of removal.

**C.     Identity:**

4.25  ☒  Applicant's identity was determined with a reasonable degree of certainty (check the box(es) that applies):

    4.26  ☐  Applicant's own credible statements. (If testimony is credible overall, this will suffice to establish the applicant's identity with a reasonable degree of certainty).

    4.27  ☐  Passport which appears to be authentic.

    4.28  ☐  Other evidence presented by applicant or in applicant's file (List): _____

4.29  ☐  Applicant's identity was not determined with a reasonable degree of certainty. (Explain on the continuation sheet.)

## SECTION V:          ASYLUM OFFICER / SUPERVISOR NAMES AND SIGNATURES

5.1  N. Gamble                              5.2  [signature]                    5.3  06/27/2018
    Asylum officer name and ID CODE. (print)     Asylum officer's signature     Decision date
    Laurie Robinson

5.4  _____                        5.5  [signature]                    5.6  JUN 28 2018
    Supervisory asylum officer name     Supervisor's signature     Date supervisor approved decision

Form I-870 (Rev. 11/21/03) N Page 4
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

N. Gamble ███    Interview Date: 06/27/2018              Alien's File Number: ███

## ADDITIONAL INFORMATION/CONTINUATION

Summary of Claim:

███████████████████████████████████████████████████████████

Form I-870 (Rev. 11/21/03) N Page 5
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
1623 EAST J STREET   SUITE 3
TACOMA, WA  98421

IN THE MATTER OF:                                         FILE:  A ███████

**GUZMAN-COLINDRES, IBIS**

_Attorney Authorize 2_

RESPONDENT                          Docket:  **TACOMA, WA**

                                    IN REMOVAL PROCEEDINGS

**CUSTODY ORDER OF THE IMMIGRATION JUDGE**

Request having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. Part 236
and having considered the representations of the Immigration and Customs Enforcement and the respondent, it
is HEREBY ORDERED that:

_____    No Action _____

_____    ORDERED No Jurisdiction:
                    _____  Arriving Alien.
                    _____  Mandatory Detention under 236(c).
                    _____  Reinstated  Order of Removal / Final Order of Removal
                    _____  Withholding Only Proceedings
                    _____  Does not meet the 180 day requirement.

__X__    ORDERED that the request for a change in custody status be denied.
          Bond to remain at $_____ or UNDERLINE{REMAINS AT NO BOND.}

_____    ORDERED that the request be granted and that respondent be
          released from custody under bond of $_____

__X__    Danger to Community / Flight Risk.

__X__    OTHER Conditional release is:  granted / denied / was not requested.

                                    John C. Odell
                                    Immigration Judge
                                    Date: **July 3, 2018**

Appeal:  WAIVED / RESERVED  (A / I / B)
_IF RESERVED – APPEAL IS DUE BY: August 2, 2018_

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:     MAIL (M)     PERSONAL SERVICE (P)     FAX  (F)
TO:     [ ] ALIEN     [ ] ALIEN c/o Custodial Officer     [ ] Alien's ATT/REP     [ P ] ICE
DATE:     **July 3, 2018**     BY: COURT STAFF     CL
Attachments:  [ ] EOIR-33  [ ] EOIR-28   [ ] Legal Services List   [ ] Other

ALBAN-MADRID DECL. IN SUPP.
OF PLS' MOT FOR CLASS CERT.
Case No. 2:18-cv-0928-MJP - 32

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611