The Honorable Marsha J. Pechman

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

| | |
|---|---|
| 10  YOLANY PADILLA, *et al.*, | Case No. 2:18-cv-00928-MJP |
| 11              Plaintiffs-Petitioners, | |
|         v. | **AMENDED MOTION FOR CLASS** |
| 12  U.S.  IMMIGRATION  AND  CUSTOMS | **CERTIFICATION** |
| 13  ENFORCEMENT, *et al.*, | |
| 14              Defendants-Respondents. | NOTE ON MOTION CALENDAR: September 28, 2018 |
| 15 | |
| 16 | ORAL ARGUMENT REQUESTED |
| 17 | |

18

19

20

21

22

23

24

25

26

AM. CLASS CERT MOT.
Case No. 2:18-cv-00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

## I.   INTRODUCTION

Plaintiffs are asylum seekers who challenge Defendants' failure to provide them, and the classes they seek to represent, with timely credible fear interviews as well as timely bond hearings that comport with due process. After arriving in the United States and asking U.S. Customs and Border Protection (CBP) officials for asylum, Plaintiffs were immediately incarcerated. Defendants then prolonged that incarceration by delaying the credible fear interview required to commence the asylum application process. And once they eventually provided that interview and Plaintiffs demonstrated that their fear was, in fact, credible, Defendants further prolonged their incarceration by delaying their access to the bond hearings in which an immigration judge determines whether release pending adjudication of their asylum claim is warranted. When Defendants finally provided those bond hearings, they did not comport with due process because they were not recorded or transcribed, the burden of proof was erroneously placed on Plaintiffs, and the immigration judge did not make particularized findings but instead simply checked a box on a template order to indicate whether, and on what conditions, the immigration judge would permit release. Defendants' practice of failing to promptly provide detained asylum seekers with credible fear interviews and with fundamentally fair bond hearings violates the Due Process Clause of the U.S Constitution, the Administrative Procedures Act (APA), and the Immigration and Nationality Act (INA).

The questions presented in this case—whether the Department of Homeland Security (DHS) Defendants are obligated to provide Plaintiffs with timely credible fear interviews and whether the Executive Office for Immigration Review (EOIR) Defendants are obligated to provide Plaintiffs with timely bond hearings that afford them fundamental procedural safeguards—can and should be resolved on a class-wide basis. The proposed classes, moreover,

AM. CLASS CERT. MOT.
Case No. 2:18-cv-00928-MJP - 1

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

satisfy the requirements set forth in Rule 23(a) and Rule 23(b)(2) of the Federal Rules of Civil Procedure.

Plaintiffs accordingly request that the Court certify the following class and appoint them class representatives:

> **Credible Fear Interview ("CFI") Class:** All detained asylum seekers in the United States subject to expedited removal proceedings under 8 U.S.C. § 1225(b) who are not provided a credible fear determination within 10 days of requesting asylum or expressing a fear of persecution to a DHS official, absent a request by the asylum seeker for a delayed credible fear interview.

Plaintiffs Orantes and Vasquez further request that the Court certify the following class and appoint them class representatives:

> **Bond Hearing ("BH") Class:** All detained asylum seekers who entered the United States without inspection, were initially subject to expedited removal proceedings under 8 U.S.C. § 1225(b), were determined to have a credible fear of persecution, but are not provided a bond hearing with a verbatim transcript or recording of the hearing within 7 days of requesting a bond hearing.

Plaintiffs seek declaratory and injunctive relief on behalf of these classes, requiring that the respective Defendants provide them with timely credible fear interviews and timely bond hearings that comport with due process.

## II. BACKGROUND

### A. <u>Plaintiffs' Legal Claims</u>

Adjudicating a motion for class certification does not call for "an in-depth examination of the underlying merits," but a court may nevertheless analyze the merits to the extent necessary to determine the propriety of certification. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011); *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551-52 (2011). Plaintiffs thus provide a brief summary of their claims here. *See also* ECF No. 26 ¶¶146-171.

AM. CLASS CERT. MOT.
Case No. 2:18-CV-00928-MJP - 2

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

"It is undisputed that all [noncitizens] possess" a statutory "right" to apply for asylum. *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 553 (9th Cir. 1990) (citing 8 U.S.C. § 1158(a) (1988); *Jean v. Nelson*, 727 F.2d 957, 982 (11th Cir. 1984) (en banc), *aff'd as modified,* 472 U.S. 846 (1985); and *Haitian Refugee Ctr. v. Smith*, 676 F.2d 1023, 1038-39 (5th Cir. 1982)); *see also* 8 U.S.C. §§ 1158(a)(1), 1225(b)(1)(A)(ii). Implementing that statutory right, the governing regulations also guarantee noncitizens the right to apply for asylum. *See* 8 C.F.R. §§ 235.3(b)(4), 208.30(f), 1003.42(f).

Noncitizens who are deemed "arriving [noncitizens]," as well as those who "arrive in, attempt to enter, or have entered the United States without . . . inspection," may be subject to expedited removal proceedings. *See* 8 C.F.R. § 1235.3(b)(1)(i)-(ii) (outlining applicability of expedited removal proceedings); 8 C.F.R. § 1001.1(q) (defining "arriving [noncitizens]"). In expedited removal proceedings, individuals may be removed by an immigration official "without further hearing or review *unless* the [noncitizen] indicates an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(i) (emphasis added).

