The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

Yolany PADILLA, *et al.*,

    Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

    Defendants.

No. 18-cv-0928 MJP

**DECLARATION OF EDUARDO BECKETT**

I, Eduardo Beckett, hereby declare:

1. I am an attorney licensed to practice law in New Mexico. My business address is: 1611 Beech St., Suite B., El Paso, TX 79925. I am admitted to practice law in the Western District of Texas, El Paso Division, New Mexico District Court, and the Fifth Circuit Court of Appeals.

2. I have been practicing law since 2005 and I have been representing clients under the Immigration and Nationality Act ("INA") since 2008. My current position is attorney and owner of a boutique size law firm, Beckett Law Firm, P.C. that is located in El Paso, TX. My practice primarily involves family based immigration and asylum cases. A small percentage is dedicated to federal criminal law.

3. I have represented numerous asylum seekers before the Department of Homeland

BECKETT DEC. - 1
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

3. Security ("DHS") asylum division. In my professional experience, the asylum office usually fails to schedule a credible fear interview within 10 days after my clients have requested asylum or expressed a fear of return. The longest time a client has had to wait for DHS to schedule an asylum interview is several months. Being detained without knowing what will happen only enhances the human suffering of many asylum seekers who are already suffering from undiagnosed Post Traumatic Stress Disorder ("PTSD) after escaping from some of the worlds most brutal and violent countries.

4. I have also represented many detained asylum seekers before the El Paso Immigration Court located in El Paso TX, and the Otero Immigration Court located in Chaparral, New Mexico, after they have been found to have a credible fear of return and who were eligible for a bond by an immigration judge.

5. Once a request for a bond is filed, the immigration court can take several weeks to more than a month to set a bond hearing. In some cases the immigration court has taken numerous months to schedule a bond hearing. These delays cause the clients to lose faith in the legal process. The clients do not understand why the immigration court has set the bond hearing several weeks or several months out.

6. Prolonged detention is harmful to many asylum seekers who are shocked and horrified to find themselves in a jail jumpsuit behind barbed wire and metal doors when they only came to the U.S. to escape persecution. They feel that they are being treated like criminals for seeking asylum. Some asylum seekers who have been detained too long simply give up because they cannot deal with being

BECKETT DEC. - 2
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

detained when they have committed no crime. By the actions of the immigration court, the integrity of the asylum process in jeopardy.

7. In many cases, the immigration judges have denied bond to asylum seekers despite being granted credible fear which establishes prima facie eligibility for asylum. For example, in one case, a woman from Honduras who was raped and impregnated by an MS-13 gang member came to the U.S. seeking asylum. She was detained and was not provided with crucial pre-natal care. Due to the lack of medical attention she bled out and suffered a miscarriage. When the immigration judge denied her bond despite having a positive credible fear, she was emotionally exhausted and could not bear another day in detention and she self-deported.

8. Appealing the denial of a bond to the Board of Immigration Appeals is nearly impossible to win. The immigration judges simply make a notation on their orders and without a particularized finding then the appeal will rest on nothing more than a notation. There is no transcript to rely upon. Most of the time the immigration judges rely on reports made by DHS agents as an I-213 which is hearsay and rarely do the authors of the I-213 show up for cross examination. This is so even after some of my clients have challenged the I-213 for inaccurate information.

9. In all bond hearings the burden of proof is on the asylum seekers to show that they are not a flight risk or a danger to the community. By placing the burden on the asylum seekers the government is presuming that every asylum seeker is a flight risk or a danger to the community. In turn, the immigration judges are forced to ignore the credible fear findings and replace it with the view of the ICE attorneys

BECKETT DEC. - 3
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

who frequently argue that because of the fact that they are asylum seekers then the immigration judges must find that they will automatically flee. In addition, the ICE attorneys argue that their asylum claims are non-existent despite having been found to have a positive credible fear by an asylum officer.

10. Some of my clients have self deported after the immigration judges have denied their bonds. Prolonged detention takes a toll on the human psyche of many asylum seekers that I have represented. It also makes it very difficult to prepare the case when the client is detained. Gathering evidence from remote countries is difficult and almost impossible to detained asylum seekers.

I declare under penalty of perjury of the laws of the State of Texas and the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed this 18th day of September 2018 in El Paso, TX.

By: _____
Eduardo Beckett

BECKETT DEC. - 4
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611