The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

Yolany PADILLA, *et al.*,

Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, *et al.*,

Defendants.

No. 18-cv-0928 MJP

**DECLARATION OF ANNA K.
BYERS**

I, Anna K. Byers, hereby declare:

1.  I am an attorney licensed to practice law in New York. My business address is: 89

Market Street, 6th Floor, Newark, NJ 07102.

2.  I have been practicing immigration law since I was admitted to the bar in June

2017. I began serving as an Immigrant Justice Corps fellow with Sauti Yetu Center

for African Women and Families in September 2016. In June 2018, I began

working as the Pro Bono Coordinator with American Friends Service Committee

(AFSC). My practice primarily involves working with the detained population in

New Jersey at Elizabeth Detention Center and the Essex County Correctional

Facility. I screen potential clients and place them with pro bono volunteers,

assisting in the mentorship of the cases throughout their duration; I also maintain a

BYERS DEC. - 1
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

small caseload of clients who I represent directly; the majority of the clients with whom I work go through the credible fear process.

3. Our office does a weekly screening of all new detainee arrivals to the Elizabeth Detention Center; I also conduct regular screenings at the Essex County Correctional Facility. Persons who are detained near the southern border regularly wait three weeks to one month before being scheduled to have a credible fear interview. In one recent case a detainee at Elizabeth was detained on 7/8/2018 and given a credible fear interview on 8/6/2018; another was detained on 7/14/2018 and given a credible fear interview on 8/2/2018 and 8/8/2018. This waiting period for credible fear interviews is extremely stressful to clients, especially if they are separated from family members. They are unsure whether they will be able to pursue relief and suffer from enormous fear of returning which is exacerbated by the uncertainty of the process. By the time they are given an interview, many detainees are so desperate to be released from detention that they are unable to fully express their fear in the asylum process. Some fail to complete the process or decline Immigration Judge review because they are so desperate to be reunited with family members.

4. The majority of the clients that I screen and work with are in, or have undergone, the credible fear process. Of those detainees, approximately half are bond eligible. I estimate that I have personally screened or reviewed the screenings of more than 50 detainees since beginning my work at American Friends Service Committee in June 2018. In addition, I have placed and assisted in mentoring more than 40 cases

BYERS DEC. - 2
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

with volunteer pro bono attorneys.

5.     Detainees regularly wait a month or more for their first master calendar hearing at the Elizabeth Immigration Court. Common practice at this court is to perform the bond hearing at the first master calendar hearing.

6.     In the past several months, I have seen several clients come close to abandoning or abandon their cases because of the delay in their first hearings. This abandonment is regularly caused by the effects of separation from children, declining health in the detention center, and depression at the prospect of remaining detained.

7.     It is extremely difficult for individuals who pass credible fear interviews to prove that they are not a flight risk from detention. Individuals have limited access to phones and other communication tools with which to gather evidence for their bond hearings. They often complain that phones do not work or that they are unable to get evidence from relatives. This is particularly challenging for persons who recently entered the United States.

8.     In my experience, transcripts or recordings of bond hearings are not available as judges typically perform these hearings off the record.

9.     Written bond decisions with individualized findings are rarely issued at the Elizabeth Immigration Court. At most judges briefly annotate the written bond form.

10.     This is particularly problematic for detainees who appear *pro se* at their bond proceedings and later retain representation. Attorneys challenging negative bond decisions have little on which to base their challenges on and have difficulty fully

BYERS DEC. - 3
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

advocating for clients. I have personally seen clients with minor or no criminal records be denied bond in *pro se* proceedings. Without a full understanding of why bond was denied, it is difficult for attorneys who take on representation afterwards to show changed circumstances that justify a new bond hearing or to challenge the basis of the bond denial, and detainees can languish in detention for months or even years without a bond determination that takes into account all the relevant factors. Written decisions would help to address this problem.

I declare under penalty of perjury of the laws of the State of New Jersey and the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed this 18th day of September 2018 in Newark, NJ.

By: _____

Anna Byers

BYERS DEC. - 4
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611