The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

Yolany PADILLA, *et al.*,

        Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

        Defendants.

No. 18-cv-0928 MJP

**DECLARATION OF ALLEGRA S. LOVE, ESQ.**

I, Allegra S. Love, hereby declare:

1. I am an attorney licensed to practice law in the State of New Mexico. My business address is: 1302A Osage Ave, Santa Fe, NM 87505. I am admitted to practice law in the State of New Mexico and in Immigration Court.

2. I have been practicing immigration law since 2011. I am the executive and legal director for Santa Fe Dreamers Project. My practice involves representing immigrants in their cases with United States Citizenship and Immigration Services and in their removal proceedings in front of the Executive Office of Immigration Review. I have a considerable amount of experience representing detained asylum seekers in the South Texas Family Residential Facility in Dilley, Texas and the Cibola County Correctional Center in Milan, New Mexico. I am a member of the

ALLEGRA S. LOVE DEC. - 1
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

American Immigration Lawyers Association and the New Mexico State Bar Immigration Section.

3. My organization meets 4 times a week with detainees in the Cibola County Correctional Center in Milan, NM who have expressed a fear of return to their country of origins or an intention to apply for asylum to officials in the Department of Homeland Security and who are given credible fear interviews before an asylum officer. The asylum office often fails to schedule credible fear interviews within 10 days after people have requested asylum or expressed a fear of return. I have seen several occasions where detainees have had to wait over 30 days for an asylum interview. Cibola County Correctional Center is renowned for its terrible conditions. When clients have to wait over 10 days for an asylum interview they are forced to be incarcerated in that center far longer than should be required and are vulnerable to medical crisis, horrible food and living conditions, and the emotional and psychiatric toll of prolonged detention. They also become scared and confused and extremely mistrustful and resentful of not only the government agents and contractors working in the facility but also the pro-bono lawyers who are trying to assist them. We also work with many fathers who had been separated from their families and the prolonged separation from their loved ones causes severe emotional stress.

4. In Cibola County Correctional Center, where I work, I represent many asylum seekers who have been found to have credible fear by the asylum office. I do not, however, currently represent anyone who has been found to have credible fear

ALLEGRA S. LOVE DEC. - 2
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

after Immigration Judge review after a negative credible fear determination by the asylum office because those cases are transferred to El Paso, TX, outside my geographic scope. While I mostly encounter arriving aliens in Cibola County Correctional Center, for about the past year, we have represented approximately 12 people who entered the country without inspection and were eligible for bonds from an immigration judge.

5. The individuals mentioned in paragraph 4, regularly wait over 7 days for a bond hearing with the immigration judge after a finding of credible fear. I am unsure what the longest wait time has been waiting for these bond hearings to be scheduled but I would estimate that the average wait time is 4 weeks.

6. When clients have to wait over 7 days for a bond hearing they are forced to be incarcerated in that center far longer than should be required and are vulnerable to medical crisis, horrible food and living conditions, and the emotional and psychiatric toll of prolonged detention. They also become scared and confused and extremely mistrustful and resentful of not only the government agents and contractors working in the facility but also the pro-bono lawyers who are trying to assist them. Additionally, because they do not know the conditions in which they will be asking for asylum, meaning they do not know whether they will be detained and should try to retain a lawyer or whether they will be released and should wait to retain a lawyer, if they are denied release, they have lost precious time to be working with a lawyer on their case.

7. During bond hearings for individuals who pass credible fear proceedings the

ALLEGRA S. LOVE DEC. - 3
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957-8611

detained asylum seeker has the burden of proving eligibility for release from detention. This is incredibly difficult to do in a detained setting because they have scant access to telephones in Cibola, no access to internet, and very limited access to counsel. They are often seeking information from foreign countries where communication is prohibitively expensive or functionally impossible. We often have immigration judges set inordinately high bonds or deny release all together because our clients lack the ability to collect sufficient evidence to prove their eligibility for a bond. The government has to do little other than oppose the release and point out the insufficiency of evidence to secure high bonds or no release.

8. It is my belief that bond hearings for individuals who pass credible fear proceedings are not recorded but I have never requested a recording or transcript of a bond hearing.

9. We do not receive written bond decisions from immigration judges with particularized findings. The immigration judge issues a decision on the form, entitled Custody Order of the Immigration Judge.

10. If we were inclined to appeal a bond decision, the lack of written findings would make it incredibly difficult to articulate the grounds upon which we were appealing.

I declare under penalty of perjury of the laws of the State of New Mexico and the United States that the foregoing is true and correct to the best of my knowledge and belief.

ALLEGRA S. LOVE DEC. - 4
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

Executed this 13th day of September 2018 in Santa Fe, New Mexico.

By: _____
Allegra S. Love

ALLEGRA S. LOVE DEC. - 5
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611