The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

Yolany PADILLA, *et al.*,

    Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

    Defendants.

No. 18-cv-0928 MJP

DECLARATION OF HILARIO MERCADO, Jr, ESQUIRE

I, Hilario Mercado, Jr, Esquire, hereby declare:

1. I am an attorney licensed to practice law in Virginia. My business address is: 8315 Lee Highway, Suite 204, Fairfax, Virginia 22031. I am admitted to practice law in the federal courts, Fourth and Eleventh Circuit Courts, and the Commonwealth of Virginia.

2. I have been practicing immigration law since 2001. I am an owner of Mercado Law Firm, P.L.C. located in Virginia. My practice focuses on family and immigration law.

Hilario Mercado, Jr, Esq. DEC. - 1
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

3. During my seventeen years of practice, I have been representing clients who have expressed a fear of return to their country of origins or an intention to apply for asylum to officials in the Department of Homeland Security ("DHS") and who are given credible fear interviews before an asylum officer.

4. My current client, Idalia Vitalina Ramírez Hernández, came to the United States, on or about May 16, 2018, without inspection near or at Roma, Texas, with her two minor children.

5. The Respondent and her minor children were separated upon entry. The Respondent was detained by agents of the Bureau of Customs and Border Protection ("USCBP") of the DHS on May 16, 2018, and transferred to Northwest Detention Center in Tacoma, Washington, where she remains in DHS's custody.

6. The asylum office, in the current case, failed to schedule and conduct credible fear interview within 10 days after she requested asylum and expressed a fear of return.

7. On June 20, 2018, the Asylum Officer ("AO"), Sieminski, conducted a telephonic credible fear interview with my client. It took the asylum office over five weeks to schedule and conduct the asylum interview.

8. On June 22, 2018, the AO found my client to have a credible fear of persecution.

9. Meanwhile, my client remains detained at the Northwest Detention Center and separated from her two children for over four months.

10. The scheduling of my client's bond hearing took over three and a half weeks.

11. A Bond Hearing was held on July 18, 2018, almost two weeks after the AO's determination of my client's credible fear of persecution.

Hilario Mercado, Jr, Esq. DEC. - 2
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

12. Immigration Judge Theresa M. Scala determined during the bond hearing that my client is a flight risk and should not be released. My client received a written bond decision labeled Custody Order of the Immigration Judge, from Immigration Judge Theresa M. Scala noting that she is a flight risk.

13. During the bond hearing my detained client, who established that she has a credible fear of persecution, had a burden of proving eligibility for release from detention. The harm caused by my client (not DHS) bearing the burden of proof is immense. Immigration Judge Theresa M. Scala denied my client's release and instead of determining bond, she ruled that my client is a flight risk. The judge based her decision on a statement that my client does not have an asylum claim, despite being found credible and having a very solid case based on persecution on account of religion and membership in a particular social group. My client has been provided with Form I-589 to file an application for asylum and withholding of removal, but the form and instructions were given to her in English language. My client only speaks Spanish.

14. My client is a detained asylum seeker who was initially interviewed, on June 22, 2018, and was found by an asylum officer to have a credible fear of return to Guatemala. My client entered the United States without inspection and remains eligible to seek a bond hearing before the immigration judge.

15. On August 31, 2018, I submitted a motion for a bond hearing redetermination. Immigration Judge Tammy L. Fitting in Tacoma, Washington, denied my motion on September 5, 2018. I was not informed of the decision until September 17, 2018,

Hilario Mercado, Jr, Esq. DEC. - 3
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

after the Court Administrator, Joseph Neifert, searched for my client's motion for three days. The decision of September 5, 2018, about which I have learned approximately 12 days later, states that the hearing request is not based on changed circumstances. We have not received an order yet.

16. Aliens, as my client, who are separated from their children are psychologically harmed waiting for a bond hearing that may never be allowed to happen, at least it appears that way. The humanitarian reasons I have presented on behalf of my client represent a sufficient changed circumstance. *See Jennings v. Rodriguez*, 138 S. Ct. 830 at 844 (2018).

17. My client's motion for bond redetermination was based on humanitarian needs of her children, who are psychologically suffering due to separation from their mother at my request. The children underwent psychological assessment.

18. My client's children were assessed by Doctor Juan Carlos Silva Phd., on September 7, 2018, because of the concern for children's well-being.

19. Dr. Silva diagnosed them with Adjustment Disorder with mixed anxiety and depressed mood due to separation from their mother such as decreased appetite, weight loss, sadness during most of the day, insomnia, crying spells, anhedonia or loss of interest in engaging in pleasant activities, distractibility, and refusal to attend school.

20. Thus, the effect on children who recently enrolled at school and have to adjust to new circumstances should have warranted a bond redetermination hearing.

21. On September 13, 2018, I submitted to the Immigration Court sitting in Tacoma,

Hilario Mercado, Jr, Esq. DEC. - 4
Case No. 2:18-cv-0928-MJP

NORTHWEST IMMIGRANT
RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611

Washington, another motion for bond redetermination. This was five days before the Immigration Court and Court Administrator, Joseph Neifert, were able to locate my original motion for bond redetermination.

22. The harm caused to my client and her two children, as an asylum seeker who established a credible fear, as a result of bond hearing denial, and a subsequent denial of another motion for bond hearing redetermination is inexplicable and unconscionable. The judge assessed and denied, on September 5, 2018, the subsequent motion for bond on the merits without scheduling and hearing the argument.

23. In my experience, the bond hearings for individuals who pass credible fear proceedings are usually not recorded. Regardless, I have recently requested the recordings for my client's bond and master hearings. The Court Administrator replied that my request will be processed in a week.

I declare under penalty of perjury of the laws of the State of Virginia and the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed this 20 day of September 2018 in Fairfax, Virginia.

By: _____

Hilario Mercado, Jr, Esquire
MERCADO LAW FIRM, P.L.C.
8315 Lee Highway, Suite 204
Fairfax, VA  22031
T: (703) 532-3200 / F: (703) 532-2676
*Counsel for the Respondent*

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Ave., Ste. 400
Seattle, WA 98104
Telephone (206) 957- 8611