The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Yolany PADILLA, *et al.*,<br><br>      Plaintiffs,<br>  v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>      Defendants. | No. 18-cv-0928 MJP<br><br>**DECLARATION OF EDNA YANG** |

I, Edna Yang, hereby declare:

1. I am an attorney licensed to practice law in Texas. My business address is: 314 E. Highland Mall Blvd. Suite 501, Austin, TX 78752. I am admitted to practice law in the Western District of Texas and the 5th Circuit Court of Appeals.

2. I have been practicing immigration law for 16 years. I am the Deputy Director of American Gateways, a nonprofit organization whose mission is to champion the dignity and human rights of immigrants, refugees, and survivors or persecution,

torture conflict and human trafficking through exceptional immigration legal services at low or no cost, education, and advocacy. My practice primarily involves representing immigrants in removal proceedings, especially those seeking asylum, withholding of removal, and relief under the Convention Against Torture. I also represent individuals before the Immigration Service to obtain humanitarian relief and in family petitions and citizenship.

3. A part of my practice is dedicated to the pro se assistance and representation of detained asylum seekers at the T. Don Hutto Residential Center and the South Texas Detention Complex who have expressed a fear of return to their country of origins or an intention to apply for asylum to officials in the Department of Homeland Security and who are given credible fear interviews before an asylum officer. I have found that the asylum office usually fails to schedule credible fear interview within 10 days after people have requested asylum or expressed a fear of return.  The usual wait for a credible fear interview is 21 days. The longest period of time a client has had to wait for DHS to schedule an asylum interview has been 35 days.

4. The long waits for credible fear interviews cause additional psychological and emotional harm to clients and pro se asylum seekers who have suffered a great amount of trauma and are forced to wait for longer periods of time in an uncertain state. In addition, when representing asylum seekers, the unpredictable setting of the credible fear interviews hinders representation, as there is no advanced notice or set time frame for scheduling.

5. For the past 10 years, I have: (1) represented detained asylum seekers who initially have been found by an asylum officer to have a credible fear of return to their country of origin; (2) represented detained asylum seekers who have been found by an immigration judge to have a credible fear of return to their country of origin (after a negative credible fear determination by an asylum officer); and (3) worked with pro se individuals described in (1) or (2). For the past 14 years, I have represented individuals who initially entered the country without inspection and who are eligible to seek a bond hearing before an immigration judge. Throughout my career, I have represented over 150 individuals in bond hearings before the San Antonio Immigration Court and also assisted over 1,000 detained pro se individuals.

6. Individuals described in paragraph 4, above, regularly wait more than 7 days for a bond hearing.

7. The extended wait for a bond hearing causes additional unnecessary emotional and psychological harm to clients in detention and can create barriers for individuals in collecting documentation to support their cases. It can also be more difficult for clients and pro se asylum seekers to establish eligibility for release because they are fleeing from persecution and may not have certain identity documents or family ties in the US. I have represented clients and worked with pro se individuals who are unable to obtain release from detention and have given up their asylum claims because of the psychological impact and harm of detention. They were unwilling to remain imprisoned and chose removal. These individuals have often been victims of torture, wrongful imprisonment, and sexual assault and have physical and

psychological trauma. Prolonged detention has exacerbated the trauma of the clients and pro se individuals and created a situation in which they have chosen to be removed rather than remain detained for unknown long periods of time.

8. During bond hearings for individuals who pass credible fear proceedings, it is the detained asylum seeker who has the burden of proving eligibility for release from detention. Placing this burden of proof on asylum seekers, many of whom are unrepresented, creates additional barriers and harm. These individuals have fled violent situations with little to no documents and little access to obtaining the proof needed while detained.

9. Bond hearings for individuals who pass credible fear proceedings are not recorded and a transcript is made available only if an appeal is filed by the individual. Most of the decisions in my clients' cases on bond by the immigration judges have been issued on the form, entitled Custody Order of the Immigration Judge with no individualized findings. The lack of recordings and transcripts of the bond hearings, and the lack of written decisions with individualized findings creates an undue burden and hardship on the asylum seekers who have passed their credible fear interviews and are seeking release from detention. I am unable to assess bond eligibility, strength of a bond appeal, and the ability to write a compelling brief on appeal of the denial of bond. The burden for pro se litigants is even greater as they often times have no understanding of why their bonds were denied by the immigration judge and no real ability to appeal the decision of the immigration judge.

I declare under penalty of perjury of the laws of the State of Texas and the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed this 19th day of September 2018 in Austin, TX.

By: _____
Edna Yang