UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOLANY PADILLA, et al., | |
| Plaintiffs-Petitioners, | Case No. 2:18-cv-00928-MJP |
| vs. | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, | DECLARATION OF JOSEPH NEIFERT |
| Defendants-Respondents. | |

I, Joseph Neifert, declare as follows:

1.  I serve as Court Administrator for the Executive Office for Immigration Review's (EOIR) Tacoma Immigration Court (Tacoma). I work for the Office of the Chief Immigration Judge (OCIJ), which provides overall program direction, articulates policies and procedures, and establishes priorities for the immigration courts throughout the nation.

2.  I served as the Court Administrator for Tacoma from January 2008 through November 2011. On April 1, 2018, I resumed this role. I am also serving as the Acting Court Administrator for the Portland Immigration Court as of April 2018. Prior to my role as Court Administrator in Tacoma, I served as the Court Administrator for the Portland, Oregon Immigration Court from May 1998 through March 2018, and as the Court Administrator for the Seattle Immigration Court from September 1990 through approximately December 2009.

**Policies, Procedures and Practices at the Tacoma Immigration Court**

3.  As a Court Administrator, my responsibilities include overall supervision of the operational and administrative functions of the Immigration Court. I have supervisory responsibilities over immigration court personnel assigned to the Tacoma Immigration Court, including clerical staff and support staff. As Court Administrator, I have knowledge of the policies, procedures, and practices relating to staffing, scheduling, and docketing immigration hearings at the Tacoma Immigration Court.

4.  The Immigration Judges in Tacoma hear proceedings against individuals initiated by the Department of Homeland Security (DHS) pursuant to the filing of a charging document with the Immigration Court, along with other matters where the immigration court has been vested with jurisdiction, such as review of an adverse credible fear finding by a DHS official. Review of an adverse credible fear finding is initiated with the filing of a Notice of Referral to an Immigration Judge by DHS.

5.  Currently, there are five Immigration Judges hearing cases at the Tacoma Immigration Court. All of the cases heard by Immigration Judges in Tacoma are cases

involving detained aliens. These Immigration Judges may preside over proceedings which include but are not limited to: removal, withholding-only, asylum-only, Credible Fear review, Reasonable Fear review, and Claimed Status review. As of September 17, 2018, the overall pending caseload for the Tacoma Immigration Court is 1271 cases, and the calendar of scheduled proceedings for each of the Immigration Judges presiding over these cases is set into December 2018.

6. Due to space constraints, it is not currently possible to dedicate more than five Immigration Judges to the Tacoma Immigration Court docket. The physical layout of the Tacoma Immigration Court only has space for three courtrooms where Immigration Judges are able to appear in person. In a separate space located inside the secure part of the immigration detention facility in Tacoma, a significant distance from where the immigration court is located, two Immigration Judges utilize video teleconferencing (VTC) to conduct hearings while appearing from a location outside of Tacoma. Moreover, beyond the space limitations, there is insufficient administrative support to docket more cases because the Tacoma Immigration Court is not currently at full administrative staffing levels for the number of Immigration Judges presiding over cases at it.

7. When a document is received at the Tacoma Immigration Court for filing, it is date stamped and placed in a queue for processing, which may include entering information into EOIR's electronic case management system (CASE), placing the document in the Immigration Court's associated record of proceedings (ROP), and taking any action specific to the type of filing, including scheduling an appropriate hearing.

8. At present, the Tacoma Immigration Court strives to process all filings in 1-2 business days of receipt, but this is not always possible given the volume of filings and limited administrative staff available to process the requests at any given time.

9. Removal proceedings are initiated against an individual when the DHS files a charging document, known as a Notice to Appear (NTA), with the Tacoma Immigration Court. At the same time, DHS may also file a copy of a document known as a "Notice of

1 Custody Determination" (Form I-286).  The Form I-286 reflects DHS's initial custody determination for the individual and an alien can request a custody redetermination hearing (bond hearing) before an Immigration Judge by marking a box on the Form I-286.

10. When court staff at the Tacoma Immigration Court process an NTA, an initial master calendar hearing is scheduled, and if requested on the Form I-286 and not already scheduled, an initial bond hearing is scheduled automatically.

11. Prior to an NTA being filed with the court for individuals detained by DHS within the geographical area under the jurisdiction of the Tacoma Immigration Court, an alien may request a bond hearing in writing or an alien's representative may request a bond hearing by contacting the court by telephone or in writing.  Additionally, at the Tacoma Immigration Court, an alien may make an oral request for a bond hearing to an Immigration Judge in person when appearing before the Immigration Judge.

