UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOLANY PADILLA, et al.,<br><br>Plaintiffs-Petitioners,<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>Defendants-Respondents. | Case No. 2:18-cv-00928-MJP<br><br>DECLARATION OF HILMA TORRES |

I, Hilma Torres, declare as follows:

1. I serve as Court Administrator for the Executive Office for Immigration Review's (EOIR) Adelanto Immigration Court (Adelanto). I work for the Office of the Chief Immigration Judge (OCIJ), which provides overall program direction, articulates policies and procedures, and establishes priorities for the immigration courts throughout the nation. I have supervisory responsibilities over immigration court personnel assigned to the Adelanto Immigration Court, including clerical staff and support staff.

2. I have held this position in Adelanto since June 15, 2015. Prior to my role as Court Administrator, I served as Supervisory Interpreter at the Los Angeles Immigration Court.

**Policies, Procedures and Practices at the Adelanto Immigration Court**

3. As Court Administrator, I have knowledge of the policies, procedures, and practices relating to staffing, scheduling, and docketing immigration hearings at the Adelanto Immigration Court.

4. The Immigration Judges hear proceedings against individuals initiated by the Department of Homeland Security (DHS) pursuant to the filing of a charging document with the Immigration Court, along with other matters where the immigration court has been vested with jurisdiction, such as review of an adverse credible fear finding by a DHS official. Review of an adverse credible fear finding is initiated with the filing of a Notice of Referral to an Immigration Judge by DHS.

5. Currently, there are six Immigration Judges hearing cases at the Adelanto Immigration Court. All of the cases heard by Immigration Judges at Adelanto are cases of detained aliens. These Immigration Judges may preside over proceedings which include but are not limited to: removal, withholding-only, asylum-only, Credible Fear review, Reasonable Fear review, Claimed Status review and bond proceedings. As of September 17, 2018, the overall pending caseload for the Adelanto Immigration Court is 1,356 cases, and the calendar of scheduled proceedings for each of the Immigration Judges presiding over these cases is set into November 2018.

6. Due to space constraints, it is not currently possible to dedicate more than six Immigration Judges to the Adelanto Immigration Court docket. There are only six courtrooms available for use at the Adelanto Immigration Court, each of which are utilized by the six immigration judges assigned to the court. Beyond the space limitations, there is insufficient administrative support to docket more cases because the Adelanto Immigration Court is not currently at full administrative staffing levels for the number of Immigration Judges presiding over cases at it.

7. When a document is received at the Adelanto Immigration Court for filing, it is date stamped and placed in a queue for processing, which may include entering information into EOIR's electronic case management system (CASE), placing the document in the Immigration Court's associated record of proceedings (ROP), and taking any action specific to the type of filing, including scheduling an appropriate hearing.

8. At present, filings are typically processed within 1-3 business days of receipt, but this is not always possible given the volume of filings and limited administrative staff available to process the requests at any given time.

9. Removal proceedings are initiated against an individual when the DHS files a charging document, known as a Notice to Appear (NTA), with the Adelanto Immigration Court. At the same time, DHS may also file a copy of a document known as a "Notice of Custody Determination" (Form I-286). The Form I-286 reflects DHS's initial custody determination for the individual and an alien can request a custody redetermination hearing (bond hearing) before an Immigration Judge by marking a box on the Form I-286.

10. When court staff at the Adelanto Immigration Court process an NTA, an initial master calendar hearing is scheduled, and if requested on the Form I-286 and not already scheduled, an initial bond hearing is scheduled.

11. In addition to automatically scheduling a bond hearing for any alien who has requested one by marking the appropriate box on the Form I-286, an alien or an alien's representative may contact Adelanto in writing to request a bond hearing prior to an NTA being filed with the Court. Additionally, an alien may make an oral request for a bond

hearing to an Immigration Judge in person when appearing before the Immigration Judge. In Adelanto, an Immigration Judge or his or her staff may immediately schedule the bond hearing for that same day if docket space allows or may set it to a later date to allow for alien or alien's counsel's preparation.

12. At present, bond hearing requests are scheduled as soon as possible, and in most instances, this happens within 1-2 weeks of receiving a request made by any of the ways detailed above. However, for the reasons outlined below, bond hearings may take longer to schedule.

13. The scheduling of bond hearings begins with a focus on scheduling such hearing as promptly as possible while taking into account a number of factors. The primary factors are the availability of docket space, attorney availability in represented cases, attorney and alien preparation for a hearing, DHS preparation, and other procedural considerations, such as time to provide proper notice to the parties and to schedule interpreters, as needed. Four days per week, the Adelanto Immigration Court allocates approximately two to three hours each day on each Immigration Judge's docket for bond hearings, while also leaving space every day of the week for initial master calendar hearings, master calendar reset hearings and merits hearings. As of September 17, 2018, bond hearings make up more than 16 percent of the Adelanto Immigration Court's overall pending caseload.

14. The Adelanto Immigration Court's caseload is tied directly to DHS enforcement activities and may fluctuate depending on the number of individuals booked into DHS custody on any given week. While the court is constantly adjusting its docket to bring cases to completion and reduce the length of time an alien spends in DHS custody, it has to do so without also disrupting or delaying previously scheduled cases.

**Potential Impact of This Litigation on the Adelanto Immigration Court**

15. I am aware that for each potential class member in this litigation, Plaintiffs are requesting that, following such individual's positive credible fear determination, a bond hearing be held for that individual within 7 days of their request for it. Given the limited space and resources available as described above, it would be highly disruptive and

impracticable to provide a bond hearing for each potential class member within 7 days of their request. As noted, there is restricted space to hold hearings and the Immigration Judges already have calendars set into November 2018. There are simply not enough Immigration Judges, courtrooms and staff in Adelanto to absorb these bond hearings within this suggested one week period without severely impacting existing scheduled dockets. Accordingly, a number of cases of detainees that are already scheduled, including bond hearings and removal hearings, would need to be rescheduled to accommodate the bond hearings of these potential class members.

16.     Further, rescheduling these cases would likely create a ripple effect on the Adelanto Immigration Court's docket going forward. Rescheduling requires re-serving notices of hearings to parties and their attorneys and the rescheduled dates, in turn, may result in scheduling conflicts that would require still further rescheduling.

17.     Importantly, rescheduling cases would have an adverse impact on all detainees – potential class members and other detainees alike – because other bond hearings and many removal hearings would be deferred to later dates. Many of the detainees would therefore face longer overall removal proceedings due to the delay of their removal hearings in order to conduct new bond hearings for potential class members covered by this litigation.

**Bond Hearing Held for Named Plaintiff**

18.     On August 3, 2018, Plaintiff Vasquez Bonilla's NTA and Form I-286 were received by the Adelanto Immigration Court. According to EOIR's electronic records, on August 7, 2018, Plaintiff Vasquez Bonilla's initial bond hearing was scheduled for and actually held on August 20, 2018. According to EOIR's electronic records, the bond hearing held on August 20, 2018 was recorded by the Immigration Judge and the Immigration Judge ordered a new bond amount at the hearing. EOIR's electronic records show that Plaintiff Vasquez Bonilla has not filed an appeal of the bond decision with the Board of Immigration Appeals.

I declare, under penalty of perjury under the laws of the State of California and the United States, that the foregoing is true and accurate to the best of my knowledge.

Executed this 21st day of September, 2018, in Adelanto, California.

_____
Hilma Torres
Court Administrator, Adelanto Immigration Court