*The Honorable Marsha J. Pechman*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YOLANY PADILLA, IBIS GUZMAN, BLANCA ORANTES, and BALTAZAR VASQUEZ,

Plaintiffs-Petitioners,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"); U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); U.S. CUSTOMS AND BORDER PROTECTION ("CBP"); U.S. CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"); EXECUTIVE OFFICE FOR IMMIGRATION REVIEW ("EOIR"); THOMAS HOMAN, Acting Director of ICE; KIRSTJEN NIELSEN, Secretary of DHS; KEVIN K. McALEENAN, Acting Commissioner of CBP; L. FRANCIS CISSNA, Director of USCIS; MARC J. MOORE, Seattle Field Office Director, ICE, JEFFERSON BEAUREGARD SESSIONS III, United States Attorney General; LOWELL CLARK, warden of the Northwest Detention Center in Tacoma, Washington; CHARLES INGRAM, warden of the Federal Detention Center in SeaTac, Washington; DAVID SHINN, warden of the Federal Correctional Institute in Victorville, California; JAMES JANECKA, warden of the Adelanto Detention Facility;

Defendants-Respondents.

No. 2:18-cv-928 MJP

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

NOTE ON MOTION CALENDAR: SEPTEMBER 28, 2018.

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

# TABLE OF CONTENTS

I. The Court lacks jurisdiction over the claims in the complaint. .......... 2

**A. The Court lacks jurisdiction over Plaintiffs' claims challenging the timing of credible fear interviews under 8 U.S.C. § 1252(a)(2)(A).** .......... 2

**B. The Court should strike Plaintiffs' request for class-wide injunctive relief for lack of jurisdiction.** .......... 4

II. The credible fear interview (CFI) claims should be dismissed. .......... 6

**A. The CFI class's constitutional claim cannot be brought through habeas.** .......... 6

**B. The CFI class lacks due process rights to any procedure regarding their applications for admission not provided by Congress.** .......... 7

**C. The CFI class's APA claims should be dismissed for failure to state a claim.** .......... 8

II. The bond hearing class claims should be dismissed. .......... 9

**A. The bond hearing class's constitutional claim should be dismissed for failure to state a claim.** .......... 9

**B. The bond hearing class's APA claims should be dismissed.** .......... 10

**C. Plaintiffs Orantes and Vasquez cannot state a claim for modified bond procedures.** .......... 11

CERTIFICATE OF SERVICE .......... 14

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

In response to the motion to dismiss, Plaintiffs make three key concessions. First, Plaintiffs have abandoned their Asylum Law claim (Count III) and now proceed under the Administrative Procedures Act (APA) and the Due Process Clause. Second, Plaintiffs have limited their APA claim challenging the timing of their credible fear determinations and bond hearings to a claim under 5 U.S.C. § 706(1) for unreasonable delay and have abandoned their 5 U.S.C. § 706(2) claim. Finally, Plaintiffs concede that Yolany Padilla and Ibis Guzman do not have claims to the timing of their bond hearings or to the procedures applied. ECF 69 at 24 n. 7.

Plaintiffs' remaining claims should also be dismissed. This Court lacks jurisdiction to impose deadlines in the credible fear process or to enjoin the operation of the Immigration and Nationality Act's (INA) bond procedure on a classwide basis under 8 U.S.C. § 1252. Plaintiffs' arguments to the contrary rely on an unreasonably narrow reading of section 1252 and assume a nonexistent right to a classwide habeas relief. Section 1252 does not preclude a detainee from pursuing individual habeas relief. There is therefore no justification for Plaintiffs' unduly narrow constructions.

Jurisdictional issues aside, the credible fear claims should be dismissed. Having conceded that that there is no "final agency action" associated with the timing of credible fear determinations, Plaintiffs' constitutional challenge to the timing of their credible fear determinations are only valid if permitted in habeas. Although detainees are certainly able to challenge the constitutionality of their *detention* under 28 U.S.C. § 2241, Plaintiffs cannot challenge the timing of an administrative determination through habeas. Although such claims may be brought consistent with 5 U.S.C. § 706(1), Plaintiffs' claim fail here. Plaintiffs cannot plead an across-the-board entitlement to credible fear determinations within ten days given the multitude of factors that may reasonably impact the government's processing of such requests.

