*The Honorable Marsha J. Pechman*

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

YOLANY PADILLA, on behalf of herself and her
6-year-old son J.A.;  IBIS GUZMAN, on behalf of herself
and her 5-year-old son R.G.;  BLANCA ORANTES, on
behalf of herself and her 8-year-old son A.M.;  BALTAZAR
VASQUEZ, on behalf of himself;

                                        Plaintiffs-Petitioners,

        v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
("ICE"); U.S. DEPARTMENT OF HOMELAND
SECURITY ("DHS"); U.S. CUSTOMS AND BORDER
PROTECTION ("CBP"); U.S. CITIZENSHIP AND
IMMIGRATION SERVICES ("USCIS"); EXECUTIVE
OFFICE FOR IMMIGRATION REVIEW ("EOIR");
THOMAS HOMAN, Acting Director of ICE; KIRSTJEN
NIELSEN, Secretary of DHS; KEVIN K. McALEENAN,
Acting Commissioner of CBP; L. FRANCIS CISSNA,
Director of USCIS; MARC J. MOORE, Seattle Field Office
Director, ICE, JEFFERSON BEAUREGARD
SESSIONS III, United States Attorney General; LOWELL
CLARK, warden of the Northwest Detention Center in
Tacoma, Washington;  CHARLES INGRAM, warden of the
Federal Detention Center in SeaTac, Washington;  DAVID
SHINN, warden of the Federal Correctional Institute in
Victorville, California; JAMES JANECKA, warden of the
Adelanto Detention Facility;

                                        Defendants-Respondents.

No. 2:18-cv-928  MJP

**DEFENDANTS' MOTION
FOR RELIEF FROM
DEADLINES**

NOTE ON MOTION
CALENDAR: OCTOBER 26,
2018.

i

DEFENDANTS' MOTION FOR
RELIEF FROM DEADLINES

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

## INTRODUCTION

Defendants respectfully request that this Court hold this case in abeyance and grant relief from all deadlines pending the Attorney General's forthcoming decision in *Matter of M-S-*, 27 I&N Dec. 476 (A.G. 2018), because it bears directly on the issues before the Court in Plaintiffs' pending motions for preliminary injunction (ECF 45) and class certification (ECF 37), and Defendants' motion to dismiss (ECF 36).

In this case, Plaintiffs assert two primary claims: (1) that the failure to provide aliens who have recently come to this country with pending credible fear interviews within ten days violates their constitutional and statutory rights (the CFI class), and (2) that aliens apprehended after crossing the border illegally who are found to have a credible fear have a constitutional and statutory right to a bond hearing within seven days of requesting one, in accordance with their preferred procedures (the bond hearing class). *See* Complaint, ¶¶ 146-171. Plaintiffs concede that the bond hearing class's claims depend on a Board of Immigration Appeals (Board) decision, *Matter of X-K-*, 23 I&N Dec. 731 (BIA 2005), which held that aliens, like Plaintiffs, who are subject to mandatory detention under 8 U.S.C. § 1225(b) may, if found to have a credible fear, request a bond hearing under 8 U.S.C. § 1226(a). *See* ECF 45 at 3-4 & n.2 ("Proposed [bond hearing] class members are eligible for bond hearings [under] the *X-K-* decision"); *id.* at 17 ("Pursuant to 8 U.S.C. § 1226(a), Plaintiffs have a right to a bond hearing to determine whether they should be released.").

Since the filing of the amended complaint, the continued validity of *Matter of X-K-* has become subject to review before the Attorney General. *See Matter of M-S-*, 27 I&N Dec. 476 (A.G. 2018). On October 12, 2018, the Attorney General, exercising authority delegated to him by Congress, *see* 8 U.S.C. § 1103(a), indicated an intention to review whether *Matter of X-K-* "should be overruled in light of *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018)." *See id.* Briefing in *Matter of M-S-* will conclude on November 9, 2018, and a decision will issue thereafter. *See id.* The Attorney General's decision, as Plaintiffs implicitly concede, may resolve all issues with respect to the bond hearing class now pending before this court in three separate motions. *See* ECF 45 at 4 n.2 ("Proposed class members are eligible for bond hearings [under *Matter of X-K-*] *unless and*

DEFENDANTS' MOTION FOR
RELIEF FROM DEADLINES

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

1   *until the decision is vacated.*") (emphasis added). That is because, if *Matter of X-K-* is overruled,
2   Plaintiffs will generally have no entitlement to a bond hearing at all absent extraordinary individual
3   circumstances, let alone within seven days, as explained below.

