*The Honorable Marsha J. Pechman*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YOLANY PADILLA, IBIS GUZMAN, BLANCA
ORANTES, BALTAZAR VASQUEZ,

                      Plaintiffs-Petitioners,

    v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
("ICE"); U.S. DEPARTMENT OF HOMELAND
SECURITY ("DHS"); U.S. CUSTOMS AND BORDER
PROTECTION ("CBP"); U.S. CITIZENSHIP AND
IMMIGRATION SERVICES ("USCIS"); EXECUTIVE
OFFICE FOR IMMIGRATION REVIEW ("EOIR");
THOMAS HOMAN, Acting Director of ICE; KIRSTJEN
NIELSEN, Secretary of DHS; KEVIN K. McALEENAN,
Acting Commissioner of CBP; L. FRANCIS CISSNA,
Director of USCIS; MARC J. MOORE, Seattle Field Office
Director, ICE, JEFFERSON BEAUREGARD
SESSIONS III, United States Attorney General; LOWELL
CLARK, warden of the Northwest Detention Center in
Tacoma, Washington;  CHARLES INGRAM, warden of the
Federal Detention Center in SeaTac, Washington;  DAVID
SHINN, warden of the Federal Correctional Institute in
Victorville, California; JAMES JANECKA, warden of the
Adelanto Detention Facility;

                      Defendants-Respondents.

No. 2:18-cv-928  MJP

**DEFENDANTS'
RESPONSE TO
PLAINTIFFS' REPLY TO
DEFENDANTS' MOTION
FOR RELIEF FROM
DEADLINES**

i
DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE
TO MOTION FOR RELIEF FROM DEADLINES
(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

Defendants respectfully submit this Reply to Plaintiffs' Response in Opposition to Defendants' Motion for Relief from Deadlines (ECF 84). This Court should grant an abeyance in this case because (I) Plaintiffs would suffer no harm from an abeyance when the named Plaintiffs have already been released on bond and all putative class members will continue to receive bond hearings under *Matter of X-K-* and (II) litigating issues subsidiary to *Matter of X-K-* before the Attorney General has ruled will waste judicial and the parties' resources.

## ARGUMENT

I. **Plaintiffs would suffer no harm from a short stay because all named Plaintiffs have received bond hearings and the proposed class will continue to receive bond hearings under *Matter of X-K-*.**

Plaintiffs' harm arguments center on the proposed class, not the named Plaintiffs—as there is no cognizable argument that named Plaintiffs would suffer any harm from an abeyance whatsoever, because they all have received bond hearings and have been released from immigration custody.

There also is no legally cognizable harm to the proposed Bond Hearing Class. They will continue to receive bond hearings under *Matter of X-K-*, as Plaintiffs concede. *See* ECF 45 at 4 n.2 ("Proposed class members are eligible for bond hearings unless and until the decision is vacated."). Those hearings are held promptly, and the claim here relates to a very small difference between when Plaintiffs seek hearings (within seven days) and when hearings are in fact held consistent with the ongoing important competing obligations of the immigration courts—many of which also relate to detained aliens. *See* PI Opp., ECF 82, at 10-11.

This short difference of time for scheduling a bond hearing cannot constitute legally cognizable harm: the Supreme Court in *Jennings* held that the statute at issue requires detention during the pendency of immigration proceedings. *Jennings v. Rodriguez*, 138 S. Ct. 830, 845 (2018). There, the Court explained that "[8 U.S.C.] §§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Id.* And prior to its reversal in *Jennings*, the Ninth Circuit held that bond hearings would be required only after the passage of six months. *Rodriguez v. Robbins*, 804 F.3d 1060, 1069-71 (9th Cir. 2015) (*reversed*). The bond hearings that occur under *Matter of X-K-* are

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE
TO MOTION FOR RELIEF FROM DEADLINES
(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

held much more quickly than this outer bound approved by the now-vacated *Rodriguez* decision.

As it currently stands, and will continue to under an abeyance, the proposed class will receive prompt bond hearings under *Matter of X-K-* and remain in the United States while their asylum claims are pending. Plaintiffs' assertion that class members will abandon asylum claims if they do not receive a bond hearing within seven days—as opposed to promptly and consistent with immigration court schedules—is not consistent with their assertions relating to the severity of the harm that will ensue. *See* ECF 84 at 8 (stating aliens likely to "return to likely persecution, torture, or death" and "give up their cases" due to the timing of bond hearings). This rationale does not call for moving ahead at this time when viewed next to the holding in *Jennings*—where the challenge relates to much longer periods of detention—and the Supreme Court's explanation that aliens in detention must make difficult choices when seeking immigration relief. *Demore v. Kim*, 538 U.S. 510, 530 n.14 (2003) (noting that "there is no constitutional prohibition against requiring parties to make" "difficult judgments as to which course to follow") (internal quotation marks and citation omitted). Importantly, Plaintiffs have not named a single class member who has gone without a bond hearing through the course of this litigation or anyone who has left the United States and faced harm due to the small difference in the timing of bond hearings. Any harm from an abeyance is purely theoretical and outweighed by the judicial efficiency of avoiding unnecessary litigation that will need reconsideration. *See, e.g.*, *Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 849 (9th Cir. 2007) ("[W]e conclude that the district court should have declined to exercise jurisdiction on prudential ripeness grounds, given the inadequately developed record and the absence of a showing that withholding jurisdiction would impose hardship on the parties.").

Furthermore, as Defendants have detailed, Defendants anticipate that any stay or abeyance would be brief because the Attorney General has set a deadline of November 9, 2018, for interested amici to submit briefs, meanwhile briefing on the preliminary injunction motion will not be complete until October 26, 2018, and the instant motion is noted for that same date. Plaintiffs' brief shows that the Attorney General makes decisions within a short timeframe, sometimes the same day that he certifies the case, other times in three months, and at longest within five months.

