*The Honorable Marsha J. Pechman*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOLANY PADILLA, IBIS GUZMAN, BLANCA ORANTES, BALTAZAR VASQUEZ,<br><br>Plaintiffs-Petitioners,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"); U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); U.S. CUSTOMS AND BORDER PROTECTION ("CBP"); U.S. CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"); EXECUTIVE OFFICE FOR IMMIGRATION REVIEW ("EOIR"); THOMAS HOMAN, Acting Director of ICE; KIRSTJEN NIELSEN, Secretary of DHS; KEVIN K. McALEENAN, Acting Commissioner of CBP; L. FRANCIS CISSNA, Director of USCIS; MARC J. MOORE, Seattle Field Office Director, ICE, JEFFERSON BEAUREGARD SESSIONS III, United States Attorney General; LOWELL CLARK, warden of the Northwest Detention Center in Tacoma, Washington; CHARLES INGRAM, warden of the Federal Detention Center in SeaTac, Washington; DAVID SHINN, warden of the Federal Correctional Institute in Victorville, California; JAMES JANECKA, warden of the Adelanto Detention Facility;<br><br>Defendants-Respondents. | No. 2:18-cv-928 MJP<br><br>**DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>NOTE ON MOTION CALENDAR: DECEMBER 26, 2018. |

DEFENDANTS' MOTION FOR RECONSIDERATION

(Case No. 2:18-cv-00928-MJP)

i

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

# INTRODUCTION

Defendants move for reconsideration of this Court's ruling on Defendants' motion to dismiss the putative Credible Fear Interview (CFI) class's constitutional claim for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(A)(i) and (iv). ECF 91 (Order). Plaintiffs seek an injunction requiring the Secretary of Homeland Security to complete all credible fear determinations for individuals subject to expedited removal orders under section 1225(b)(1) within ten days. Defendants moved to dismiss that claim based on section 1252(a)(2)(A)(iv) and 1252(a)(2)(A)(i), which prohibit this Court from enjoining "procedures and policies adopted by the [Secretary] to implement the provisions of section 1225(b)(1)," and from reviewing any "cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)." The Courts' order on the motion to dismiss, however, omits any discussion of section 1252(a)(2)(A)(iv) and addresses only a narrow portion of the text of section 1252(a)(2)(A)(i). Instead, the Court relied on the Supreme Court's analysis of a markedly different jurisdictional provision—8 U.S.C. § 1252(b)(9)—in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), to conclude that it has jurisdiction over the claim. Order 6-7.

Reconsideration is warranted based on the Court's failure to address section 1252(a)(2)(A)(iv) in the first instance, and to more carefully analyze the complete text of section 1252(a)(2)(A)(i). The Court's reliance on *Jennings* is misplaced as the text of the claim-channeling provision at issue in *Jennings* bears no resemblance to the text of section 1252(a)(2)(A)(iv) and is substantially narrower than the bar contained in section 1252(a)(2)(A)(i). The Court incorrectly focused on Plaintiffs' characterizations of the CFI claim as an "arbitrary prolonged detention challenge" to assert jurisdiction, but failed to account for the important difference in the injunctive relief sought here. Although putative CFI class members may file habeas petitions to challenge the constitutionality of their detention, they cannot, consistent with sections 1252(a)(2)(A) and (e), seek classwide (or nationwide) changes to the Secretary's administration of the credible fear process as a remedy. To the extent those procedures are subject to review, the challenge must be brought in the District Court for the District of Columbia exclusively.

DEFENDANTS' MOTION FOR RECONSIDERATION

(Case No. 2:18-cv-00928-MJP)

1

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

**BACKGROUND**

Plaintiffs initially brought three claims on behalf of the putative CFI class, all seeking relief in the form of an injunction requiring that Defendants issue all credible fear determinations nationwide within ten days of an individual claiming a fear of returning to their country of origin. Plaintiffs quickly abandoned their claim that this timeline could be imposed as a matter of statutory asylum law, *see* Order 5, and this Court determined that the requested relief could not be imposed on a classwide basis under the Administrative Procedure Act, Order 10-12. The putative CFI class's sole remaining claim alleges a constitutional entitlement to the same relief. *See* ECF 26.

