Honorable Marsha J. Pechman

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

YOLANY PADILLA, *et al.*,

Plaintiffs-Petitioners,

12

v.

13

14

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, *et al.*,

15

16

Defendants-Respondents.

17

Case No. 2:18-cv-00928-MJP

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
RECONSIDERATION**

Note on Motions Calendar: January 18,
2019

18

19

20

21

22

23

PL.'S RESPONSE TO DEFENDANTS' MOT.
FOR RECONSIDERATION
Case No. 2:18 cv 00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

# INTRODUCTION

The Court should deny Defendants' motion to reconsider for three reasons.  First, the motion simply recycles arguments the Court has already considered and rejected, and therefore falls well short of meeting the high threshold of "manifest error" under Local Rule 7(h). Second, contrary to Defendants' suggestion, the Court's order did explain why the jurisdiction-limiting provisions Defendants identified are inapplicable to Plaintiffs' constitutional claim. As the Court recognized, Plaintiffs do not seek to challenge any decisions or determinations "relating to the implementation or operation of an [expedited removal] order," 8 U.S.C. § 1252(a)(2)(A)(i), or any "procedures and policies adopted by the Attorney General to implement the provisions" of the expedited removal process, *id.* § 1252(a)(2)(A)(iv). Dkt. 91 at 6-7. Rather, Plaintiffs challenge the agency's failure to take action that the statute and due process requires, namely, Defendants' failure to provide a prompt credible fear determination, resulting in arbitrary and unlawful prolonged detention. Similarly, the restrictions in 8 U.S.C. § 1252(e) are inapplicable as those only apply to the enumerated actions listed in that subsection and in § 1252(a)(2)(A). Third, the Supreme Court and Ninth Circuit precedent that this Court relied upon address parallel provisions and legal questions and are directly relevant to the jurisdictional analysis. The principles espoused in those cases cannot be disregarded simply because they do not address the precise question presented in this case. For all these reasons, the motion to reconsider should be denied.

# ARGUMENT

## I.  Reconsideration is strongly disfavored.

Local Rule 7(h) states that the Court should "ordinarily deny" a motion for reconsideration unless the moving party demonstrates "manifest error" in the Court's prior ruling

PLS.' RESPONSE TO DEFS.' MOT.
FOR RECONSIDERATION – 1
Case No. 2:18 cv 00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1  or "new facts or legal authority which could not have been brought to its attention earlier with

2  reasonable diligence." When a motion for reconsideration "merely rehashes the same arguments

3  already made and rejected by the Court," it "may be denied for this reason alone." *Ledcor Indus.*

4  *(USA) Inc. v. Virginia Sur. Co.*, No. 09-CV-01807 RSM, 2012 WL 223904, at *1 (W.D. Wash.

5  Jan. 25, 2012); *see also Anderson v. Domino's Pizza, Inc.*, No. 11-CV-902 RBL, 2012 WL

6  2891804, at *1 (W.D. Wash. July 16, 2012) (noting reconsideration is an "extraordinary remedy"

7  that "should not be granted . . . unless the district court is presented with newly discovered

8  evidence, committed clear error, or if there is an intervening change in the controlling law"

9  (citations omitted)).

10       Defendants fail to meet this stringent standard. Their arguments against the credible fear

11  interview (CFI) Class claim mirror those made in their motion to dismiss briefing. Dkt. 36 at 6-8;

12  Dkt. 76 at 2-4. They take issue with the fact that the Court did not individually address in detail

13  each subsection of 8 U.S.C. § 1252(a)(2)(A) and (e), but the Court's analysis addresses both

14  subsections in their entirety. Moreover, the Court's ruling was correct. Thus, reconsideration is

15  not appropriate.

16  ## II.       Section 1252(a)(2)(A)(iv) does not strip this Court of jurisdiction over Plaintiffs'

17  CFI claim.

18       Defendants urge the Court to reconsider their argument that 8 U.S.C. § 1252(a)(2)(A)(iv)

19  bars review of Plaintiffs' challenge to the government's practice of delaying credible fear

20  interviews. Defendants assert that the Court's order "omits any discussion of section

21  1252(a)(2)(A)(iv) and addresses only a narrow portion of the text of section 1252(a)(2)(A)(i)."

