*The Honorable Marsha J. Pechman*

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                    AT SEATTLE
10

11   YOLANY PADILLA,  IBIS GUZMAN, BLANCA
     ORANTES, BALTAZAR VASQUEZ,                     No. 2:18-cv-928  MJP
12
                          Plaintiffs-Petitioners,
13
          v.                                        **DEFENDANTS' ANSWER**
                                                    **AND DEFENSES**
14
     U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
15   ("ICE"); U.S. DEPARTMENT OF HOMELAND
     SECURITY ("DHS"); U.S. CUSTOMS AND BORDER
16   PROTECTION ("CBP"); U.S. CITIZENSHIP AND
     IMMIGRATION SERVICES ("USCIS"); EXECUTIVE
17   OFFICE FOR IMMIGRATION REVIEW ("EOIR");
     THOMAS HOMAN, Acting Director of ICE; KIRSTJEN
18   NIELSEN, Secretary of DHS; KEVIN K. McALEENAN,
     Acting Commissioner of CBP; L. FRANCIS CISSNA,
19   Director of USCIS; MARC J. MOORE, Seattle Field Office
     Director, ICE, JEFFERSON BEAUREGARD
20   SESSIONS III, United States Attorney General; LOWELL
     CLARK, warden of the Northwest Detention Center in
21   Tacoma, Washington;  CHARLES INGRAM, warden of the
     Federal Detention Center in SeaTac, Washington;  DAVID
22   SHINN, warden of the Federal Correctional Institute in
     Victorville, California; JAMES JANECKA, warden of the
23   Adelanto Detention Facility;
24
                          Defendants-Respondents.
25

26
27
28

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

# I. INTRODUCTION

1.      Admitted in part, and denied in part. Defendants do not dispute Plaintiffs' assertion that their previous complaints challenged aspects of family separations, the credible fear process, and the timing of certain bond hearings. Defendants deny the accuracy of Plaintiffs' characterizations of Defendants' policies and further deny that any of Plaintiffs' complaints challenge the timing or outcomes of the credible fear interview process. Rather the challenges and the remedies sought relate solely to the timing of the credible fear determination and the timing of any subsequent bond hearing.

2.      Admitted in part, and denied in part. With regard to the first sentence of paragraph 2, Defendants do not dispute Plaintiffs' characterization of their prior complaints, but deny the accuracy of Plaintiffs' characterizations of Defendants' policies. With regard to the second sentence of paragraph 2, Defendants admit that a nationwide preliminary injunction was issued in *Ms. L v. ICE*, Civ. A. No. 3:18-cv-0428 (S.D. Cal.), on June 26, 2018.

3.      Admitted.

4.      Admitted in part, and denied in part. With regard to the first sentence of paragraph 4, Defendants do not dispute Plaintiffs' characterization of their prior complaints, but deny the accuracy of Plaintiffs' characterizations of Defendants' policies. Defendants further deny that any of Plaintiffs' complaints challenge the timing of the credible fear interview. With regard to the second, third, fourth and fifth sentences of paragraph 4, Defendants deny Plaintiffs' generalized characterization of federal law governing the credible fear process, which is set forth at 8 U.S.C. § 1225(b)(1)(A), and of the law governing the timing and availability of bond hearings or parole for individuals who are seeking asylum. With regard to the final sentence of paragraph 4, Defendants deny Plaintiffs' characterization of Defendants' actions and statutory obligations, but admit that the preliminary injunction entered by the district court in *Ms. L* on June 26, 2018, did not place any time limits on the credible fear process.

5.      Admitted in part, and denied in part. With regard to the first sentence of paragraph 5, Defendants do not dispute Plaintiffs' characterization of their complaint, but deny the accuracy of Plaintiffs' characterizations of Defendants' policies. With regard to the second and third

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

sentences of paragraph 5, Defendants deny that bond hearings are required by federal statute or by the constitution. With regard to the fourth sentence of paragraph 5, Defendants admit that federal law does not establish any mandatory timeline for the scheduling of bond hearings, but deny that bond hearings are never recorded or that transcripts are never provided on appeal. With regard to the fifth sentence, Defendants admit that federal law places the burden on immigration detainees to demonstrate that they are neither a safety nor flight risk prior to being released on bond, but deny all other characterizations of the bond process. Defendants deny the sixth sentence of paragraph 5. With regard to the final sentence of paragraph 5, Defendants deny Plaintiffs' characterization of Plaintiffs' constitutional entitlements, but admit that the preliminary injunction entered by the district court in *Ms. L* on June 26, 2018, did not place any time limits on the scheduling of bond hearings for individuals found to have a credible fear.

