UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOLANY PADILLA, et al., | CASE NO. C18-928 MJP |
| Plaintiffs, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | |
| Defendants. | |

The above-entitled Court, having received and reviewed Defendants' Motion for Reconsideration (Dkt. No. 92), Plaintiffs' Response to Defendants' Motion for Reconsideration (Dkt. No. 98), all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is DENIED.

**Discussion**

Defendants seek reconsideration of the Court's order granting in part and denying in part their motion to dismiss. (Dkt. No. 91.) Reconsideration is disfavored in this district, absent a

ORDER DENYING MOTION FOR RECONSIDERATION - 1

demonstration of "manifest error" in the prior ruling or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Rule 7(h).

Defendants assign "manifest error" on two bases:

1. <u>Judicial Review is Barred by 28 U.S.C. § 1252(a)(2)(A)(iv) and (e)(3)</u>

Defendants assert that the Court ignored 28 U.S.C. § 1252(a)(2)(A)(iv), which bars judicial review of "procedures and policies adopted by the [Secretary] to implement the provisions of section 1225(b)(1)." (Motion at 3.) This argument misses the point of Plaintiffs' legal theory and the rationale of the Court's Order. The gravamen of Plaintiffs' lawsuit is that Defendants have not adopted any formal procedure or policy regarding when the credible fear interviews or the bond hearings of which they complain will be held; hence the issue of impermissible "indefinite detention." The Court accepted this argument and finds no manifest error in having done so.

Similarly, Defendants assert that the Court ignored § 1252(e)(3), which would restrict any "permissible" challenge to the constitutionality of section 1225(b)(1) or the "procedures and policies adopted by the [Secretary] to implement the provisions of section 1225(b)(1)" to lawsuits filed in the District of Columbia. But again, what is being challenged here is *not* the constitutionality of § 1225(b)(1), but rather Defendants' *failure to implement the statute*. Were the Court to adopt Defendants' reasoning, the government could insulate itself from review merely by declining to take any action or commit its policies to writing. In neither instance does the Court find any manifest error in ruling that (on those causes of action which were permitted to proceed) Plaintiffs have stated a plausible claim upon which relief may be granted.

2. The Court's Reliance on *Jennings* is Erroneous

Defendants maintain that the differences between the language of § 1252(b)(9) – the statute at issue in *Jennings* – and § 1252(a)(2)(A)(i) – the statute at issue in the instant case – render the Court's reliance on the jurisdictional ruling in *Jennings* inappropriate. But the Court's Order acknowledged the differences in the statutory provisions between *Jennings* and Plaintiffs' case and found them irrelevant. The same constitutional issue (and the rationale upon which the *Jennings* court found jurisdiction) exists in both cases and, in both cases, supports a finding of jurisdiction.

Regarding *Jennings*, Defendants assert that the plaintiffs in that case challenged only "the constitutionality of their mandatory detention, separate and apart from any aspect of their removal or expedited removal proceedings." (Motion at 7.) Because the Plaintiffs here have already been ordered removed and will only be released if their fear of return is found to be credible, Defendants argue that they *are* impermissibly challenging the process by which their removability will be determined. The Court is not persuaded. Whether the Plaintiffs here are in custody or not, they are still subject to removal until their credible fear claims are evaluated. Granting Plaintiffs their constitutional rights to contest an indeterminate period of detention is not a challenge to the removal proceedings themselves.

Defendants have failed to establish manifest error in the Court's ruling. Their motion for reconsideration of that ruling is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 12, 2019.

Marsha J. Pechman
United States Senior District Judge