UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOLANY PADILLA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> US IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., <br><br> Defendants. | CASE NO. C18-928-MJP <br><br> ORDER DENYING MOTION FOR RELIEF FROM DEADLINES |

The above-entitled Court, having received and reviewed Defendants' Motion for Relief from Deadlines (Dkt. No. 83); Plaintiffs' Response (Dkt. No. 84); Defendants' Reply (Dkt. No. 86); and all attached declarations and exhibits, and relevant portions of the record, rules as follows: IT IS ORDERED that the Motion is DENIED.

On October 18, 2018, Defendants United States Immigration and Customs Enforcement ("ICE"), United States Department of Homeland Security ("DHS"), United States Customs and Border Protection ("CBP") and United States Citizenship and Immigration Services ("USCIS")

ORDER DENYING MOTION FOR RELIEF FROM DEADLINES - 1

1   requested that the Court stay this case and all case deadlines pending the Attorney General's then

2   forthcoming decision in Matter of M-S-, 27 I&N Dec. 476 (A.G. 2018).  (Dkt. No. 83.)

3         On October 12, 2018, then Attorney General Jefferson B. Sessions, III indicated his

4   intention to review whether Matter of X-K-, 23 I&N Dec. 731 (BIA 2005) should be overruled in

5   light of Jennings v. Rodriguez, 138 S. Ct. 830 (2018).  (Id. at 2); see also Matter of M-S-, *supra*.

6   Matter of X-K- held that non-citizens—like Plaintiffs and members of the putative classes—who

7   are subject to mandatory detention under 8 U.S.C. § 1225(b) may, if found to have a credible

8   fear, request a bond hearing under 8 U.S.C. § 1226(a).  (Id.)  If, in Matter of M-S-, the Attorney

9   General overrules Matter of X-K-, Defendants contend that "Plaintiffs will generally have no

10  entitlement to a bond hearing at all absent extraordinary individual circumstances, let alone

11  within seven days."  (Dkt. No. 83 at 3.)  Defendants reason that "[b]ecause Plaintiffs' claims

12  would be foreclosed in whole or in part if the Attorney General overrules Matter of X-K-, this

13  Court may never even have to reach the merits of Plaintiffs' motion for preliminary injunction,"

14  such that a stay would "promote an efficient use of juridical resources," "avoid unnecessary and

15  possibly premature litigation," and "avoid possible inconsistent decisions."  (Id. at 8-9.)

16        According to Defendants, briefing on Matter of M-S- was to conclude on November 9,

17  2018, with a decision to follow shortly thereafter.  (Id. at 2); see also Matter of M-S-, *supra*.

18  Since Defendants filed their request, of course, circumstances have changed: On November 7,

19  2018, Attorney General Sessions resigned from office; in the interim, President Trump appointed

20  Matthew G. Whitaker to serve as Acting Attorney General, and on February 14, 2019, William

21  P. Barr was confirmed as Attorney General.[1]  See Letter from Jefferson B. Sessions, III to Paul

22  D. Ryan, Speaker of the U.S. House of Representatives, *available at*

23  ───────────────

24  [1] The Court finds these to be facts capable of judicial notice.

1  http://assets.documentcloud.org/documents/5029927/Jeff-Sessions-Resignation-Letter.pdf (Nov.
2  7, 2018); Donald J. Trump (@realDonaldTrump), Twitter (Nov. 7, 2018, 11:44 AM),
3  http://twitter.com/realDonaldTrump/status/1060256619383193601; 165 Cong. Rec. S1397 (Feb.
4  14, 2019).  As of the Court's review, there is no indication that Attorney General Barr is
5  continuing to review Matter of X-K-.  In any event, the briefing on Matter of X-K- has long
6  concluded, and still no order has issued.

7       District Courts have discretionary power to stay proceedings in their own court.  Lockyer
8  v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) (citing Landis v. North Am. Co., 299 U.S.
9  248, 254 (1936)).  When a stay is proposed, district courts must weigh the competing interests
10 affected by the grant or refusal of a stay.  Id. at 1110 (citation omitted). The competing interests
11 considered in this analysis include: (1) "the possible damage which may result from the granting
12 of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go
13 forward"; and (3) "the orderly course of justice measured in terms of the simplifying or
14 complicating of issues, proof, and questions of law which could be expected to result from a
15 stay."  Id.  Additionally, if there is "even a fair possibility" that a stay will "work damage to
16 someone else," the party seeking the stay "must make out a clear case of hardship or inequity in
17 being required to go forward."  Id. at 1109-10 (quoting Landis, 299 U.S. at 255).  "Only in rare
18 circumstances will a litigant in one cause be compelled to stand aside while a litigant in another
19 settles the rule of law that will define the rights of both."  Id.

20      Here, the Court finds that the stay requested by Defendants is not warranted.  If Attorney
21 General Barr issues a decision in Matter of M-S-, the Court will address that decision as needed.
22 Until then, the Court finds that a stay would raise at least a "fair possibility" of harm to the
23 putative classes—by threatening further delays in their credible fear interviews and bond
24

1 | hearings and further deprivation of due process.  Because Defendants have not clearly
2 | demonstrated that allowing the litigation to move forward will result in hardship or inequity, the
3 | Court DENIES the Motion for Relief from Deadlines.
4 |     The parties shall submit their Rule 26(f) report within two weeks of the Court's ruling on
5 | the pending motion for class certification.  (See Dkt. No. 89.)

7 |     The clerk is ordered to provide copies of this order to all counsel.
8 | Dated March 6, 2019.

*[signature]*

Marsha J. Pechman
United States District Judge