The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOLANY PADILLA, *et al.*,<br>　　　　Plaintiffs-Petitioners,<br>　v.<br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br>　　　　Defendants-Respondents. | Case No. 2:18-cv-00928-MJP<br><br>**COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN** |

JOINT STATUS REPORT & DISCOVERY PLAN
Case No. 2:18-cv-00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

Plaintiffs Yolany Padilla *et al*., and Defendants U.S. Immigration and Customs Enforcement *et al*., by and through their counsel of record, hereby submit this Joint Status Report and Discovery Plan pursuant to Federal Rule of Civil Procedure 26(f), Western District of Washington Local Civil Rule 26(f), and the Court's Order dated March 6, 2019. *See also* Dkt. 32, 101.

1. **Statement of the Nature and Complexity of the Case:**

    Plaintiffs' statement:  This national class action suit challenges federal government policies and practices excessively prolonging the detention of asylum seekers in expedited removal proceedings by: (1) failing to promptly provide credible fear interviews and determinations, and (2) after an asylum seeker's positive credible fear determination, failing to provide timely bond hearings that comport with constitutional requirements. Plaintiffs assert these failures violate the Administrative Procedure Act; the Due Process Clause of the Fifth Amendment; and the Immigration and Nationality Act (INA) and its implementing regulations, including 8 U.S.C. §§ 1225(b) & 1158, 8 C.F.R. §§ 235.3(b)(4), 208.30. Plaintiffs believe that the Court can resolve most, if not all, of their claims on summary judgment.

    Defendants' statement: This is a nationwide class action premised on Plaintiffs' ability to prove that it is unconstitutional in any instance for the government to take longer than 10 days to issue a credible fear determination, or seven days to conduct certain bond hearings. Because Plaintiffs contend that no other fact—other than the length of time in custody—matter to the legal question here, Defendants believe that the case presents a straightforward legal question that should require only limited discovery. Defendants agree that, because this is a legal question, it should be capable of resolution on summary judgment.

2. **Deadline for Joining Additional Parties:**

    The Parties propose to add any and all additional parties by April 22, 2019.

3. **Assignment to a Magistrate Judge:**

    The Parties do not consent to assignment of the case to a Magistrate Judge.

4. **Discovery Plan:**

JOINT STATUS REPORT & DISCOVERY PLAN - 1
Case No. 2:18-cv-00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

(A) <u>Initial disclosures</u>: The Parties exchanged initial disclosures November 5, 2018.

(B) <u>Subjects, timing, and potential phasing of discovery</u>:

The Parties agree to set the deadline for completion of fact discovery on November 20, 2019, but agree to set separate deadlines for expert disclosures and depositions. Namely, opening experts' disclosures and reports due December 20, 2019, and rebuttal expert's disclosure and report due January 19, 2020. Depositions of experts shall be completed by March 19, 2020.

<u>Plaintiffs' position</u>: Plaintiffs anticipate conducting discovery, potentially to include 30(b)(6) depositions, on at least the following topics: Defendants' policies and practices concerning the timing and scheduling of credible fear determinations for members of the Credible Fear Interview class ("CFI Class"); Defendants' policies and practices concerning the timing and scheduling of bond hearings for members of the Bond Hearing class ("BH class"); Defendants' policies and practices concerning bond hearing procedures; the impact that delays and procedural deficiencies have on class members; and any relevant training materials concerning the aforementioned policies and practices. Plaintiffs anticipate needing approximately eight (8) months for discovery and, therefore, ask this Court to set the deadline for completion of discovery on November 20, 2019. Plaintiffs do not believe that court-imposed phasing of discovery would be appropriate.

<u>Defendants' position</u>: Defendants anticipate conducting discovery, to include depositions of class members and others who have submitted written testimony in this case. Defendants also anticipate serving written discovery to investigate Plaintiffs' claims and to identify areas of agreement between the parties. Defendants foresee significant difficulty in searching and providing documentary information related to local practices and training materials on these subjects as practices have the potential to vary in every area of responsibility for each of the Defendant organizations. Because Plaintiffs argued for the certification of two nationwide class based upon the existence of a national policy and have maintained that local differences in practice are not relevant to the appropriate legal analysis, the value of local practice or training information is proportionally very small as compared to the burden imposed by conducting a

JOINT STATUS REPORT & DISCOVERY PLAN - 2
Case No. 2:18-cv-00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

nationwide search. Defendants therefore believe that eight (8) months of fact discovery is sufficient only if the parties can work together to narrow the scope and minimize the burden of the production requests. Defendants believe that concluding fact discovery before proceeding to expert discovery is appropriate.

