*The Honorable Marsha J. Pechman*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOLANY PADILLA, *et al.*, <br> Plaintiffs-Petitioners, <br><br> v. <br><br> U.S. IMMIGRATION AND <br> CUSTOMS ENFORCEMENT, *et al.*, <br><br> Defendants-Respondents. | CASE NO. 2:18-CV-928 <br><br> **AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER** |

[*The italicized portions below set forth guidance and instruction to the parties in formulating their agreement but may be deleted from the text of the final agreement as adopted.*]

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.      General Principles**

1.      An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.      The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality

standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.      ESI Disclosures**

Within 45 days after the date of submission of this order, or at a later time if agreed to by the parties, each party shall disclose:

1.      Custodians. The five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.      Non-custodial Data Sources. A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.      Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which this information is within the custody and control of the party.

4.      Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B). [*Section (C)(3)(a)(i) below sets forth data sources and ESI which are not required to be preserved by the parties. Those data sources and ESI do not need to be included on this list.*]

**C.      Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1.      Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up

and archive data; provided, however, that the parties shall take reasonable steps to preserve all discoverable ESI in their possession, custody or control.

2.      All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below or otherwise privileged).

3.      Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

      a.      Deleted, slack, fragmented, or other data only accessible by forensics.

      b.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

      c.      On-line access data such as temporary internet files, history, cache, cookies, and the like.

      d.      Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

      e.      Back-up data that are substantially duplicative of data that are more accessible elsewhere.

      f.      Server, system or network logs.

      g.      Data remaining from systems no longer in use that is unintelligible on the systems in use.

      h.      Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

*[The parties should confer regarding any other categories of ESI that may not need to be preserved, such as text messages and social media data, in light of the General Principles set forth above, and determine whether they can agree that such categories can be added to the non- preservation list above.]*

**D.      Privilege**

*[The parties should confer regarding the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and*

*whether alternatives to document-by-document logs can be exchanged.*]

1.      With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

2.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3.      The parties intend to enter into a Fed. R. Evidence 502(d) agreement to govern the clawback of any privileged material which will be separately submitted to the Court.

4.      Privilege Log Based on Metadata.   The parties agree that privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection).    For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title and date created.   Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.

**E.      ESI Discovery Procedures**

1.      On-site inspection of electronic media. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.      Search methodology. [*The Court presumes that in the majority of cases, the use of search terms will be reasonably necessary to locate or filter ESI likely to contain discoverable information.*] The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology.

In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

a.     A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

b.     If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The 5 additional terms or queries, if any, must be provided by the requesting party within 14 days of receipt of the producing party's production.

c.     Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. Absent a showing of good cause, each search term or query returning more than 250 megabytes of data is presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types.

d.     The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

e.     The parties reserve their rights to identify responsive documents through methods other than search terms, to include informed custodial self-identification. "Informed custodial self-identification" means a process by which a document custodian, in consultation with legal counsel, identifies folders, drives, or repositories of documents and/or ESI that are likely to contain materials that are responsive to the Receiving Party's discovery requests.

3.    <u>Format.</u> The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text

files),and searchable PDF. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format.

    4.   <u>De-duplication.</u>   The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

    5.   <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; and hash value.

**F.**    **MODIFICATION**

    This Agreement may be modified by agreement of the parties or by the Court for good cause shown.

    Nothing in this Agreement shall be construed to prohibit the undersigned Parties from agreeing to modify any provision of this Agreement or seeking relief from the Court. Nor shall anything in this Agreement or any Party's compliance be construed as a waiver of any Party's rights under the Federal Rules of Civil Procedure. Nor shall anything in this Agreement be interpreted to require disclosure of information that is not relevant to the claims or defenses in this case or that is protected by any applicable privilege. Nor shall anything in this Agreement be construed to waive any objections as to the production, discoverability, or confidentiality of ESI.

1   RESPECTFULLY SUBMITTED this April 29, 2019.

2   *s/ Matt Adams*
    Matt Adams, WSBA No. 28287                    Trina Realmuto*
3   Email:  matt@nwirp.org                        Kristin Macleod-Ball*

4                                                 AMERICAN IMMIGRATION
5   Leila Kang, WSBA No. 48048                    COUNCIL
    Email:  leila@nwirp.org                       1318 Beacon Street, Suite 18
6                                                 Brookline, MA 02446
    Aaron Korthuis, WSBA No. 53974                (857) 305-3600
7   Email: aaron@nwirp.org                        trealmuto@immcouncil.org
                                                  kmacleod-ball@immcouncil.org
8
    NORTHWEST IMMIGRANT
9   RIGHTS PROJECT                                *Admitted *pro hac vice*
    615 Second Avenue, Suite 400
10  Seattle, WA  98104                            *Attorneys for Plaintiffs-Petitioners*
    Telephone: (206) 957-8611
11  Facsimile: (206) 587-4025

12
    JOSEPH. H. HUNT                               */s/ Lauren C. Bingham*
13  Assistant Attorney General                    LAUREN C. BINGHAM, Fl. Bar #105745
    Civil Division                                Trial Attorney, District Court Section
14                                                Office of Immigration Litigation
15  WILLIAM C. PEACHEY                            Civil Division
    Director, District Court Section              P.O. Box 868, Ben Franklin Station
16  Office of Immigration Litigation              Washington, DC 20044
                                                  (202) 616-4458; (202) 305-7000 (fax)
17  EREZ REUVENI                                  lauren.c.bingham@usdoj.gov
18  Assistant Director, District Court Section

19
20                                                *Attorneys for Defendants-Respondents*

21

22

23

24

25

26

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED: _____

_____
*The Honorable Marsha J. Pechman*

UNITED STATES DISTRICT JUDGE

1

2

## CERTIFICATE OF SERVICE

3

I hereby certify that on April 29, 2019, I had the foregoing electronically filed with the

4

Clerk of the Court using the CM/ECF system, which will send notification of such filing to those

5

attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served

6

in accordance with the Federal Rules of Civil Procedure.

7

8

9

*/s/ Lauren C. Bingham*
LAUREN C. BINGHAM, Fl. Bar #105745
Trial Attorney, District Court Section
Office of Immigration Litigation
Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 616-4458; (202) 305-7000 (fax)
lauren.c.bingham@usdoj.gov

Attorney for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26