FILED

JUL 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOLANY PADILLA; et al.,<br><br>             Plaintiffs-Appellees,<br><br>  v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT; et al.,<br><br>             Defendants-Appellants,<br><br> and<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, FKA Department of Social Services; et al.,<br><br>             Defendants. | No.   19-35565<br><br>D.C. No. 2:18-cv-00928-MJP<br>Western District of Washington, Seattle<br><br>ORDER |

Before:   SCHROEDER, CANBY, and CHRISTEN, Circuit Judges.

The temporary stay imposed on July 12, 2019 is lifted. Appellants' emergency motion for a stay of the district court's April 5, 2019 and July 2, 2019 orders pending appeal (Dkt. Entry No. 10) is granted in part and denied in part.

Our court has interpreted *Nken v. Holder*, 556 U.S. 418 (2009), to stand for the proposition that a stay applicant:

> "must show that irreparable harm is probable *and either*:
> (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or

      (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor."

*Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (emphasis added).

      In Part B, the district court ordered that the Bond Hearing Class is constitutionally entitled to bond hearings pending resolution of their asylum applications. The government raises a serious question whether, under 8 U.S.C. § 1252(f)(1), the district court lacked the authority to enter Part B of this classwide injunctive relief. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 844 (2018); *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 481–82 (1999); *see also Nken*, 556 U.S. at 431 (describing § 1252(f)(1) as "a provision prohibiting classwide injunctions against the operation of removal provisions"); *Hamama v. Adducci*, 912 F.3d 869, 877 (6th Cir. 2018) (same). But the government does not contend that § 1252(f)(1) prohibited the district court from entering an injunction with respect to the individual class representatives' Part B claims. Nor has the government made a persuasive showing that it will suffer irreparable harm if it is required to provide bond hearings pending the outcome of this appeal in the same way it had done for several years before the Attorney General issued *Matter of M-S-*, 27 I. & N. Dec. 509, 509 (BIA 2019). *See Leiva-Perez*, 640 F.3d at 970. Further, the government failed to show a likelihood of success on the merits of its underlying argument that the government may indefinitely detain the plaintiffs without affording bond hearings at all. We therefore decline to stay Part B of the

district court's injunction.

In Part A, the district court's injunction requires that the Executive Office of Immigration Reform (EOIR) hold hearings within seven days, release any class member whose detention exceeds that limit, produce a verbatim transcript, shift the burden of proof to the Department of Homeland Security, and issue written decisions on the same day a bond hearing is held. Although the government has not been able to quantify the number of individuals who have received credible fear determinations and are subject to detention, it nevertheless makes a persuasive showing that the requirements of Part A are particularly burdensome. We conclude that permitting Part A's procedural requirements to take effect pending the outcome of this appeal—which would require the government to implement a set of rules that may be only temporary—would impose short-term hardship for the government and its immigration system, and that the public interest does not weigh heavily against a stay. Accordingly, we stay Part A of the district court's injunction.

This result maintains the *status quo ante* during what is now an expedited appeals process. *See Nken*, 556 U.S. at 429 ("A stay 'simply suspend[s] judicial alteration of the status quo[.]'" (quoting *Ohio Citizens for Responsible Energy v. NRC*, 479 U.S. 1312, 1313 (1986) (Scalia, J., in chambers)). Our decision leaves the pre-existing framework in place while a merits panel resolves this appeal.

Appellants' request to expedite the consideration of the merits of this preliminary injunction appeal is granted. The current briefing schedule shall remain in effect. The clerk shall place this appeal on the calendar for October 2019. *See* 9th Cir. Gen Order 3.3(g).