Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOLANY PADILLA, *et al.*,<br><br>   Plaintiffs-Petitioners,<br><br> v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>   Defendants-Respondents. | Case No. 2:18-cv-00928-MJP<br><br>**JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND REQUEST FOR FAIRNESS HEARING**<br><br>NOTED ON MOTION CALENDAR: OCTOBER 18, 2023 |

  The parties hereby jointly request that this Court preliminarily approve the attached Settlement Agreement and proposed Class Notice, and set a fairness hearing on the Settlement Agreement. Enclosed as Exhibit 1 is the parties' Settlement Agreement that proposes a settlement of the Credible Fear Class claims in this case. The substantial relief provided by the Settlement Agreement to the Credible Fear Class Members is described in detail in Section IV of the Settlement Agreement.

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, notice to the class must be given before this Court can determine if the settlement is fair, reasonable, and adequate. Rule 23(e) also provides that a settlement cannot be approved without a hearing to determine if the settlement is fair, reasonable, and adequate. Exhibit 2, enclosed hereto, is the parties' proposed Class Notice. The parties request that this Court order the Class Notice to be given as proposed in Section XI.B of the Settlement Agreement, so that any objections to the Settlement Agreement may be received and addressed by the Court and the parties at the proposed fairness hearing. The parties also request that this Court schedule a fairness hearing no earlier than 67 days from the date that the form and manner of Class Notice is approved.

## STATEMENT IN SUPPORT OF CLASS SETTLEMENT APPROVAL

Under Federal Rule of Civil Procedure 23(e)(2), courts assess four factors to determine whether to issue final approval of a class settlement: (1) whether "the class representatives and class counsel have adequately represented the class," (2) whether "the proposal was negotiated at arm's length," (3) whether "the relief provided for the class is adequate," taking into account certain factors, and (4) whether "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2). As detailed below, the agreement in this case satisfies all these factors.

In the Ninth Circuit, there is a "'strong judicial policy' that favors the settlement of class actions." *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 966 (N.D. Cal. 2019) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)); *see also In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995) (same). As the Court of Appeals has explained, "voluntary conciliation and settlement are the preferred means of dispute resolution," a principle that is "especially true in complex class action litigation" like this case. *Officers for*

*Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). As a result, the "[t]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id*. A court assessing an agreement may not judge the settlement by a "hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* Instead, it should look to the "complete package taken as a whole" to determine whether the settlement is fair, just, and equitable. *Id.* at 628. To the extent there are objections to the settlement, the "objector . . . bears the burden of proving any assertions they raise challenging the reasonableness of a class action settlement." *In re Linkedin User Priv. Litig.*, 309 F.R.D. 573, 583 (N.D. Cal. 2015) (citing *United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990)).

I. **The Class Representatives and Class Counsel Have Adequately Represented the Class.**

The class representatives and class counsel in this case have vigorously and adequately represented the certified class. Class counsel believes the agreement in this case represents a just and fair outcome. "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (alteration omitted) (quoting *In re Pac. Enters. Sec. Litig.*, 47 F.3d at 378). As a result, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re Linkedin User Priv. Litig.*, 309 F.R.D. at 588 (alteration in original) (citation omitted); *see also In re Google LLC St. View Elec. Commc'ns Litig.*, 611 F. Supp. 3d 872, 890 (N.D. Cal. 2020) (looking to the views and experience of counsel to determine whether representation has been adequate). Here, Plaintiffs'

counsel "has extensive experience prosecuting and settling class actions, including in the field of" immigration and detention conditions. *In re Linkedin User Priv. Litig.*, 309 F.R.D. at 588; *see also* Dkts. 14, 38 (describing extensive experience of class counsel, including in several nationwide class actions and numerous cases in the Western District of Washington). Their "record of effective class action advocacy" supports settlement here. *Tuttle v. Audiophile Music Direct Inc.*, No. 22-cv-1081-JLR, 2023 WL 3318699, at *4 (W.D. Wash. May 9, 2023); *see also Jackson v. King Cnty.*, No. 21-cv-00995-LK-BAT, 2022 WL 168524, at *2 (W.D. Wash. Jan. 18, 2022) (noting the adequate representation factor favored approval where "Class Counsel ha[d] extensive experience litigating class actions and other complex issues involving conditions of confinement—specifically, solitary confinement—in Washington's prisons and jails"). Accordingly, this fact also "favors approval of settlement." *In re LinkedIn User Priv. Litig.*, 309 F.R.D. at 588.

