# Exhibit 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is by and between Named Plaintiffs Yolany Padilla, Ibis Guzman, Blanca Orantes, and Baltazar Vazquez ("Named Plaintiffs") and the Credible Fear Class (as defined below) (collectively, "Plaintiffs"), and Defendants (as defined below), with reference to the facts recited herein.

**I.  Recitals**

WHEREAS:

A. On August 22, 2018, Named Plaintiffs filed an amended class action complaint alleging, inter alia, that Defendants (1) unlawfully delayed the credible fear interviews of noncitizens subject to expedited removal proceedings under 8 U.S.C. § 1225(b)(1) and (2) failed to provide those noncitizens who enter the United States and who are determined to have a credible fear with timely bond hearings with protections the Due Process Clause requires;

B. On December 11, 2018, this Court granted in part and dismissed in part Defendants' motion to dismiss Plaintiffs' claims regarding delayed credible fear interviews;

C. On March 6, 2019, this Court granted Plaintiffs' motion for class certification, certifying the following classes:

1. **Credible Fear Class**

    All detained asylum seekers in the United States subject to expedited removal proceedings under 8 U.S.C. § 1225(b) who are not provided a credible fear determination within ten days of *the later of* (1) requesting asylum or expressing a fear of persecution to a DHS official *or* (2) the conclusion of any criminal proceeding related to the circumstances of their entry, absent a request by the asylum seeker for a delayed credible fear interview.

2. **Bond Hearing Class**

    All detained asylum seekers who entered the United States without inspection, were initially subject to expedited removal proceedings under 8 U.S.C. § 1225(b), were determined to have a credible fear of persecution, but are not provided a bond hearing with a verbatim transcript or recording of the hearing within seven days of requesting a bond hearing

D. This Court granted Plaintiffs' motions on behalf of the Bond Hearing Class for a preliminary injunction and motion to modify the preliminary injunction, and Defendants filed an appeal of both orders;

E.  The Ninth Circuit initially affirmed in part and vacated in part the preliminary injunction; the Supreme Court granted Defendants' petition for certiorari, vacated the Ninth Circuit decision, and remanded in light of *Department of Homeland Security v. Thuraissigiam,* 140 S. Ct. 1959 (2020); and the Ninth Circuit subsequently ordered vacatur of the preliminary injunction and further consideration of this case in light of the Supreme Court's decisions in *Biden v. Texas*, 142 S. Ct. 2528 (2022), *Garland v. Aleman Gonzalez*, 142 S. Ct. 2057 (2022), and *Thuraissigiam*;

F.  On March 22, 2023, Plaintiffs filed a fourth amended complaint;

G.  On March 6, 2023, Defendants filed a renewed motion to dismiss Plaintiffs' claims, including the claims as to delayed credible fear interviews;

H.  Defendants' renewed motion to dismiss remains pending;

I.  The Parties, having engaged in settlement discussion, recognize the need to conclude this litigation, which has been pending for more than five years, and desire to resolve portions of this matter by entering into this Agreement, thereby avoiding the uncertainty, time and expense of further litigation as to the settled claims;

**NOW THEREFORE**, in recognition that the Parties and the interests of justice are best served by concluding aspects of this litigation through settlement, subject to the Court's approval and entry of an order consistent with this Agreement, the undersigned Parties, through Class Counsel, hereby **STIPULATE** and **AGREE** as follows:

## II. Purpose and Scope of the Settlement Agreement

The Parties acknowledge and agree that, if approved by this Court, this Agreement shall constitute a full, fair, and complete settlement of the Credible Fear Class's claims, and specifically, Count IV and the portions of Count V of the Fourth Amended Complaint that relate to CFI delays. Nothing in this agreement shall be construed as an agreement, resolution, waiver, or release of the Bond Hearing Class's claims.

## III. Definitions

A.  The "Action" shall refer to the lawsuit *Padilla et. al. v. Immigration & Customs Enforcement et al.*, No. 2:18-cv-928 (W.D. Wash.).

