# Exhibit 2

# NOTICE OF PROPOSED SETTLEMENT AND HEARING IN LAWSUIT INVOLVING DETAINEES AWAITING CREDIBLE FEAR DETERMINATIONS

<u>PADILLA, et al. v U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,</u>
Case No. 2:18-cv-928-MJP
IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

To: All immigration detainees in expedited removal awaiting credible fear determinations. This notice has three purposes. The notice: (1) tells you about the proposed settlement terms and the hearing; (2) tells you how to obtain more information; and (3) explains how you may object if you disagree with the proposed settlement terms.

**Background**

This lawsuit was filed on June 25, 2018. The lawsuit makes two claims: (1) that credible fear interviews of noncitizens in expedited removal proceedings (credible fear claim) were delayed; and (2) that certain noncitizens who were found to have a credible fear were not provided with timely bond hearings with adequate protections (bond claims). On March 6, 2019, the Court ruled that Plaintiffs' claims could go forward with two classes: a Credible Fear Class and a Bond Class, related to each claim. The parties have now reached a settlement agreement with the government for the Credible Fear Class only, and the Court has preliminarily approved this agreement. This agreement does not resolve the bond claims, which remain pending before the Court.

A hearing has been scheduled for **DATE** at **TIME** before the Honorable Marsha J. Pechman, in Seattle, Washington, for consideration of a proposed settlement of the claims that have been brought on your behalf in this lawsuit. Please note that the hearing date may change without further notice. You should check the settlement websites listed below or the Court docket in this case (at https://pacer.uscourts.gov/) to confirm the date.

A. **Description of the Proposed Settlement Agreemen**t

The following description is only a summary of the key points in the proposed settlement agreement for the Credible Fear Class. Information on how to obtain a copy of the full, proposed agreement is provided in section B, For Further Information, after this summary. In brief, under the proposed settlement agreement:

1. With limited exceptions, no individual detained credible fear case will take more than 60 days to complete from date of referral to U. S. Citizenship and Immigration Services (USCIS) for the credible fear interview to the date the noncitizen is served the credible fear determination. If more than 60 days elapse, the noncitizen will be issued a Notice to Appear (NTA) and placed in removal proceedings under 8 U.S.C. § 1229a, Immigration and Nationality Act § 240.

2. "Limited exceptions" is defined as: (1) Any delay caused by the noncitizen or the noncitizen's attorney/accredited representative (e.g., request to reschedule, request for time to obtain documents, etc.); or (2) delay due to the noncitizen being in medical quarantine.

3. Absent exigent circumstances, for Class Members whose credible fear interview, as well as any immigration judge review of a negative determination, will take place while the noncitizen is in U.S. Customs and Border Protection's (CBP) custody, CBP shall refer a Credible Fear Class Member to USCIS for a credible fear interview within 7 business days upon processing complete, so long as (1) the Class Member has asserted a fear of return to their country of origin, either orally or in writing, and (2) after the conclusion of any criminal proceeding related to the Class Member's entry into the United States.

1

4.  Absent exigent circumstances, U.S. Immigration and Customs Enforcement (ICE) shall refer a Credible Fear Class Member to USCIS for a credible fear interview within 7 business days from when the Class Member is booked into ICE custody unless released, so long as (1) the Class Member has asserted a fear of return to his or her country of origin, either orally or in writing, and (2) after the conclusion of any criminal proceeding related to the Class Member's entry into the United States.

5.  Nothing in this Agreement prevents the government from exercising discretion to release a Credible Fear Class Member, issue an NTA to a Credible Fear Class Member, or administratively close the Credible Fear Class Member's case (e.g., where the Credible Fear Class Member seeks to dissolve their credible fear claim or withdraw their application for admission) prior to 60 days of the date of referral or prior to any referral.

6.  Duration of the Agreement: The agreement shall last for 4 years from the effective date.

7.  Attorneys' fees and costs: The government will pay Class Counsel $100,000 in settlement of all claims for fees and expenses related to the credible fear claim.

8.  Release of claims: Credible Fear Class Members will release the government from all credible fear delay claims that were asserted on behalf of the Credible Fear Class arising from or related to the facts and circumstances alleged in the lawsuit.

## B.    For Further Information

THIS IS A SUMMARY OF THE PROPOSED AGREEMENT. TO UNDERSTAND IT FULLY, YOU SHOULD READ THE ENTIRE AGREEMENT. Copies of the proposed settlement may be obtained from: https://nwirp.org/, https://immigrationlitigation.org/impact-litigation/, https://www.americanimmigrationcouncil.org/litigation/challenging-credible-fear-interview-and-bond-hearing-delays, OR by writing to Class Counsel at: Matt Adams, Northwest Immigrant Rights Project, ATTN: Padilla Settlement Proposal, 615 Second Ave., Ste. 400, Seattle, WA 98104, OR matt@nwirp.org.

## C.    Procedures for Objection

You can ask the Court to reject the proposed settlement by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court rejects the settlement, the lawsuit will continue. If that is what you want to happen, you must object. You should object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in-person or through your own attorney or in whatever other manner the Court permits. If you appear through your own attorney, you are responsible for paying that attorney's fees. All written objections and supporting papers must:

1.  Clearly identify the case name and number (Padilla v. U.S. Immigration and Customs Enforcement, Case No. 2:18-cv-928-MJP);
2.  Be submitted to the Court either: (a) By mailing them to: Clerk, U.S. District Court for the Western District of Washington, 700 Stewart Street, Suite 2310, Seattle, WA 98101. Both the envelope and letter shall state: "Attention: Padilla v. ICE, No. 2:18-cv-928-MJP (W.D. Wash.)," or (b) By filing them in person at any location of the United States District Court for the Western District of Washington; and
3.  Be filed or postmarked on or before DATE.