UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YOLANY PADILLA, IBIS GUZMAN, BLANCA ORANTES, BALTAZAR VASQUEZ,

Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,

Defendants.

CASE NO. C18-928 MJP

CASE SCHEDULING ORDER

The Court issues this Case Scheduling Order after reviewing the Parties' Combined Joint Status Report (Dkt. No. 231) and all supporting materials. While the Court is reluctant to set a trial date as far out into the future as the Parties request—particularly given the age of this case—the Court acknowledges the Parties' concerns about the ability to conduct discovery and complete expert reports within a shorter time frame. So while the Court acquiesces to the proposed schedule, it expects the Parties not to request any extensions of the deadlines set by this Order and to work efficiently and cooperatively. Any requests for extensions of the case

schedule will require clearly-articulated reasons and well-supported evidence sufficient to demonstrate good cause. The mere agreement of the Parties will not suffice to alter any of the case deadlines. As to the discovery limitations that Defendants request, the Court does not find grounds to set any limitations at this stage of the proceedings. The Court will consider any requests to limit discovery once the Parties actually engage in discovery and present the Court with evidence that might warrant imposition of a specific, tailored limitation.

The Court hereby sets the following Case Schedule:

| Case Event | Date |
|---|---|
| Bench trial: | September 15, 2025 at 9:00 AM |
| All motions related to discovery must be filed by and noted on the motion calendar on the third Friday thereafter (see CR7(d)) | October 1, 2024 |
| Fact discovery completed by: | November 1, 2024 |
| Disclosure of reports from expert witnesses under FRCP 26(a)(2) due: | Opening: January 10, 2025<br>Rebuttal: February 14, 2025 |
| Expert discovery completed by: | March 14, 2025 |
| All dispositive motions must be filed by and noted on the motion calendar on the fourth Friday thereafter (see CR7(d)): | May 19, 2025 |
| All motions in limine must be filed by and noted on the motion calendar no earlier than the third Friday thereafter and no later than the Friday before the pretrial conference: | August 11, 2025 |
| Agreed pretrial order due: | September 2, 2025 |
| Proposed findings of fact and conclusions of law due: | September 2, 2025 |
| Pretrial Conference: | September 9, 2025 at 1:30 PM |
| Length of bench trial: | 10 days |

These dates are set at the direction of the Court after reviewing the joint status report and discovery plan submitted by the parties. All other dates are specified in the Local Civil Rules. If

any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day. These are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause. If the trial date assigned to this matter creates an irreconcilable conflict, counsel must notify the Deputy Clerk, Grant Cogswell, in writing within 10 days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

**COOPERATION:**

As required by CR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are further directed to cooperate in preparing the final pretrial order in the format required by CR 16.1, except as ordered below.

**EXHIBITS:**

The original and one copy of the trial exhibits are to be delivered to chambers four days before the trial date. Each exhibit shall be clearly marked. Exhibit tags are available in the Clerk's Office. The Court hereby alters the CR 16.1 procedure for numbering exhibits: plaintiff's exhibits shall be numbered consecutively beginning with 1; defendant's exhibits shall be numbered consecutively beginning with the next number series not used by plaintiff. Duplicate documents shall not be listed twice: once a party has identified an exhibit in the pretrial order, any party may use it. Each set of exhibits shall be submitted in individual file folders with appropriately numbered tabs.

**SETTLEMENT:**

Should this case settle, counsel shall notify Grant Cogswell as soon as possible at 206−370−8518. Pursuant to GR 3(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 2, 2024.

Marsha J. Pechman
United States Senior District Judge