UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOLANY PADILLA, IBIS GUZMAN, BLANCA ORANTES, BALTAZAR VASQUEZ,<br><br>                    Plaintiffs,<br><br>          v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>                    Defendants. | CASE NO. C18-928 MJP<br><br>ORDER GRANTING MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL |

This matter comes before the Court on Defendants' Motion to Certify for Interlocutory Appeal. (Dkt. No. 233.) Having reviewed the Motion, Plaintiffs' Response (Dkt. No. 234), the Reply (Dkt. No. 235), and all supporting materials, the Court GRANTS the Motion.

## BACKGROUND

Defendants ask the Court to certify for interlocutory appeal two issues from the Court's Order denying their Motion to Dismiss. (Mot. at 1.) Specifically, Defendants ask the Court to certify the questions of whether: (1) the Court has subject matter jurisdiction over Plaintiffs'

claims; and (2) Plaintiffs may pursue constitutional due process claims regarding bond hearings. (id.) The Court does not repeat or review the underlying Order on the Motion to Dismiss, and instead refers the reader to the Order itself, at Docket Number 217.

## ANALYSIS

**A.  Interlocutory Appeal Proper**

Interlocutory appeals are governed by 28 U.S.C. § 1292(b). The law states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Under this law, certification is appropriate where there is: (1) a controlling question of law; (2) a substantial ground for difference of opinion on that question; and (3) a likelihood that immediate appeal will materially advance the conclusion of the litigation. See id. "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010). Here, the Parties agree that the two questions Defendants identify are controlling issues of law, but they diverge on the latter two factors. The Court reviews them below.

**1.  Substantial Ground for Difference of Opinion**

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." Id. "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" Id. (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted)). But "when novel legal issues are presented, on which fair-minded jurists might reach

contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." Reese v. BP Expl. (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011). "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." Id.

While a close question, the Court agrees with Defendants that both questions present novel legal issues on which fair-minded jurists might reach contradictory conclusions. First, although the Court remains convinced that it has subject matter jurisdiction, it agrees with Defendants that fair minded jurists might disagree. The jurisdictional issues presented appear to be novel and unaddressed by the Ninth Circuit or the Supreme Court. And although the cases on which Defendants rely do not squarely address the jurisdictional issues the Court here analyzed, the cases highlight the possibility that fair-minded jurists may disagree with the Court's conclusion on these similar issues. (See Mot. at 9-10.) Second, the Court also agrees with Defendants that fair-minded jurists might disagree with the Court's determination that the decision in Department of Homeland Security v. Thuraissigiam, 591 U.S. ___, 140 S. Ct. 1959 (2020) does not bar Plaintiffs' due process claims. While the Court has not altered its conclusions as to Thuraissigiam, it appreciates that this novel and complex issue may well lead to a difference of opinion at the Ninth Circuit. And while Defendants have not identified any existing authority that squarely supports their arguments, they have identified two recent decisions from the Ninth Circuit suggest some jurists might extend the reasoning in Thuraissigiam to the present dispute. See Mendoza-Linares v. Garland, 51 F.4th 1146 (9th Cir. 2022); Guerrier v. Garland, 18 F.4th 304 (9th Cir. 2021). Accordingly, the Court finds the first two considerations under § 1292(b) satisfied.

## 2. Immediate Appeal Will Advance this Matter

The Court also finds that an immediate appeal will materially advance the resolution of this litigation. First, if the Ninth Circuit agrees with Defendants that the Court lacks subject matter jurisdiction, then the Parties and Court will avoid spending their limited resources in litigating a matter that should not be before this Court. Resolving that question now rather than after the case has concluded, will materially advance resolution of the case. Second, should the Ninth Circuit agree with Defendants that Plaintiffs lack the constitutional rights they seek to vindicate through this action, then the parties and Court would save substantial resources and avoid unnecessary litigation by having that question answered now rather than at the conclusion of the case. And while the Court agrees with Plaintiffs that the constitutional claims will require a full factual record for ultimate resolution, a determination of whether Plaintiffs have the underlying rights is a question that can be determined on the allegations presented in the operative complaint. The Court therefore finds this consideration under § 1292(b) satisfied.

*       *       *

The Court finds that both questions Defendants identify from the Order on the Motion to Dismiss should be certified for interlocutory appeal. The Court therefore GRANTS the Motion.

**B.   Stay Pending Appeal**

The Parties agree that if the Court certifies the interlocutory appeal, this matter should be stayed. The Court agrees with the Parties and STAYS this matter pending the appeal. This is an efficient means of avoiding wasted judicial and party resources.

## CONCLUSION

While the Court remains unconvinced that it lacks subject matter jurisdiction or that Plaintiffs cannot pursue their due process claims, it agrees with Defendants that certification of

the interlocutory appeal is proper. The Court GRANTS the Motion and certifies to the Ninth Circuit for interlocutory appeal the two questions Defendants identify—whether the Court has subject matter jurisdiction and whether Plaintiffs may pursue their constitutional claims. The Court STAYS this matter pending resolution of the appeal.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 11, 2024.

Marsha J. Pechman
United States Senior District Judge