In order to pursue their asylum claims before an immigration judge, however, governing regulations require that asylum seekers first demonstrate to DHS Defendants that their fear is credible. *See* 8 C.F.R. § 208.30(f), (g). DHS Defendants are, for their part, required to provide these asylum seekers with the opportunity to make that showing. *See* 8 U.S.C. § 1225(b)(1)(A)(ii) (decreeing that an immigration officer who encounters such a noncitizen who expresses an intention to apply for asylum or a fear of return "shall refer the [noncitizen] for an interview by an asylum officer").

AM. CLASS CERT. MOT.
Case No. 2:18-cv-00928-MJP - 3

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

Until DHS makes the credible fear determination, however, an asylum seeker in expedited removal proceedings is subject to mandatory detention. 8 U.S.C. 1225(b)(1)(B)(iii)(IV); 8 C.F.R. § 235.3(b)(4)(ii). Once the detained asylum seekers pass a credible fear interview and are placed in removal proceedings under 8 U.S.C. § 1229a, those asylum seekers who are not deemed "arriving"—that is, those who entered without inspection—become entitled to an individualized bond hearing before an immigration judge to assess their eligibility for release from incarceration while they await the government's lengthy process of adjudicating their asylum claims. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 208.30(f), 236.1(d); *see also Matter of X-K-*, 23 I&N Dec. 731 (BIA 2005).

Immigration detention is a grueling, isolating experience. Thus, one way to deter people from seeking asylum, thereby interfering with their right to seek such protection, is to prolong their incarceration by delaying the credible fear interview to which they are legally entitled once they request asylum or express a fear of persecution to a DHS official. DHS Defendants' practice of scheduling a CFI weeks, if not *months*, after an asylum seeker expresses their fear or intention to apply for asylum, *see* ECF No. 26 ¶¶86-109, is accordingly unreasonable and infringes upon that individual's right to seek asylum. *Cf.* 8 C.F.R. § 208.31(b)(1) (ordering, in the reasonable fear context, that barring "exceptional circumstances, this [reasonable fear] determination will be conducted within 10 days" of the referral of the individual to the asylum officer). It is also a violation of their procedural and substantive due process rights. *See* ECF No. 26 ¶¶148-150.

For the same reasons, EOIR Defendants may not delay bond hearings for asylum seekers who have passed credible fear interviews and are eligible for a custody redetermination hearing. *See* ECF No. 26 ¶¶110-125. Plaintiffs and proposed class members have a right to have a bond

AM. CLASS CERT. MOT.
Case No. 2:18-cv-00928-MJP - 4

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

hearing conducted. It is axiomatic that the fundamental right to be free from physical restraint applies to noncitizens as well as citizens. *See, e.g.*, *Wong Wing v. U.S.*, 163 U.S. 228, 238 (1896); *Harisiades v. Shaughnessy*, 342 U.S. 580, 586 & n.9 (1952) (immigrants stand on "equal footing with citizens" under the Constitution in several respects, including the protection of personal liberty). Every individual in immigration detention has a constitutional, statutory, and regulatory liberty interest in freedom from physical restraint. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.") (citation omitted). EOIR Defendants' failure to conduct prompt bond hearings is unreasonable, violates the procedural and substantive due process rights of Plaintiffs Orantes and Vasquez and proposed class members, and infringes on their right to pursue asylum.

These practices, which willfully prolong the incarceration of asylum seekers, also constitute actions unlawfully withheld or unreasonably delayed in violation of the Administrative Procedures Act (APA). *See* 5 U.S.C. § 706(1). *See also Vietnam Veterans of Am. v. CIA*, 811 F.3d 1068, 1075 (9th Cir. 2016) (APA compels agency action where there is "'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action") (quoting *Norton v. S. Utah Wilderness Alliance (SUWA)*, 542 U.S. 55, 63-64 (2004)). In this case, Defendants are obligated to conduct prompt credible fear determinations and bond hearings but have failed to comply with their obligations in a reasonable time. *See* 8 U.S.C. §§ 1225(b)(1)(A)(ii), 1226(a). Defendants' practices also violate the APA as they are not "not in accordance with the law" and are "contrary to" the procedural safeguards afforded by the Fifth Amendment Due Process Clause. *See* 5 U.S.C. § 706(2)(A), (B).

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

Defendants in this case have failed to comply with their statutory and constitutional obligations both to conduct prompt credible fear determinations and bond hearings and to utilize appropriate procedural safeguards in bond proceedings.

Finally, EOIR Defendants' failure to provide bond hearings that include certain basic procedural safeguards—recorded hearings or written transcripts, a particularized determination as to the factors relevant to the immigration judge's determination, and the placement of the burden of proof on the government as opposed to the noncitizen—is also a violation of the procedural and substantive due process rights of Plaintiffs Orantes and Vasquez as well as the putative BH class members. *See, e.g.*, *Pensamiento v. McDonald*, No. 18-10475-PBS, 2018 U.S. Dist. LEXIS 84818, *17 (D. Mass May 21, 2018) (holding, in the context of 8 U.S.C. § 1226(a) bond proceedings, that "where a non-criminal [noncitizen's] liberty may be taken away, due process requires that the government prove that detention is necessary"); *cf. Singh v. Holder*, 638 F.3d 1196, 1208-09 (9th Cir. 2011) (holding that due process requires EOIR to provide contemporaneous recordings of bond hearings challenging prolonged detention, and that a written decision issued after the bond decision is appeal is not an adequate substitute), & at 1203 (holding that, in the context of bond proceedings challenging prolonged detention, the burden of proof falls on the government). The dearth of safeguards inhibits noncitizens' ability to meaningfully appeal an adverse bond decision. *Cf.* 8 C.F.R. § 1003.19(f) (providing that immigration judges' custody determinations may be administrative appealed pursuant to 8 C.F.R. § 1003.38).