12. At present, bond hearing requests are scheduled as soon as possible and in most instances, this happens within 10 days of receipt of the request made by any of the ways detailed above.  However, for the reasons outlined below, bond hearings may take longer to schedule.

13. The scheduling of bond hearings begins with a focus on scheduling such hearing as promptly as possible while taking into account a number of factors.  The primary factors are the availability of docket space, attorney availability in represented cases, attorney and alien preparation for a hearing, DHS preparation, and other procedural considerations, such as time to provide proper notice to the parties and to schedule interpreters, as needed.  In general, the Tacoma Immigration Court allocates approximately three hours on its docket each day for bond hearings, while also allocating time on its docket each day for initial master calendar hearings, master calendar reset hearings and merits hearings.  As of September 17, 2018, bond hearings make up more than 28 percent of the Tacoma Immigration Court's overall pending caseload.

14. The Tacoma Immigration Court's caseload is tied directly to DHS enforcement activities and may fluctuate depending on the number of individuals booked into DHS

custody on any given week. While the court is constantly adjusting its docket to bring cases to completion and reduce the length of time an alien spends in DHS custody, it has to do so without also disrupting or delaying previously scheduled cases.

**Potential Impact of This Litigation on the Tacoma Immigration Court**

15.   I am aware that for each potential class member in this litigation, Plaintiffs are requesting that, following such individual's positive credible fear determination, a bond hearing be held for that individual within 7 days of their request for it. Given the limited space and resources available as described above, it would be highly disruptive and impracticable to provide a bond hearing for each potential class member within 7 days of their request. As noted, there is restricted space to hold hearings and the Immigration Judges already have calendars set into December 2018. There are simply not enough Immigration Judges, courtrooms and staff in Tacoma to absorb these bond hearings within this suggested one week period without severely impacting existing scheduled dockets. Accordingly, a number of cases of detainees that are already scheduled, including bond hearings and removal hearings, would need to be rescheduled to accommodate the bond hearings of these potential class members.

16.   Further, rescheduling these cases would likely create a ripple effect on the Tacoma Immigration Court's docket going forward. Rescheduling requires re-serving notices of hearing to parties and their attorneys and the rescheduled dates, in turn, may result in scheduling conflicts that would require still further rescheduling.

17.   Importantly, rescheduling cases would have an adverse impact on all detainees – potential class members and other detainees alike – because other bond hearings and many removal hearings would be deferred to later dates. Many of the detainees would therefore face longer overall removal proceedings due to the delay of their removal hearings in order to conduct new bond hearings for potential class members covered by this litigation.

**Bond Hearings Held for Named Plaintiffs**

18.   On July 3, 2018, Plaintiff Padilla's representative contacted the Tacoma Immigration Court by telephone and requested a bond hearing. According to EOIR's

Declaration of Joseph Neifert                                   5                                   18-cv-00928-MJP

electronic records, on July 3, 2018, Plaintiff Padilla's initial bond hearing was scheduled for July 6, 2018. According to EOIR's electronic records, on July 6, 2018, the Immigration Judge issued a decision entering a new bond amount. EOIR's electronic records show that Plaintiff Padilla has not filed an appeal of the bond decision with the Board of Immigration Appeals.

19. On June 29, 2018, Plaintiff Guzman's representative contacted the Tacoma Immigration Court by telephone and requested a bond hearing. According to EOIR's electronic records, on June 29, 2018, Plaintiff Guzman's initial bond hearing was scheduled for July 3, 2018. According to EOIR's electronic records, on July 3, 2018, the Immigration Judge issued a decision of no bond. EOIR's electronic records show that on July 16, 2018, Plaintiff Guzman filed an appeal of the bond decision with the Board of Immigration Appeals and on September 10, 2018, that appeal was withdrawn.

20. On July 3, 2018, Plaintiff Orantes' representative contacted the Tacoma Immigration Court by telephone and requested a bond hearing. According to EOIR's electronic records, on July 3, 2018, Plaintiff Orantes' initial bond hearing was scheduled for and actually held on July 16, 2018. According to EOIR's electronic records, the bond hearing held on July 16, 2018 was recorded by the Immigration Judge and the Immigration Judge issued a decision of no bond. EOIR's electronic records show that Plaintiff Orantes has not filed an appeal of the bond decision with the Board of Immigration Appeals.

I declare, under penalty of perjury under the laws of the State of Oregon and the United States, that the foregoing is true and accurate to the best of my knowledge.

Executed this 24th day of September, 2018, in Portland, Oregon.

Joseph Neifert
Court Administrator, Tacoma Immigration Court