The bond hearing scheduling claims should also be dismissed. Plaintiffs cannot plead a constitutional right to a bond hearing within seven days as this claim is inconsistent with case law governing the rights and interests of individuals identified at or near a port-of-entry. Plaintiffs' unreasonable delay claims likewise fail because they cannot plausibly plead that a bond hearing scheduled eight days after a request would be categorically violative of the *TRAC* factors.

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

Finally, the bond hearing procedural claims should be dismissed. Plaintiffs have not identified a final agency actions for some of these claims. Moreover, two remaining named Plaintiffs, Plaintiffs Blanca Orantes and Baltazar Vasquez, were released from custody and did not appeal their bond decision. Their claims fail as a matter of pleading, standing, and exhaustion. Therefore the bond procedure challenges should be dismissed.

## I. The Court lacks jurisdiction over the claims in the complaint.

### A. The Court lacks jurisdiction over Plaintiffs' claims challenging the timing of credible fear interviews under 8 U.S.C. § 1252(a)(2)(A).

Section 1252(a)(2)(A) precludes this Court's review of the credible fear interview (CFI) class's claim that the credible fear determination must take place within ten days of the individual making a claim. Plaintiffs' arguments to the contrary lack merit. Congress was abundantly clear about its intent to deprive jurisdiction over "any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to [8 U.S.C. §] 1225(b)(1)" as well as "procedures and policies adopted . . . to implement the provisions of section 1225(b)(1)" as it said such jurisdictional bar applies "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title[.]" 8 U.S.C. § 1252(a)(2)(A). "[T]he use of such a "notwithstanding" clause clearly signals the drafter's intention that the provisions of the "notwithstanding" section override conflicting provisions of any other section. Likewise, the Courts of Appeal generally have interpreted similar 'notwithstanding' language to supersede all other laws, stating that [a] clearer statement is difficult to imagine." *Cisneros v. Alpine Ridge Group*, 508 U.S. 10, 18 (1993) (citations and quotations omitted). Plaintiffs fail to acknowledge the unyielding scope of the "notwithstanding clause" in section 1252(a)(2)(A), nor do they say what provision possibly falling outside of its scope restores jurisdiction—which there is none.

Plaintiffs argue that "no portion" of sections 1252(a) and (e) "bars judicial review over claims that seek to enforce the statutory and regulatory framework provided to asylum seekers under 8 U.S.C. §§ 1225(b) and 1158." ECF 69 at 5. This ignores the statutory text, which plainly addresses claims against the statutory and regulatory framework, encompassing policies-and-

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

procedures claims, and mandates that class challenges be brought in the United States District Court for the District of Columbia alone. *See* 8 U.S.C. § 1252(a)(2)(A) (no jurisdiction over "procedures and policies adopted . . . to implement the provisions of section 1225(b)(1)" excepted as provided in section 1252(e)); 8 U.S.C. § 1252(e)(3) (providing for claims to be brought in D.C. challenging "any determination under section 1225(b) of "whether such section, or any regulation issued to implement such section, is constitutional" and "whether such a regulation, or a written policy directive, written policy guideline, or written procedure" is lawful). Because there remains an avenue for individual habeas relief, the clear statement rule does not apply. *See Elgin v. Dep't of the Treasury*, 132 S. Ct. 2126, 2132 (2012); *Lauf v. E.G. Shinner & Co.*, 303 U.S. 323, 330 (1938). That they are challenging the absence of a timing deadline, as opposed to a specific deadline, in credible fear policies and practices makes no difference.

Plaintiffs also erroneously argue that they are not subject to the jurisdictional bar because they lack expedited removal orders. First, they do not dispute that they are challenging the manner in which the credible fear process, provided at section 1252(b)(1)(B) is applied to them, and section 1252(a)(2)(A) bars jurisdiction over "the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title." 8 U.S.C. § 1252(a)(2)(A)(iii). Second, a credible fear determination cannot take place unless the Plaintiffs were issued expedited removal orders. The statute provides that if an immigration officer determines that an alien is inadmissible under 8 U.S.C. §§ 1182(a)(6)(C) or 1182(a)(7), "the officer shall order the alien removed from the United States," and that alien may only receive "further review or hearing" of that order if she expresses a fear or requests asylum. 8 U.S.C. § 1225(b)(1)(A)(i). Further, their claim ignores the broad scope of the term "relating" in section 1252(a)(2)(A)(i). "When interpreting the INA, [the Court] construe[s] the 'relating to' language broadly." *Rodriguez-Valencia v. Holder*, 652 F.3d 1157, 1159 (9th Cir. 2011) (internal quotation omitted). Even the term "arising from" connotes claims "connected directly and immediately" and omits "those claims with no more than a weak, remote, or tenuous connection," and "relating to" requires an even looser nexus. *Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 943 (5th Cir. 1999). Plaintiffs challenge the credible fear process, which must be completed before execution of