4        An abeyance of this case will thus ensure that this Court is fully informed by the Attorney
5   General's decision when this Court considers the legal issues raised by the proposed bond hearing
6   class presented in the three motions now pending before this Court. Moreover, given the pendency
7   of *Matter of M-S-*, and that it may resolve in whole or in part the bond hearing class's legal issues,
8   an abeyance would conserve the resources of both the Court and the parties. See *El Rescate Legal*
9   *Services, Inc. v. Executive Office of Immigration Review*, 959 F.2d 742, 747 (9th Cir. 1992)
10  (Agency "might take action that would render unnecessary [the Court's] consideration of
11  constitutional issues."). Finally, because none of the named Plaintiffs suffer any actual harm at
12  present, neither party will be harmed by an abeyance.

**BACKGROUND**

13  **I.    Legal Background.**

14       Named Plaintiffs and the Bond Hearing Class are all aliens who entered the United States
15  unlawfully without inspection and were apprehended shortly thereafter. At the time they were
16  apprehended, Plaintiffs were subject to expedited removal under 8 U.S.C. § 1225(b)(1), which
17  provides that aliens arriving in the United States lacking documents permitting entry, or willfully
18  misrepresenting a material fact to procure admission, may be removed expeditiously without full
19  removal proceedings. That statute permits the Secretary of Homeland Security to apply expedited
20  removal to aliens arriving at the ports of entry, and "certain other aliens," who are apprehended
21  after crossing the border illegally. *Id*. Currently those "certain other aliens" include aliens
22  "encountered within 14 days of entry without inspection and within 100 air miles of any U.S.
23  international land border. 8 U.S.C. § 1225(b)(1)(A)(i) & (iii); 69 Fed. Reg. 48877-01 (Aug. 11,
24  2004); 82 Fed. Reg. 4902 (Jan. 17, 2017). Aliens subject to this procedure "shall be detained" until
25  removed. 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).
26

27       If aliens subject to expedited removal, including "certain other aliens," indicate an intention
28  to apply for asylum or express a fear of persecution or torture if returned to their native country,

2

DEFENDANTS' MOTION FOR
RELIEF FROM DEADLINES

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

1   they are referred for an interview with an asylum officer with U.S. Citizenship and Immigration

2   Services ("USCIS"), to determine if they have a credible fear of persecution or torture. *Id.* §

3   1225(b)(1)(A)(ii) & (B)(ii); 8 C.F.R. § 208.30(d). By statute, "[a]ny alien subject to the procedures

4   under [section 1225(b)(1)] shall be detained pending a final determination of credible fear of

5   persecution and, if found to not have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

6       Section 1226(a) governs the detention and release of other aliens arrested inside the United

7   States not subject to the expedited removal procedures. 8 U.S.C. § 1226(a). Every alien detained

8   under this section is individually considered for release on bond by DHS and served with a custody

9   determination form. 8 C.F.R. § 236.1(c)(8). If the officer denies bond (or sets a bond the alien

10   thinks is too high), the alien may ask an IJ for a redetermination by checking a box on the custody

11   determination form. 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d)(1). The alien may appeal the IJ's

12   custody redetermination to the BIA. 8 C.F.R. § 236.1(d)(3)(i), 1236.1(d)(3)(i). An alien who

13   remains detained under section 1226(a) may later obtain another custody determination whenever

14   "circumstances have changed materially since the prior bond redetermination." 8 C.F.R.

15   § 1003.19(e). There is no limit to the number of bond hearings an alien may obtain on the basis of

16   changed circumstances.

17   **II.**   *Matter of X-K-.*

18       Pursuant to a Board decision, *Matter of X-K-,* 23 I. & N. Dec. 731 (BIA 2005), aliens who

19   entered the country illegally, were apprehended between ports of entry, placed in expedited

20   removal, found to have a credible fear, and who would otherwise be subject to mandatory detention

21   under section 1225(b), receive a bond hearing under 8 U.S.C. § 1226(a). In concluding that bond

22   hearings could be held, the Board found ambiguity in the statute and applicable regulations, and

23   ultimately concluded that 8 C.F.R. § 1236.1(d)(1), which implements 8 U.S.C. § 1226(a), applied.