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE
TO MOTION FOR RELIEF FROM DEADLINES
(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

ECF 84 at 5-6. The Attorney General first certified this *Matter of X-K-* question on September 18, 2018. *See id.* at 6. By the time that the preliminary injunction motion in this case is fully briefed, the Attorney General will have reviewed the issue for five weeks. There is no reason to believe that the abeyance would be long in this case. Because Plaintiffs will suffer no harm, this Court should grant an abeyance.

## II. Litigating issues subsidiary to *Matter of X-K-* before the Attorney General has ruled will unnecessarily consume judicial and party resources.

Plaintiffs contend that they cite *Matter of X-K-* as merely "evidencing the availability of bond hearings" but proceed to argue at length that *Matter of X-K-*'s holding "cannot . . . change[,]" as they maintain that *Matter of X-K-* is *mandated* by the Constitution and by statute. ECF 84, at 1, 12. Plaintiffs' complaint, however, does not claim that bond hearings are required by the Constitution or statute—instead, they claim that the Constitution is violated by "*prolonging . . .* detention by *delaying* their bond hearing[s]" provided for in *Matter of X-K*. Second Am. Compl. ¶ 151; *see id.* ¶ 152 (government detaining for "unreasonable time awaiting a bond hearing"); *id.* ¶ 155 (APA violated by "unreasonable time awaiting a bond hearing"). Plaintiffs would need to amend their complaint (on behalf of a plaintiff with standing) if they sought to challenge the determination—should one be made—that the INA did not permit bond hearings in these circumstances. Such an allegation would of course be premature at this time, providing a further reason to temporarily stay the case. Plaintiffs' attempt to litigate what is currently a hypothetical determination by the Attorney General shows the propriety of an abeyance in this case. Plaintiffs and Defendants are in agreement that a change in *Matter of X-K-* could alter the legal landscape of the present case. Waiting until the Court has a complete view of the future legal landscape and the effects that the Attorney General's decision will also preserve judicial resources.

In acknowledging that any class certified or relief granted would promptly require reconsideration after the administrative decision, Plaintiffs essentially agree that there is a "substantial risk of duplication of proceedings and waste of judicial resources" without an abeyance in this case. *McMenemy v. Colonial First Lending Grp., Inc.*, No. 2:14-CV-001482 JAM A, 2015 WL 1137344, at *2 (E.D. Cal. Mar. 12, 2015). If this Court were to grant preliminary

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE
TO MOTION FOR RELIEF FROM DEADLINES
(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

injunctive relief or define a class before *Matter of M-S-* is decided, it would need to immediately reconsider those determinations after that decision has been published. Plaintiffs acknowledge as much when they state that "this Court has ample authority, where appropriate, to modify any class definition or order granting preliminary injunctive relief." ECF 84 at 9. But whether this Court has the ability to modify its orders is distinct from whether it should move forward with litigation of these claims where the legal landscape will soon change significantly. Doing so would likely be inefficient and duplicative, as any decision made now cannot fully contend with an Attorney General decision that has not yet been made. A delay is particularly warranted given the short period of time at issue in this litigation, where bond hearings are now provided promptly consistent with immigration court schedules, but plaintiffs seek to impose a seven day limit. No matter if the Attorney General upholds *Matter of X-K-* or alters it, this Court will need to modify any rulings to reflect that change and its prior rulings will be to varying extents obsolete. Hence, the preservation of judicial resources warrants an abeyance.

## CONCLUSION

For these reasons and those in its Motion for Relief from Deadlines, ECF 83, this Court should grant an abeyance in this case pending the Attorney General's decision in *Matter of M-S-*. In the alternative, if this Court does not believe that a full abeyance is warranted, it should at least postpone class certification and ruling on the preliminary injunction motion with respect to the Bond Hearing Class.[1]

---

[1] Further, the Ninth Circuit is currently considering the issue of the proper allocation of the burden of proof in bond hearings under sections 1225 and 1226, which also warrants an abeyance on that issue. *See Rodriguez v. Jennings*, 887 F.3d 954 (Mem.) (9th Cir. 2018).

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE
TO MOTION FOR RELIEF FROM DEADLINES
(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

1   Dated: October 26, 2018

2                                                    Respectfully submitted,

3                                                    JOSEPH H. HUNT
                                                     Assistant Attorney General
4                                                    Civil Division

5                                                    WILLIAM C. PEACHEY
                                                     Director
6                                                    Office of Immigration Litigation,
                                                     District Court Section
7
                                                     EREZ REUVENI
8                                                    Assistant Director

9                                                    */s/Lauren C. Bingham*
10                                                   LAUREN C. BINGHAM
                                                     Trial Attorney
11                                                   Office of Immigration Litigation,
                                                     District Court Section
12                                                   United States Department of Justice
                                                     P.O. Box 868, Ben Franklin Station
13                                                   Washington, DC 20044
                                                     Phone: (202) 616-4458
14                                                   Lauren.C.Bingham@usdoj.gov
15
16                                                   SARAH S. WILSON
                                                     Assistant United States Attorney
17
18                                                   JOSEPH DARROW
                                                     FRANCESCA M. GENOVA
19                                                   Trial Attorneys

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE
TO MOTION FOR RELIEF FROM DEADLINES
(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically filed Notices of Electronic Filing.

*/s/ Lauren C. Bingham*
Trial Attorney
United States Department of Justice

DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE
TO MOTION FOR RELIEF FROM DEADLINES
(Case No. 2:15-cv-01543-RSM)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 532-4700