Defendants moved to dismiss the putative CFI class's constitutional claims for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(A)(i), (iv) and 1252(e). Section 1252(a)(2)(A) directs that this Court "shall [not] have jurisdiction to review" "procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1)." 8 U.S.C. § 1252(a)(2)(A)(iv). It also eliminates this Court's jurisdiction over "any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)." *Id.* § 1252(a)(2)(A)(i). Section 1252(e)(3) requires that any challenge to whether section 1225(b)(1)'s provisions governing credible fear interviews and timing or regulations implementing those provisions are "constitutional," or whether to "implement[ation]" of these statutory and regulatory provisions is "in violation of law," be raised exclusively in the District Court for the District Columbia. *Id.* § 1252(e)(3)(A)(i). As to both types of challenges, Section 1252(e)(1)(B) prevents any Court, including this one, from certifying a class to litigate any permitted challenge to section 1225(b)(1).

This Court denied the motion to dismiss the CFI class's constitutional claim for lack of jurisdiction. Order 6-7. In finding jurisdiction, the Court analyzed the Supreme Court's recent decision in *Jennings*, 138 S. Ct. 830, in which the Supreme Court determined that 8 U.S.C. § 1252(b)(9) does not require prolonged detention challenges be brought in conjunction with a petition for review following entry of a final order of removal. *Id.* Section 1252(b)(9) provides,

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this

2

DEFENDANTS' MOTION FOR
RECONSIDERATION

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

> subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

In *Jennings*, the Supreme Court did not analyze any other provision of section 1252, and specifically reserved the question of whether classwide injunctive relief from an unconstitutional application of section 1225(b)(1) is available under 8 U.S.C. § 1252(f)(1). Although this Court acknowledged that the "Plaintiffs' factual circumstances and the relief which they seek are not on all fours with the petitioner in [*Jennings*]," the Court found no difference in "the constitutional issue ('arbitrary prolonged detention') at stake." *Id*. at 6. In this Court's view, this was enough to confer jurisdiction over a request to modify the Secretary's existing procedures for implementing section 1225(b)(1) to require all claims be processed within ten days.

## ARGUMENT

The Court erred in finding jurisdiction over the putative CFI class's constitutional claim. The Court incorrectly focused on the nominal similarity of Plaintiff's claim with the claim at issue in *Jennings* without considering the text of section 1252(a)(2)(A), (e)(3)'s jurisdictional provisions or applying them to the unique relief sought by the putative CFI class. Under the Immigration Nationality Act, putative CFI class members are limited to seeking habeas relief for their prolonged detention claims or pursuing a systematic challenge to section 1225(b) or its implementation in the District Court for the District of Columbia consistent with the limitations found in section 1252(e). This Court lacks jurisdiction over the constitutional claim and to enter the relief sought.

### I.   Section 1252(a)(2)(A)(iv) eliminates the Court's jurisdiction to dictate processing times for credible fear determinations.

Both the claim and the relief sought by the putative CFI class are foreclosed by section 1252(a)(1)(A)(iv)'s bar on review of "procedures and policies adopted by the [Secretary] to implement the provisions of section 1225(b)(1)." The putative CFI class's constitutional claim is a challenge to the Secretary's failure to adopt procedures that ensure all determinations issue within ten days. And regardless of Plaintiffs' framing of the claim as a challenge to "prolonged detention," the relief sought by Plaintiffs would impose a new, across-the-board procedural requirement into

DEFENDANTS' MOTION FOR RECONSIDERATION
(Case No. 2:18-cv-00928-MJP)
3
Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

the statute governing the Secretary's implementation of the credible fear process. The claim and the requested relief go to the heart of subsection (iv)'s jurisdictional bar and require dismissal for lack of jurisdiction.

The Court did not discuss section 1252(a)(2)(A)(iv) in its order on the motion to dismiss, and instead relied on the Supreme Court's interpretation of a different jurisdictional provision—8 U.S.C. § 1252(b)(9)—as applied to a different claim for relief. ECF 91 at 6-7 (citing *Jennings*, 138 S. Ct. 830). But this Court's analysis of *Jennings* is inapplicable to the scope of section 1252(a)(2)(A)(iv) because it does not share any similarities or text with the provision analyzed in *Jennings*. Unlike section 1252(b)(9), the scope of section 1252(a)(2)(A)(iv)'s bar is not linked to a removal order. Thus, this Court's discussion of whether the timing of a credible fear determination is sufficiently connected to the removal order, Order 6, is irrelevant to any determination regarding the applicability of subsection (iv) here. As discussed above, the relevant question under subsection (iv) is whether the challenge is to the implementation of section 1225(b)(1). The Secretary's decision whether to bind the agency to a non-statutory deadline is an implementation decision that is protected from review under subsection (iv).