22  Dkt. 92 at 1. However, the Court's order addresses § 1252(a)(2)(A)—and specifically references

23  § 1252(a)(2)(A)(iv)—when noting that "the legislation is replete with subsections limiting

PLS.' RESPONSE TO DEFS.' MOT.
FOR RECONSIDERATION – 2
Case No. 2:18 cv 00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1    judicial review of the government's actions under the statute."  Dkt. 91 at 6. The Court

2    appropriately relied on *Rodriguez v. Marin*, 909 F.3d 252 (9th Cir. 2018) and the line of cases

3    emphasizing that courts must read jurisdiction-stripping provisions narrowly and  apply such

4    provisions only to claims that the statute expressly addresses. In this case, and as Plaintiffs

5    previously explained, Dkt. 69 at 5-7, no portion of § 1252 bars challenging the agency's failure

6    to take action that Congress requires the agency to take. *See* 8 U.S.C. § 1225(b)(1).

7          First, the text of the subsections that Defendants now cite does not apply to the claim that

8    Plaintiffs have asserted. 8 U.S.C. § 1252(a)(2)(A)(iv) bars challenges to "procedures and

9    policies . . . to implement the provisions of section 1225(b)(1)," except to the extent that

10   subsection (e)(3) permits such challenges. Subsection (e)(3), in turn, restricts such challenges to

11   (1) those that address the validity of the expedited removal system as a whole and to (2) the

12   agency's written policies and regulations that implement that system. 8 U.S.C. § 1252(e)(3)(A).

13   Indeed, the title and text of that subsection makes that purpose abundantly clear. Subsection

14   (e)(3) is entitled "[c]hallenges on validity of the [expedited removal] system" and states that

15   challenges regarding written policies and procedures implementing that system or the system's

16   constitutionality may be brought only in the District of Columbia within sixty days of that policy

17   or procedure's enactment. 8 U.S.C. § 1252(e)(3)(A)-(B).

18         However, Plaintiffs are not challenging the expedited removal system or any written

19   procedures or policies that § 1252(e) requires to be filed in the District Court for the District of

20   Columbia. Nor is their claim even one regarding "procedures and policies . . . to implement the

21   provisions of section 1225(b)(1)." 8 U.S.C. § 1252(a)(2)(A)(iv). Instead, they challenge the

22   agency's failure to take action—specifically, their failure to implement the process the statute

23   requires. This is not a challenge to "procedures and policies adopted . . . *to implement*" the

PLS.' RESPONSE TO DEFS.' MOT.
FOR RECONSIDERATION – 3
Case No. 2:18 cv 00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

expedited removal system. *Id.* (emphasis added). As the Ninth Circuit has noted, "implement" means "[t]o 'carry out, accomplish; *esp.*: to give practical effect to and ensure of actual fulfillment by concrete measure," *United States v. McIntosh*, 833 F.3d 1163, 1176 (9th Cir. 2016) (quoting *Implement*, *Merriam-Webster's Collegiate Dictionary* (11th ed. 2003)), and "[t]o put into practical effect; carry out," *id.* (quoting *Implement*, *American Heritage Dictionary of the English Language* (5th ed. 2011)). Here, Plaintiffs challenge precisely the opposite: the *failure* to "carry out" the statute's system of timely credible fear interviews for noncitizens in expedited removal. *Id.* (citation omitted). As a result, neither subsection (a)(2)(a)(iv) nor (e)(3) bars Plaintiffs' CFI claim.

As Plaintiffs acknowledged at oral argument on Defendants' motion to dismiss, the subsections that Defendants cite would apply if Defendants adopted a specific policy "to implement" § 1225(b)(1), but § 1252(a)(2)(A)(iv) is inapplicable where Defendants have not adopted any formal policy or practice. 8 U.S.C. § 1252(a)(2)(A)(iv). For example, if Defendants announced a policy articulating a two-month deadline to hold credible fear interviews after someone requests an interview, then subsections (a)(2)(A)(iv) and (e)(3) would apply, and Plaintiffs would need to bring their claim in the District of Columbia within the sixty-day deadline prescribed by § 1252(e)(3)(B). But Defendants have not, and cannot, point to regulations or a policy memorandum governing the timing of credible fear interviews that "implement" § 1225(b)(1). Accordingly, subsection (e)(3)'s channeling provisions do not apply to the credible fear interview claim Plaintiffs assert.