6.      Defendants deny that Plaintiffs are entitled to any relief under the Bill of Rights.

7.      Admitted in part, and denied in part. Defendants admits that asylum seekers who have illegally crossed into the United States without inspection are "persons," but deny that the constitution guarantees the federal government process any such individual's credible fear claims in a set time period, or a right to be released into the United States on bond during the asylum adjudication process.

8.      Defendants deny that any of the challenged practices or policies violate the constitution.

9.      Defendants deny Plaintiffs' characterization of the Administrative Procedures Act (APA) as the APA does not "prohibit" anything, and not all final agency actions are subject to review under the APA. Defendants likewise deny Plaintiffs' characterization of federal law governing asylum applications.

10.     Denied.

11.     Defendants deny that any of the challenged practices or policies violate federal law.

12.     Defendants deny that Plaintiffs are entitled to the relief sought and deny that the Court has jurisdiction to enter such relief.

## II. JURISDICTION

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

13.     Denied.

14.     Denied.

15.     Admitted in part, and denied in part. All of the named Plaintiffs had been released from immigration custody at the time the second amended complaint was filed on August 22, 2018.

16.     Defendants admit that as of the date of the second amended complaint, none of the named Plaintiffs are separated from their children.

### III. VENUE

17.     Denied.

### IV. PARTIES

18.     Defendant EOIR lacks knowledge of Padilla's citizenship. Defendants admit all other allegations in paragraph 18.

19.     Defendant EOIR lacks knowledge of Guzman's citizenship. Defendants admit all other allegations in paragraph 19.

20.     Defendant EOIR lacks knowledge of Orantes's citizenship. Defendants admit all other allegations in paragraph 20.

21.     Defendant EOIR lacks knowledge of Vasquez's citizenship. Defendants admit all other allegations in paragraph 21.

22.     Admitted in part, and denied in part. Defendants admit that ICE is a component of DHS and that ICE has some role in the identified tasks. Defendants deny that the referenced tasks are in ICE's exclusive control.

23.     Admitted in part, and denied in part. Defendants admit that DHS, primarily through its component agencies, has some role in the identified tasks, but deny that those tasks are in DHS's exclusive control. DHS admits that its component, ICE, maintains an office in Tukwila, Washington.

24.     Admitted in part, and denied in part. Defendants admit that CBP is a component of DHS, and that CBP has a role in the initial processing and holding of individuals who have crossed the United States border. Defendants deny the remainder of the allegations in paragraph 24.

25.     Admitted in part, and denied in part. Defendants admit that USCIS is a component

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

of DHS, and that USCIS officers conduct credible fear screening interviews. Defendants deny the remainder of the allegations in paragraph 25.

26.     Admitted.

27.     Denied. The acting director of ICE is Ronald Vitiello.

28.     Admitted in part and denied in part. Marc Moore is a Field Office Director, but is not a custodian for any Plaintiff.

29.     Admitted in part and denied in part.  Kirstjen Nielsen is the Secretary of DHS, not an Acting Secretary, and is not a custodian for any Plaintiff.

30.     Admitted.

31.     Admitted.

32.     Denied. Matthew Whittaker is the Acting Attorney General and has a role in the administration of the Immigration Laws. The Attorney General does not have the authority to violate statutory mandates or procedure.

33.     Admitted.

34.     Admitted.

35.     Admitted.

36.     Admitted.

## V. FACTS

37.     Admitted in part, denied in part. Current federal law allows certain persons to seek asylum in the United States.

38.     Admitted.

39.     Admitted in part, and denied in part. Plaintiff Padilla and her son have requested asylum, but Defendants lack knowledge and therefore deny the remainder of the allegations in paragraph 39.

40.     Admitted in part, and denied in part. Plaintiff Padilla and her son illegally crossed into the United States and requested asylum after being apprehended by CBP. Defendants lack knowledge and therefore deny the remainder of the allegations in paragraph 40.

41.     Admitted in part, and denied in part. Plaintiff Guzman and her son have requested

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

asylum, but Defendants lack knowledge and therefore deny the remainder of the allegations in paragraph 41.

42.    Admitted.

43.    Admitted in part, and denied in part. Plaintiff Orantes and her son have requested asylum, but Defendants lack knowledge and therefore deny the remainder of the allegations in paragraph 43.

44.    Admitted in part, and denied in part. Admit that Plaintiff Orantes and her son illegally crossed into the United States and requested asylum after being apprehended by CBP. Defendants lack knowledge and therefore deny the remainder of the allegations in paragraph 44.