(C) <u>Electronically stored information (ESI)</u>:

<u>Plaintiffs' position</u>: Plaintiffs anticipate that they will have little, if any, ESI to produce. Plaintiffs anticipate, however, that Defendants may have substantial amounts of ESI to produce, including database records.  Plaintiffs propose that the Parties adopt the Western District of Washington's Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation.

<u>Defendants' position</u>: Defendants anticipate that they may have some ESI to produce, but believe that the bulk of the discoverable information will be in the form of published policies and not documents found through key word searches. Defendants anticipate problems with electronic searches, because using search terms in a case like this may result in very large numbers of non-responsive documents. Documents identified in key word searches will require individual review as the terms are certain to capture documents protected from disclosure by privilege, statute, or regulation which prevent disclose of any information regarding persons found to have a credible fear. Defendants are still in the process of investigating their ability to comply with the Model ESI agreement at this time due to in part to some major changes that are happening with Defendants' ESI and discovery systems, and are evaluating the most efficient way to produce any relevant information. Defendants believe it would be more appropriate for the parties to continue their discussions on this topic and separately submit a proposed ESI order setting out each side's positions within 30 days.

(D) <u>Privilege issues</u>:

<u>The Parties' position</u>: If either Party discovers that it inadvertently produced privileged information, the disclosing Party shall notify the receiving Party of the inadvertent disclosure and the receiving Party will return the documents.  This matter will be addressed in further detail in

JOINT STATUS REPORT & DISCOVERY PLAN - 3
Case No. 2:18-cv-00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

the protective order that the Parties will file in anticipation of discovery production.

<u>Defendants' addendum</u>: Defendants are prevented, even under a protective order, from releasing information related to an individual with a credible fear. Although we anticipate agreeing to a claw back provision in the protective order, that provision will not relieve Defendants of their statutory and regulatory obligations to individually review documents prior to production.

(E) <u>Proposed limitations on discovery</u>:

<u>Plaintiffs' position</u>:  Plaintiffs believe the Court should apply the limitations on discovery imposed by the Federal Rules of Civil Procedure and Local Civil Rules.

<u>Defendants' Position</u>: Defendants propose limiting production requests to twenty-five requests per side. Defendants also request that in responding to requests for production that the responding party be permitted to serve objections within 30 days, and to begin production within 30 days of an agreement on appropriate search parameters. We believe these limitations to be necessary due to the expected volume of documents and complexity of privilege review. Given that this case concerns the policies and practices of Defendants, Defendants do not anticipate the need to provide discovery regarding the substance of any individual alien's case or identity, and that would in any case be protected by statue or regulation.

(F) <u>The need for any discovery related orders</u>: The Parties request a Rule 16(b) Scheduling Order. They have agreed to the deadlines presented below.

| Discovery | Plaintiffs' Deadline | Defendants' Deadline |
|---|---|---|
| Join additional parties | April 22, 2019 | April 22, 2019 |
| Amended pleadings | May 22, 2019* | May 22, 2019* |
| Completion of fact discovery | November 20, 2019 | November 20, 2019 |
| Completion of expert discovery | March 19, 2020 | March 19, 2020 |
| Dispositive motions | May 2, 2020 | May 2, 2020 |
| Motions in limine | 30 days before trial | 30 days before trial |
| Pretrial conference | 2 weeks prior to trial | 2 weeks prior to trial |

Plaintiffs' addendum: if the Attorney General issues a decision in *Matter of M-S-*

JOINT STATUS REPORT & DISCOVERY PLAN - 4
Case No. 2:18-cv-00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

purporting to eliminate the right to bond hearings for Bond Hearing Class members, such action provides Plaintiffs with good cause pursuant to FRCP 16 to amend the scheduling order and the complaint if the deadline for amending the complaint has past.

**5.     The parties' views, proposals, and agreements, on items set forth in Local Civil Rule 26(f)(1)**

(A) Prompt case resolution:

The Parties' position:  The Parties remain willing to discuss possibilities for promptly settling or otherwise resolving this case.

(B) Alternative dispute resolution:

The Parties' position:  Neither Party can predict at this time whether trial will be necessary, but the Parties believe that resolution by summary judgment is reasonably likely. Therefore, at this time, they do not intend to utilize the Individualized Trial Program or an Alternative Dispute Resolution option.