Finally, as noted above, "Plaintiffs have vigorously represented the class." *In re Google LLC St. View Elec. Commc'ns Litig.*, 611 F. Supp. 3d at 890. They have repeatedly "provid[ed] information to their attorneys" regarding this matter, helping to litigate several motions before the Court. *Tuttle*, 2023 WL 3318699, at *6 (finding that the named representatives adequately represented the class by informing class counsel about relevant aspects of the case). In addition, a finding that the Named Plaintiffs adequately represented the class is particularly appropriate here, given that the Court has already found the Named Plaintiffs to be adequate representatives and certified the class. *See* Dkt. 102 at 10-12.

**II.     The Agreement Was Negotiated at Arm's Length.**

The agreement in this case was reached after extensive litigation between the parties, involving motions for class certification, preliminary injunctions, and multiple motions to

1  dismiss. *See, e.g.*, Dkts. 11, 37, 68, 72 (briefing on class certification); Dkts. 45, 82, 85 (briefing
2  on preliminary injunction); Dkts. 36, 69, 76, 92, 98, 136, 141, 142, 200, 202, 204 (briefing on
3  dismissal). The parties held several settlement conferences before reaching an agreement in
4  principle. These "years of litigation and [months] of settlement negotiations" further demonstrate
5  that collusion is not present here and that the parties engaged in arm-length negotiations. *In re*
6  *Google LLC St. View Elec. Commc'ns Litig.*, 611 F. Supp. 3d at 891; *see also* Fed. R. Civ. P. 23
7  advisory committee's note to 2018 amendment ("The conduct of the negotiations may be
8  important as well. For example, the involvement of a neutral or court-affiliated mediator or
9  facilitator in those negotiations may bear on whether they were conducted in a manner that
10 would protect and further the class interests.").

11          Notably, this is not a case that involves damages; instead, this case is a Rule 23(b)(2)
12 class action requesting only injunctive relief. As a result, this case is not one where there are
13 concerns that plaintiffs' attorneys are taking a substantial cut of a settlement fund. In such cases,
14 courts have identified certain factors, including whether class counsel receives "a
15 disproportionate distribution of the settlement," to identify collusion. *Briseño v. Henderson*, 998
16 F.3d 1014, 1026 (9th Cir. 2021) (citation omitted). While the agreement does provide an award
17 of attorney's fees to class counsel, that amount was negotiated at length, represents a
18 compromise, and does not deprive any class member of a potential payout, since this case was
19 only about injunctive and declaratory relief. Class counsel will submit ample documentation with
20 the proposed order for final approval to support the Court's approval of the proposed fees'
21 award.
22
23

### III. The Agreement Provides Adequate Relief to the Class.

Under Rule 23(e)(2)(C), the Court must assess whether the "relief provided for the class is adequate." In doing so, the Rule instructs courts to inquire regarding "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class . . . ; (iii) the terms of any proposed award of attorney's fees[;] . . . and (iv) any agreement to be identified under Rule 23(e)(3)." Here, factors (ii) and (iv) are irrelevant. This case was certified under Rule 23(b)(2). Accordingly, "relief" is "distributed" by means of Defendants' compliance with the terms of the agreement, which all class members will benefit from. As for factor (iv), the parties have no agreements to disclose under Rule 23(e)(3).

The remaining two factors support final approval of the agreement. The agreement here provides the following relief for class members, among other matters:

- Expeditious processing of class members' credible fear claims, not to exceed 60 days from the date a referral for a credible fear interview is made to U.S. Citizenship and Immigration Services to the date a decision on the credible fear determination is served on the class member. *See* Settlement Agreement, Section IV.A.1.
- In the case of any class member whose credible fear claim is not processed within 60 days, placement of that class member in removal proceedings under 8 U.S.C. § 1229a. *See id.*
- A clear and prompt deadline by when Defendants must refer a class member to U.S. Citizenship and Immigration Services for a credible fear interview. *See id.* Section IV.A.3.

This list is not exhaustive, and the agreement also includes many other protections for class members not listed here.