B.  "CFI" shall mean a credible fear interview administered under 8 U.S.C. § 1225(b)(1).

C.  "Court" means the U.S. District Court for the Western District of Washington.

D.  "Class Counsel" shall mean:

    Matt Adams

> Aaron Korthuis
> Glenda Aldana Madrid
> Leila Kang
> Northwest Immigrant Rights Project
> 615 2nd Ave Ste 400
> Seattle, WA 98104
>
> Trina Realmuto
> Kristin Macleod-Ball
> National Immigration Litigation Alliance
> 10 Griggs Terrace
> Brookline, MA 02446
>
> Emma Winger
> American Immigration Council
> 1331 G Street NW, Suite 200
> Washington, DC 20005

E. "Defendants" shall mean Named Defendants in the Fourth Amended Complaint, who are charged with administering 8 U.S.C. § 1225(b)(1)'s expedited removal scheme and implementing its credible fear interview provisions.

F. "ICE book-in" shall mean when a noncitizen is admitted into a detention facility and documents the appropriate information for tracking the noncitizen through the detention cycle.

G. "Plaintiffs" shall mean only Named Plaintiffs on behalf of Credible Fear Class members for the purposes of this Agreement and shall not include Bond Hearing Class members.

H. "Processing complete" shall mean when the A-file or other processing paperwork has been completed and signed by the approving CBP supervisor with signing authority.

## IV. Terms of the Agreement

A. Timeline for Administering CFIs to Credible Fear Class Members

1. With limited exceptions, no individual detained credible fear case will take more than 60 days to complete from date of referral to U.S. Citizenship and Immigration Services (USCIS) for the CFI to date of credible fear decision service. If more than 60 days elapse, the individual will be issued a Notice to Appear (NTA) and placed into removal proceedings under 8 U.S.C. § 1229a.

2. "Limited exceptions" shall be defined as: (1) Any delay caused by the noncitizen or the noncitizen's attorney/accredited representative (e.g.,

      request to reschedule, request for time to obtain documents, etc.); and (2) Medical Quarantine.

    3. Defendants shall refer a Credible Fear Class Member for a CFI within 7 business days – in the case of U.S. Customs and Border Protection (CBP), within 7 business days of "processing complete" for a Class Member whose credible fear interview, as well as any immigration judge review of a negative determination, will take place while the noncitizen is in CBP holding facilities; and in the case of U.S. Immigration and Customs Enforcement (ICE), within 7 business days of "book-in" of a Class Member, absent exigent circumstances – so long as: (1) a Class Member has asserted a fear of return to his or her country of origin, either orally or in writing, and (2) if applicable, upon the conclusion of any criminal proceeding related to the circumstances of a Class Member's entry.

    4. Nothing in this Agreement shall prevent Defendants from exercising their discretion to release a Credible Fear Class Member, issue an NTA to a Credible Fear Class Member, or administratively close the Credible Fear Class Member's case (e.g., where the Credible Fear Class Member seeks to dissolve their credible fear claim or withdraw their application for admission, taking them out of expedited removal proceedings and the credible fear process) prior to 60 days from the date of referral or prior to any referral for a CFI.

**B.** Duration of the Agreement: This agreement shall last for 4 years from the Agreement's Effective Date.

## V. Reporting Requirement

**A.** Every 90 days, Defendants shall report to Class Counsel: The number of individual detained credible fear cases pending more than 60 days from date of referral to USCIS.

**B.** The number of individual detained credible fear cases pending more than 60 days from date of referral to USCIS that are not subject to the limited exceptions defined in Section IV.A.2.

**C.** The number of individual detained credible fear cases pending more than 60 days from date of referral to USCIS that are subject to the limited exceptions defined in Section IV.A.2.

**D.** The total number of individual detained credible fear determinations made within the 60-day period.

**VI. Dispute Resolution Mechanism**

    A. Should Plaintiffs believe in good faith that a pattern and practice of noncompliance with the Agreement has emerged with regard to the timeline set out above (Section IV.A.) for individual detained credible fear cases, Plaintiffs shall notify Defendants in writing. The Parties agree to meet and confer within 21 calendar days and engage in good faith efforts to resolve any compliance dispute without further intervention from the Court.