B.   **Named Plaintiffs' Factual Backgrounds.**

Plaintiff Yolany Padilla fled her native Honduras with her six-year-old son to seek protection in the United States. They were apprehended by CBP soon after entering the United

AM. CLASS CERT. MOT.
Case No. 2:18-CV-00928-MJP - 6

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

States without inspection on or about May 18, 2018. Although Ms. Padilla informed a CBP official shortly after her apprehension that she and her son were seeking asylum, DHS Defendants did not conduct her credible fear interview until July 2, 2018, more than one month after she made her fear known. DHS Defendants issued a positive credible fear finding in her case the following day. *See* ECF No. 26 ¶¶39-40, 92-95; ECF No. 12, Ex. A at 10 & 12.

Plaintiff Ibis Guzman fled her native Honduras with her five-year-old son to seek protection in the United States. They were apprehended by CBP soon after entering the United States without inspection on or about May 16, 2018. Although Ms. Guzman informed a CBP official shortly after her apprehension that they were seeking asylum, DHS Defendants did not conduct her credible fear interview until June 27, 2018, more than one month after she made her fear known. DHS Defendants issued a positive credible fear finding on June 28, 2018. *See* ECF No. 26 ¶¶41-42, 96-99; ECF No. 12, Ex. C at 30 & 32.

Plaintiff Blanca Orantes fled her native El Salvador with her eight-year-old son to seek protection in the United States. They were apprehended by CBP soon after entering the United States without inspection on or about May 21, 2018. Although Ms. Orantes informed a CBP official shortly after her apprehension that they were seeking asylum, DHS Defendants did not conduct her credible interview until June 27, 2018, more than one month after she made her fear known. DHS issued a positive credible fear finding on June 28, 2018. EOIR Defendants did not provide a bond hearing until July 16, 2018, at which point she was denied bond. *See* ECF No. 26 ¶¶43-44, 100-103, 121; ECF No. 12, Ex. B at 21 & 22.

Plaintiff Baltazar Vasquez fled his native El Salvador to seek protection in the United States. He was apprehended by CBP soon after entering the United States without inspection on

AM. CLASS CERT. MOT.
Case No. 2:18-cv-00928-MJP - 7

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

or about June 1, 2018. Although he informed a CBP official shortly after apprehension that he was seeking asylum, DHS Defendants did not conduct his credible fear interview until July 31, 2018, nearly two months after he made his fear known. DHS Defendant subsequently issued a positive credible fear finding. EOIR Defendants did not provide him with a bond hearing until August 20, 2018, almost three months after his expression of fear to DHS. *See* ECF No. 26 ¶¶46-46, 104-108, 125.

During their bond hearings, all Plaintiffs had the burden to demonstrate their eligibility for release on bond. None of them were afforded a verbatim transcript or audio recording of the proceedings. Moreover, none were issued decisions demonstrating specific, particularized findings describing the basis for their custody determinations. *See* ECF No. 26 ¶¶115 (Plaintiff Padilla's bond hearing), 116-119 (Plaintiff Guzman's bond hearing), 120-122 (Plaintiff Orantes's bond hearing), 124-125 (Plaintiff Vasquez's bond hearing); ECF No. 12 at 12 (Plaintiff Padilla's bond grant order), 22 (Plaintiff Orantes's bond denial order), 32 (Plaintiff Guzman's bond denial order).

### III.     THE COURT SHOULD CERTIFY THE CLASSES.

Plaintiffs seek certification of the aforementioned classes under Federal Rule of Civil Procedure 23, pursuant to which class certification is warranted where two conditions are met:

> The suit must satisfy the criteria set forth in subdivision (a) (i.e., numerosity, commonality, typicality, and adequacy of representation), and it also must fit into one of the three categories described in subdivision (b). By its terms this creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action.

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (internal citation omitted). Plaintiffs' proposed classes satisfy Federal Rule of Civil Procedure 23(a) and (b)(2).

AM. CLASS CERT. MOT.
Case No. 2:18-CV-00928-MJP - 8

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

1   Courts in the Ninth Circuit routinely grant class certification to noncitizens challenging

2   immigration policies and practices. *See, e.g.*, *Rosario v. U.S. Citizenship and Immigration*

3   *Services,* No. C15-0813JLR, 2017 WL 3034447, at *12 (W.D. Wash. July 18, 2017) (granting

4   nationwide certification to class of initial asylum applicants challenging the government's

5   adjudication of employment authorization applications); *Wagafe, v. Trump*, 2:17-cv-0094-RAJ,

6   2017 WL 2671254, at *16 (W.D. Wash. June 21, 2017) (certifying two nationwide classes of

7   immigrants challenging legality of a program applied to certain immigration benefits

8   applications); *Mendez Rojas v. Johnson*, 2:16-cv-1024-RSM, 2017 WL 1397749 (W.D. Wash.