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

expedited removal orders for those aliens expressing a fear. *See* 8 C.F.R. § 235.3(b). The credible fear process has a close connection to the implementation of their expedited removal orders.

Plaintiffs argue that Defendants adopted no affirmative policy to trigger the sixty-day filing deadline in D.C. *See* 8 U.S.C. § 1252(e)(3)(B). This contradicts their pleadings, which assert that these delays are part of Defendants' "zero tolerance" policy or practice, ECF No. 26 ¶ 86, which they allege was announced on April 6, 2018, *id.* ¶ 47. Even if Plaintiffs claim they were not immediately aware of the delay ramifications of this policy, a court can trace the start of the limitations period from the date on which they reasonably should have become aware. *See, e.g.*, *Boyd v. United States Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985) ("The time period for filing a complaint of discrimination begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights."). However, the timing of the limitations period is a matter for the District Court for the District of Columbia, the only court with jurisdiction over such a systemic challenge, to determine. *See* 8 U.S.C. § 1252(e)(3); *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 427 (3d Cir. 2016). That Plaintiffs' claim could be time-barred in D.C. does not operate to provide this Court with jurisdiction where Congress has expressly barred it. *See* 8 U.S.C. § 1252(a)(2)(A), (e)(3). Plaintiffs claim they "seek to enforce the existing statutes and procedures," citing similar language in *Innovation Law Lab v. Nielsen*, No. 3:18-CV-01098-SI, 2018 WL 3631886, at *4 n.1 (D. Or. July 31, 2018). However, that case provides no support, as those plaintiffs alleged that the government had specific policies regarding access to counsel that it failed to follow. *Id.* Here, Plaintiffs have not and cannot point to any policy requiring that their referral for a credible fear determination occur within *any* set period, let alone the 10-day period they invent.

**B. The Court should strike Plaintiffs' request for class-wide injunctive relief for lack of jurisdiction.**

The Court does not have jurisdiction to enjoin the operation of section 1225(b) to impose extra-statutory timelines or to otherwise modify the burden or standard of proof that governs section 1226(a) bond hearings. 8 U.S.C. § 1252(f)(1). Section 1252(f)(2), entitled "Limit on injunctive relief," prohibits courts from "enjoin[ing] or restrain[ing] the operation of" these

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

provisions. *Id*. Both the Supreme Court and the Ninth Circuit have indicated that section 1252(f)(1) appears to bar classwide injunctions for claims identical to Plaintiffs' claim for modified bond hearing procedures. In *Rodriguez v. Robbins*, 591 F.3d. 1105, 1120 (9th Cir. 2010) ("*Rodriguez I*"), the Ninth Circuit declined to apply section 1252(f)(1) to bar certification for injunctive relief because the *Rodriguez* class raised a *statutory* claim seeking modified bond procedures. The Supreme Court in *Jennings v. Rodriguez*, 138 S. Ct. 830, 852 (2018), subsequently dismissed those statutory claims (including claims for two of the very same modifications sought here) by concluding "there is no justification for any of the procedural requirements that the Court of Appeals layered onto § 1226(a)." *Jennings*, 138 S. Ct. at 842. In remanding the case for further proceedings on the constitutional claims, the Court noted that the Ninth Circuit's effort to avoid section 1252(f)(1) "does not seem to apply to an order granting relief on constitutional grounds." *Jennings*, 138 S. Ct. at 851. There is similarly no applicable exception here.