24   *Matter of X-K-,* 23 I. & N. Dec. 731 ("Immigration Judges have jurisdiction 'to exercise the

25   authority in section 236 of the Act [8 U.S.C. § 1226] … to detain the alien in custody, release the

26   alien, and determine the amount of bond … as provided in § 1003.19") (citing 8 C.F.R. §

27   1236.1(d)(1)). The Board distinguished aliens who present themselves at a port of entry (who

28   cannot receive a bond hearing even after they establish a credible fear) and those who are

DEFENDANTS' MOTION FOR
RELIEF FROM DEADLINES

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

apprehended between ports of entry—i.e., aliens who have crossed the border illegally and been promptly apprehended—who may be treated under the immigration statutes as either subject to mandatory detention under section 1225(b) or as subject to bond hearing detention under section 12236(a); the Board further interpreted the existing regulations to provide for bond hearings in these circumstances.

## III.   *Rodriguez v. Jennings.*

In 2018, the Supreme Court issued *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018). The decision reversed the Ninth Circuit's decision holding that aliens detained under section 1225(b) were entitled to bond hearings, *Rodriguez v. Robbins*, 804 F.3d 1050 (9th Cir. 2015) (*reversed*). As relevant here, the Supreme Court analyzed the statutory text of section 1225. Finding it "clear," the Court said:

> Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded. Section 1225(b)(1) aliens are detained for "further consideration of the application for asylum," and § 1225(b)(2) aliens are in turn detained for "[removal] proceeding[s]." Once those proceedings end, detention under § 1225(b) must end as well. Until that point, however, nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.

*Jennings*, 131 S.Ct. at 842.

The petitioners in *Jennings* also argued that based on the text of the statute, sections 1225(b)(1) and (b)(2) only authorized detention until the beginning of proceedings, and that the government must therefore detain them under section 1226(a) once their proceedings began. *Id.* The Supreme Court flatly rejected this contention, finding it "inconsistent with ordinary English usage and [] incompatible with the rest of the statute." *Id.* at 845. Thus, the Supreme Court held that "[i]In sum, §§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Id.*

## IV.   Attorney General Review of *Matter of X-K-.*

The Attorney General, as the head of the Executive Office for Immigration Review, may refer immigration cases to himself for review, and render legal determinations on "questions of

DEFENDANTS' MOTION FOR
RELIEF FROM DEADLINES

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

law" presented by those cases. *See* 8 U.S.C. § 1103(a)(1), (describing the Attorney General's authority to issue "determination[s] and ruling[s]" on "questions of law" arising under the INA, in the process of "review[ing] such administrative determinations in immigration proceedings," *Id.* § 1103(g)(2)); *see INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999).

On September 18, 2018, the Attorney General referred *Matter of M-G-G-*, to himself for review pursuant to 8 C.F.R. § 1003.1(h)(1)(i). *Matter of M-G-G-*, 27 I&N Dec. 469 (A.G. 2018). As a part of that referral, the Attorney General invited the parties to the case, as well as interested amici, to submit briefs relevant to the disposition of the case, including on the following issue:

> Whether *Matter of X-K-*, 23 I&N Dec. 731 (BIA 2005), which held that immigration judges may hold bond hearings for certain aliens screened from expedited removal proceedings under section 235(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(1), into removal proceedings under section 240, 8 U.S.C. § 1229a, should be overruled in light of *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).

*Id.* Amicus briefs were to be due October 16, 2018. However, on October 12, 2018, the Attorney General announced that he would not review the Board's determination in *Matter of M-G-G-*, because the alien in that case had been removed pursuant to a final order of removal. *Matter of M-G-G-*, 27 I&N Dec. 475 (A.G. 2018). On the same date, the Attorney General directed the Board to refer *Matter of M-S-* to him for review. *Matter of M-S-*, 27 I&N Dec. 476 (A.G. 2018). As a part of that referral, the Attorney General again invited the parties and interested amici to submit briefs addressing the same issue—whether *Matter of X-K-* should be overruled in light of *Jennings*. *Id.* The parties' briefs in that case are due on November 2, 2018, and interested amici may submit briefs by November 9, 2018, after which the Attorney General will issue a decision in the case. *Id.* The Attorney General's decision "with respect to all questions of law shall be controlling." 8 U.S.C. § 1103(a)(1). Thus, the Attorney General will soon render a decision on whether *Matter of X-K-* remains valid, and his decision will be "controlling." *Id.*