Although the Court suggests that "statutory restrictions on judicial review cannot preclude a challenge to the overall constitutionality of the legislation or whether it is being applied in a constitutional fashion," Order 7, this is at odds with Section 1252(e)(3)(A) and incorrectly states Defendants' position. Section 1252(e)(3)(A) independently requires that challenges to the constitutionality of section 1225(b)(1) or the "procedures and policies adopted by the [Secretary] to implement the provisions of section 1225(b)(1)," be raised exclusively in the District of Columbia. Moreover, it is not the case that challenges to the constitutionality of section 1225(b) and its implementation are categorically barred as this Court suggested; rather they must be raised in the District of Columbia, which has exclusive jurisdiction to determine if such claims are viable in the first instance. *See, e.g.*, *Dugdale v. U.S. CBP*, 88 F. Supp. 3d 1, 8-9 (D.D.C. 2015).[1]

---

[1] That Congress chose to limit where and how such claims must be raised in no way means a forum has been unconstitutionally denied. *See J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016). "[J]udgments about the proper scope of the writ are normally for Congress to make," *Felker v. Turpin*, 518 U.S. 651, 664 (1996), and so Congress

DEFENDANTS' MOTION FOR RECONSIDERATION

(Case No. 2:18-cv-00928-MJP)

4

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

The Court cannot extract hidden meaning from the Supreme Court's decision *not* to discuss section 1252(a)(2)(A)(iv) in *Jennings*. Subsection (iv) was never argued by the parties and, unlike section 1252(b)(9), is inapplicable to the question of statutory interpretation decided by the Supreme Court in *Jennings*. *Compare* 8 U.S.C. § 1252(b)(9) (applying to "all questions of law and fact, including *interpretation and application* of . . . statutory provisions) (emphasis added) *with id.* § 1252(a)(2)(A)(iv) (applying to challenges to the "*constitutional[ity] of* section 1225(b) and the Secretary's "*implement[ation]*" of section 1225(b)(1) (emphasis added)).

Finally, even if *Jennings* applied here, nothing in *Jennings* suggests that that the Court has the authority to force policy-level changes to the credible fear process as a remedy for a prolonged immigration detention challenge. Section 1252(a)(2)(A)(iv) does not bar challenges to prolonged mandatory detention and putative CFI classmembers are free to file an individual habeas petitions challenging the constitutionality of their detention, the appropriate remedy for which would be the Court ordering the end of their mandatory detention. *See Munaf v. Geren*, 553 U.S. 674, 698 (2008). But labeling a claim a prolonged detention challenge does not grant the Court jurisdiction to modify procedures that are otherwise expressly shielded from judicial review. Nor do 28 U.S.C. § 2241 or *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011), *cf.* Order 7-8, permit that kind of end-run around an unambiguous jurisdictional bar. Plaintiffs' characterization of their claims aside, section 1252(a)(2)(A)(iv) prevents this Court from imposing across-the-board changes to the agency's credible fear processing procedures as a remedy for the claim. The claim should therefore be dismissed.

## II. The Court's jurisdictional analysis fails to account for key differences between section 1252(a)(2)(A)(i) and section 1252(b)(9).

The Court's reliance on *Jennings*' reading of section 1252(b)(9) in construing section 1252(a)(2)(A)(i), Order 6-7, was also erroneous. The text of section 1252(a)(2)(A)(i) and section 1252(b)(9) are notably different. Where section 1252(b)(9) eliminates jurisdiction over claims

---

may limit where such claims may be brought and whether class action or injunctive relief is available. *See Crater v. Galaza*, 491 F.3d 1119, 1125 (9th Cir. 2007). That class action remedies are not available under section 1252(e)(3) does not permit this Court to circumvent the INA's claim-channeling provisions. *See J.E.F.M.*, 837 F.3d at 1031.

DEFENDANTS' MOTION FOR RECONSIDERATION

(Case No. 2:18-cv-00928-MJP)

5

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

"*arising from* any action taken or proceeding brought to remove an alien from the United States" (emphasis added), section 1252(a)(2)(A)(i) eliminates jurisdiction over any "cause or claim *arising from or relating to* the implementation or operation of an order of removal pursuant to section 1225(b)(1)." (Emphasis added). The addition of "relating to" to "arising from" makes section 1252(a)(2)(A)(i) substantially broader than section 1252(b)(9). "Although Courts have consistently have recognized that the term 'arising from' requires more than a . . . tenuous connection to a triggering event," Courts interpret "related to" to encompass claims with only a weak connection to the triggering event. *Aguilar v. U.S. ICE* 510 F.3d 1, 10 (1st Cir. 2007); *see, e.g., Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27 n.32 (1983); *Humphries v. USINS*, 164 F.3d 936, 942 (5th Cir. 1999). This Court failed to discuss the scope of section 1252(a)(2)(A)(i) or to acknowledge clear differences between it and the scope of section 1252(b)(9). As a result, the Court erred in relying on *Jennings* in permitting the claims here.