Moreover, Defendants' suggestion that § 1252(e)(3) applies is nonsensical for other reasons. As Plaintiffs have argued, § 1252(e)(3) "cannot apply to any claim challenging Defendants' *failure to implement the statute* because there would be no statute, regulation or

PLS.' RESPONSE TO DEFS.' MOT.
FOR RECONSIDERATION – 4
Case No. 2:18 cv 00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1    written procedure to trigger the sixty-day timeline for bringing such a challenge." Dkt. 69 at 6.

2    Instead, applying § 1252(e)(3) to a case like this one "would . . . lead to an absurd result"

3    because "it would shield Defendants' actions misapplying the statute" where noncitizens in

4    expedited removal have no ability to identify either a policy or Defendants' failure to take

5    required action within sixty days. *Id.* By its express terms, § 1252(a)(2)(A)(iv) eliminates judicial

6    review only of claims challenging "procedures and policies adopted by the Attorney General to

7    implement the provisions of [8 U.S.C. §] 1225(b)(1)." It does not bar review of challenges to the

8    agency's failure to implement the statute.

9         Other cases involving similar jurisdiction stripping-provisions in the Immigration and

10   Nationality Act (INA) reinforce this point. For example, 8 U.S.C. § 1226(e) eliminates judicial

11   review of certain discretionary agency determinations with respect to whether to detain or release

12   persons in removal proceedings: "The Attorney General's discretionary judgment regarding the

13   application of this section shall not be subject to review. No court may set aside any action or

14   decision by the Attorney General under this section regarding the detention or release of any

15   alien the grant, revocation, or denial of bond or parole."  8 U.S.C. § 1226(e). Notwithstanding

16   the apparent breadth of this statute, federal courts have repeatedly upheld judicial review over

17   claims challenging the agency's failure to lawfully exercise its discretion. Courts have explained

18   that, while they may not review the agency's exercise of discretion to detain or release, they may

19   review the failure to exercise that discretion. Here, the Department of Homeland Security's

20   (DHS) unwillingness to take action the INA requires is "outside the bounds of its delegated

21   discretion"—or in this case, its statutory authority—and accordingly, the CFI class' claim

22   addressing that problem is reviewable. *R.I.L.R. v. Johnson*, 80 F. Supp. 3d 164, 176 (D.D.C.

23   2015) (emphasis omitted); *see also Damus v. Nielsen*, 313 F. Supp. 3d 317, 327-28 (D.D.C.

PLS.' RESPONSE TO DEFS.' MOT.
FOR RECONSIDERATION – 5
Case No. 2:18 cv 00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1   2018) (holding that court had jurisdiction to consider challenge to Defendants' failure to follow

2   its own policy regarding parole, notwithstanding § 1252(a)(2)(B)'s jurisdiction-stripping

3   provision regarding discretionary decisions like parole); *Abdi v. Duke*, 280 F. Supp. 3d 373, 384-

4   85 (W.D.N.Y. 2017) (same); *cf. Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2012) ("[C]laims

5   that the discretionary [bond] process itself was constitutionally flawed are cognizable in federal

6   court . . . ."); *Hernandez v. Sessions*, 872 F.3d 976, 987 (2017) (same).

7          Similarly, Plaintiffs' challenge is one that seeks to *enforce* the INA's credible fear

8   interview provision, 8 U.S.C. § 1225(b)(1), and remedy Defendants' abdication of their statutory

9   responsibility. Thus, the case also falls into a well-established line of decisions recognizing that

10  the INA's jurisdiction-stripping provisions do not apply where the DHS and its sub-agencies fail

11  to comply with the governing statute or with their own policy implementing the statute. *See, e.g.*,

12  *Innovation Law Lab v. Nielsen*, --- F.Supp.3d ---, No. 3:18-CV-01098-SI, 2018 WL 3631886, at

13  *4 n.1 (D. Or. July 31, 2018) (finding that § 1252(a)(2)(A)(iv) does not bar review of lawsuit

14  challenging "specific actions . . . that conflict with the very procedures and policies that

15  Defendants . . . have adopted").

16         Defendants' own concessions support the finding that this Court has jurisdiction. In their

17  motion to dismiss and motion to reconsider, Defendants concede that a detained noncitizen

18  awaiting a credible fear interview may file a habeas petition to challenge prolonged detention

19  pending the credible fear determination. Dkt 92 at 5 ("Section 1252(a)(2)(A)(iv) does not bar