45.    Admitted in part, and denied in part. Plaintiff Vasquez has requested asylum, but Defendants lack knowledge and therefore deny the remainder of the allegations in paragraph 45.

46.    Admitted.

47.    Admitted.

48.    Denied.

49.    Admitted in part, and denied in part. The policy is not limited in application to asylum seekers who enter the country without inspection and request asylum, but has been applied to some such individuals. Defendants further deny Plaintiffs characterization of Defendants' policy.

50.    Denied.

51.    The claims related to this allegation have been abandoned and dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

52.    The claims related to this allegation have been abandoned and dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

53.    The claims related to this allegation have been abandoned and dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

54.     The claims related to this allegation have been abandoned and dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

55.     The claims related to this allegation have been abandoned and dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

56.     The claims related to this allegation have been abandoned and dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

57.     The claims related to this allegation have been abandoned and dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

58.     The claims related to this allegation have been abandoned and dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

59.     The claims related to this allegation have been abandoned and dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are admitted.

60.     Admitted in part, and denied in part. Defendants admit that Padilla and her son were housed in separate facilities, but deny or lack knowledge as to all other allegations contained in paragraph 60.

61.     The claims related to this allegation have been abandoned and dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

62.     Admitted in part, and denied in part. Defendants admit that Padilla was transferred to a facility in Texas, but deny or lack knowledge as to all other allegations contained in paragraph 62.

63.     Admitted in part, and denied in part. Defendants admit that Padilla was transferred

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

to a facility in Washington, but deny all other allegations contained in paragraph 63.

64.    Defendants lack knowledge and therefore deny.

65.    Defendants lack knowledge and therefore deny.

66.    Defendants admit that Padilla was released from immigration detention on or about July 6, 2018.

67.    Defendant EOIR lacks knowledge as to paragraph 67. All other Defendants admit that Padilla regained custody of her son on or about July 14, 2018, but deny all other allegations and characterizations in paragraph 67.

68.    Defendants admit that Guzman was transferred to a facility in Texas, but lack knowledge as to the other allegations in paragraph 68 and therefore deny.

69.    Admitted in part, and denied in part. Defendants admit that Guzman and her son were housed in separate facilities, but deny or lack knowledge as to all other allegations contained in paragraph 69.

70.    Admitted in part, and denied in part. Defendants admit that Guzman was transferred to a facility in Texas, but deny or lack knowledge as to all other allegations contained in paragraph 70.

71.    Admitted in part, and denied in part. Defendants admit that Guzman was transferred to a facility in Texas, but deny or lack knowledge as to all other allegations contained in paragraph 71.

72.    Admitted in part, and denied in part. Defendants admit that Guzman was transferred to a facility in Washington, but deny all other allegations contained in paragraph 72.

73.    Defendants lack knowledge and therefore deny.

74.    Admitted.

75.    Admitted.

76.    Admitted in part, and denied in part. Defendants admit that Guzman was released on or about July 20, 2018.

77.    Admitted in part, and denied in part. Defendants admit that Orantes was transferred to a facility in Texas, but deny or lack knowledge as to all other allegations contained in paragraph

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

1  77.

2    78.    Defendants lack knowledge and therefore deny.

3    79.    Admitted in part, and denied in part. Defendants admit that Orantes and her son

4  were housed in separate facilities, but deny or lack knowledge as to all other allegations contained

5  in paragraph 79.

6    80.    Defendants lack knowledge as to the manner in which officials from the Bureau of

7  Prisons transferred Orantes to court, but admit all other allegations in paragraph 80.

8    81.    Admitted.

9    82.    Defendants lack knowledge and therefore deny.

10    83.    Admitted in part, and denied in part. Defendants admit that Orantes was transferred

11  to a facility in Washington, but deny or lack knowledge as to all other allegations contained in

12  paragraph 83.

13    84.    Admitted.

14    85.    Defendants admit that Orantes was released on or about July 25, 2018.

15    86.    Denied.

16    87.    Admitted.

17    88.    Denied.

18    89.    Denied.

19    90.    Denied.

20    91.    Denied.

21    92.    Admitted.

22    93.    Admitted.

23    94.    Admitted.

24    95.    Admitted in part, and denied in part. Admit that Padilla was interviewed by an

25  asylum officer on or about July 2, 2018, and found to have a credible fear. She was thereafter

26  served with a Notice to Appear for removal proceedings.

27    96.    Admitted.

28    97.    Admitted.

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

98.   Admitted.

99.   Admitted in part, and denied in part. Admit that Guzman was interviewed by an asylum officer on or about June 27, 2018, and found to have a credible fear of persecution or torture. She was thereafter served with a Notice to Appear for removal proceedings.