(C) Related cases:

The Parties position: Although some of the individual immigration cases of the named Plaintiffs and many of the cases of class members are pending before the Executive Office for Immigration Review, the Parties are aware of no related cases raising the claims in this action pending before another federal or state court, or before an arbitrator.

(D) Discovery management:

The Parties' position: The Parties are willing to work together to manage discovery in a way that will promote the expeditious and inexpensive resolution of the case.  In particular, the Parties will consider requesting the assistance of a magistrate judge for mediation and/or settlement conferences.  Neither Party agrees to forgo or limit depositions, exchange documents informally, or use an abbreviated pretrial order.  The Parties reserve the right to request discovery and/or case management conferences with the Court.

(E) Anticipated discovery sought:

JOINT STATUS REPORT & DISCOVERY PLAN - 5
Case No. 2:18-cv-00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

Plaintiffs' position: Plaintiffs anticipate conducting discovery, including 30(b)(6) depositions, on at least the following topics: Defendants' policies and practices concerning the timing and scheduling of credible fear determinations for members of the Credible Fear Interview class ("CFI Class"); Defendants' policies and practices concerning the timing and scheduling of bond hearings for members of the Bond Hearing class ("BH class"); Defendants' policies and practices concerning bond hearing procedures; any relevant training materials concerning the aforementioned policies and practices; and the impact of such policies and practices on class members.

Defendants' position:  Defendants anticipate conducting discovery, to include depositions of class members and others who have submitted written testimony in this case. Defendants also anticipate serving written discovery to investigate Plaintiffs' claims and to identify areas of agreement between the parties.  Defendants foresee tremendous difficulty in searching and providing documentary information related to local practices and training materials on these subjects as practices have the potential to vary in every area of responsibility for each of the Defendant organizations. Because Plaintiffs argued for the certification of two nationwide class based upon the existence of a national policy and have maintained that local differences in practice are not relevant to the appropriate legal analysis, the value of local practice or training information is proportionally very small as compared to the burden imposed by conducting a nationwide search. Defendants therefore believe that the parties should work together to narrow the scope and minimize the burden of the production requests.

(F) Phasing motions:

The Parties position:  The Parties request the opportunity to file separate, or phased, motions for summary judgment on each claim. Each count presents unique legal issues that may be ready for adjudication at different stages of the case. In addition, the classes are represented by different sets of individuals and have different sets of undisputed facts that will be relevant to the adjudication of the claims. The issues can be more clearly addressed in distinct motions.

(G) Preservation of discoverable information:

JOINT STATUS REPORT & DISCOVERY PLAN - 6
Case No. 2:18-cv-00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

Defendants have implemented litigation holds at each of the relevant agencies.

(H) <u>Privilege issues</u>:

<u>The Parties' position</u>:  If either Party discovers that it inadvertently produced privileged information, the disclosing Party shall notify the receiving Party of the inadvertent disclosure and the receiving Party will return the documents.  This matter will be addressed in further detail in the protective order that the parties will file in anticipation of discovery.

<u>Defendants' addendum</u>: Defendants reiterate that in addition to privileged material, there will likely be material that is protected by statute or regulation, and a protective order and/or clawback agreement would not relieve Defendants of their obligation to prevent the disclosure of such protected information.

(I) <u>ESI</u>:

<u>Plaintiffs' position</u>:  Plaintiffs anticipate that they will have little, if any, ESI to produce. Plaintiffs anticipate, however, that Defendants may have substantial amounts of ESI to produce. Plaintiffs propose that the Parties adopt the Western District of Washington's Model Agreement Regarding Discovery of Electronically Stored Information in Civil Litigation.

<u>Defendants' position</u>: Defendants anticipate that they may have some ESI to produce, but believe that the bulk of the discoverable information will be in the form of published policies and not documents found through key word searches. Defendants anticipate that electronic searches using search terms likely will result in very large numbers of non-responsive documents, which will require individual review to capture documents protected from disclosure by privilege, statute, or regulation protecting disclose of any information regarding persons found to have a credible fear. At this time, Defendants are still in the process of investigating their ability to comply with the Model ESI agreement due to in part to some major changes that are happening with Defendants' ESI and discovery systems, and are evaluating the most efficient way to produce any relevant information. Defendants believe it would be more appropriate for the parties to continue their discussions on this topic and separately submit a proposed ESI order setting out each side's positions within 30 days.