The agreement accounts for the risks of continued litigation. The parties have litigated several motions to dismiss with varying degrees of success. Notably, the parties stipulated to a stay of the latest motion to dismiss in order to afford them an opportunity to finalize the details of settlement, and for Defendants to seek approval of any settlement through the government's required processes. In addition, the agreement is temporary in time: it lasts four years from final approval, and after that time, nothing stops class members from bringing another lawsuit if they believe that Defendants have failed to expeditiously resolve credible fear determinations. *See id.* Section IV.B.

Because the agreement reflects the successes and losses of all parties to date, as well as the risks noted above, it faithfully accounts for the "costs, risks, and delay of trial and appeal." Fed. R. Civ. P. 23(e)(2)(C)(i); *see also Tuttle*, 2023 WL 3318699, at *8. Notably, discovery has not begun. As a result, "[f]urther litigation would add years to a case that had already proceeded for [years], with an uncertain outcome." *In re Google LLC St. View Elec. Commc'ns Litig*, 611 F. Supp. 3d at 891.

The award of attorney's fees in this case is also fair and equitable. Unlike in most cases in which this Court assesses fees when approving a settlement, the award here does not come out of the relief provided to class members. Thus, this is not a case that "demonstrates a common dissatisfaction with class actions: small relief for the class and big attorneys' fees for class counsel." *Johnson v. Metro-Goldwyn-Mayer Studios Inc.*, No. 17-cv- 541-RSM, 2018 WL 5013764, at *12 (W.D. Wash. Oct. 16, 2018), *aff'd sub nom. Johnson v. MGM Holdings, Inc.*, 943 F.3d 1239 (9th Cir. 2019), and *aff'd sub nom. Johnson v. MGM Holdings, Inc.*, 794 F. App'x 584 (9th Cir. 2019). That is because Plaintiffs never sought damages in this case. The parties negotiated the fees provisions separately from the substantive provisions of the agreement, and

the final amount represents a compromise by both sides. Class counsel will submit ample documentation with the proposed order for final approval to support the Court's approval of the proposed fees' award.

### IV. The Agreement Treats Class Members Equitably to One Another.

Finally, the agreement here "provides all Class members the same . . . forms of relief." *Tuttle*, 2023 WL 3318699, at *8. The relief provided in the agreement reflects the nature of this Rule 23(b)(2) class by ensuring that its provisions apply equally to all class members. Nothing in the agreement treats one class member differently from another.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court preliminarily approve the proposed settlement in this matter.

RESPECTFULLY SUBMITTED this 18th day of October, 2023.

*s/ Matt Adams*
Matt Adams, WSBA No. 28287

*s/ Aaron Korthuis*
Aaron Korthuis, WSBA No. 53974

*s/ Glenda M. Aldana Madrid*
Glenda M. Aldana Madrid, WSBA No. 46987

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA  98104
(206) 957-8611
matt@nwirp.org
aaron@nwirp.org
glenda@nwirp.org

*s/ Trina Realmuto*
Trina Realmuto*

*s/ Kristin Macleod-Ball*
Kristin Macleod-Ball*

NATIONAL IMMIGRATION LITIGATION ALLIANCE
10 Griggs Terrace
Brookline, MA 02446
(617) 819-4447
trina@immigrationlitigation.org
kristin@immigrationlitigation.org

*s/ Emma Winger*
Emma Winger*

AMERICAN IMMIGRATION COUNCIL
American Immigration Council
1331 G Street NW, Suite 200
Washington, DC 20005
(202) 507-7512

ewinger@immcouncil.org

*Attorneys for Plaintiffs and Class Members*
*Admitted *pro hac vice*

| | |
|---|---|
| BRIAN M. BOYNTON<br>*Principal Deputy Assistant Attorney General*<br>Civil Division | */s/ Lauren C. Bingham*<br>LAUREN C. BINGHAM, Fl. Bar #105745<br>Senior Litigation Counsel,<br>District Court Section |
| WILLIAM C. PEACHEY<br>Director, District Court Section<br>Office of Immigration Litigation | Office of Immigration Litigation<br>Civil Division<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044 |
| EREZ REUVENI<br>Assistant Director, District Court Section | (202) 616-4458; (202) 305-7000 (fax)<br>lauren.c.bingham@usdoj.gov |
| SARAH S. WILSON<br>Assistant Director, Appellate Section | JESI J. CARLSON<br>Senior Litigation Counsel, Appellate Section |
| | DAVID KIM<br>Trial Attorney, Appellate Section |
| | *Attorneys for Defendants-Respondents* |