    B. As an alternative to a meet and confer, or following an unsuccessful meet and confer as described in this Agreement, the parties may attempt to mediate the dispute before a mutually agreeable mediator, magistrate, or judge. Such mediation is not a condition precedent to enforce this Agreement or terminate the Agreement through a motion to the Court. If the Parties elect to pursue mediation and the dispute has not been resolved through mediation within forty-five (45) days, counsel may seek to enforce the Agreement or terminate the Agreement through a motion to the Court. The Parties agree that the mediation process shall be conducted confidentially and that no public disclosure shall be made relating to the dispute before or during the mediation process. All documents and information disclosed by either Party during the mediation process shall not be admissible in any judicial proceeding. All statements or conclusions of the mediator shall not be admissible in any subsequent judicial proceeding.

    C. Should the parties fail to resolve the dispute, Plaintiffs may then apply to the Court for enforcement of the Agreement—which, as it relates to Section IV.A., may entail an order from the Court directing Defendants, in individual cases where the 60-day deadline for service of the credible fear decision has been exceeded, to comply with the relevant terms of the Agreement for those individuals. Resolution of any such dispute shall be governed by the standard principles of contract interpretation. The Parties agree to abide by any ruling on the meaning of this contract as determined by the Court, subject to appeal.

**VII. Modification of this Agreement**

The Parties may mutually agree to modifications of this Agreement in writing. Such modification shall be subject to this Court's approval as required by Federal Rule of Civil Procedure 23.

**VIII. Effective Date**

This Settlement Agreement will be effective on the date the Settlement Agreement receives final approval by the Court.

    **A. Court Approval and Retention of Jurisdiction**

The Parties stipulate that, as a condition of this Agreement, the United States District Court for the Western District of Washington shall retain jurisdiction over all disputes arising out of this

Agreement, notably with respect to Section IV.A. and the deadlines it sets out for individual detained credible fear cases.

Subject to the terms of this Agreement, and upon the Court's approval of this Agreement pursuant to the requirements of Rule 23(e) of the Federal Rules of Civil Procedure (including, inter alia, notice to the Credible Fear Class and an opportunity for Credible Fear Class Members to submit objections), the Parties stipulate that the Court may enter an order dismissing Count IV and the portions of Count V of the Fourth Amended Complaint that relate to CFI delays with prejudice, provided that the Court expressly include in its dismissal order that it retains jurisdiction to resolve disputes brought by Plaintiffs on behalf of individual Class Members regarding this Agreement. If the Court does not approve this Agreement or the Court does not agree to retain jurisdiction, this Agreement shall be null and void, and nothing herein will be construed as an admission of liability or held against either party.

## IX. Attorneys' Fees

As set forth below, Defendants shall pay to Class counsel the sum of $100,000 to settle and resolve Plaintiffs' claims to all attorneys' fees and costs associated with the activities detailed in the attached time sheets (Ex. A), if such award is approved by the Court. Plaintiffs agree to waive any future claim to fees and costs on the time records that they have submitted related to this claim (Ex. A). Accordingly, even if Plaintiffs were to prevail or reach a settlement with respect to the Bond Hearing Class, they agree not to seek fees or costs for any time set out in the attached records (Ex. B) that may have overlapped with activities relating to any Bond Hearing Class claims.

> A. The parties agree to the "Attorneys' Fee Settlement Amount" of $100,000 to avoid further litigation on the Credible Fear Class claims and costs associated with litigating a fee-and-cost request on those claims, as well as to avoid the risks attendant on such proceedings. Plaintiffs shall file a motion for fees under Fed. R. Civ. P. 23(h).
>
> B. Defendants agree not to oppose a motion seeking a fee award of $100,000 or less.
>
> C. If for any reason the Court awards an amount in excess of $100,000, Plaintiffs and Class Counsel expressly disclaim any and all right to collect the amount that exceeds $100,000 from any person or entity, and agree, upon demand, to execute a release of any person's or entity's obligations to pay such sums. In the event the Court awards Class Counsel less than $100,000, this Settlement Agreement shall remain in full force and effect. Nothing in this Agreement waives or prevents Plaintiffs and Class Counsel from appealing an award of less than $100,000.
>
> D. Subject to the foregoing provisions, Defendants shall deliver the Attorneys' Fee Settlement Amount to Class Counsel by direct wire transfer into Class Counsel's designated account. Class Counsel shall within five days of the Effective Date provide to Defendants all information necessary to accomplish the direct wire transfer into that account, and then Defendants shall transfer the funds within 65 days of the Effective Date. Plaintiffs and Class Counsel acknowledge that

    payment of the Attorneys' Fee Settlement Amount by Defendants, or any of Defendants, in accordance with the wire instructions shall resolve all of Defendants' liability for such amount.