9   Jan. 10, 2017) (certifying two nationwide classes of asylum seekers challenging defective asylum

10   application procedures); *A.B.T. v. U.S. Citizenship and Immigration Services*, 2013 WL 5913323

11   (W.D. Wash. Nov. 4, 2013) (certifying nationwide class and approving a settlement amending

12   practices by EOIR and U.S. Citizenship and Immigration Services that precluded asylum

13   applicants from receiving employment authorization); *Santillan v. Ashcroft*, No. C 04–2686,

14   2004 WL 2297990, at *12 (N.D. Cal. Oct. 12, 2004) (certifying nationwide class of lawful

15   permanent residents challenging delays in receiving documentation of their status); *Ali v.*

16   *Ashcroft*, 213 F.R.D. 390, 409-10 (W.D. Wash. 2003), *aff'd*, 346 F.3d 873, 886 (9th Cir. 2003),

17   *vacated on other grounds*, 421 F.3d 795 (9th Cir. 2005) (certifying nationwide class of Somalis

18   challenging legality of removal to Somalia in the absence of a functioning government); *Walters*

19   *v. Reno*, No. C94–1204C, 1996 WL 897662, at *5-8 (W.D. Wash. 1996), *aff'd*, 145 F.3d 1032,

20   1045-47 (9th Cir. 1998), *cert. denied, Reno v. Walters*, 526 U.S. 1003 (1999) (certifying

21   nationwide class of individuals challenging adequacy of notice in document fraud cases). *See*

22

23

24

25

26

AM. CLASS CERT. MOT.
Case No. 2:18-cv-00928-MJP - 9

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

*also Roshandel v. Chertoff*, 554 F. Supp. 2d 1194 (W.D. Wash. 2008) (certifying districtwide class of delayed naturalization cases).

Certification of such classes raising civil rights challenges to the immigration system under Rule 23(b)(2) is unsurprising. The rule was intended to "facilitate the bringing of class actions in the civil-rights area," 7AA WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1775 (3d ed. 2018), especially those—like the present case—seeking declaratory or injunctive relief. What is more, class actions in the immigration arena often involve claims on behalf of class members who would not have the ability to present their claims absent class treatment. This rationale applies with particular force to civil rights suits like this one, where, absent class certification, there likely will be no opportunity to resolve the legal claims at issue. Putative class members are recent immigrants to this country who have fled danger, many of whom do not understand English and have little to no understanding of U.S. immigration or constitutional law. All of them are detained, and a large percentage of them are indigent and unrepresented, thus lacking the legal counsel necessary to even contemplate, much less raise, the type of claims brought here. *See, e.g.*, TRAC Immigration, *Who is represented in immigration court?*, Oct. 16, 2017, http://trac.syr.edu/immigration/reports/485/#f3 (showing that only about 30% of detained noncitizens have legal representation). Finally, the core issues here, like the class actions cited above, involve questions of law, rather than questions of fact, and are thereby well suited for resolution on a class-wide basis. *See, e.g.*, *Mendez Rojas*, 2017 WL 1397749 at *5 (finding class certification proper where "the resolution of the legal issues raised by Plaintiffs will generate one result for each member of the putative classes and subclasses").

In reviewing whether to certify a nationwide class, courts consider whether (1) there are

AM. CLASS CERT. MOT.
Case No. 2:18-cv-00928-MJP - 10

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

similar cases currently pending in other jurisdictions, and (2) the plaintiffs are challenging a

nationwide policy or practice. *See, e.g.*, *Arnott v. U.S. Citizenship & Immigration Servs.*, 290

F.R.D. 579, 589 (C.D. Cal. 2012); *Clark v. Astrue*, 274 F.R.D. 462, 471 (S.D.N.Y. 2011). To the

best of counsel's knowledge, there are no other similar cases currently pending in other

jurisdictions. And as noted above, nationwide classes challenging immigration policies and

practices are regularly certified given that immigration policy is based on uniform, federal law.

Nationwide certification is especially warranted in this case to effectuate Congress's intent to

"create a 'uniform procedure' for consideration of asylum claims." *Orantes-Hernandez*, 919 F.2d

at 552 (citation omitted).

        Moreover, this issue can only be addressed on a nationwide level. It would be

unworkable to limit the scope of certification to anything other than a nationwide class given that

asylum seekers can be detained in facilities across the country following their entry into the

United States. *See, e.g.*, ECF No. 13, O'Brien Decl., ¶¶3, 6 (testifying as to transfer of detainees

from Texas to federal detention facility in Washington); James Doubek, *ICE to Send 1,600

Detainees to Federal Prisons*, NPR (June 8, 2018),

https://www.npr.org/2018/06/08/618182740/ice-to-send-1-600-detainees-to-federal-prisons

(describing Defendants' plans to detain an additional 1,600 noncitizens who recently entered the

country in federal prisons in California, Oregon, Arizona, Texas, and Washington). Thus, any

challenge to Defendants' practices and policies concerning detained asylum seekers must apply

to the entire nation in order to avoid Defendants' dissimilar treatment of similarly situated

individuals by virtue of their location—an arbitrary and unjust result. *See Gorbach v. Reno*, 181

F.R.D. 642, 644 (W.D. Wash. 1998), *aff'd on other grounds*, 219 F.3d 1087 (9th Cir. 2000) (en

AM. CLASS CERT. MOT.
Case No. 2:18-CV-00928-MJP - 11

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

banc) (finding certification of a nationwide class particularly fitting because "anything less that [sic] a nationwide class would result in an anomalous situation allowing the [immigration officials] to pursue denaturalization proceedings against some citizens, but not others, depending on which district they reside in").

### A.   <u>The Proposed Class Members Are So Numerous that Joinder Is Impracticable.</u>

The first Rule 23(a) criterion is that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticable" does not mean "impossible." Instead, impracticable relates to the difficulty or inconvenience of individually joining all class members as parties. *Harris v. Palm Springs Alpine Est., Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) ("'[I]mpracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class.") (citation omitted).

Nor does Rule 23(a)(1) require a fixed number of class members—relatively few class members can suffice. *See, e.g.*, *Arkansas Educ. Ass'n v. Bd. Of Educ.*, 446 F.2d 763, 765-66 (8th Cir. 1971) (17 class members held sufficient); *McCluskey v. Trs. Of Red Dot Corp. Employee Stock Ownership Plan & Trust*, 268 F.R.D. 670, 674-76 (W.D. Wash. 2010) (certifying class with 27 known members); *Jones v. Diamond*, 519 F.2d 1090, 1100 (5th Cir. 1975) (class membership of 48); *Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 275 (10th Cir. 1977) (41-46 class members); *Perez-Funez v. District Director, Immigration & Naturalization Service*, 611 F. Supp. 990, 995 (C.D. Cal. 1984) (no specific number of class members is required to satisfy numerosity).