Plaintiffs make only one argument in response to section 1252(f)(1)'s unambiguous bar on classwide injunctive relief: they are exempted because they "seek to enjoin Defendants' actions and policies violating [section 1225(b) or 1226(a)]." ECF 69 at 24. But Plaintiffs have not identified a single statutory or regulatory violation as a basis for the injunction. As a result, all of their cited cases are inapposite. *Id*. at 24-25 (citing list of cases enjoining statutory or regulatory violations). The Supreme Court has already definitively determined that there is no statutory requirement that the government carry the burden of proof at the bond hearing by clear and convincing evidence. *Jennings*, 138 S. Ct. at 842; *id*. at 848 ("[T]he meaning of the relevant statutory provisions is clear—and clearly contrary to the decision of the Court of Appeals."). Indeed, an injunction requiring the government to release aliens absent making a clear and convincing showing is fundamentally at odds with section 1226(a)'s vesting of the Attorney General with unreviewable discretion to make release decisions. *See* 8 U.S.C. § 1226(a)(1); 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review."). Neither have Plaintiffs pleaded that the proposed timelines are required by statute or regulation (because they are not). Rather, Plaintiffs seek to enjoin the operation of section 1225(b)(1) to impose deadlines Congress deliberately did not set.

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

*See* 8 U.S.C. § 1225(b)(B)(iii)(III)(imposing time limit for review by an immigration judge). Section 1252(f)(1) prohibits the Court's from making such changes to the operation of the statutes by injunction. Accordingly, this Court must strike Plaintiffs' request for classwide injunctive relief, and deny the motions for preliminary injunction and class certification.

**II. The credible fear interview (CFI) claims should be dismissed.**

**A. The CFI class's constitutional claim cannot be brought through habeas.**

As an initial matter, Plaintiffs concede that that there is no "final agency action" associated with the timing of credible fear determinations, and as a result, Plaintiffs' constitutional challenge to the timing of their credible fear determinations are only valid if permitted in habeas. They are not. Jurisdiction under 28 U.S.C. § 2241 is limited to challenges to the fact or duration of detention. *Alcala v. Rios*, 434 F. App'x 668, 669 (9th Cir. 2011); *cf.* 28 U.S.C. § 2241(c)(3); 8 U.S.C. § 2243 (a habeas return need only "certify the true cause of detention"). There is no basis for Plaintiffs to demand completion of an administrative process through section 2241.

Defendants do not dispute that Plaintiffs could (consistent with 28 U.S.C. § 2241) bring a habeas challenge to the reasonableness of their immigration detention, but that is not the claim raised here. Plaintiffs are seeking to dictate a universal deadline for completion of a merits determination. That determination will have no effect on the detention status of a number of putative class members. This is because some putative CFI class members will never become eligible for release if it is determined they do not have a credible fear. Others will never become eligible for a bond hearing due to where they were encountered. *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). The claims here are not sufficiently tied to the fact or duration of detention. Therefore this is not a proper use of 28 U.S.C. § 2241.

Plaintiffs' arguments regarding the clear statement rule are misapplied. The issue here is not whether the writ has been suspended, but whether this is a habeas claim at all. Plaintiffs' reference to *INS v. St. Cyr*, 533 U.S. 289, 299 (2001), is therefore inapt as it requires application of the clear statement rule only when determining whether a statute *eliminates* habeas relief. *Id.* Because Plaintiffs' challenges are not cognizable section 2241 in the first place, there can be no

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

issue with "suspending" them. Thus, as a jurisdictional matter, Plaintiffs are limited to their APA unreasonable delay claims for the CFI class. The Count I must be dismissed.

**B. The CFI class lacks due process rights to any procedure regarding their applications for admission not provided by Congress.**

Plaintiffs cannot plead any constitutional entitlement to a credible fear determination within ten days of claiming fear because it is settled law that, as aliens "seeking initial admission to the United States," they lack any constitutional right regarding their attempts to secure asylum and avoid removal. *Landon v. Plascensia*, 459 U.S. 21, 32 (1982).

The type of interest at stake and relief sought matters for purposes of determining due process rights. Plaintiffs' reliance on *United States v. Raya-Vaca*, 771 F.3d 1195, 1202 (9th Cir. 2014), is misplaced, as that case only recognized that the alien had due process rights in the context of a criminal case under 8 U.S.C. § 1326 for the purposes of collaterally challenging the underlying basis for his criminal charges, the expedited removal order. 771 F.3d 1195, 1201 (9th Cir. 2014). This case does not concern what process is due in a criminal conviction, but rather in an alien's attempt to gain initial admission, where due process rights are lacking for aliens in Plaintiffs' position. *See Castro*, 835 F.3d at 446. The more relevant circuit authority is *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133 (9th Cir. 2008), which arose in the context of immigration, not criminal, proceedings, and rejected the claim of an alien, who had resided unlawfully in the country for years, that she had any due process rights that were violated by expedited removal provisions. *Id.* at 1141.