## ARGUMENT

### I.    Abeyance Would Conserve Judicial Resources

This Court should place this case in abeyance pending the Attorney General's decision in *Matter of M-S-,* because his decision in that case may resolve the bond hearing class's claims in

DEFENDANTS' MOTION FOR
RELIEF FROM DEADLINES

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

whole or in part. That is because absent the continued validity of *Matter of X-K-*, Plaintiffs and the proposed class would be subject to *mandatory* detention under 8 U.S.C. § 1225(b)(1)(B)(ii) without the availability of bond hearings. *See Jennings v. Rodriguez*, 131 S. Ct. 830, 845 (2018). Instead, release from custody would be through the discretionary parole process. 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 215.5(b). And there is no dispute that Plaintiffs could not continue to argue for an entitlement to a bond hearing within seven days if they were detained pursuant to section 1225(b)(2). *Id.* ("In sum, §§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin."). Even under prior law in the Ninth Circuit, since reversed by the Supreme Court, Plaintiffs would not be eligible for a bond hearing before *at least* six months of detention had accrued, rendering their claim for bond hearings within seven days clearly foreclosed if *Matter of X-K-* is revised or reversed. *Rodriguez v. Robbins*, 804 F.3d 1050 (9th Cir. 2015) (*reversed*).

Thus, the parties agree on at least one critical point: the Attorney General's forthcoming decision likely impacts any determination by this Court concerning whether Plaintiffs are entitled to bond hearings within seven days as a constitutional or statutory matter. Indeed, Plaintiffs themselves concede their claims depend on the ongoing viability of *Matter of X-K-*. ECF 45 at 3 n.2 ("Proposed [bond hearing] class members are eligible for bond hearings unless and until the decision is vacated.").

Because the Attorney General will be exercising his delegate, plenary authority over matters of law under the INA, *see* 8 U.S.C. § 1103(a)(1), and because the Board's decision in *Matter X-K-* was premised on the Board's view that the relevant statutory and regulatory scheme was ambiguous, the Attorney General's decision will be entitled to *Chevron* deference. *See, e.g.*, *INS v. Aguirre–Aguirre*, 526 U.S. 415, 425 (1999). Thus, any decision by this Court on the merits prior to the Attorney General's will cease to be controlling when the Attorney General issues his decision. *See, e.g.*, *Brand X*, 545 U.S. at 982-83 (an agency's reasonable resolution of an ambiguous statutory provision trumps the court's prior, inconsistent resolution of the ambiguity). For similar reasons, should this Court rule on Plaintiffs' claims prior to the Attorney General's decision, it is very likely that either or both parties would seek reconsideration or appeal this

DEFENDANTS' MOTION FOR
RELIEF FROM DEADLINES

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

Court's decision in light of the Attorney General's decision, thereby expending resources of both the Court and the parties that could be preserved by litigating the issue once, *after* the Attorney General issues his precedent decision. *See McMenemy v. Colonial First Lending Grp., Inc.*, No. 2:14-CV-001482, 2015 WL 1137344, at *2 (E.D. Cal. Mar. 12, 2015) (holding that absent a stay, there is a "substantial risk of duplication of proceedings and waste of judicial resources"); *CMAX, Inc. v Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (a stay can serve "the orderly course of justice" by "simplifying" the issues.").

Because Plaintiffs' claims would be foreclosed in whole or in part if the Attorney General overrules *Matter of X-K-*, this Court may never even have to reach the merits of Plaintiffs' motion for preliminary injunction, and thus a stay would promote an efficient use of juridical resources.[1] If the Court "do[es] not decide it now, [it] may never need to. Not only does this rationale protect the expenditure of judicial resources, but it comports with [the Court's] theoretical role as the governmental branch of last resort. Article III courts should not make decisions unless they have to." *National Treasure Employees Union v. United States*, 101 F.3d 1423, 1431 (D.C. Cir. 1996) (citing *Allen v. Wright*, 468 U.S. 737, 752 (1984)). Allowing the Attorney General to issue his decision first will, as in many agency contexts, allow the agency to potentially "take action that would render unnecessary [the Court's] consideration of constitutional issues." *See El Rescate*, 959 F.2d at 747. And that is true regardless of whether the agency may rule on a constitutional issue in the first instance, because an agency may review "the many threshold questions that may accompany a constitutional claim and to which the [agency] can apply its expertise," thereby obviating the need for an Article III court to reach the issue at all. *See Elgin v. Dep't of Treasury*, 567 U.S. 1, 22, (2012).