The Court also erred in determining that the putative CFI class "is not challenging any part of the process by which [Plaintiffs'] removability will be determined." Order 7. All putative CFI class members have been ordered removed and will be released from that order *only* if they demonstrate a credible fear of removal, 8 U.S.C. § 1225(b)(1)(B)(iii)(I), making the credible fear determination the very process through which their removability or relief therefrom will be determined. In contrast, the petitioners in *Jennings* challenged only the constitutionality of their mandatory detention, separate and apart from any aspect of their removal or expedited removal proceedings. They sought to remedy their detention by ending their mandatory detention with a bond hearing and not through substantive changes to the removal determination process itself. Even if the Court correctly concluded that, like the *Jennings* petitioners, Plaintiffs here are challenging their "arbitrary prolonged detention," the Court was still required to examine whether the challenge seeks alterations to the process through which the expedited removal order is entered, including the timing of credible fear determinations. Otherwise, the Court has not determined whether the claim "is related to" the expedited removal order. Because challenges to the timing of the credible fear determination arise from—and certainly relate to—the "implementation or operation of an order of" expedited removal, the Court should reconsider its order.

DEFENDANTS' MOTION FOR RECONSIDERATION

(Case No. 2:18-cv-00928-MJP)

6

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

| | |
|---|---|
| Dated: December 26, 2018 | Respectfully submitted, |
| | JOSEPH H. HUNT<br>Assistant Attorney General<br>Civil Division |
| | WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation,<br>District Court Section |
| | EREZ REUVENI<br>Assistant Director |
| | */s/Lauren Bingham*<br>LAUREN BINGHAM, Fl. Bar No. 105745<br>Trial Attorney<br>Office of Immigration Litigation,<br>District Court Section |
| | */s/ Sarah Stevens Wilson*<br>SARAH STEVENS WILSON<br>Assistant United States Attorney<br>GA Bar No. 212212<br>United States Department of Justice<br>1801 Fourth Avenue North<br>Birmingham, AL 35213<br>Phone: (205) 244-2140<br>Sarah.Wilson2@usdoj.gov |
| | *Counsel for Defendants* |

7

DEFENDANTS' MOTION FOR
RECONSIDERATION

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically filed Notices of Electronic Filing.

*/s/ Sarah Wilson*
Assistant United States Attorney
United States Department of Justice

DEFENDANTS' MOTION FOR
RECONSIDERATION

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458

*The Honorable Marsha J. Pechman*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOLANY PADILLA, IBIS GUZMAN, BLANCA ORANTES, BALTAZAR VASQUEZ,<br><br>    Plaintiffs-Petitioners,<br><br>    v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"); U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); U.S. CUSTOMS AND BORDER PROTECTION ("CBP"); U.S. CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"); EXECUTIVE OFFICE FOR IMMIGRATION REVIEW ("EOIR"); THOMAS HOMAN, Acting Director of ICE; KIRSTJEN NIELSEN, Secretary of DHS; KEVIN K. McALEENAN, Acting Commissioner of CBP; L. FRANCIS CISSNA, Director of USCIS; MARC J. MOORE, Seattle Field Office Director, ICE, JEFFERSON BEAUREGARD SESSIONS III, United States Attorney General; LOWELL CLARK, warden of the Northwest Detention Center in Tacoma, Washington;  CHARLES INGRAM, warden of the Federal Detention Center in SeaTac, Washington;  DAVID SHINN, warden of the Federal Correctional Institute in Victorville, California; JAMES JANECKA, warden of the Adelanto Detention Facility;<br><br>    Defendants-Respondents. | No. 2:18-cv-928  MJP<br><br>**[PROPOSED] ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION** |

DEFENDANTS' MOTION FOR RECONSIDERATION

(Case No. 2:18-cv-00928-MJP)

i

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

1   For good cause shown, Defendants' Motion for Reconsideration is GRANTED.

2

3

4                                            _____

5   DATED:

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR
RECONSIDERATION

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(202) 616-4458