20  challenges to prolonged mandatory detention and putative CFI classmembers are free to file an

21  individual habeas petitions challenging the constitutionality of their detention . . . ."); Dkt. 76 at

22  6 ("Defendants do not dispute that Plaintiffs could (consistent with 28 U.S.C. § 2241) bring a

23  habeas challenge to the reasonableness of their immigration detention, but that is not the claim

PLS.' RESPONSE TO DEFS.' MOT.
FOR RECONSIDERATION – 6
Case No. 2:18 cv 00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1    raised here."). These concessions conflict with their position that § 1252(a)(2)(A)(iv) bars

2    judicial review, including habeas review. Defendants are necessarily conceding that this type of

3    claim falls outside of the express terms of § 1252(a)(2)(A). And just as Plaintiffs are entitled

4    bring individual habeas petitions challenging the delay in their credible fear determinations—

5    notwithstanding § 1252(a)(2)(A)(iv)—they are similarly entitled to seek review from this Court

6    on the claims they have presented. Indeed, Plaintiffs asserted jurisdiction under, inter alia, the

7    habeas statute at 28 U.S.C. § 2241. Dkt. 26 ¶ 13. The habeas statute affords Plaintiffs a basis to

8    seek relief for their constitutional claim that the delay of their credible fear determinations

9    unlawfully prolongs their detention. *Id.* ¶¶ 149-150.

10       Defendants also assert that such a claim may not be brought on a classwide basis, relying

11   on § 1252(e)(1)(B). Dkt. 92 at 2, 5. Section 1252(e)(1)(B) states that no court may "certify a

12   class under Rule 23 of the Federal Rules of Civil Procedure in any action for which judicial

13   review is authorized under a subsequent paragraph of this section." But again, by its very terms,

14   this limitation only applies to actions that may be brought "under a subsequent paragraph of this

15   subsection." *Id.* It is undisputed that the challenge to prolonged detention based upon

16   Defendants' failure to take action does not fall under any "subsequent paragraph of this

17   subsection." *Id.* Defendants concede that Plaintiffs are entitled to review over an individual

18   habeas petition, yet it is clear that such a challenge does not fall under the habeas terms laid out

19   in § 1252(e)(2), the relevant "subsequent paragraph" referred to in § 1252(e)(1)(B). That section

20   enumerates three discrete actions that may be challenged through habeas, none of which covers

21   the claim that Defendants acknowledge Plaintiffs can bring: challenges to "the constitutionality

22   of their detention." Dkt. 92 at 5. Similarly, no other limiting provision under § 1252(e)

PLS.' RESPONSE TO DEFS.' MOT.
FOR RECONSIDERATION – 7
Case No. 2:18 cv 00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1    encompasses the claims brought in this action. As such, the bar to class certification at

2    § 1252(e)(1)(B) is inapplicable.

3         In addition, it is well-established that, apart from class certification under Rule 23, a

4    habeas corpus petition may proceed on a representative or class-wide basis. *See U.S. Parole*

5    *Comm'n v. Geraghty*, 445 U.S. 388, 393, 404 (1980) (holding that class representative could

6    appeal denial of nationwide class certification of habeas and declaratory judgment claims);

7    *Rodriguez v. Hayes*, 591 F.3d 1105, 1117 (9th Cir. 2010) ("[T]he Ninth Circuit has recognized

8    that class actions may be brought pursuant to habeas corpus."); *Ali v. Ashcroft*, 346 F.3d 873,

9    886-91 (9th Cir. 2003) (affirming certification of nationwide habeas and declaratory class),

10   *overruled on other grounds by Jama v. Immigration and Customs Enforcement*, 543 U.S. 335

11   (2005).

12        Thus, by acknowledging that district courts can review a prolonged detention habeas

13   claim premised on a credible fear interview delay notwithstanding subsections (e)(3) or

14   (a)(2)(A)(iv), Defendants effectively implicitly demonstrate that Plaintiffs' claim does not fall

15   with those subsections. Indeed, as Plaintiffs argue above, those subsections say nothing about the

16   type of claim Plaintiffs assert in this case. Plaintiffs' claim is simply one that challenges the

17   agency's failure to take action that the governing statute requires—a failure that unlawfully

18   prolongs Plaintiffs' detention. Similarly, Defendants try to distinguish Plaintiffs' claim based on

19   the remedy sought—a clear deadline within which the credible fear determination must be

20   made—but Defendants' disagreement as to the appropriate remedy does not go the question of

21   whether judicial review is available. *See Rodriguez*, 909 F.3d at 256-57 (affirming district court

22   jurisdiction over habeas claims and remanding for the court to determine, inter alia, "the

PLS.' RESPONSE TO DEFS.' MOT.
FOR RECONSIDERATION – 8
Case No. 2:18 cv 00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1    minimum requirements of due process to be accorded to all claimants that will ensure a

2    meaningful time and manner of opportunity to be heard").