100.   Admitted.

101.   Admitted.

102.   Admitted.

103.   Admitted in part, and denied in part. Admit that Orantes was interviewed by an asylum officer on or about June 27, 2018, and found to have a credible fear. She was thereafter served with a Notice to Appear for removal proceedings.

104.   Admitted.

105.   Admitted.

106.   Admitted, though Vasquez was not a named Plaintiff in the lawsuit at that time.

107.   Admitted in part, and denied in part. Vasquez did not receive a credible fear interview before July 15, 2018. Defendants deny that Vasquez was not scheduled for an interview before that time.

108.   Admitted in part, and denied in part. Admit that Vasquez was interviewed by an asylum officer on or about July 31, 2018, and found to have a credible fear. He was thereafter served with a Notice to Appear for removal proceedings.

109.   Denied. Vasquez was released on bond on or about August 20, 2018.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Admitted in part, and denied in part. With regard to the first sentence of paragraph 113, Defendants admit that there is no statute or regulation that dictates how quickly a hearing conducted pursuant to 8 U.S.C. § 1226(a) must occur. Defendants deny the allegations contained in the second and third sentences. Defendants admit the allegations contained in the fourth sentence. Defendants deny the allegations contained in the fifth and sixth sentences. With regard

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

1  to the final sentence, Defendants admit that both the Immigration and Nationality Act and the
2  relevant regulations place the burden on aliens who are eligible for release on bond to prove that
3  they are not subject to mandatory detention, are not a flight risk, and are not a danger to the
4  community before they may be released on bond, but deny all other allegations.

5  114.   Admitted in part, and denied in part. Defendants admit that Padilla entered the
6  United States without inspection, was detained for expedited removal proceedings consistent with
7  Congress's directive in 8 U.S.C. § 1225(b)(1), and later determined by an asylum officer to have
8  a credible fear. Defendants deny that she is detained. Defendants deny that she was not provided
9  with a timely bond hearing or that she was affected by Defendants' recording or transcription
10  practices or procedures because she was granted bond.

11  115.   Admitted in part, and denied in part. With respect to the first sentence of paragraph
12  115, Padilla was not eligible for a bond hearing under Board of Immigration Appeals precedent
13  until July 3, 2018. Her bond hearing occurred three days later on July 6, 2018. With respect to the
14  second sentence of paragraph 115, Defendants admit that Padilla was granted release on an
15  $8,000.00 bond by an immigration judge. With respect to the third sentences of paragraph 115,
16  Defendants lack knowledge as to Padilla's personal beliefs. Defendants admit the allegations
17  contained in the final sentence of paragraph 115. All other allegations contained in paragraph 115
18  are denied.

19  116.   Admitted in part, and denied in part.  Defendants admit that Guzman entered the
20  United States without inspection, was initially subject to expedited removal proceedings under 8
21  U.S.C. § 1225(b), and has been found by an asylum officer to have a credible fear of persecution
22  or torture. Defendants deny that she is detained. Defendants further deny that she was not provided
23  with a timely bond hearing or a written basis for the immigration judge's decision on her request
24  for bond.

25  117.   Admitted in part, and denied in part. With respect to the first sentence of paragraph
26  117, Guzman was not eligible for a bond hearing under Board of Immigration Appeals precedent
27  until June 28, 2018. Her bond hearing occurred five days later on July 3, 2018. Defendants admit
28  the allegations in the second and third sentences of paragraph 117.

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

118.     Admitted in part, and denied in part. Defendants deny the first sentence of the paragraph 118. With regard to the second sentence of paragraph 118, Defendants admit that Plaintiff was denied bond and provided with a form order on which "Flight Risk" was indicated by the immigration judge, but deny that no other written decision was issued.

119.     Admitted in part, and denied in part. Defendants deny the allegations contained in the first sentence in paragraph 119. With respect to the second sentence in paragraph 119, Defendants deny that EOIR has a practice preventing the transcribing or recording of bond hearings. Defendants further deny that Guzman was affected by Defendants' alleged recording or transcription practices or procedures because she was afforded a detailed written decision on her request for bond. Defendants admit that Guzman was released on or about July 20, 2018.

120.     Admitted in part, and denied in part.  Defendants admit that Orantes entered the United States without inspection, was initially subject to expedited removal proceedings under 8 U.S.C. § 1225(b), and has been found by an asylum officer to have a credible fear of persecution or torture. Defendants deny that she is detained. Defendants admit that her bond hearing did not occur within seven days of being determined to have a credible fear, but deny that the bond hearing was not recorded.