JOINT STATUS REPORT & DISCOVERY PLAN - 7
Case No. 2:18-cv-00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

(J) <u>Alternatives to Model ESI Agreement</u>:

<u>The Parties' position</u>:  The Parties agree that because Defendants are in the process of migrating systems and understanding their limitations, Defendant request that the parties continue discussions and submit a proposed ESI order within 30 days.

**6.** **Date of completion of discovery:** November 20, 2019, with the exception of Expert discovery, which will be completed by March 19, 2020.

**7.** **Bifurcation of trial or other issues:**

<u>The Parties' position</u>:  The Parties submit that the case is not amenable to bifurcation at this time.

**8.** **Whether to dispense with, in whole or in part, pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and k, and 16.1 for the sake of economy:**

<u>The Parties' position</u>:  The Parties do not wish to dispense with the pretrial statements and orders called for by the aforementioned Local Rules.

**9.** **Other suggestions for shortening or simplifying the case:**

<u>The Parties' position</u>:  The Parties do not have any suggestions for shortening or simplifying the case at this time, but will work cooperatively to identify such opportunities, including the possibility of stipulating to any undisputed facts.

**10.** **Date case will be ready for trial:** September 14, 2020

**11.** **Trial by jury or non-jury:** Non-jury.

**12.** **Number of trial days required**: Five (5) to ten (10) days.

**13.** **Names, addresses, and telephone numbers of all trial counsel:**

<u>Plaintiffs' trial counsel</u>: Matt Adams, Leila Kang, Aaron Korthuis, Northwest Immigrant Rights Project, 615 Second Ave., Ste. 400, Seattle, WA 98104, (206) 957-8611; Trina Realmuto, Kristin Macleod-Ball, American Immigration Council, 1318 Beacon Street, Suite 18, Brookline, MA 02446, (857) 305-3600.

<u>Defendants' trial counsel</u>: Lauren C. Bingham, PO Box 868, Ben Franklin Station, Washington, DC 20044 (202) 616-4458); Sarah Wilson, 1801 4th Avenue North, Birmingham,

JOINT STATUS REPORT & DISCOVERY PLAN - 8
Case No. 2:18-cv-00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611

AL 35203 (205-244-2140).

**14.    Dates on which trial counsel may have complications:** We are not currently aware of any trial-date conflicts.

**15.    Service:**  Plaintiffs, through their counsel, have effectuated service on all Defendants.

**16.    Request for a scheduling conference prior to entry of a scheduling order:**

The Parties' position:  The Parties do not request a scheduling conference prior to entry of a scheduling order.

**17.    Date(s) by which all nongovernmental corporate parties filed their disclosure statement:** There are no nongovernmental corporate parties in this case at this time.

DATED this 20th day of March, 2019.

| Attorneys for Plaintiffs and Class Members: | Attorneys for Defendants: |
|---|---|
| s/*Matt Adams*, WSBA No. 28287<br>s/*Leila Kang*, WSBA No. 48048<br>s/*Aaron Korthuis*, WSBA No. 53974<br><br>Northwest Immigrant Rights Project<br>615 Second Ave., Ste. 400<br>Seattle, WA 98104<br>(206) 957-8611<br>(206) 587-4025 (fax)<br><br>s/*Trina Realmuto*, admitted *pro hac vice*<br>s/*Kristin Macleod-Ball*, admitted *pro hac vice*<br><br>American Immigration Council<br>1318 Beacon Street, Ste. 18<br>Brookline, MA 02446<br>(857) 305-3600 | JOSEPH H. HUNT<br>Assistant Attorney General<br><br>WILLIAM C. PEACHEY<br>Director<br><br>EREZ REUVENI<br>Assistant Director<br><br>*s/ Lauren C. Bingham*<br>LAUREN C. BINGHAM, Fl. Bar # 105745<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868<br>Ben Franklin Station<br>Washington, DC 2004<br>Telephone: (202) 616-4458<br>Fax: (202) 305-7000<br>Email: Lauren.C.Bingham@usdoj.gov<br><br>SARAH S. WILSON<br>Assistant United States Attorney |

JOINT STATUS REPORT & DISCOVERY PLAN - 9
Case No. 2:18-cv-00928-MJP

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 2nd Avenue, Suite 400
Seattle, WA 98104
Telephone (206) 957-8611