  E. Class Counsel shall be fully responsible for the allocation and payment of the Attorneys' Fee Settlement Amount among themselves.

  F. Defendants' payment of the Attorneys' Fee Settlement Amount shall satisfy any claims by Plaintiffs' Counsel and/or Class Counsel for attorney fees and costs related to the activities detailed in the attached time sheets (Ex. B), including any fees and costs that may be incurred by Plaintiffs' Counsel and/or Class Counsel in the course of monitoring the implementation of this Agreement (except as set forth in Paragraph G). Plaintiffs, Plaintiffs' Counsel, and Class Counsel, and their heirs, executors, administrators, representatives, attorneys, predecessors, successors, assigns, agents, affiliates, and partners, and any persons they represent, by operation of any final judgment entered by the Court, fully, finally, and forever release, relinquish, and discharge the Defendants of and from any and all claims for attorney fees and costs related the activities detailed in the attached records (Ex. B), including any fees and costs that may be incurred in the course of monitoring the implementation of this Agreement (except as set forth in Paragraph G).

  G. Plaintiffs represent that they have no existing debts to the United States and that they are not subject to an offset under Astrue v. Ratliff, 560 U.S. 586 (2010).

  H. Plaintiffs represent that their claims for attorney's fees, litigation costs, and other expenses have been assigned to their counsel, and DHS accepts the assignment and waives any applicable provisions of the Anti-Assignment Act, 31 U.S.C. § 3727.

  I. This Settlement Agreement does not waive Plaintiffs' or their attorneys' tax liability or any other liability owed to the United States government.

  J. In the event that Class Counsel seek to enforce the terms of the Agreement pursuant to Section VI.C., nothing in this Agreement shall be interpreted as precluding Plaintiffs from seeking attorneys' fees and costs solely for such enforcement action.

## X. Release of Claims

  A. Upon final approval of this Agreement by the Court, Plaintiff Class Members on behalf of themselves, their heirs, executors, representatives, attorneys, successors, assigns, agents, affiliates, and partners, and any person they represent, waive and fully, finally, forever release Defendants from liability for all claims, demands, rights, liabilities and causes of action for declaratory or equitable relief, including injunctive relief, known or unknown, that relate to CFI delays.

    B. Nothing in this section shall preclude Class Members from bringing a subsequent lawsuit to challenge Defendants' actions regarding the timing of CFIs following the expiration of this Agreement or in the event of a change in law or other legal development that alters the timeframes set forth in this Agreement.

    C. By entering this Agreement, Plaintiffs do not waive or release any claims with respect to the Bond Hearing Class, and Defendants admit nothing with respect to the bond hearing claims.

**XI. Approval of Class Settlement**

    A. Following the Parties' execution of this Agreement, the Parties shall file forthwith a joint motion seeking preliminary approval of the Settlement Agreement. The motion must request the court to:

        1. Preliminarily approve the Settlement Agreement as being a fair, reasonable, and adequate settlement within the meaning of Federal Rule of Civil Procedure 23 and applicable law, and consistent with due process;

        2. Approve the Notice Plan set forth in section XI.B. below; and

        3. Set the date and time of the Fairness Hearing.

    B. Notice: Notice to Class Members, attached hereto as Exhibit B shall be translated into Spanish. The Parties will propose to the Court that the notice shall be:

        Posting in all ICE Detention Facilities.
        Posting in main processing area of all CBP Holding Facilities.

    Class Counsel will post the Notice on their organizational websites and will share the notice with national immigration listservs on which they participate.

    C. Prior to the Fairness Hearing, the Parties will file a stipulated motion for final approval of the Agreement, requesting that the Court approve this Agreement and dismiss the CFI claims with prejudice and that notwithstanding such dismissal, the Court shall retain jurisdiction to resolve disputes regarding this Agreement for its duration as defined in Section IV.B. of this Agreement.