The proposed CFI Class meets the numerosity requirement. Plaintiffs believe that at least several hundred asylum seekers currently fit within it. *See* ECF No. 26 ¶129. At a minimum, Plaintiffs are aware of 206 asylum seekers who were newly incarcerated in Washington State

AM. CLASS CERT. MOT.
Case No. 2:18-cv-00928-MJP - 12

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

alone in June 2018, all of whom were required to wait for weeks and sometimes months for credible fear determinations. *See* ECF No. 13, O'Brien Decl., ¶6. Practitioners in Texas and Maryland similarly report that asylum seekers are forced to wait more than ten days for their credible fear interviews. *See* Patel Decl. ¶3 (routine delays of three to four weeks in cases of asylum seekers detained in Maryland);[1] Russell Decl. ¶¶3-6 (routine delays of at least three weeks, and in one case of more than two months, for asylum seekers detained in Texas); Stein Decl. ¶¶3-4 (delays in cases of asylum seekers detained at the South Texas Family Detention Center in Dilley, Texas in July 2018). Defendants know the exact number of asylum seekers they are detaining without providing a credible fear determination within 10 days, which is certainly far larger than the 17, 27, 41, 46, and 48 members that were sufficiently numerous for class certification in the cases cited above. *Accord Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999) ("[Immigration officials are] uniquely positioned to ascertain class membership."). Furthermore, joinder of all members of the proposed CFI class is impracticable because Defendants have incarcerated them in prisons across the country. *See, e.g.*, James Doubek, *ICE to Send 1,600 Detainees to Federal Prisons*, *supra*; Stein Decl. (asylum seekers detained in Texas); Russell Decl. (same); Patel Decl. (asylum seekers detained in Maryland).

Similarly, the proposed BH Class meets the numerosity requirement. Although Defendants have the best information regarding the exact number of individuals in the proposed class, Plaintiffs believe that a sufficient number of asylum seekers, including Plaintiffs Orantes and Vasquez, fit within the BH Class described above to warrant certification. Practitioners in Idaho, Maryland, Texas, and Washington all report representing individuals who do not receive a

---

[1]     All declarations cited without a docket number refer to declarations submitted concurrently herewith.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

bond hearing within seven days of requesting one. *See* Garcia Decl. ¶4 (regular delays for bond hearings in Pearsall, Texas, sometimes up to a month; regular delays also in Port Isabel, Texas); Patel Decl. ¶4 (routine delays, at times of up to 45 days, for bond hearings in Baltimore, Maryland); Rojas Decl. ¶3 (regular delays in bond hearings in Arlington, Virginia, sometimes up to 37 days); Russell Decl. ¶5 (regular delays for bond hearings in Pearsall, Texas, sometimes up to six weeks); Stein Decl. ¶4 (delays in the vast majority of 30 bond proceedings); Warden-Hertz Decl. ¶4 (delays in bond hearings for several clients in the last six months in Washington State).[2]

Moreover, three additional reasons establish that both proposed classes in this case satisfy the numerosity requirement. *First*, caselaw confirms that since Plaintiffs seek injunctive and declaratory relief, the "requirement is relaxed and plaintiffs may rely on . . . reasonable inference[s] arising from plaintiffs' other evidence that the number of unknown and future members of [the] proposed subclass . . . is sufficient to make joinder impracticable." *Arnott*, 290 F.R.D. at 586 (quoting *Sueoka v. United States*, 101 Fed. App'x 649, 653 (9th Cir. 2004)). *Second*, the proposed class includes individuals who will be subjected to Defendants' delays in the future; when the class includes "unnamed and unknown future members," joinder is impractical and thus "the numerosity requirement is ... met, regardless of class size." *Ali*, 213 F.R.D. at 408 (internal quotation marks and citation omitted). And *third*, even if numerosity were a close question here (which it is not), caselaw shows this Court still should certify the class at

---

[2]    EOIR Defendants' performance standards provide that immigration judges are permitted to make 10% of bond determinations more than 14 days after they are requested. Executive Office for Immigration Review, Case Priorities and Immigration Court Performance Measures at App. A ¶4 (Jan. 17, 2018), https://www.justice.gov/eoir/page/file/1026721/download. Combined with the fact that, according to Defendant USCIS' data, more than 55,000 individuals have already received positive credible fear determinations in FY2018, *see* U.S. Citizenship and Immigration Services, Credible Fear Workload Report Summary (last visited Sep. 6, 2018), https://www.uscis.gov/sites/default/files/USCIS/Outreach/Upcoming%20National%20Engagements/FY18CFandRF stats_2018_06_30.pdf, many of whom will subsequently seek release on bond, Defendants' own standards suggest that the Proposed BH Class is sufficiently numerous.

AM. CLASS CERT. MOT.
Case No. 2:18-cv-00928-MJP - 14

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

this initial stage. *See Stewart v. Associates Consumer Discount Co.*, 183 F.R.D. 189, 194 (E.D. Pa. 1998) ("[W]here the numerosity question is a close one, the trial court should find that numerosity exists, since the court has the option to decertify the class later pursuant to Rule 23(c)(1).").

Thus, each of the proposed classes satisfies the numerosity criterion of Rule 23(a)(1).