As *de Rincon* implicitly suggests, mere physical presence is not the touchstone. As the Third Circuit explained, the Supreme Court cases Plaintiffs cite for this proposition "did not involve aliens who were seeking initial entry to the country or who were apprehended immediately after entry," but those with periods of residence in the country. *Castro*, 835 F.3d at 447 (citing *Mathews v. Diaz*, 426 U.S. 67, 69 (1976); *Zadvydas v. Davis*, 533 U.S. 678, 684-85 (2001)). To the contrary, "the Supreme Court has suggested in several other opinions that recent clandestine entrants like [Plaintiffs here] do not qualify for constitutional protections based merely on their physical presence alone." *Id.* at 448 (collecting cases). The Supreme Court has recognized that

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

even an alien who had lived freely in the United States as a lawful permanent resident, unlike Plaintiffs, still lacked due process rights to anything other than statutory procedures when he sought admission at Ellis Island after a period abroad. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 213 (1953). Plaintiffs' refusal to seek asylum at a port of entry and resulting brief unlawful presence in the United States prior to apprehension does not gain them due process rights regarding their admission. *Cf. Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 498 (9th Cir. 2007) ("[A]n alien who respects our laws and remains abroad after he has been removed should have no fewer opportunities to challenge his removal order than one who unlawfully reenters the country[.]").

Finally, although whether asylum applicants "are entitled to certain 'minimum due process' rights in the application of their statutory rights" may be an open question in the Ninth Circuit, *Angov v. Lynch*, 788 F.3d 893, 898 n.3 (9th Cir. 2015), that is not at issue here. There is no claim that Plaintiffs are being denied the process provided by statute: credible fear determinations. Rather, they seek to graft a wholly new procedural requirement onto the statute: strict time limitations. *See id.* As aliens seeking initial admission and subject to expedited removal procedures, this protection is unavailable to them. *See Landon*, 459 U.S. at 32; *Mezei*, 345 U.S. at 212; *Castro*, 835 F.3d at 446; *de Rincon*, 539 F.3d at 1141.

**C. The CFI class's APA claims should be dismissed for failure to state a claim.**

Plaintiffs do not address Defendants' arguments that the timing of their credible fear interviews is not a final agency action. ECF 36 at 11-12. As a result, Plaintiffs have abandoned their claim under 5 U.S.C. § 706(2) for the CFI class and those claims should be dismissed. Plaintiffs instead argue that the credible fear determination is a final agency action that has been unreasonably delayed. ECF 69 at 9-10. That claim should also be dismissed.

Plaintiffs' claims fail as a matter of law. *TRAC* requires the consideration of all of the factors and cannot be conducted based on one factor in total isolation. Even in the context of very lengthy delays, "[t]he passage of time alone is rarely enough to justify a court's intervention in the administrative process, especially since administrative efficiency is not a subject particularly suited to judicial evaluation." *Yu v. Brown,* 36 F. Supp.2d 922, 934 (D.N.M. 1999) (quoting *Singh*

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

*v. Ilchert,* 784 F.Supp. 759, 764-65 (N.D. Cal.1992)); *Wang v. Gonzales*, No. C07-02348HRL, 2007 WL 2972917, at *4 (N.D. Cal. Oct. 10, 2007). Plaintiffs only basis for a ten-day reasonableness standard comes from their attempt to import a deadline from the reasonable fear context into the credible fear context. *See* 8 C.F.R. § 208.31(b). That deadline is inapplicable. An agency's decision to engage in notice and comment rulemaking on a particular regulation does not make that regulation applicable to other contexts. Furthermore, reasonable fear interviews apply to an exponentially smaller group of individuals.[1] It also applies to a group of individuals who are a priority for removal given their prior removal from the country or conviction for an aggravated felony. Plaintiffs themselves highlight that the differences in the two contexts noting that the guidance for the timeline for credible fear reviews by immigration judges (IJ) is different. *Compare* 8 U.S.C. § 1225(b)(1)(B)(iii)(III) (requiring IJs to conclude credible review "as expeditiously as possible, to the maximum extent practicable within 24 hours, but in no case later than 7 days") *with* 8 C.F.R. § 208.31(g) (generally requiring IJs to conclude reasonable fear review within 10 days). This reflects deliberate choices by Congress and the agency to treat them differently.