Furthermore, in issuing his decision, the Attorney General, as the head of EOIR, "can bring [his] expertise to bear upon the matter; [he] can evaluate the evidence; [he] can make an initial determination; and, in doing so, [he] can, through informed discussion and analysis, help a court

---

[1] If Plaintiffs are no longer entitled to a bond hearing at all after the Attorney General's decision, their claims regarding the procedures to be applied in their bond hearings will necessarily be moot.

7

DEFENDANTS' MOTION FOR
RELIEF FROM DEADLINES

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

later determine whether its decision exceeds the leeway that the law provides." *INS v. Ventura*, 537 U.S. 12, 17 (2002). And, because the Attorney General has solicited amicus briefs, he will have the benefit of thorough briefing from all interested parties before him,[2] unlike this Court. Thus, staying this case until the Attorney General issues his decision may avoid unnecessary and possibly premature litigation. *See, e.g.*, *US WEST Communs., Inc. v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1118 (9th Cir. 1999) (noting "the court's interests in avoiding unnecessary adjudication and in deciding issues in a concrete setting"); *see also Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 735-36 (1998) ("[F]rom the agency's perspective, immediate judicial review . . . could hinder agency efforts to refine its policies" and "interfere with the system that Congress specified for the agency to reach forest logging decisions").

A stay will also "avoid possible inconsistent decisions." *Sims v. AT&T Mobility Servs. LLC*, No. 2:12-CV-02702-JAM-AC, 2013 WL 753496, at *8 (E.D. Cal. Feb. 27, 2013). The Court's decisions on the motion for preliminary injunction may be inconsistent with the Attorney General's decision, requiring the parties to brief—and the Court to consider—the impact of the Attorney General's decision on its past ruling, and potentially causing confusion in the implementation and execution of either a preliminary injunction order, or the Attorney General's decision.

Finally, the issue of whether aliens detained under section 1225(b) are eligible for a bond hearing at all, and if so, when—as well as the proper allocation of the burden of proof—is currently being litigated before the Ninth Circuit on remand from the Supreme Court. *See Rodriguez v. Jennings*, 887 F.3d 954 (Mem.) (9th Cir. 2018). Thus, this Court should stay resolution of that claim for that independent reason. *See Rodriguez v. Jennings*, 887 F.3d 954 (Mem.) (9th Cir. 2018).

## II.    An abeyance will not harm any party.

A stay does not benefit or harm either party. First, the named Plaintiffs have all received bond hearings already, and in fact have been released from immigration custody. *See generally* Motion to Dismiss. And the proposed Bond Hearing Class will continue to receive bond hearings

---

[2] Indeed, Plaintiffs' counsel in this case may choose to file a brief before the Attorney General.

DEFENDANTS' MOTION FOR
RELIEF FROM DEADLINES

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

under *Matter of X-K-* while that case remains valid, as Plaintiffs acknowledge. *See* ECF 45 at 4 n.2 ("Proposed class members are eligible for bond hearings unless and until the decision is vacated."). If the Attorney General revisits *Matter of X-K-* and reaffirms the holding, nothing will have changed for Plaintiffs, and this Court can proceed with resolution of the merits of the pending motions fully informed that the Attorney General has issued a "controlling" decision that aliens such as Plaintiffs are entitled to bond hearings under section 1226(a). *See* 8 U.S.C. § 1103(a)(1). Should the Attorney General overturn *Matter of X-K-*, and hold that aliens such as Plaintiffs remain detained under section 1225(b)(2), and are thus not entitled to a bond hearing under section 1226(a), Plaintiffs' claims for a bond hearing would be foreclosed, as discussed above. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 845 (2018). Either way, staying proceedings ensures that the Court and the parties do not expend resources unnecessarily litigating an issue which may no longer even need resolution before this Court, and even if it does, would be greatly informed by the Court's consideration of the Attorney General's forthcoming decision. *See, e.g.*, *Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 849 (9th Cir. 2007) ("we conclude that the district court should have declined to exercise jurisdiction on prudential ripeness grounds, given the inadequately developed record and the absence of a showing that withholding jurisdiction would impose hardship on the parties.").