3    **III.       Section 1252(a)(2)(A)(i) does not bar review of Plaintiffs' claim.**

4           Defendants also allege—incorrectly—that the Court erred in analogizing to *Jennings v.*

5    *Rodriguez*, 138 S. Ct. 830 (2018), and in describing the scope of Plaintiffs' claim when

6    determining that 8 U.S.C. § 1252(a)(2)(A) does not apply to this case. But, more basically,

7    Defendants fail to demonstrate that review of Plaintiffs' claim, which does not challenge any

8    action related to "the implementation or operation of" an expedited removal order, is barred by

9    the plain language of § 1252(a)(2)(A)(i). Therefore, the Court should deny the motion to

10   reconsider.

11          Absent certain exceptions not relevant here, 8 U.S.C. § 1252(a)(2)(A)(i) bars courts from

12   reviewing "any individual determination or to entertain any other cause or claim arising from or

13   relating to the implementation or operation of an order of removal pursuant to [8 U.S.C. §]

14   1225(b)(1)." But Plaintiffs only seek review over unlawful delays in credible fear interviews—

15   and thus their arbitrarily prolonged detention. An expedited removal order cannot be

16   implemented or effectuated until after this interview takes place. They do not challenge whether

17   they are properly subject to expedited removal proceedings, the substantive outcome of those

18   proceedings generally or their credible fear interviews specifically, or whether they are subject to

19   detention during such proceedings. *See also Innovation Law Lab*, 2018 WL 3631886, at *4 n.1

20   (noting that § 1252(a)(2)(A)(i) "has no effect on jurisdiction" where Plaintiffs "do not challenge

21   any determination made pursuant to § 1225(b)(1), nor Defendants' decision to invoke that

22   section's provisions"); *M.M.M. v. Sessions*, No. 18-cv-1832 DMS (MDD), 2018 WL 5819581, at

23   *4 (S.D. Cal. Aug. 16, 2018) (finding that court has jurisdiction where Plaintiffs do not

PLS.' RESPONSE TO DEFS.' MOT.
FOR RECONSIDERATION – 9
Case No. 2:18 cv 00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1    "challeng[e] the Government's ultimate decision to detain or remove" individuals with expedited

2    removal orders). Defendants claim the Court was "required to examine whether the challenge

3    seeks alterations to the process through which the expedited removal order is entered, including

4    the timing of credible fear determinations" in order to "determine[] whether the claim 'is related

5    to' the expedited removal order." *See* Dkt. 92 at 6. Significantly, however, the Court only need

6    consider whether delays in credible fear interviews are related to *the implementation or*

7    *operation of* an expedited removal order. They are not.  Rather, Defendants are *foreclosed* from

8    proceeding with or implementing an expedited removal order during the credible fear process.

9    *See* 8 C.F.R. § 235.3(b)(4). Thus, the claim at issue here necessarily does not arise from or relate

10   to the implementation or operation of such orders. *See* Dkt. 69 at 4-5.

11          In addition, Defendants incorrectly claim that the Court "erred in determining that the

12   putative CFI class 'is not challenging any part of the process by which [Plaintiffs'] removability

13   will be determined.'" Dkt. 92 at 6 (quoting Dkt. 91 at 7). Plaintiffs are only seeking credible fear

14   determinations, and Defendants themselves have previously acknowledged that "a credible fear

15   determination cannot take place unless the Plaintiffs were issued expedited removal orders." Dkt.

16   76 at 3. Plaintiffs do not challenge the propriety or validity of the expedited removal orders, i.e.

17   the process by their removability was determined. Rather, Plaintiffs, who already have been

18   found removable, challenge only delays in credible fear interviews through which they might

19   establish their eligibility for protection, asserting that these delays arbitrarily and unlawfully

20   prolong their detention.