121.     Admitted.

122.     Admitted in part, and denied in part.  Defendants admit that Orantes bore the burden of proof at the bond hearing, but deny all other allegations contained in paragraph 122.

123.     Defendants admit that Orantes was released on or about July 25, 2018.

124.     Admitted in part, and denied in part.  Defendants admit that Vasquez entered the United States without inspection, was initially subject to expedited removal proceedings under 8 U.S.C. § 1225(b), and has been found by an asylum officer to have a credible fear. Defendants deny that he is detained. Defendants admit that his bond hearing did not occur within seven days of being determined by an asylum officer to have a credible fear of persecution or torture, but deny that the bond hearing was not recorded.

125.     Admitted in part, and denied in part. Defendants admit the allegations contained in the first and third sentences of paragraph 125. Defendants deny the allegations contained in the

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

second and fourth sentences of paragraph 125.

## VI. CLASS ALLEGATIONS

126.     Defendants admit that the Plaintiffs have requested asylum, and that they seek to represent two proposed classes of detained aliens. Defendants deny that that complaint is brought on behalf of any family members not otherwise encompassed in the proposed classes.

127.     Defendants admit that the Plaintiffs seek to represent two proposed classes of detained aliens.

128.     Defendants admit that Plaintiffs have proposed that a class be certified, but deny that certification is proper under the INA or Federal Rule of Civil Procedure 23.

129.     Defendants lack knowledge and therefore deny.

130.     Defendants lack knowledge and therefore deny.

131.     Denied.

132.     Denied.

133.     Denied.

134.     Denied.

135.     Denied.

136.     Denied.

137.     Defendants admit that Plaintiffs have proposed that a class be certified, but deny that certification is proper under the INA or Federal Rule of Civil Procedure 23.

138.     Defendants lack knowledge and therefore deny.

139.     Defendants lack knowledge and therefore deny.

140.     Denied.

141.     Denied.

142.     Denied.

143.     Denied.

144.     Denied.

145.     Denied.

## VIII. CAUSES OF ACTION

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

**COUNT I**

146.   Defendants' responses are similarly realleged.

147.   Defendants deny that Plaintiffs are entitled to any relief under the Due Process Clause of the Fifth Amendment.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Denied.

**COUNT II**

153.   Defendants' responses are similarly realleged.

154.   The claims related to this allegation have been dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

155.   The claims related to this allegation have been dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

156.   Denied.

157.   The claims related to this allegation have been dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

158.   The claims related to this allegation have been dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

159.   The claims related to this allegation have been dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

160.   The claims related to this allegation have been dismissed and therefore no response

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

is required. To the extent the Court determines that an answer is required, the allegations are denied.

161.    The claims related to this allegation have been dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

162.    The claims related to this allegation have been dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

163.    The claims related to this allegation have been dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

164.    The claims related to this allegation have been dismissed and therefore no response is required. To the extent the Court determines that an answer is required, the allegations are denied.

165.    Denied.

## COUNT III

No answer is required to paragraphs 166 to 171 as the claim has been dismissed by the Court.

## VIII. PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief sought and deny that the Court has jurisdiction to order relief.

## DEFENSES

1.    The Court lacks jurisdiction over the claims raised, to certify the proposed classes, and to enter the relief sought under 8 U.S.C. § 1252.

2.    The Court lacks personal jurisdiction over the Defendants in the case.

3.    The Court lacks jurisdiction to entertain claims in habeas, as Plaintiffs are not detained, are not and/or were not in the custody of the Defendants.

4.    The remedy sought is not available in habeas.

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

5.      Venue over the claims is not proper in the Western District of Washington.

6.      The Complaint fails to state a claim upon which relief can be granted.

7.      Plaintiffs lack any legal entitlement to the relief sought.

8.      Any allegation not specifically admitted is denied.

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

Dated: February 4, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

EREZ REUVENI
Assistant Director

LAUREN BINGHAM
JOSEPH DARROW
Trial Attorneys
Office of Immigration Litigation

*/s/ Sarah Stevens Wilson*
SARAH STEVENS WILSON
Assistant United States Attorney
GA Bar No. 212212
United States Department of Justice
1801 Fourth Avenue North
Birmingham, AL 35213
Phone: (205) 244-2140
Sarah.Wilson2@usdoj.gov

*Counsel for Defendants*

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically filed Notices of Electronic Filing.

*/s/ Sarah Wilson*
Assistant United States Attorney
United States Department of Justice

DEFENDANTS' ANSWER

(Case No. 2:18-cv-00928-MJP)

Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868 Ben Franklin Station
Washington, D.C. 20044
(205) 244-2140