B. **The Proposed Classes Present Common Questions of Law and Fact.**

The second Rule 23(a) criterion is that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). One issue of law or fact common among class members, standing alone, is enough to satisfy this criterion. *See, e.g.*, *Perez-Olano v. Gonzalez*, 248 F.R.D. 248, 257 (C.D. Cal. 2008) ("Courts have found that a single common issue of law or fact is sufficient.") (citation omitted); *Sweet v. Pfizer*, 232 F.R.D. 360, 367 (C.D. Cal. 2005) ("there must only be one single issue common to the proposed class") (quotation and citation omitted).

That different class members may have different circumstances or other individual issues does not defeat that commonality. *See, e.g.*, *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 370 (C.D. Cal. 1982) (granting certification in challenge to common government practices in asylum cases, even though the outcome of individual asylum cases would depend on individual class members' varying entitlement to relief); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012) (even when "the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists") (internal quotation marks omitted); *Walters*, 145 F.3d at 1046 ("Differences among the class members with respect to the merits of their actual document fraud cases, however, are simply insufficient to defeat the propriety of class certification. What makes the plaintiffs' claims suitable for a class action is the common allegation that the INS's procedures provide insufficient

AM. CLASS CERT. MOT.
Case No. 2:18-CV-00928-MJP - 15

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

notice."); *Arnott*, 290 F.R.D. at 586-87 (factual variations not defeat certification where core legal issues were similar).

Commonality accordingly exists if class members "have suffered the same injury," and that injury is "of such a nature that it is capable of class-wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350 (quoting *Falcon*, 457 U.S. at 157). For example: when a common answer on the legality of a defendant's action will "drive the resolution of the litigation." *Ellis*, 657 F.3d at 981 (quoting *Dukes*, 564 U.S. at 350).

Both of the proposed classes satisfy the commonality requirement. By definition, the CFI Class is expressly limited to detained asylum seekers in the United States subject to expedited removal proceedings under 8 U.S.C. § 1225(b) who all have suffered the same injury: DHS Defendants failed to provide them with a credible fear interview and determination within 10 days of requesting asylum or expressing a fear of persecution to a DHS official (absent a request by the asylum seeker to delay the credible fear interview).[3] Similarly, the proposed BH Class is limited to asylum seekers who EOIR Defendants subject to the same injury: failing to provide a timely bond hearing within seven days of request, where the burden of proof is on the government, and where EOIR Defendants provided a verbatim transcript or recording as well as particularized findings underlying the custody determination. By definition, all BH Class Members did not receive bond hearings within seven days. Defendants' own policies, as well as the experiences of practitioners in Immigration Courts around the country, demonstrate that Defendants apply a uniform policy of failing to provide the relevant procedural protections to

---

[3]    Asylum seekers may request additional time for myriad reasons, such as to obtain supporting evidence or procure counsel.

AM. CLASS CERT. MOT.
Case No. 2:18-CV-00928-MJP - 16

proposed class members in bond hearings. *See, e.g.*, Imm. Court Practice Manual §§ 9.3(e)(iii) ("Bond hearings are generally not recorded."), 9.3(e)(vii) (providing that oral immigration judge custody determinations are not transcribed and that immigration judges only provide written decisions after an administrative appeal is filed); *Matter of Adeniji*, 22 I&N Dec. 1102, 1113 (BIA 1999) (placing the burden of proof in bond proceedings under 8 U.S.C. § 1226(a) on the noncitizen); *see also* Garcia Decl. ¶5 (describing lack of particularized findings for practitioner in Texas); Patel Decl. ¶5 (same, for practitioner in Maryland and Virginia); Rojas Decl. ¶4 (same); Russell Decl. ¶6 (same, for practitioner in Texas); Warden-Hertz Decl. ¶3, 5 (same, at the Tacoma, Washington, Immigration Court); Stein Decl. ¶4 (describing lack of transcripts, recordings, and particularized findings in bond proceedings at immigration courts including those in Tacoma, Washington and Salt Lake City, Utah).

Those injuries are capable of class-wide resolution through declaratory relief declaring Defendants' actions and failure to act unlawful under the Fifth Amendment, the APA, and the INA, and injunctive relief requiring their unlawful conduct to cease.

## C. **Plaintiffs' Claims Are Typical of the Claims of Members of the Proposed Classes.**

The third Rule 23(a) criterion is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typical" simply means that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Falcon*, 457 U.S. at 156 (citation omitted).

Factual differences among class members therefore do not defeat typicality in a case (like this one) that involves a defendant's uniform policy or practice, the named plaintiffs have injuries similar to those of the class members, and plaintiffs' "injuries result from the same, injurious course of conduct." *See Armstrong v. Davis*, 275 F.3d 849, 869 (2001); *see also, e.g.*,

AM. CLASS CERT. MOT.
Case No. 2:18-CV-00928-MJP - 17

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (the rule's "permissive" typicality standard simply requires the plaintiff representative's claims to be "reasonably co-extensive with those of absent class members; they need not be substantially identical"); *LaDuke v. Nelson*, 762 F.2d 1318, 1332 (9th Cir. 1985) ("The minor differences in the manner in which the representative's Fourth Amendment rights were violated does not render their claims atypical of those of the class."); *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1342 (W.D. Wash. 1998) ("When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually satisfied, irrespective of varying fact patterns which underlie individual claims.") (citation omitted); *cf. Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (certifying Rule 23(b)(2) class despite differences in the exact nature of the harm suffered by class members).