## II. The bond hearing class claims should be dismissed.

### A. The bond hearing class's constitutional claim should be dismissed for failure to state a claim.

Plaintiffs and the proposed bond hearing class have failed to state a claim for a violation of due process, because they have no entitlement to a bond hearing within their proposed timeframe without regard to any fact or circumstance surrounding their detention or governmental docketing considerations. Plaintiffs argue that Defendants have conflated the bond hearing class with arriving aliens who have no right to a bond hearing. Plaintiffs, as unadmitted aliens identified only hours after entering the United States, remain outside the United States for purposes of their constitutional claims, and have no substantive right to release on bond. *Barrera v. Rison*, 44 F.3d 1441, 1449-50 (9th Cir. 1995) (en banc), *cert. denied*, 516 U.S. 976 (1995). But even if they had some cognizable interest in their admission, it would be comparatively small and vary across the

---

[1] https://www.uscis.gov/sites/default/files/USCIS/Outreach/Upcoming%20National%20Engagements/FY18CFandRFstats_2018_06_30.pdf (last visited Sept. 28, 2018) (FY2018 interviews: credible fear 62843; reasonable fear 5329)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

proposed class such that the analysis could not be commonly applied. *Johnson v. Eisentrager*, 339 U.S. 763, 770 (1950). The bond hearing class's liberty interest in release, therefore, is not sufficiently high to state a claim for an across-the-board constitutional entitlement to a bond hearing within seven days or to entitle Plaintiffs heightened bond procedures.

Moreover, the fact that the named Plaintiffs here *did* obtain bond hearings and were released disproves the categorical constitutional challenge to the procedures here. And while Plaintiffs argue that Defendants have "ignored" case law showing that bond hearings should take place as quickly as possible, those cases demonstrate that there is no bright-line rule for when bond hearings must be conducted; rather (upon request) they should be conducted as expeditiously as possible under the circumstances—exactly what happened in Plaintiffs' cases. Accordingly, Plaintiffs cannot plead a uniform constitutional entitlement to revised procedures days after arriving in the United States.

**B. The bond hearing class's APA claims should be dismissed.**

Plaintiffs assert an unreasonable delay claim (under 5 U.S.C. § 706(1)) for the timing of their bond hearings and a claim under 5 U.S.C. § 706(2) to the procedures employed at bond hearings. Both claims should be dismissed.

1. Plaintiffs cannot plead an absolute right to a bond hearing within seven days under the *TRAC* factors.

The bond hearing class's section 706(1) claim fails as a matter of law. The reasonableness of an agency's actions "cannot be decided in the abstract, by reference to some number of months or years beyond which agency inaction is presumed to be unlawful," but must be evaluated in the context of competing priorities, the complexity of the issue, and the agency's resources. *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003). Plaintiffs have not cited a single example of a successful *TRAC* analysis conducted using only one factor—a very short period of time—where there is no statutory or regulatory timeline. Plaintiffs therefore cannot plead a basis for concluding that bond hearings must always be provided within seven days and that eight days is categorically unreasonable—without consideration of a single fact about the reason for the delay. Other immigration bond injunctions demonstrate this categorical is

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

necessarily false: at Adelanto (the facility at which Vasquez was housed), the government is enjoined from scheduling prolonged-detention bond hearings *fewer* than seven days from the date of the notice. *Rodriguez v. Holder*, No. CV 07-3239 TJH RNBX, 2013 WL 5229795, at *3 (C.D. Cal. Aug. 6, 2013). The bond hearing class's APA delay claims should be dismissed on the pleadings.

2. The Court lacks jurisdiction over the bond procedure challenges because they are not challenges to a final agency action.