Furthermore, Defendants anticipate that any stay or abeyance would be brief. The Attorney General has set a deadline of November 9, 2018, for interested amici to submit briefs. *See Matter of M-S-*, 27 I&N Dec. 476 (A.G. 2018). After that, he will take the case under consideration and issue a decision. Although Defendants cannot provide a timeline as to when he will issue a decision, because briefing on this motion for preliminary injunction will not be complete until October 26, 2018,[3] and the instant motion is noted for that same date, Defendants anticipate that

---

[3] Additionally, the motion to dismiss and motion for class certification remain pending at this time. Defendants contend that it would be appropriate for the Court to resolve the motion to dismiss prior to turning to the motion for preliminary injunction, as if the case is subject to dismissal, consideration of the motion to dismiss first would conserve the resources of the Court. Even if this Court did not grant the motion to dismiss, it should also resolve the motion for class certification before the motion for preliminary injunction, so that it may understand that scope of any relief.

DEFENDANTS' MOTION FOR
RELIEF FROM DEADLINES

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

1  any stay would be minimal.

2        Accordingly, because the issues presented in Plaintiffs' motion for preliminary injunction

3  (and the two other pending motions now before the court) are closely intertwined with, and

4  potentially will be resolved by, *Matter of M-S-*, presently pending before the Attorney General for

5  review, the Court should place this case in abeyance and grant relief from all deadlines so that the

6  Attorney General may exercise his authority to decide a legal issue bearing directly upon resolution

7  of those motions.

8  Dated: October 18, 2018                    Respectfully submitted,

9
10                                            JOSEPH H. HUNT
                                              Assistant Attorney General
                                              Civil Division
11
12                                            WILLIAM C. PEACHEY
                                              Director
13                                            Office of Immigration Litigation,
                                              District Court Section
14
15                                            EREZ REUVENI
                                              Assistant Director
16
17                                            */s/Lauren Bingham*
                                              LAUREN BINGHAM, Fl. Bar No. 105745
18                                            Trial Attorney
                                              Office of Immigration Litigation,
19                                            District Court Section
                                              United States Department of Justice
20                                            P.O. Box 868, Ben Franklin Station
                                              Washington, DC 20044
21                                            Phone: (202) 616-4458
22                                            Lauren.C.Bingham@usdoj.gov

23                                            JOSEPH DARROW
24                                            Trial Attorney

25                                            *Counsel for Defendants*

26
   _____
27  Furthermore, if class certification is denied, there is no preliminary relief to issue, as both proposed
28  Bond Hearing class representatives have already received their bond hearings and been released.
    The propriety of resolving these two pending motions first underscores the brief nature of any stay.

DEFENDANTS' MOTION FOR                                    Department of Justice, Civil Division
RELIEF FROM DEADLINES                                        Office of Immigration Litigation
                                                            P.O. Box 868 Ben Franklin Station
(Case No. 2:18-cv-00928-MJP)                                      Washington, D.C. 20044
                                                                    (202) 616-4458

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 18, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically filed Notices of Electronic Filing.

*/s/ Lauren Bingham*
Trial Attorney
United States Department of Justice

DEFENDANTS' MOTION FOR
RELIEF FROM DEADLINES

Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044

(Case No. 2:18-cv-00928-MJP)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# [PROPOSED] ORDER

This matter having come before the Court on Defendants' motion for relief from deadlines, Plaintiffs' response, and Defendants' reply, upon due consideration Defendants' motion is HEREBY GRANTED. This case is placed in abeyance until the Attorney General issues his decision in *Matter of M-S-*, 27, I&N Dec. 476 (A.G. 2018).

Defendants are hereby ORDERED to notify this Court within three business days of the Attorney General's decision in *Matter of M-S-*. The parties are further ORDERED to submit a joint status report detailing whether additional briefing is necessary within 14 days of Defendants' notice of decision.

DATED this _____ day of _____, 2018.

_____

THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION FOR
RELIEF FROM DEADLINES

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458