21          Finally, Defendants suggest that the Court failed to consider the scope of

22   § 1252(a)(2)(A)(i) because it relied upon *Jennings*, which addressed a different jurisdictional

23   statute which did not include the phrase "relating to." *See* Dkt. 92 at 6. Notably, the Court did not

PLS.' RESPONSE TO DEFS.' MOT.
FOR RECONSIDERATION – 10
Case No. 2:18 cv 00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1    claim that the jurisdictional provisions at issue were identical—instead, it found no difference

2    between the underlying constitutional issue in the two cases that provided a basis for jurisdiction.

3    Dkt. 91 at 7. But regardless, it would not have been error for the Court to assess the scope of §

4    1252(a)(2)(A)(i) in light of *Jennings*, which itself relied upon cases interpreting the phrase

5    "related to" in determining that courts should "eschew[] 'uncritical literalism'" in interpreting

6    "capacious phrases" in jurisdictional statutes. *Jennings*, 138 S. Ct. at 840 (quoting *Gobeille v.*

7    *Liberty Mutual Ins. Co.*, 136 S. Ct. 936, 943 (2016) and citing, inter alia*, Dan's City Used Cars,*

8    *Inc. v. Pelkey*, 569 U.S. 251, 260-261 (2013)).This Court's jurisdictional determination must

9    "begin with the strong presumption that Congress intends judicial review of administrative

10   action," and it may only refrain from review where "clear and convincing evidence"

11   demonstrates Congress intended to restrict such review. *Bowen v. Mich. Acad. of Family*

12   *Physicians*, 476 U.S. 667, 670-71 (1986) (citations omitted). Furthermore, where Plaintiffs

13   challenge executive detention, Defendants "must overcome . . . the longstanding rule requiring a

14   clear statement of congressional intent to repeal habeas jurisdiction." *INS v. St. Cyr*, 533 U.S.

15   289, 298 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003) (same). Defendants'

16   interpretation of § 1252 runs afoul of these commands, as adopting their position would deprive

17   Plaintiffs of any opportunity to challenge Defendants' failure to take action that U.S.C. § 1225(b)

18   requires and the unlawful prolonged detention resulting from this failure. Properly applying these

19   fundamental canons of statutory construction requires the Court to interpret § 1252 to not bar

20   judicial review where possible, and thus further supports Plaintiffs' interpretation of the statute.

21   Thus, the Court should deny the motion to reconsider.

PLS.' RESPONSE TO DEFS.' MOT.
FOR RECONSIDERATION – 11
Case No. 2:18 cv 00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1

## CONCLUSION

2          For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants'

3    motion for reconsideration.

4    Dated this 18th day of January, 2019.

5

6    _s/ Matt Adams_                                  _s/ Trina Realmuto_
     Matt Adams, WSBA #28287                          Trina Realmuto*
     Email:  matt@nwirp.org                           Email: trealmuto@immcouncil.org

7

8    _s/ Leila Kang_                                  _s/ Kristin Macleod-Ball_
     Leila Kang, WSBA No. 48048                       Kristin Macleod-Ball*
     Email:  leila@nwirp.org                          Email: kmacleod-ball@immcouncil.org

9

10   _s/ Aaron Korthuis_                              AMERICAN IMMIGRATION
     Aaron Korthuis, WSBA No. 53974                   COUNCIL
     Email:  aaron@nwirp.org                          100 Summer Street, 23rd Floor

11                                                    Boston, MA 02110
                                                      (857) 305-3600
12   NORTHWEST IMMIGRANT RIGHTS
     PROJECT                                          *Admitted _pro hac vice_
13   615 Second Avenue, Suite 400
     Seattle, WA  98104
14   Telephone: (206) 957-8611
      Facsimile: (206) 587-4025

15

16

17

18

19

20

21

22

23

PLS.' RESPONSE TO DEFS.' MOT.
FOR RECONSIDERATION – 12
Case No. 2:18 cv 00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 18, 2019, I electronically filed the foregoing, along with

the supporting declarations and exhibits, with the Clerk of the Court using the CM/ECF system,

which will send notification of such filing to those attorneys of record registered on the CM/ECF

system. All other parties shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 18th day of January, 2019.

s/ Leila Kang
Leila Kang, WSBA #48048
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8608
leila@nwirp.org

PLS.' RESPONSE TO DEFS.' MOT.
FOR RECONSIDERATION – 13
Case No. 2:18 cv 00928-MJP