In this case, Plaintiffs' claims with respect to DHS Defendants' failure to provide timely credible fear interviews are not just *typical* of other Credible Fear Interview Class members—they are the same. By definition, Plaintiffs and putative CFI Class members suffered the same injury in fact: the denial of a credible fear determination within 10 days of requesting asylum or expressing a fear of persecution to a DHS official. Similarly, Plaintiffs Orantes and Vasquez and members of the proposed BH class by definition suffered the same injury as a result of their claims related to EOIR Defendants' failure to provide them with timely bond hearings that afforded them basic procedural protections. *See also supra* at 16-17 (discussing EOIR Defendants' uniform policy of failing to provide verbatim transcripts, recordings, or particularized determinations and placement of the burden of proof on noncitizens in bond proceedings).

AM. CLASS CERT. MOT.
Case No. 2:18-cv-00928-MJP - 18

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

Thus, Plaintiffs' claims with respect to the legality of Defendants' conduct are the same as fellow class members' claims: it is unlawful under the Fifth Amendment, the APA, and the INA.

### D.   **The Named Plaintiffs Will Adequately Protect the Interests of the Proposed Classes, and Counsel Are Qualified to Litigate this Action.**

The fourth Rule 23(a) criterion is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Satisfying this adequacy criterion "depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Rodriguez v. Hayes,* 591 F.3d 1105, 1125 (9th Cir. 2009) (internal quotation marks and citation omitted).

With respect to counsel, they are considered qualified under Rule 23(a)(4) when they have experience in previous class actions and cases involving the same field of law. *See Lynch v. Rank*, 604 F. Supp. 30, 37 (N.D. Cal. 1984); *Marcus v. Heckler*, 620 F. Supp. 1218, 1223-24 (N.D. Ill. 1985); *Adams v. Califano*, 474 F. Supp. 974, 979 (D. Md. 1979). Plaintiffs here are represented by attorneys from the Northwest Immigrant Rights Project and the American Immigration Council who have extensive experience litigating class action lawsuits and other complex cases in federal court, including civil rights lawsuits on behalf of noncitizens. *See* ECF No. 14, Adams Decl.; Realmuto Decl.

With respect to the Plaintiffs, their interests in this case are shared with the other putative members of their respective classes. As to the CFI Class, all Plaintiffs will fairly and adequately protect the interests of their fellow class members because Plaintiffs seek the same justice for all similarly situated asylum seekers that they seek for themselves: declaratory and injunctive relief

AM. CLASS CERT. MOT.
Case No. 2:18-CV-00928-MJP - 19

53111184.10

that stops Defendants from illegally prolonging an asylum seeker's incarceration by delaying

their credible fear interview determination more than 10 days after they requested asylum or

expressed a fear of persecution to a DHS official. Similarly, Plaintiffs Orantes and Vasquez have

interests in common with and seek relief on behalf of the proposed BH Class as a whole and

have no interests antagonistic to those of other class members. They share a mutual goal of

having this Court declare unlawful EOIR Defendants' practice of delaying bond hearings more

than seven days after they are requested and conducting those hearings without the procedural

protections described above. Plaintiffs do not seek money damages for themselves. They seek

declaratory and injunctive relief for their respective Classes as a whole.

Even though a defendant can "moot out" a class plaintiff's claim after the lawsuit is filed,

the Supreme Court has made it clear that such a mooted-out plaintiff may still serve as class

representative when their claim in the lawsuit is capable of repetition yet evading review.

*Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975); *Cty. of Riverside v. McLaughlin*, 500 U.S. 44,

51-52 (1991).

### E. Plaintiffs Satisfy the Requirements of Rule 23(b).

Rule 23(b)(2), under which Plaintiffs seek certification, requires that "the party opposing

the class has acted or refused to act on grounds that apply generally to the class, so that final

injunctive relief or corresponding declaratory relief is appropriate respecting the class as a

whole." Fed. R. Civ. P. 23(b)(2).

That is the situation of the CFI Class. Class membership is expressly defined by the DHS

Defendants' conduct applicable to all class members—i.e., Defendants' failure to provide asylum

seekers a credible fear determination within 10 days of requesting asylum or expressing a fear of

persecution to a DHS official. Regardless of what this Court ultimately rules Defendants' legal

AM. CLASS CERT. MOT.
Case No. 2:18-CV-00928-MJP - 20

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

duty is with respect to credible fear determinations, the same law applies to all class members—so the same final injunctive relief and corresponding declaratory relief is appropriate respecting the class as a whole. Similarly, the BH Class is defined by the conduct of the EOIR Defendants applicable to all class members—i.e., that EOIR Defendants do not provide proposed class members with bond hearings that comport with due process within seven days of request.

Defendants might contend that Plaintiffs' claims for declaratory and injunctive relief should be rejected. But any such contention does not defeat class certification under Rule 23(b)(2), for that rule "does not require [the court] to examine the viability or bases of class members' claims for declaratory and injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them." *Rodriguez*, 591 F.3d at 1125 (citation omitted). This suit seeks uniform declaratory and injunctive relief against practices of DHS Defendants and EOIR Defendants that are applicable to all CFI Class members and BH Class members, respectively—namely, prolonging each member's incarceration by delaying that member's credible fear interview determinations more than 10 days after requesting asylum or expressing a fear of persecution to a DHS official and further prolonging each member's incarceration by denying access to a prompt bond hearing that comports with due process.

A single injunction with a corresponding declaratory judgment addressing the DHS Defendants' and EOIR Defendants' above practices would uniformly protect and vindicate the legal rights of all members of the proposed classes—including Plaintiffs. *See, e.g.*, *Walters*, 145 F.3d at 1047 (certifying Rule 23(b)(2) class based on defendants' practice of providing deficient notice of deportation procedures); *Parsons*, 754 F.3d at 689 (finding declaratory and injunctive relief proper as to the whole class where "every [member] in the proposed class is allegedly

AM. CLASS CERT. MOT.
Case No. 2:18-cv-00928-MJP - 21

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

suffering the same (or at least a similar) injury and that injury can be alleviated for every class member by uniform changes in . . . policy and practice").