It is to the IJ's discretion to determine whether to record a hearing, transcribe the hearing, or issue a written bond order prior to an appeal being filed. *Matter of Adeniji*, 22 I. & N. Dec. 1102, 1115 (BIA 1999); Immigration Court Practice Manual, § 9.3(e)(iv). The absence of a policy requiring those things is not final agency action because it is not a decision from which "legal consequences will flow." *Bennett v. Spear,* 520 U.S. 154, 176 (1997). In any given case, an IJ may adopt procedures it deems necessary for the particular hearing. *See Matter of Khalifah*, 21 I. & N. Dec. 107, 112 (BIA 1995). As a result, the absence of a requirement is not determinative of the process an individual alien will receive. It therefore fails as a final agency action. *See Chem. Mfrs. Ass'n v. E.P.A.*, 26 F. Supp. 2d 180, 182 (D.D.C. 1998) (finding no final action action where the "policy also vests EPA with discretion to deviate from the policy[]"). Plaintiffs claims are not cognizable under 5 U.S.C. § 706(2).

**C. Plaintiffs Orantes and Vasquez cannot state a claim for modified bond procedures.**

Plaintiffs' bond procedures claims should be dismissed because the two remaining Plaintiffs, Vasquez and Orantes, do not have cognizable claims. Plaintiff's bond procedure claims are moot and not subject to any exception.[2] Plaintiffs do not dispute that the claims of Vasquez and Orantes have been fully remedied, but instead argue that their claims are "transitory" and therefore can "relate back" if the class is certified. Plaintiffs' bond procedure claims are not transitory in any sense. If an individual is unable to meet the burden of proof, they will be kept in

[2] Plaintiffs' other claims are also moot, as they have all received their credible fear determinations, and bond hearings, but their relation-back arguments are intertwined with factual issues as well as a determination of whether class certification is appropriate. Those mootness challenges are better resolved in connection with that motion or a motion for summary judgment.



Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

detention for the duration of their proceedings and therefore have ample opportunity to challenge their detention.

In addition, Vasquez and Orantes cannot state a claim for relief for their bond procedure claims because they cannot demonstrate that they were harmed by the challenged procedures. The Ninth Circuit requires detainees to show prejudice in order to challenge the constitutionality of bond hearing procedures. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1066 (9th Cir. 2008); *see also Singh v. Holder*, 638 F.3d 1196, 1210 (9th Cir. 2011). Neither Orantes nor Vasquez can show they were prejudiced by the challenged procedures because they were both released from detention without the need for an appeal. They cannot plead a claim that the bond system violated their rights because they did not avail themselves of that system.

Moreover, Vasquez has no claim to any of the procedures because he stipulated to his bond. He was not required to satisfy any burden of proof, and did not require a recorded hearing, written decision or a transcript. Therefore, he is not able to challenge any of those procedures here. Plaintiffs try to salvage Vasquez's claim by arguing that he anticipated that those procedures would be applied to him. ECF 69 at 24 n.6. But expecting that a procedure will be applied to you is not sufficient to plead a due process claim. *See Prieto-Romero*, 534 F.3d at 1066 (requiring a showing of prejudice). Here, the stipulation was a favorable outcome. It is unclear how a recorded hearing (which he received) or a written decision (which he would receive if he appealed) could have impacted his decision to stipulate to a bond. Plaintiffs have not pleaded any connection to overcome the facial invalidity of the claim. Vasquez's claims therefore must be dismissed.

Finally, the claims of Plaintiffs Orantes and Vasquez also fail because they did not exhaust their claims to the Board of Immigration Appeals. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Plaintiffs cannot challenge a bond denial without first exhausting the denial. *Id.* Here, there was an additional need for them to complete their appeals because their recording/transcription/written decision challenges go to the fairness of the appeals process (not the hearing) and the harm they allege can only occur by perfecting an appeal. Having not engaged in that process, Plaintiffs Vasquez and Orantes' challenges to the procedures should be dismissed.

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

Dated: September 28, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation,

EREZ REUVENI
Assistant Director

LAUREN C. BINGHAM
JOSEPH A. DARROW
Trial Attorneys

*/s/ Sarah Stevens Wilson*
SARAH STEVENS WILSON
Assistant United States Attorney
United States Department of Justice
(204) 244-2140
Sarah.Wilson2@usdoj.gov

13

DEFENDANTS' REPLY - MOTION TO DISMISS
(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 28, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically filed Notices of Electronic Filing.

*/s/ Sarah Stevens Wilson*
Assistant United States Attorney
United States Department of Justice

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 532-4700