In short, the each of the classes meets the requirements of Rule 23(b)(2).[4]

## IV.   CONCLUSION

For the reasons detailed in this motion, the Credible Fear Interview Class and Bond Hearing Class proposed in the Second Amended Complaint are entitled to class certification under Rule 23. Plaintiffs accordingly request that this Court grant this motion and issue the accompanying proposed order.

RESPECTFULLY SUBMITTED this 6th day of September, 2018.

_s/ Matt Adams_
Matt Adams, WSBA No. 28287
Email:  matt@nwirp.org

_s/ Glenda M. Aldana Madrid_
Glenda M. Aldana Madrid, WSBA No. 46987
Email:  glenda@nwirp.org

_s/ Leila Kang_
Leila Kang, WSBA No. 48048
Email:  leila@nwirp.org

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA  98104
Telephone: (206) 957-8611
Facsimile: (206) 587-4025

_s/ Trina Realmuto_
 Trina Realmuto*
 Email: trealmuto@immcouncil.org

_s/ Kristin Macleod-Ball_
 Kristin Macleod-Ball*
 Email: kmacleod-ball@immcouncil.org

AMERICAN IMMIGRATION COUNCIL
100 Summer Street, 23rd Floor
Boston, MA 02110
Telephone: (857) 305-3600

*Admitted _pro hac vice_

_Attorneys for Plaintiffs-Petitioners_

---

[4]     Plaintiffs alleged in their complaint that the CFI and BH Classes also satisfy Rule 23 (b)(1) and (b)(3). _See_ ECF No. 26 ¶¶ 134, 136, 143, 145. However, they seek certification only under Rule 23(b)(2) at this time.

AM. CLASS CERT. MOT.
Case No. 2:18-CV-00928-MJP - 22

53111184.10

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2018, I filed the foregoing motion for class

certification as well as the accompanying supporting declarations with the Clerk of the Court

using the CM/ECF system, which will send notification of such filing to those attorneys of

record registered on the CM/ECF system. All other parties shall be served in accordance with the

Federal Rules of Civil Procedure.

DATED this 6th day of September, 2018.

*s/ Glenda M. Aldana Madrid*
Glenda M. Aldana Madrid
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA  98104
Telephone: (206) 957-8646
Facsimile: (206) 587-4025
E-mail: glenda@nwirp.org

AM. CLASS CERT. MOT.
Case No. 2:18-cv-00928-MJP - 23

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

53111184.10

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YOLANY PADILLA, *et al.*,

          Plaintiffs-Petitioners,

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, *et al.*,

          Defendants-Respondents.

Case No. 2:18-cv-00928-MJP

**[PROPOSED] ORDER
GRANTING PLAINTIFFS'
AMENDED MOTION FOR
CLASS CERTIFICATION**

[PROPOSED] ORDER GRANTING
PLS.' AM. CLASS CERT MOT.
Case No. 2:18-cv-00928-MJP

53112251.4

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

This matter having come before the Court on the Plaintiffs' Amended Motion for Class Certification, and the Court having considered the pleadings submitted in support and opposition to the motion, and having heard argument of counsel, Plaintiffs' motion is GRANTED.

It is hereby ORDERED that the Credible Fear Interview Class and Bond Hearing Class proposed in the Amended Complaint, ECF No. 26, are entitled to class certification under Fed. R. Civ. P. 23.

A. The following **Credible Fear Interview ("CFI") Class** is certified for this case to proceed as a class action: All detained asylum seekers in the United States subject to expedited removal proceedings under 8 U.S.C. § 1225(b) who are not provided a credible fear determination within 10 days of requesting asylum or expressing a fear of persecution to a DHS official, absent a request by the asylum seeker for a delayed credible fear interview.

B. Plaintiffs YOLANY PADILLA, IBIS GUZMAN, BLANCA ORANTES, and BALTAZAR VASQUEZ are designated as representatives of the Credible Fear Interview Class, and their counsel are appointed as class counsel.

C. The following **Bond Hearing ("BH") Class** is certified for this case to proceed as a class action: All detained asylum seekers who entered the United States without inspection, were initially subject to expedited removal proceedings under 8 U.S.C. § 1225(b), were determined to have a credible fear of persecution, but are not provided a bond hearing with a verbatim transcript or recording of the hearing within 7 days of requesting a bond hearing.

[PROPOSED] ORDER GRANTING
PLS.' AM. CLASS CERT MOT.
Case No. 2:18-cv-00928-MJP     - 1

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

1      D.  Plaintiffs BLANCA ORANTES and BALTAZAR VASQUEZ are designated as

2         representatives of the Bond Hearing Class, and their counsel are appointed as class

3         counsel.

4

5      DATED this _____ day of _____, 2018.

6

7

8                                 _____

                                HONORABLE MARSHA PECHMAN

9                                   US DISTRICT JUDGE

10

11  Presented this 6th of September, 2018, by:

12  *s/ Matt Adams*_____

   Matt Adams, WSBA No. 28287

13  NORTHWEST IMMIGRANT RIGHTS PROJECT

   615 Second Avenue, Suite 400

14  Seattle, WA  98104

   Telephone: (206) 957-8611

15  Facsimile: (206) 587-4025

   matt@nwirp.org

16

17

18

19

20

21

22

23

24

25

26